1  Effie F. Anastassiou, Esq. (SBN 96279)
   Denis Klavdianos, Esq. (SBN 225925)
2  ANASTASSIOU& ASSOCIATES
   242 Capitol Street
3  Post Office Box 2210
   Salinas, California  93902
4  Telephone:  (831) 754-2501
   Facsimile:   (831) 754-0621
5

6  Attorneys for Plaintiff
   OCEANO PACKING COMPANY, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 OCEANO PACKING COMPANY, LLC      )   Case No.
                                    )
11         Plaintiff,               )   **COMPLAINT FOR DAMAGES,**
                                    )   **DECLARATORY AND INJUNCTIVE**
12                                  )   **RELIEF; DEMAND FOR JURY TRIAL;**
           v.                       )
13                                  )   1. **VIOLATION OF ORGANIC FOODS**
                                    )      **PRODUCTION ACT OF 1990 - 7 U.S.C.**
14 TRUE ORGANIC PRODUCTS, INC., A   )      **§6501;**
   California Corporation; and WESTERN )   2. **BREACH OF EXPRESS WARRANTY OF**
15 FARM SERVICE, INC., A Delaware   )      **FITNESS;**
   Corporation,                     )   3. **BREACH OF IMPLIED WARRANTY OF**
16                                  )      **FITNESS;**
           Defendants.              )   4. **NEGLIGENCE;**
17                                  )   5. **FRAUD;**
                                    )   6. **NEGLIGENT MISREPRESENTATION;**
18                                  )   7. **UNFAIR COMPETITION;**
                                    )   8. **FEDERAL UNFAIR COMPETITION - 15**
19                                  )      **U.S.C.§1125 ;**
                                    )   9. **CONVERSION; and**
20 _____ )   10. **DEFAMATION**
21

22 Plaintiff, Oceano Packing Company, LLC ("Oceano") hereby alleges as follows:

23                          **THE PARTIES**

24       1.   Oceano is a limited liability company formed and existing under the laws of the State of

25 California with its principal place of business in San Luis Obispo County, California.  Oceano is in the

26 business of growing certified organic vegetable crops, including, without limitation, certified organic

27 spinach and "spring mix" crops grown during the 2007 growing season and at issue in this litigation (the

28 "Crops").

2. On information and belief, based on the records of the California Secretary of State, Defendant True Organic Products, Inc. ("True"), is a corporation formed and existing under the laws of the State of California, with its principal place of business in Monterey County, California. True is in the business of manufacturing, marketing and selling organic fertilizer products.

3. On information and belief, based on the records of the California Secretary of State, Defendant Western Farm Service, Inc. ("Western"), is a corporation formed and existing under the laws of the State of Delaware, with its principal office located in Denver, Colorado. Western conducts business throughout the State of California, including without limitation, conducting significant business in the judicial district of this Court. Western's business activities in this district include, without limitation, selling organic fertilizer and other products in this district, having offices located in this district, and employing personnel within this district. Western's business includes, without limitation, the distribution and sale of the organic fertilizer products manufactured by True.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the First and Eighth Causes of Action set forth herein pursuant to 28 U.S.C. §§ 1331, 1338 and/or 1651, and/or 15 U.S.C. § 1121. This Court has jurisdiction over the subject matter of the remaining Causes of Action herein pursuant to 28 U.S.C. §1367(a) because said Causes of Action are so related to the First and Eighth Causes of Action that they form part of the same case or controversy.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because subject matter jurisdiction in this case is not founded on diversity of citizenship, and both Western and True reside in this district (as defined in 28 U.S.C. § 1391(c)).

## FACTUAL BACKGROUND

6. Oceano is in the business of growing certified organic vegetables, including the Crops, for sale for human consumption.

7. During the 2007 growing season, Oceano required fertilizer for its business of growing organic vegetables, including the Crops. In order to produce the Crops for human consumption, Oceano required a fertilizer that would provide plant nutrients, that would not cause Oceano's Crops to be contaminated by pathogenic organisms, such as E coli or salmonella, and that otherwise would comply with the requirements

1    of the regulations of the National Organic Program (7 C.F.R. Part 205) ("NOP regulations").

2        8.  Oceano contacted Western and asked Western to recommend, select and sell a fertilizer to

3    Oceano that met Oceano's needs, as set forth above.

4        9.  Western recommended a fertilizer known as "True 10-5-2" (the "Fertilizer"). The Fertilizer was

5    manufactured by True. Western represented to Oceano that the Fertilizer was fit for Oceano's intended use.

6        10.  The Fertilizer is made from chicken manure (also called "chicken litter"), as well as other

7    ingredients.

8        11.  Western also sent to Oceano a letter, dated January 16, 2007, which was drafted by Jake Evans

9    of True (the "True Letter"). A true and correct copy of the True Letter is attached hereto as Exhibit A and

10    incorporated herein by reference.

11        12.  The True Letter states, among other things, that True used a "windrow compost process" to

12    produce the Fertilizer. The True Letter also represents that the windrow compost process used by True to

13    produce the Fertilizer complies with the requirements of the NOP regulations, specifically 7 C.F.R. §

14    205.203(c). Further, the True Letter represents that the compost process used to produce the Fertilizer

15    established an initial Carbon-to-nitrogen ration of between 25:1 and 40:1 and maintained a temperature of

16    between 131° F and 170° F for fifteen days using a windrow pile system. The True Letter further represents

17    that because the fertilizer is composted in this manner, the fertilizer is not subject to the NOP regulations

18    requirement that a fertilizer containing manure be incorporated into the soil 120 days prior to harvest, see,

19    7 C.F.R. § 205.203(c)(1)(i) (the "120 day rule"). The 120 day rule is a requirement in the NOP regulations

20    that is intended to protect against contamination of crops with pathogenic organisms, such as salmonella,

21    that are typically transmitted by manure.  Thus, the True Letter constitutes a representation that the

22    fertilizer, although made from chicken manure, had been properly composted in accordance with the

23    requirements of the NOP regulations in order to ensure that the fertilizer would not cause Oceano's crops

24    to be contaminated with pathogens, such as salmonella.

25        13.  The True Letter also represents that: (1) the Fertilizer is "100% organic"; (2) True guarantees

26    that its products only contain ingredients allowed by the NOP regulations; and (3) True's manufacturing

27    processes exceed all minimum standards for pathogen elimination.

28        14.  The True Letter also states that True's "organic fertilizers" are assigned lot numbers and are not

1   released for sale until True receives a certificate of analysis from a certified laboratory resulting in negative

2   results for microbial contamination, including, without limitation, E coli 0157 and salmonella.

3       15.   On its internet website, True also makes the following representations regarding its fertilizer

4   products:

5       OUR PROMISE
        We respect our growers' commitment to organic and sustainable farming.
6       We take pride in manufacturing the finest 100% organic fertilizers on the
        market, completely pathogen-free and always maintaining our guaranteed
7       analysis.

8   A true and correct copy of the relevant excerpt from True's internet website is attached hereto as Exhibit

9   B and incorporated herein by reference.

10      16.   Based on Western's recommendation of the Fertilizer, and on the representations concerning

11  the Fertilizer contained in the True Letter, and on the representations made on True's internet website,

12  Oceano purchased the Fertilizer for use in producing certified organic vegetables in the course of Oceano's

13  business, including the Crops.  Copies of invoices for Oceano's purchase of the Fertilizer are attached

14  hereto as Exhibit C and incorporated herein by reference.

15      17.   Unbeknownst to Oceano, and contrary to the representations made by True and Western as

16  described above, the Fertilizer manufactured by True and sold to Oceano by Western was contaminated

17  with salmonella bacteria. After Oceano applied the Fertilizer to its farmland, the salmonella contamination

18  was spread to Oceano's fields and to its Crops.  Oceano first discovered this contamination when three

19  separate, unrelated, customers of Oceano reported finding salmonella in Crops grown by Oceano in fields

20  where the Fertilizer was applied.  Each of the three customers received Oceano's Crops independent of one

21  another and drew their samples from Crops received by the customers at different locations.

22      18.   After being notified by its customers about the salmonella contamination on its Crops, Oceano

23  conducted an investigation to determine the source of the salmonella contamination, including, without

24  limitation, conducting testing of the Fertilizer and the soil from Oceano's fields.  The results of such testing

25  showed that the Fertilizer contained salmonella contamination.  A sample of soil from Oceano's fields also

26  tested positive for the presence of salmonella.  The tests conducted by Oceano and its customers thus

27  showed that the salmonella contamination had originated with the Fertilizer, and had been spread to

28  Oceano's fields and Crops by the application of the contaminated Fertilizer.

19. Due to the salmonella contamination of Oceano's Crops, Oceano was required to destroy Crops that had previously been harvested for sale, and/or had previously been delivered to its customers, and was required to destroy crops still growing in Oceano's fields. Consequently, Oceano was unable to deliver sufficient uncontaminated Crops to meet its contractual obligations to its customers during the 2007 growing season. In all, as a result of the salmonella contamination, Oceano was unable to deliver a total of approximately 1,431,511 pounds of Crops to three of its customers with whom Oceano had contracts to deliver certified organic vegetables. This shortfall resulted in lost revenue to Oceano of approximately $1,073,633.30, among other damages.

## FIRST CAUSE OF ACTION

### (Violation Of Organic Foods Production Act of 1990 - 7 U.S.C. § 6501 et seq.)

### (Against True and Western)

20. Oceano hereby incorporates by reference each of the other allegations in this Complaint as though fully set forth in this First Cause of Action.

21. The Organic Foods Production Act of 1990, 7 U.S.C. § 6501 et seq. (the "OFPA"), was enacted by Congress "to establish national standards governing the marketing of certain agricultural products as organically produced products." 7 U.S.C. § 6501(1).

22. The OFPA make it unlawful for "[a]ny person who knowingly sells a product as organic, except in accordance with this title" 7 U.S.C. § 6519(a).

23. The U.S. Secretary of Agriculture has adopted regulations to implement the OFPA. Those regulations are commonly known as the NOP regulations.

24. The NOP regulations, specifically 7 C.F.R. 205.102, states that any agricultural product "that is sold, labeled, or represented as '100 percent organic,' 'organic,' or 'made with organic' . . . must be: [¶] [. . . p]roduced in accordance with the requirements specified in . . . §§ 205.202 through 205.207."

25. The NOP regulations state that a producer of organic crops must manage plant and animal materials to maintain or improve soil organic matter content in a manner that does not contribute to contamination of crops, soil, or water by pathogenic organisms. 7 C.F.R. § 205.203(c). The NOP regulations state that animal manure "must be composted" unless it is incorporated into the soil not less than 120 days prior to harvest of a crop whose edible portion has direct contact with the soil surface or not less

than 90 days prior to harvest for a crop whose edible portion does not contact the soil surface or soil particles. 7 C.F.R. § 205.203(c)(1)(ii) and (iii). A producer of organic crops may also apply "composted plant and animal materials" that are produced through a windrow compost process that establishes a carbon-nitrogen ration of between 25:1 and 40:1 and maintained a temperature of between 131 degrees F and 170 degrees F for 15 days during which time the materials must be turned a minimum of five times. 7 C.F.R. § 205.203(c)(2)(i) and (iii).

26. The representations made by True and Western to Oceano that the Fertilizer is "100% organic" and/or "organic", and complied with the NOP regulations as described above, were false. In fact the Fertilizer violated the above-referenced OFPA and NOP regulations. Although both True and Western represented to Oceano that the Fertilizer, which is made from chicken manure, had been manufactured, including composted, in accordance with the requirements of the NOP regulations, the Fertilizer was not, in fact, manufactured in accordance with the requirements of the NOP regulations and was in fact, contaminated by pathogenic organisms. Accordingly, by manufacturing, recommending and/or selling the Fertilizer, True and Western violated both the OFPA and NOP regulations.

27. As a result of the violations of the OFPA and NOP regulations by True and Western, Oceano's Crops were contaminated with salmonella, and Oceano's Crops could not be marketed and sold as organic Crops, but had to be destroyed. As a consequence, Oceano suffered damages which included lost revenues of approximately $1,073,633.30, and suffered such other damages to be determined in accordance with proof.

### SECOND CAUSE OF ACTION

### (Breach of Express Warranty Of Fitness)

### (Against True and Western)

28. Oceano hereby incorporates by reference each of the other allegations in this Complaint as though fully set forth in this Second Cause of Action.

29. During the 2007 growing season, between about June and October of 2007, Oceano required a fertilizer for the production of certified organic vegetable crops, including the Crops. Oceano also required a fertilizer that would not cause the crops to be contaminated with any pathogenic organism such as E Coli or salmonella, and that otherwise conformed to the requirements of the NOP regulations.

30. Oceano relied on the skill and judgment of True and Western to manufacture, select and furnish suitable fertilizer to meet Oceano's need for a fertilizer that would allow Oceano to produce certified organic vegetable crops, while not causing contamination of the crops by pathogenic organisms.

31. True and Western knew, or reasonably should have known, that Oceano required a fertilizer for use in producing certified organic vegetables that would not cause pathogen contamination of Oceano's Crops and which would comply with the requirements of the NOP regulations. True and Western knew that Oceano was relying on the skill and knowledge of True and Western to manufacture, select and sell a fertilizer that was fit for Oceano's intended use. True and Western made express warranties to Oceano, orally and/or in writing, that the Fertilizer sold to Oceano during that time period (the True 10-5-2 Fertilizer) was fit for Oceano's intended use as a fertilizer to produce organic vegetables without causing contamination of the vegetables with pathogens. Such warranties included, but were not limited to, the warranties and representations set forth in the True Letter (attached as Exhibit B hereto), in which True and Western represented that: the Fertilizer was "100% organic;" the Fertilizer contained only "NOP allowed ingredients;" True's manufacturing processes "exceed all minimum standards for pathogen elimination"; the Fertilizer (which was made from chicken manure) had been composted in accordance with the requirements of the NOP regulations, and was thus exempt from the 120 day to harvest requirement and "able to be applied to crops at any time"; and that the Fertilizer is not released for sale "until we receive a [certificate of analysis] from a certified lab resulting in negative results for EHEC, E coli 0157, and Salmonella."

32. True also made other express warranties regarding the suitability of its Fertilizer to meet Oceano's needs in its advertising, including without imitation, the representations made by True on True's internet web site which are set forth in Exhibit B. On its web site, True makes the following express warranties regarding its Fertilizer:

> OUR PROMISE
> We respect our growers' commitment to organic and sustainable farming. We take pride in manufacturing the finest 100% organic fertilizers on the market, completely pathogen-free and always maintaining our guaranteed analysis.

(emphasis added).

33. Oceano relied on the warranties made by True and Western in deciding to purchase the

Fertilizer.

34. True and Western breached their express warranties that the Fertilizer sold to Oceano was fit for Oceano's intended use. As a direct and legal result of True and Western's breach of their express warranties, the Fertilizer sold to Oceano was contaminated with salmonella and caused Oceano's Crops and soils to become contaminated with salmonella which required that the Crops had to be destroyed.

35. True's and Western's breaches of their express warranties is the direct and legal cause of Oceano's damages described herein, which damages include lost revenues of approximately $1,073,633.30, and such other damages to be determined according to proof.

**THIRD CAUSE OF ACTION**

**(Breach of Implied Warranty of Fitness)**

**(Against True and Western)**

36. Oceano hereby incorporates by reference each of the other allegations in this Complaint as though fully set forth in this Third Cause of Action.

37. As has been described above, during the 2007 growing season, Oceano required a fertilizer for use in its production of certified organic vegetables and required a fertilizer that would not cause Oceano's Crops to become contaminated by pathogenic organisms. Oceano relied on the skill and knowledge of True and Western to manufacture, select and/or sell Oceano fertilizer that was fit for Oceano's intended use.

38. At the time of Oceano's purchase of the Fertilizer as described herein, True and Western knew, or reasonably should have known, of the particular purpose for which the Fertilizer was required by Oceano, and that Oceano was relying on True and Western to manufacture, select and/or sell suitable fertilizer to Oceano. Accordingly, there was an implied warranty that the Fertilizer was fit for Oceano's intended use.

39. True and Western breached that warranty by manufacturing, selecting and/or selling Fertilizer to Oceano that was contaminated with salmonella.

40. The contaminated Fertilizer caused Oceano's Crops and soils to become contaminated with salmonella, which required that the Crops had to be destroyed.

41. True's and Western's breach of the implied warranty of fitness is the direct and legal cause of Oceano's damages described herein, which damages included lost revenues of approximately $1,073,633.30, and such other damages to be determined according to proof.

## FOURTH CAUSE OF ACTION

### (Negligence)

### (Against True and Western)

42. Oceano hereby incorporates by reference each of the other allegations in this Complaint as though fully set forth in this Fourth Cause of Action.

43. True was under a legal duty to manufacture, package, store, test, and ship the Fertilizer in a manner that eliminated the presence of pathogens, such as salmonella, and to prevent contamination of the Fertilizer following manufacture. True was also under a legal duty to produce the Fertilizer in a manner which complied with the NOP regulations, as expressly represented by True.

44. True breached its legal duty by negligently and carelessly manufacturing, packaging, storing, testing, and/or shipping (or failing to manufacture, package, store, test and/or ship) the Fertilizer in a manner that caused the Fertilizer to be contaminated with salmonella when it was received by Oceano, and to violate the NOP regulations.

45. Western was similarly under a legal duty to store, ship, maintain and/or test the Fertilizer in a manner that prevented contamination of the Fertilizer by salmonella and other pathogens, and to ensure that the Fertilizer complied with the NOP regulations. Western was also under a legal duty to investigate True's manufacturing, storage and shipment practices to ensure that they were adequate to prevent contamination of the Fertilizer by pathogens, such as salmonella, and to ensure that they complied with the NOP regulations, before recommending the Fertilizer to Oceano for Oceano's intended use.

46. Western breached its legal duty by negligently and carelessly storing, shipping, maintaining and/or testing (or failing to appropriately store, ship, maintain and/or test) the Fertilizer in a manner that caused the fertilizer to be contaminated by salmonella when it was received by Oceano, and not to comply with the NOP regulations. Western also breached its legal duty by failing to adequately investigate True's manufacturing, storage and shipment practices to determine whether such practices were adequate to prevent the contamination of the Fertilizer by salmonella, and whether such practices complied with the requirements of the NOP regulations, before recommending and selling the Fertilizer to Oceano for Oceano's intended use.

47. True's and Western's breach of their respective legal duties were the direct and legal cause of

1  Oceano's damages as described herein, which damages include lost revenues of approximately

2  $1,073,633.30, and such other damages to be determined according to proof.

3  **FIFTH CAUSE OF ACTION**

4  **(Fraud)**

5  **(Against True and Western)**

6      48.   Oceano hereby incorporates by reference each of the other allegations in this Complaint as

7  though fully set forth in this Fifth Cause of Action.

8      49.   True and/or Western made oral representations to Oceano that the True 10-5-2 Fertilizer

9  purchased by Oceano would not contain pathogens such as salmonella, and would comply with the

10  requirements of the NOP regulations..

11      50.   True and Western also made written representations to Oceano that the Fertilizer was

12  manufactured in a manner that would eliminate pathogens such as salmonella, that the fertilizer had tested

13  negative for pathogens, such as salmonella, and that the Fertilizer complied with the requirements of the

14  NOP regulations. Such written representations included, without limitation, the following representations

15  in the True Letter: (1) "Our manufacturing processes exceed all minimum standards for pathogen

16  elimination"; (2) the chicken manure Fertilizer was properly composted, using the windrow compost

17  method, in accordance with the requirements of the NOP regulations; and (3) the Fertilizer is "not released

18  for sale until we receive a [certificate of analysis] from a certified lab resulting in negative results for

19  EHEC, E coli 0157, and Salmonella."

20      51.   On its internet web site, True also made written representations that its fertilizers are

21  "completely pathogen-free." (See Exhibit B attached hereto).

22      52.   These oral and written representations made by True and Western were false.

23      53.   True and Western, and their officers, directors and/or managing agents, knew that the above

24  oral and/or written representations regarding the Fertilizer were false.

25      54.   True and Western, and their offices, directors and/or managing agents, made and/or authorized

26  the above oral and/or written representations with the intent to induce Oceano and others to act (by buying

27  the Fertilizer) in reliance on said representations.

28      55.   Oceano justifiably relied on the truth of such oral and/or written representations made by True

1  and Western in deciding to purchase and use the Fertilizer during the 2007 growing season.

2  56. The false representations made by True and Western are the direct and legal cause of the

3  damages suffered by Oceano as described herein, which damages include lost revenues of approximately

4  $1,073,633.30 and such other damages to be determined according to proof.

5  57. Upon information and belief, at all times mentioned herein, True and Western, and their

6  officers, directors and/or managing agents, were aware of the probable dangerous consequences of their

7  conduct and willfully and deliberately failed to avoid those consequences. As such, True's and Western's

8  acts of making false written and/or oral representations to Oceano with the intent that Oceano rely on said

9  representations constitutes fraud, malice and/or oppression, was despicable conduct done in conscious

10  disregard of Oceano's rights, and thereby justifies an award of exemplary and punitive damages.

11  **SIXTH CAUSE OF ACTION**

12  **(Negligent Misrepresentation)**

13  **(Against True and Western)**

14  58. Oceano hereby incorporates by reference each of the other allegations in this Complaint as

15  though fully set forth in this Sixth Cause of Action.

16  59. True and/or Western made oral representations to Oceano that the True 10-5-2 Fertilizer

17  purchased by Oceano would not contain pathogens such as salmonella, and that the Fertilizer complied with

18  the requirements of the NOP regulations.

19  60. True and Western also made written representations to Oceano that the Fertilizer was

20  manufactured in a manner that would eliminate pathogens, such as salmonella, and that the fertilizer had

21  tested negative for pathogens, such as salmonella. Such written representations included, without

22  limitation, the following representations in the True Letter: (1) "Our manufacturing processes exceed all

23  minimum standards for pathogen elimination"; (2) the chicken manure Fertilizer was properly composted,

24  using the windrow compost method, in accordance with the requirements of the NOP regulations; and (3)

25  the Fertilizer is "not released for sale until we receive a [certificate of analysis] from a certified lab resulting

26  in negative results for EHEC, E coli 0157, and Salmonella."

27  61. On its internet web site, True also made written representations that its fertilizers are

28  "completely pathogen-free." (See Exhibit B attached hereto).

62. The oral and/or written representations made by True and Western were false.

63. When True and Western made these oral and/or written representations, they had no reasonable grounds for believing them to be true.

64. True and Western made the above oral and/or written representations with the intent to induce Oceano and others to act (by buying the Fertilizer) in reliance on said representations.

65. Oceano justifiably relied on the truth of such oral and/or written representations made by True and Western in deciding to purchase and use the Fertilizer during the 2007 growing season.

66. The false representations made by True and Western are the direct and legal cause of the damages suffered by Oceano as described herein, which damages include lost revenue of approximately $1,073,633.30, and such other damages to be determined according to proof.

**SEVENTH CAUSE OF ACTION**

**(Unfair Competition)**

**(Against True and Western)**

67. Oceano hereby incorporates by reference each of the other allegations in this Complaint as though fully set forth in this Seventh Cause of Action.

68. California Business and Professions Code ("BPC") § 17203 states, in pertinent part, that any

> person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

69. The term "unfair competition" is defined in BPC § 17200 as follows:

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of [the BPC].

70. The actions of True and Western in violation of the OFPA and NOP regulations as described above constitute unfair competition as defined by BPC § 17200 because such actions are "unlawful."

71. As described more fully above, True and Western also represented, in the True Letter and on True's internet web site that: (a) the Fertilizer is 100% organic; (b) the Fertilizer contained only "NOP

allowed ingredients"; (c) True's manufacturing process "exceeded all the minimum standards for pathogen elimination"; (d) the Fertilizer was composted by the windrow compost method in accordance with the requirements of the NOP regulations; and (e) the Fertilizer was "completely pathogen-free." Said representations were false and were made by True and/or Western with knowledge that they were false and/or without any reasonable basis to believe that the representations were true. By making these representations, therefore, True and Western are guilty of unfair and/or fraudulent business acts or practices.

72. The misrepresentations made by True and Western in the True Letter and on True's internet web site constitute "unfair, deceptive, untrue or misleading advertising."

73. The definition of "unfair competition" in BPC § 17200 includes any act prohibited by BPC § 17500. BPC § 17500 states in pertinent part as follows:

> It is unlawful for any person, firm, corporation or association . . . with intent directly or indirectly to dispose of real or personal property . . . or anything of any nature whatsoever . . . to make or disseminate or cause to be made or disseminated before the public in this state . . . in any newspaper or other publication, or any advertising device . . . or in any other manner or means whatever, including over the internet, any statement, concerning that real or personal property . . . or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . .

74. The misrepresentations made by True and Western in the True Letter and on True's internet web site, as described above, constitute untrue and/or misleading statements regarding the Fertilizer which True and Western knew to be untrue, or through the exercise of reasonable care should have known to be untrue. The misrepresentations were made with the intent directly or indirectly to dispose of the Fertilizer. Said misrepresentations therefore constitute a violation of BPC § 17500, and also constitute "unfair competition" as defined in BPC § 17200.

75. The acts of unfair competition committed by True and Western are the direct and legal cause of the damages sustained by Oceano as described herein, which damages include lost revenues of approximately $1,073,633.30, and such other damages to be determined according to proof.

## EIGHTH CAUSE OF ACTION

### (Federal Unfair Competition - 15 U.S.C. §1125)

### (Against True and Western)

76. Oceano hereby incorporates by reference each of the other allegations in this Complaint as though fully set forth in this Eighth Cause of Action.

77. This Eighth Cause of Action is brought pursuant to 15 U.S.C. § 1125(a)(1), which states, in pertinent part:

> Any person who, on or in connection with any goods or services, or any
> container for goods, uses in commerce any word, term, name, symbol or
> device, or any combination thereof, . . . or false or misleading representation
> of fact, which –
>
> * * * *
>
>> (B) in commercial advertising or promotion, misrepresents
>> the nature, characteristics, qualities, or geographic origin of
>> his or her or another person's goods, services, or commercial
>> activities,
>
> shall be liable in a civil action by any person who believes that he or she is
> or is likely to be damaged by such act.

78. As described in detail above, in the True Letter and on True's internet web site, True and Western made false and/or misleading representations of fact regarding the Fertilizer in commerce which misrepresented the nature, characteristics, and/or qualities of the Fertilizer.

79. Oceano justifiably relied on the false and/or misleading representations of fact made by True and Western regarding the Fertilizer in commerce.

80. True and Western's false and/or misleading representations of fact regarding the Fertilizer were the direct and legal cause of Oceano's damages as described herein, which include lost revenues of approximately $1,073,633.30, and such other damages to be determined according to proof.

## NINTH CAUSE OF ACTION

### (Conversion)

### (Against Western Only)

81. Oceano hereby incorporates by reference each of the other allegations in this Complaint as though fully set forth in this Ninth Cause of Action.

82. On or about January 10, 2008, a representative of Western, Darin Chebot, went onto Oceano's leased farmland located in San Luis Obispo County, California, without the permission or consent of Oceano, and removed a variety of items of personal property owned by Oceano, including, without limitation, the agricultural chemicals listed on Exhibit D attached hereto and incorporated herein by reference (the "Converted Property"). Oceano promptly filed a report with the San Luis Obispo County Sheriff's department which reported that the Converted Property had been unlawfully taken from Oceano by the representative of Western.

83. Mr. Chebot was acting for and on behalf of Western, with the knowledge and/or consent of Western's officers, directors, and/or managing agents, at the time he removed the Converted Property from Oceano's farmland, without the permission or consent of Oceano.

84. Neither Mr. Chebot nor Western have returned the items of Converted Property to Oceano, despite Oceano's demand that they do so.

85. By committing these actions, Western is guilty of conversion of the Converted Property.

86. Western's act of conversion of the Converted Property has caused Oceano to suffer damages in an amount to be proven at trial.

87. Western, and its officers, directors, and/or managing agents, were aware that said acts of conversion of the Converted Property occurred, and that the Converted Property was the property of Oceano, and that Oceano was entitled to the possession thereof, and notwithstanding such knowledge, Western wrongfully, maliciously, and with intent to injure Oceano failed to return the Converted Property, which actions constitutes despicable conduct done in conscious disregard of Oceano's rights, thereby justifying an award of exemplary and punitive damages.

## TENTH CAUSE OF ACTION

### (Defamation)

### (Against Western Only)

88. Oceano hereby incorporates by reference each of the other allegations in this Complaint as though fully set forth in this Tenth Cause of Action.

89. At various times between January 10, 2008 and continuing to the present, various employees, officers, directors, and/or managing agents of Western, acting within the scope and course of their

1   employment or agency with Western, have made false representations regarding Oceano to third parties,

2   including without limitation, representations that Oceano is not paying its trade debts in a timely manner.

3   Said false representations were made by the employees, officers, directors, and/or managing agents of

4   Western with the actual intent to injure Oceano in its credit, finances and reputation in the industry.  Said

5   false representations were motivated by hatred or ill will toward Oceano and/or were made without any

6   reasonable grounds for believing the truth of said representations.

7       90.  The false representations made by Western as described herein have caused Oceano to suffer

8   injury to its reputation and finances in an amount to be proven at trial.

9       91.  Said false representations made by the employees, officers, directors, and/or managing agents

10  of Western constitute fraud, malice and/or oppression, and constitutes despicable conduct done in conscious

11  disregard of Oceano's rights, thereby justifying an award of exemplary and punitive damages.

12                              **REQUEST FOR RELIEF**

13      NOW THEREFORE, Oceano respectfully requests that the Court order relief as follows:

14      **On the First Cause of Action:**

15      1. Order True and Western to pay compensatory damages in the amount of $1,073,633.30, or such

16  other amount as is determined according to proof, plus consequential damages, interest and such other

17  damages as may be proven at trial;

18      2. Issue an order declaring that True and Western's actions violate the requirements of the OFPA

19  and the NOP regulations;

20      3. Issue an order enjoining True and Western from continuing to violate the OFPA and NOP

21  regulations;

22      4. Issue an order enjoining True and Western from: (A) continuing to represent the Fertilizer as

23  "organic" or "100% organic"; (B) continuing to represent that the Fertilizer was composted or otherwise

24  treated in accordance with the NOP regulations; and (C) continuing to represent that the Fertilizer, or any

25  other fertilizer manufactured by True, is "completely pathogen-free";

26      5.  Order True and Western to pay Oceano's attorney's fees and costs; and

27      6.  Order such other and further relief as the Court determines is just and proper.

28      **On The Second, Third, Fourth, and Sixth Causes Of Action:**

1       1. Order True and Western to pay compensatory damages in the amount of $1,073,633.30, or such

2    other amount as is determined according to proof, plus consequential damages, interest and such other

3    damages as may be proven at trial;

4       2. Order True and Western to pay Oceano's attorney's fees and costs; and

5       3. Order such other and further relief as the Court determines is just and proper.

6    **On The Fifth Cause of Action:**

7       1. Order True and Western to pay compensatory damages in the amount of $1,073,633.30, or such

8    other amount as is determined according to proof, plus consequential damages, interest and such other

9    damages as may be proven at trial;

10      2. Order True and Western to pay punitive damages in an amount to be determined at trial;

11      3. Order True and Western to pay Oceano's attorney's fees and costs; and

12      4. Order such other and further relief as the Court determines is just and proper.

13    **On The Seventh Cause of Action:**

14      1. Order True and Western to restore to Oceano all money acquired by True and Western's acts of

15    unfair competition, including ordering True and Western to restore to Oceano lost revenues of

16    $1,073,633.30, or such other amount as is determined according to proof, plus consequential damages,

17    interest and such other damages as may be proven to have been caused by the unfair competition at trial;

18      2. Issue an order enjoining True and Western from continuing to engage in the acts of unfair

19    competition described herein;

20      3. Order True and Western to pay Oceano's attorney's fees and costs; and

21      4. Order such other and further relief as the Court determines is just and proper.

22    **On the Eighth Cause of Action:**

23      1. Order True and Western to pay damages in the amount of $1,073,633.30, or such other amount

24    as is determined according to proof, plus consequential damages, interest and such other damages as may

25    be proven at trial;

26      2. Issue an order enjoining True and Western from continuing to make the false and/or misleading

27    representations of fact regarding the Fertilizer described herein;

28      3. Order True and Western to pay Oceano's attorney's fees and costs; and

1    4. Order such other and further relief as the Court determines is just and proper.

2    **On The Ninth Cause of Action:**

3    1. Order Western to pay damages caused by its act of conversion of the Converted Property in an

4    amount to be proven at trial;

5    2. Order Western to pay punitive damages in an amount to be proven at trial;

6    3. Order Western to pay Oceano's attorney's fees and costs; and

7    4. Order such other and further relief as the Court determines is just and proper.

8    **On The Tenth Cause of Action:**

9    1. Order Western to pay damages caused by its acts of defamation in an amount to be proven at

10   trial;

11   2. Order Western to pay punitive damages in an amount to be proven at trial;

12   3. Order Western to pay Oceano's attorney's fees and costs; and

13   4. Order such other and further relief as the Court determines is just and proper.

14                              **DEMAND FOR JURY TRIAL**

15   Oceano hereby demands a trial by jury.

16   Dated: February 6, 2007                          ANASTASSIOU & ASSOCIATES

17

18                                          By: _____

19                                               Effie F. Anastassiou,
                                                 Attorneys for Plaintiff Oceano Packing
20                                               Company, LLC

21   F:\OCA\Salmonella\Pleadings\Complaint.wpd

22

23

24

25

26

27

28

Oceano Packing v. True Organics                    Complaint for Violation of OFPA and Other Claims
Case Number                              18

# EXHIBIT A



January 16, 2007

To Whom It May Concern:

True Organic Products, Inc. prides itself on manufacturing 100% organic pelleted and liquid fertilizers. Our products do not contain any ammonia or non-protein forms of Nitrogen. We have files and receipts available for all inputs made to manufacture all of our fertilizers. We have been inspected by both the CDFA and the Natural Selection Group receiving excellent reviews from both organizations. We guarantee our products only contain NOP allowed ingredients.

True organic Products, Inc. uses the windrow compost process for our aged chicken litter. NOP Rule Section 205.203 (c) states: Animal and plant materials produced through a process that: (i) establish an initial C:N ration between 25:1 and 40:1, (ii) maintain a temperature between 131 °F and 170 °F for fifteen days using a windrow pile system. By utilizing the above process, our products containing chicken litter are considered a compost material and are not subject to the 120 day prior to harvest rule. We also carry a number of pelleted 100% organic fertilizers which do not contain any composted chicken litter and are also able to be applied to crops at any time.

In the process of pelleting our products, the temperature ranges between 195 °F and 205 °F. In the drying process, the temperature is maintained at a minimum of 350 °F for approximately 30 minutes to dry the material to a moisture level of less the 12%. Our liquid fertilizers are heated in excess of 150 °F for a minimum of 48 hours. Our manufacturing processes exceed all minimum standards for pathogen elimination.

All of our organic fertilizers are assigned lot numbers and are not released for sale until we receive a COA from a certified lab resulting in negative results for EHEC, E coli 0157, and Salmonella. The COA will accompany each load of fertilizer along with the bill of lading. If you have any further questions, please feel free to call.

Best regards,

Jake Evans

PO Box 124    Helm, CA 93627
Office: (559) 866-3001    Fax: (559) 866-3003

# EXHIBIT B




### ORGANIC PRODUCTS, INC

**WHEN IT COMES TO ORGANIC...IT HAS TO BE TRUE**

HOME

OUR KNOWLEDGE
AND PERFORMANCE

SERVICE & METHODS

OUR MISSION

CONTACT US

## OUR PROMISE

We respect our growers' commitment to organic and sustainable farming. We take pride in manufacturing the finest 100% organic fertilizers on the market, completely pathogen-free and always maintaining our guaranteed analysis.

## OUR SERVICE

We are committed to providing excellent customer service, maintaining strong relationships with our growers, and always delivering on our word. Having grown along with our organic farmers, we are well-respected in the marketplace and have established a bond of trust with our growers which is second to none. We provide exactly what our customers want, fulfill our commitments, and make every attempt to exceed our grower's expectations. True Organic Products is proud of our reputation in the organic industry.

## OUR METHODS

Unlike our competition, we will not and do not jeopardize our commitment to our organic growers and the organic industry by cutting corners to reap financial gain. We encourage a laboratory analysis of our fertilizers by our customers – at our expense – to ensure that only the highest quality organic fertilizers are being applied to your land.

2006© True Organic Products, INC.

P.O. Box 124, Helm, California 93627

Phone: 559.866.3001 Fax: 559.866.3003

# EXHIBIT C



WESTERN
FARM SERVICE

The Best People
The Best Products
The Best Service

## INVOICE

CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills :
purchases made are payable in full upon receipt
the monthly billing statement A FINANCE CHARG
will be assessed if payment of the new balan
shown on your monthly statement is not received i
the date shown on the bottom of the statment.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 7304.
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | | | |
|---|---|---|---|
| Due Date | 7/20/07 | Invoice No | 651- 58553 |
| Account No | 5121569 | Invoice Date | 6/01/07 |
| W / O No. | 53792-0 D | | |
| Cust. P.O. | | | |
| Grower | | | |
| Ship Date | 5/31/07 | Rec Made--->N | |
| Ranch | | | |
| Crop | | | |
| Pest | | | |
| Acres | | | |
| Map | | | |
| Site ID | | | |
| Block | - | | |
| Appl-Name | | | |
| Appl-LicNo | | | |
| Sales No. | 656 | | |
| Oper ID# | 40-07-40-22059 | | |

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                CA 93445

| Quantity | | Product Description / EPA# | Tax Code | Price Amount | ( Gals. | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|
| 23100.00 | LB | 6401050 TRUE 10-5-2 BULK BAGS | N | Drv<br>706.0976 /TN  8,155.43 N | Rig | State 04  Sls 651  Whs 651 | |
| OR 11.5500 | TNS | | | | | | |

| GROSS AMOUNT | | TAX | | LESS PRE-PAID | | INVOICE TOTAL | |
|---|---|---|---|---|---|---|---|
| 8,155.43 | | .00 | | | | 8,155.43 | |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





WESTERN FARM SERVICE
The Best People
The Best Products
The Best Service



INVOICE

CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTIONS

TERMS: Unless otherwise specified all bills for purchases made are payable in full upon receipt of the monthly billing statement. A FINANCE CHARGE will be assessed if payment of the new balance shown on your monthly statement is not received by the date shown on the bottom of the statement.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53800-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | RANCH 25 |
| Appl—Name | |
| Appl—LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

Invoice No | 651- 58554
Invoice Date| 6/01/07

Rec Made——)NI

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    . CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | Price/Gal. ) |
|---|---|---|---|---|---|---|
| | | | Dry | | Rig        State 04      Sls 651 | Whs 651 |
| 22880.00   LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 8,077.76  N | | |
| OR   11.4400   TNS | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 8,077.76 | .00 | | 8,077.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS .





WESTERN
FARM SERVICE

The Best People
The Best Products
The Best Service

# INVOICE

CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified all bills purchases made are payable in full upon receipt the monthly billing statement A FINANCE CHARGE will be assessed if payment of the new amount shown on your monthly statement is not received the date shown or the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53803-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 5/31/07 |
| Rancн | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl--Name | |
| Appl--LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

| | |
|---|---|
| Invoice No | 651- 58567 |
| Invoice Date | 6/04/07 |

Rec Made--->NI

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price Amount | ( Gals. | Price/Gal. ) |
|---|---|---|---|---|---|
| 16100.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | Drv 706.0976 /TN  5,684.09 N | Rig   State 04 | Sls 651   Whs 651 |
| OR   8.0500 TNS | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 5,684.09 | .00 | | 5,684.09 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.



**WESTERN FARM SERVICE**

*The Best People*
*The Best Products*
*The Best Service*

# INVOICE

ORIGINAL
SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills for purchases made are payable in full upon receipt of the monthly billing statement. A FINANCE CHARGE will be assessed if payment of the new balance shown on your monthly statement is not received by the date shown on the bottom of the statement.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 61000
SAN FRANCISCO, CA 94160-3041

| | | |
|---|---|---|
| Due Date | 7/20/07 | Invoice No 651- 58650 |
| Account No | 5121569 | Invoice Date 6/07/07 |
| W / O No. | 53812-0 D | |
| Cust. P.O. | | |
| Grower | | |
| Ship Date | 6/01/07 | Rec Made--->N1 |
| Ranch | | |
| Crop | | - |
| Pest | | |
| Acres | | |
| Map | | |
| Site ID | | |
| Block | RANCH 25 | |
| Appl--Name | | |
| Appl-LicDt | | |
| Sales No. | 656 | |
| Oper.D# | 40-07-40-22059 | |

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

DIRECT SHIPMENT TO RANCH 25

| Quantity | | Product Description / EPA# | Tax Code | Price | Amount | ( | Gals. | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Drv | | Rig | State 04 | Sls 651 | Whs 651 | |
| 52200.00 | LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 18,429.15 | N | | | | |
| OR 26.1000 | TNS | | | | | | | | | |

1040

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 18,429.15 | .00 | | 18,429.15 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.

# WESTERN FARM SERVICE

*The Best People*
*The Best Products*
*The Best Service*

# INVOICE

ORIGINAL

SALES ARE COMMERCIAL TRANSACTIONS.
TERMS: Unless otherwise specified all bills for purchases made are payable in full upon receipt of the monthly billing statement. A FINANCE CHARGE will be assessed if payment of the new balance shown on your monthly statement is not received by the date shown on the bottom of the statement.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Invoice No | 651- 59313 |
| Due Date | 9/20/07 |
| Invoice Date | 7/31/07 |
| Account No | 5121569 |
| W / D No. | 54600-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 7/27/07 |
| Ranch | Rec Made——)N! |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl—Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|
| | | | Dry | | Rig | State 04 | Sls 651  Whs 651 |
| 4580.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 732.9113 /TN | 1,678.37 N | | | |
| 2.2900 TNS | | | | | | | |

| GROSS AMOUN | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 1,678.37 | .00 | | 1,678.37 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





CUSTOMER ORIGINAL

*The Best People*
*The Best Products*
*The Best Service*

# INVOICE

SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified, all bills &
purchases made are payable in full upon receipt
the monthly billing statement. A FINANCE CHARG
will be assessed if payment of the new balanc
shown on your monthly statement is not received b
the date shown on the bottom of the statment

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

*Please mail remittance to:*
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 9/20/07 |
| Account No | 5121569 |
| W / O No. | 54645-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 8/01/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block - | DIRECT SHIPMENT R25 |
| Appl--Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

Invoice No | 651- 59389
Invoice Date| 8/13/07

Rec Made----)N1

OCEANO PACKING CO L.C

PO BOX 458
OCEANO                    CA 93445

DIRECT SHIPMENT TO RANCH 25

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|---|
| | | | Drv | | Rig | State | | | |
| 50760.00 LB | 6401050 TRUE 10-5-2 BULK BAG! | N | 706.0976 /TN | 17,920.76 N | | 04 | Sls 651 | Whs 651 | |
| OR 25.3800 TNS | | | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 17,920.76 | .00 | | 17,920.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.

1040



9/17

# EXHIBIT D

SAN LUIS OBISPO COUNTY
SHERIFF-CORONER

D. ANDOETOE /0413
NORTH STATION

08.01.00322

Patrick Hedges, Sheriff
P.O. Box 32, San Luis Obispo, CA 93406

(805) 434-4290
24-Hr. (805) 781-4550



# QUALITY
## Packaging & Supplies, Inc.
2400 STATHAM BLVD. · OXNARD, CALIFORNIA 93033
805-240-2410 · 800-887-7225 · FAX: 805-240-2430
SERVING AGRICULTURE AND INDUSTRY
www.qualityps.com



_**Inventory removed by Western Farm Service on 1/10/08**_
Persons present were
**Ernesto Solis – opc**
**John Dana- opc**
**Darren Chabot- wfs**
**Three workers- wfs**


24 lb kerb
6 gal pyganic
7 gal aza direct (7 x 1)
15 gal aza direct (2.5 x 6)
5 gal prefar
5 gal roundup
2.5 gal n-phorce
80 gal oxidate
40 lb xentari
156 lb serenade
105 lb agree
15 gal nutra phite
12.5 gal calcium poly amine
5 gal magnesium poly amine
15 gal senata
5 lb dipel df
10 lb maneb 75 df
3 qt nemex
1300 lb diazinon 14g
2.5 gal roneet
1 gal warrior
4 gal ultra flourish
5 gal matran ec
2 gal abba .15ec
2.5 coastal calmex
2 gal nu flim p
1 gal parasol
2 gal no foam b
20 oz flint


John Dana

# CIVIL COVER SHEET

✎ JS 44   (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Oceano Packing Company. LLC

## DEFENDANTS

True Organic Products, Inc., A California Corporation and Western Farm Service, Inc., A Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff  San Luis Obispo County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Monterey County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Anastassiou & Associates
242 Capitol Street
Salinas, CA 93901
Telephone:  831-754-2501

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
7 U.S.C. Section 6501 et. seq., 7 C.F.R. Part 205, and 15 U.S.C. Section 1125
Brief description of cause:  Violations of the
Organic Foods Production Act of 1990 and NOP Regulations which also constitute acts of Federal Unfair Competition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $  1,073,633.30     CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND     ☒ SAN JOSE

DATE
February 6, 2008

SIGNATURE OF ATTORNEY OF RECORD