Effie F. Anastassiou, Esq. (SBN 96279)
Denis Klavdianos, Esq. (SBN 225925)
ANASTASSIOU& ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for Plaintiff
OCEANO PACKING COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANO PACKING COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>TRUE ORGANIC PRODUCTS, INC., A California Corporation; and WESTERN FARM SERVICE, INC., A Delaware Corporation,<br><br>Defendants. | Case No. C08 00839 JW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL;**<br><br>**1. VIOLATION OF ORGANIC FOODS PRODUCTION ACT OF 1990 - 7 U.S.C. §6501;**<br>**2. BREACH OF EXPRESS WARRANTY OF FITNESS;**<br>**3. BREACH OF IMPLIED WARRANTY OF FITNESS;**<br>**4. NEGLIGENCE;**<br>**5. FRAUD;**<br>**6. NEGLIGENT MISREPRESENTATION;**<br>**7. UNFAIR COMPETITION;**<br>**8. FEDERAL UNFAIR COMPETITION - 15 U.S.C.§1125;**<br>**9. CONVERSION; and**<br>**10. DEFAMATION** |

Plaintiff, Oceano Packing Company, LLC ("Oceano") hereby alleges as follows:

<u>THE PARTIES</u>

1.      Oceano is a limited liability company formed and existing under the laws of the State of California with its principal place of business in San Luis Obispo County, California. Oceano is in the business of growing certified organic vegetable crops for human consumption, including, without limitation, certified organic spinach and "spring mix" crops grown during the 2007 growing season and at issue in this litigation (the "Crops").

1    2.    On information and belief, based on the records of the California Secretary of State,

2  Defendant True Organic Products, Inc. ("True"), is a corporation formed and existing under the laws of the

3  State of California, with its principal place of business in Monterey County, California.  True is in the

4  business of manufacturing, marketing and selling organic fertilizer products.

5    3.    On information and belief, based on the records of the California Secretary of State,

6  Defendant Western Farm Service, Inc. ("Western"), is a corporation formed and existing under the laws

7  of the State of Delaware, with its principal office located in Denver, Colorado.  Western conducts business

8  throughout the State of California, including without limitation, conducting significant business in the

9  judicial district of this Court.  Western's business activities in this district include, without limitation,

10  selling organic fertilizer and other products in this district, having offices located in this district, and

11  employing personnel within this district.  Western's business includes, without limitation, the distribution

12  and sale of the organic fertilizer products manufactured by True.

13                              **JURISDICTION AND VENUE**

14    4.    This Court has jurisdiction over the subject matter of the First and Eighth Causes of Action

15  set forth herein pursuant to 28 U.S.C. §§ 1331, 1338 and/or 1651, and/or 15 U.S.C. § 1121.  This Court has

16  jurisdiction over the subject matter of the remaining Causes of Action herein pursuant to 28 U.S.C.

17  §1367(a) because said Causes of Action are so related to the First and Eighth Causes of Action that they

18  form part of the same case or controversy.

19    5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because subject matter

20  jurisdiction in this case is not founded on diversity of citizenship, and both Western and True reside in this

21  district (as defined in 28 U.S.C. § 1391(c)).

22                              **FACTUAL BACKGROUND**

23    6.    Oceano is in the business of growing certified organic vegetables, including the Crops, for

24  sale for human consumption.

25    7.    During the 2007 growing season, Oceano required fertilizer for its business of growing

26  organic vegetables, including the Crops.  In order to produce the Crops for human consumption, Oceano

27  required a fertilizer that would provide plant nutrients, that would not cause Oceano's Crops to be

28  contaminated by pathogenic organisms, such as E coli or salmonella, and that otherwise would comply with

1    the requirements of the regulations of the National Organic Program (7 C.F.R. Part 205) ("NOP
2    regulations").

3          8.     Oceano contacted Western and asked Western to recommend, select and sell a fertilizer to
4    Oceano that met Oceano's needs, as set forth above.

5          9.     Western recommended a fertilizer known as "True 10-5-2" (the "Fertilizer"). The Fertilizer
6    was manufactured by True. Western represented to Oceano that the Fertilizer was fit for Oceano's intended
7    use.

8          10.    The Fertilizer is made from chicken manure (also called "chicken litter"), as well as other
9    ingredients.

10          11.    Western also sent to Oceano a letter, dated January 16, 2007, which was drafted by Jake
11    Evans of True (the "True Letter"). A true and correct copy of the True Letter is attached hereto as Exhibit
12    A and incorporated herein by reference.

13          12.    The True Letter states, among other things, that True used a "windrow compost process" to
14    produce the Fertilizer. The True Letter also represents that the windrow compost process used by True to
15    produce the Fertilizer complies with the requirements of the NOP regulations, specifically 7 C.F.R. §
16    205.203(c). Further, the True Letter represents that the compost process used to produce the Fertilizer
17    established an initial Carbon-to-nitrogen ration of between 25:1 and 40:1 and maintained a temperature of
18    between 131° F and 170° F for fifteen days using a windrow pile system. The True Letter further represents
19    that because the fertilizer is composted in this manner, the fertilizer is not subject to the NOP regulations
20    requirement that a fertilizer containing manure be incorporated into the soil 120 days prior to harvest, <u>see</u>,
21    7 C.F.R. § 205.203(c)(1)(i) (the "120 day rule"). The 120 day rule is a requirement in the NOP regulations
22    that is intended to protect against contamination of crops with pathogenic organisms, such as salmonella,
23    that are typically transmitted by manure. Thus, the True Letter constitutes a representation that the
24    fertilizer, although made from chicken manure, had been properly composted in accordance with the
25    requirements of the NOP regulations in order to ensure that the fertilizer would not cause Oceano's crops
26    to be contaminated with pathogens, such as salmonella.

27          13.    The True Letter also represents that: (1) the Fertilizer is "100% organic"; (2) True guarantees
28    that its products only contain ingredients allowed by the NOP regulations;  (3) True's manufacturing

1    processes exceed all minimum standards for pathogen elimination; and (4) True's manufacturing process

2    has been inspected by and received excellent reviews from the "CDFA" (California Department of Food

3    and Agriculture).

4            14.     The True Letter also states that True's "organic fertilizers" are assigned lot numbers and are

5    not released for sale until True receives a certificate of analysis from a certified laboratory resulting in

6    negative results for microbial contamination, including, without limitation, E coli 0157 and salmonella.

7            15.     On its internet website, True also makes the following representations regarding its fertilizer

8    products:

9            OUR PROMISE
            We respect our growers' commitment to organic and sustainable farming.
10          We take pride in manufacturing the finest 100% organic fertilizers on the
            market, <u>completely pathogen-free</u> and always maintaining our guaranteed
11          analysis.

12    A true and correct copy of the relevant excerpt from True's internet website is attached hereto as Exhibit

13    B and incorporated herein by reference.

14            16.     In product specification documents for the Fertilizer, true and correct copies of which are

15    attached hereto as Exhibit E and incorporated herein by reference, (the "Product Specs"), which Product

16    Specs True has distributed in commerce, True also represents that: (1) the Fertilizer is "100" Organic

17    Fertilizer;" (2) the Fertilizer is "formulated specially for 100% organic fruits and vegetables;" and (3) the

18    Fertilizer is made entirely with materials that "may be used on certified organic land and crops."  The

19    Product Specs also repeatedly refer to "OMRI" - the Organic Materials Review Institute - a non-profit

20    organization that reviews products to determine whether or not the products are "Allowed" or "Approved"

21    for use on certified organic farms.  The Product Specs state that the Fertilizer is made entirely with "OMRI

22    status allowed (A)" and "NOP allowed" ingredients.

23            17.     Based on Western's recommendation of the Fertilizer, and on the representations concerning

24    the Fertilizer contained in the True Letter, and on the representations made on True's internet website,

25    Oceano purchased the Fertilizer for use in producing certified organic vegetables in the course of Oceano's

26    business, including the Crops.  Copies of invoices for Oceano's purchase of the Fertilizer are attached

27    hereto as Exhibit C and incorporated herein by reference.

28            18.     Unbeknownst to Oceano, and contrary to the representations made by True and Western as

described above, the Fertilizer manufactured by True and sold to Oceano by Western was contaminated with salmonella bacteria. After Oceano applied the Fertilizer to its farmland, the salmonella contamination was spread to Oceano's fields and to its Crops. Oceano first discovered this contamination when three separate, unrelated, customers of Oceano reported finding salmonella in Crops grown by Oceano in fields where the Fertilizer was applied. Each of the three customers received Oceano's Crops independent of one another and drew their samples from Crops received by the customers at different locations.

19.    After being notified by its customers about the salmonella contamination on its Crops, Oceano conducted an investigation to determine the source of the salmonella contamination, including, without limitation, conducting testing of the Fertilizer and the soil from Oceano's fields. The results of such testing showed that the Fertilizer contained salmonella contamination. A sample of soil from Oceano's fields also tested positive for the presence of salmonella. The tests conducted by Oceano and its customers thus showed that the salmonella contamination had originated with the Fertilizer, and had been spread to Oceano's fields and Crops by the application of the contaminated Fertilizer.

20.    Due to the salmonella contamination of Oceano's Crops, Oceano was required to destroy Crops that had previously been harvested for sale, and/or had previously been delivered to its customers, and was required to destroy crops still growing in Oceano's fields. Consequently, Oceano was unable to deliver sufficient uncontaminated Crops to meet its contractual obligations to its customers during the 2007 growing season. In all, as a result of the salmonella contamination, Oceano was unable to deliver a total of approximately 1,431,511 pounds of Crops to three of its customers with whom Oceano had contracts to deliver certified organic vegetables. This shortfall resulted in lost revenue to Oceano of approximately $1,073,633.30, among other damages, as well as a loss of future business with its customers.

21.    The false representations made by True and/or Western concerning the Fertilizer have caused, and are likely to continue to cause, unless enjoined by this Court, confusion in the marketplace for organic fertilizer products in that among other misrepresentations, True and/or Western have misrepresented the origin, sponsorship and/or approval of the Fertilizer, when they have stated that the Fertilizer is "100% Organic Fertilizer", "100% organic", "organic", "formulated specially for 100% organic fruits and vegetables, and/or other similar statements; when they have stated that True's manufacturing process for the Fertilizer has been inspected by and received excellent reviews by the CDFA; and/or when they have

1    stated that the Fertilizer is "OMRI allowed", an "OMRI class fertilizer", made entirely of "OMRI status

2    allowed" ingredients, and/or other similar statements. In addition, the false representations made by True

3    and Western have caused, and/or are likely to cause, injury to the marketplace for organic vegetable

4    products for human consumption. If True and Western are allowed to continue their marketing and sale

5    of organic fertilizer products which are contaminated by salmonella, such activities are likely to result in

6    one or more repeated acts of contamination of organic vegetable products, which in turn could result in one

7    or more future bans of the sale of organic vegetable products by the federal, state or local governments,

8    similar to the general ban by the U.S. Food and Drug Administration ("FDA") of the sale of spinach

9    throughout the U.S. for a several week time period which was caused by the discovery of E coli bacteria

10   in spinach in September of 2006, and/or other negative publicity which would be detrimental to the sale of

11   organic vegetable products.

### FIRST CAUSE OF ACTION
### (Violation Of Organic Foods Production Act of 1990 - 7 U.S.C. § 6501 et seq.)
### (Against True and Western)

14   22.      Oceano hereby incorporates by reference each of the other allegations in this First Amended

15   Complaint as though fully set forth in this First Cause of Action.

16   23.      The Organic Foods Production Act of 1990, 7 U.S.C. § 6501 et seq. (the "OFPA"), was

17   enacted by Congress "to establish national standards governing the marketing of certain agricultural

18   products as organically produced products." 7 U.S.C. § 6501(1).

19   24.      The OFPA make it unlawful for "[a]ny person who knowingly sells a product as organic,

20   except in accordance with this title" 7 U.S.C. § 6519(a).

21   25.      The U.S. Secretary of Agriculture has adopted regulations to implement the OFPA. Those

22   regulations are commonly known as the NOP regulations.

23   26.      The NOP regulations, specifically 7 C.F.R. 205.102, states that any agricultural product "that

24   is sold, labeled, or represented as '100 percent organic,' 'organic,' or 'made with organic' . . . must be: [¶]

25   [. . . p]roduced in accordance with the requirements specified in . . . §§ 205.202 through 205.207."

26   27.      The NOP regulations state that a producer of organic crops must manage plant and animal

27   materials to maintain or improve soil organic matter content in a manner that does not contribute to

28   contamination of crops, soil, or water by pathogenic organisms. 7 C.F.R. § 205.203(c). The NOP

1   regulations state that animal manure "must be composted" unless it is incorporated into the soil not less than

2   120 days prior to harvest of a crop whose edible portion has direct contact with the soil surface or not less

3   than 90 days prior to harvest for a crop whose edible portion does not contact the soil surface or soil

4   particles.  7 C.F.R. § 205.203(c)(1)(ii) and (iii).  A producer of organic crops may also apply "composted

5   plant and animal materials" that are produced through a windrow compost process that establishes a carbon-

6   nitrogen ration of between 25:1 and 40:1 and maintained a temperature of between 131 degrees F and 170

7   degrees F for 15 days during which time the materials must be turned a minimum of five times.  7 C.F.R.

8   § 205.203(c)(2)(i) and (iii).

9          28.     The CDFA is responsible for the enforcement of the OFPA and the NOP regulations within

10  the State of California.  See California Food & Agricultural Code § 46000 et seq., which is known as the

11  California Organic Products Act of 2003. One such enforcement activity delegated to the CDFA is spot

12  inspections to determine compliance with the requirements of the organic laws (California Food &

13  Agricultural Code § 46018.1), which include, without limitation, regulation of the advertising and labeling

14  of fertilizers sold as "organic" (California Food & Agricultural Code § 46024) .

15         29.     The representations made by True and Western to Oceano that the Fertilizer is "100%

16  organic" and/or "organic", complied with the NOP regulations as described above, and/or was inspected

17  and received excellent reviews by the CDFA were false and/or misleading.  In fact the Fertilizer violated

18  the above-referenced OFPA and NOP regulations. Although both True and Western represented to Oceano

19  that the Fertilizer, which is made from chicken manure, had been manufactured, including composted, in

20  accordance with the requirements of the NOP regulations, the Fertilizer was not, in fact, manufactured in

21  accordance with the requirements of the NOP regulations and was in fact, contaminated by pathogenic

22  organisms. Accordingly, by manufacturing, recommending and/or selling the Fertilizer, True and Western

23  violated both the OFPA and NOP regulations.

24         30.     As a result of the violations of the OFPA and NOP regulations by True and Western,

25  Oceano's Crops were contaminated with salmonella, and Oceano's Crops could not be marketed and sold

26  as organic Crops, but had to be destroyed.  As a consequence, Oceano suffered damages which included

27  lost revenues of approximately $1,073,633.30, as well as a loss of future business with its customers in an

28  amount to be determined according to proof, and suffered other damages to be determined in accordance

1    with proof.

2                            **SECOND CAUSE OF ACTION**
                         **(Breach of Express Warranty Of Fitness)**
3                            **(Against True and Western)**

4          31.    Oceano hereby incorporates by reference each of the other allegations in this First Amended

5    Complaint as though fully set forth in this Second Cause of Action.

6          32.    During the 2007 growing season, between about June and October of 2007, Oceano required

7    a fertilizer for the production of certified organic vegetable crops, including the Crops. Oceano also

8    required a fertilizer that would not cause the crops to be contaminated with any pathogenic organism such

9    as E Coli or salmonella, and that otherwise conformed to the requirements of the NOP regulations.

10         33.    Oceano relied on the skill and judgment of True and Western to manufacture, select and

11   furnish suitable fertilizer to meet Oceano's need for a fertilizer that would allow Oceano to produce

12   certified organic vegetable crops, while not causing contamination of the crops by pathogenic organisms.

13         34.    True and Western knew, or reasonably should have known, that Oceano required a fertilizer

14   for use in producing certified organic vegetables that would not cause pathogen contamination of Oceano's

15   Crops and which would comply with the requirements of the NOP regulations. True and Western knew

16   that Oceano was relying on the skill and knowledge of True and Western to manufacture, select and sell

17   a fertilizer that was fit for Oceano's intended use. True and Western made express warranties to Oceano,

18   orally and/or in writing, that the Fertilizer sold to Oceano during that time period (the True 10-5-2

19   Fertilizer) was fit for Oceano's intended use as a fertilizer to produce organic vegetables without causing

20   contamination of the vegetables with pathogens. Such warranties included, but were not limited to, the

21   warranties and representations set forth in the True Letter (attached as Exhibit B hereto), in which True and

22   Western represented that: the Fertilizer was "100% organic;" the Fertilizer contained only "NOP allowed

23   ingredients;" True's manufacturing processes "exceed all minimum standards for pathogen elimination";

24   True's manufacturing process has been inspected and received excellent reviews by the CDFA; the

25   Fertilizer (which was made from chicken manure) had been composted in accordance with the requirements

26   of the NOP regulations, and was thus exempt from the 120 day to harvest requirement and "able to be

27   applied to crops at any time"; and that the Fertilizer is not released for sale "until we receive a [certificate

28   of analysis] from a certified lab resulting in negative results for EHEC, E coli 0157, and Salmonella."

---

Oceano Packing v. True Organics                    First Amended Complaint for Violation of OFPA and Other Claims
Case Number C08 00839 JW                                      8

35.    True also made other express warranties regarding the suitability of its Fertilizer to meet Oceano's needs in its advertising, including without imitation, the representations made by True on True's internet web site which are set forth in Exhibit B.  On its web site, True makes the following express warranties regarding its Fertilizer:

> OUR PROMISE
> We respect our growers' commitment to organic and sustainable farming. We take pride in manufacturing the finest 100% organic fertilizers on the market, <u>completely pathogen-free</u> and always maintaining our guaranteed analysis.

(emphasis added).

36.    Oceano relied on the warranties made by True and Western in deciding to purchase the Fertilizer.

37.    True and Western breached their express warranties that the Fertilizer sold to Oceano was fit for Oceano's intended use.  As a direct and legal result of True and Western's breach of their express warranties, the Fertilizer sold to Oceano was contaminated with salmonella and caused Oceano's Crops and soils to become contaminated with salmonella which required that the Crops had to be destroyed.

38.    True's and Western's breaches of their express warranties is the direct and legal cause of Oceano's damages described herein, which damages include lost revenues of approximately $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined according to proof, and other damages to be determined in accordance with proof.

### THIRD CAUSE OF ACTION
### (Breach of Implied Warranty of Fitness)
### (Against True and Western)

39.    Oceano hereby incorporates by reference each of the other allegations in this First Amended Complaint as though fully set forth in this Third Cause of Action.

40.    As has been described above, during the 2007 growing season, Oceano required a fertilizer for use in its production of certified organic vegetables and required a fertilizer that would not cause Oceano's Crops to become contaminated by pathogenic organisms.  Oceano relied on the skill and knowledge of True and Western to manufacture, select and/or sell Oceano fertilizer that was fit for Oceano's intended use.

41.    At the time of Oceano's purchase of the Fertilizer as described herein, True and Western

1  knew, or reasonably should have known, of the particular purpose for which the Fertilizer was required by

2  Oceano, and that Oceano was relying on True and Western to manufacture, select and/or sell suitable

3  fertilizer to Oceano.   Accordingly, there was an implied warranty that the Fertilizer was fit for Oceano's

4  intended use.

5      42.    True and Western breached that warranty by manufacturing, selecting and/or selling

6  Fertilizer to Oceano that was contaminated with salmonella.

7      43.    The contaminated Fertilizer caused Oceano's Crops and soils to become contaminated with

8  salmonella, which required that the Crops had to be destroyed.

9      44.    True's and Western's breach of the implied warranty of fitness is the direct and legal cause

10  of Oceano's damages described herein, which damages included lost revenues of approximately

11  $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined

12  according to proof, and other damages to be determined in accordance with proof.

**FOURTH CAUSE OF ACTION**
**(Negligence)**
**(Against True and Western)**

15      45.    Oceano hereby incorporates by reference each of the other allegations in this First Amended

16  Complaint as though fully set forth in this Fourth Cause of Action.

17      46.    True was under a legal duty to manufacture, package, store, test, and ship the Fertilizer in

18  a manner that eliminated the presence of pathogens, such as salmonella, and to prevent contamination of

19  the Fertilizer following manufacture.  True was also under a legal duty to produce the Fertilizer in a manner

20  which complied with the NOP regulations, as expressly represented by True.

21      47.    True breached its legal duty by negligently and carelessly manufacturing, packaging, storing,

22  testing, and/or shipping (or failing to manufacture, package, store, test and/or ship) the Fertilizer in a

23  manner that caused the Fertilizer to be contaminated with salmonella when it was received by Oceano, and

24  to violate the NOP regulations.

25      48.    Western was similarly under a legal duty to store, ship, maintain and/or test the Fertilizer

26  in a manner that prevented contamination of the Fertilizer by salmonella and other pathogens, and to ensure

27  that the Fertilizer complied with the NOP regulations.  Western was also under a legal duty to investigate

28  True's manufacturing, storage and shipment practices to ensure that they were adequate to prevent

1  contamination of the Fertilizer by pathogens, such as salmonella, and to ensure that they complied with the

2  NOP regulations, before recommending the Fertilizer to Oceano for Oceano's intended use.

3       49.    Western breached its legal duty by negligently and carelessly storing, shipping, maintaining

4  and/or testing (or failing to appropriately store, ship, maintain and/or test) the Fertilizer in a manner that

5  caused the fertilizer to be contaminated by salmonella when it was received by Oceano, and not to comply

6  with the NOP regulations.  Western also breached its legal duty by failing to adequately investigate True's

7  manufacturing, storage and shipment practices to determine whether such practices were adequate to

8  prevent the contamination of the Fertilizer by salmonella, and whether such practices complied with the

9  requirements of the NOP regulations, before recommending and selling the Fertilizer to Oceano for

10  Oceano's intended use.

11       50.    True's and Western's breach of their respective legal duties were the direct and legal cause

12  of Oceano's damages as described herein, which damages include lost revenues of approximately

13  $1,073,633.30, as well a loss of future business with its customers in an amount to be determined

14  according to proof, and other damages to be determined in accordance with proof.

**FIFTH CAUSE OF ACTION**
**(Fraud)**
**(Against True and Western)**

17       51.    Oceano hereby incorporates by reference each of the other allegations in this First Amended

18  Complaint as though fully set forth in this Fifth Cause of Action.

19       52.    True and/or Western made oral representations to Oceano that the True 10-5-2 Fertilizer

20  purchased by Oceano would not contain pathogens such as salmonella, and would comply with the

21  requirements of the NOP regulations..

22       53.    True and Western also made written representations to Oceano that the Fertilizer was

23  manufactured in a manner that would eliminate pathogens such as salmonella, that the fertilizer had tested

24  negative for pathogens, such as salmonella, that the Fertilizer complied with the requirements of the NOP

25  regulations, and that True's manufacturing process has been inspected and received excellent reviews by

26  the CDFA.  Such written representations also included, without limitation, the following representations

27  in the True Letter: (1) "Our manufacturing processes exceed all minimum standards for pathogen

28  elimination"; (2) the chicken manure Fertilizer was properly composted, using the windrow compost

method, in accordance with the requirements of the NOP regulations; and (3) the Fertilizer is "not released for sale until we receive a [certificate of analysis] from a certified lab resulting in negative results for EHEC, E coli 0157, and Salmonella."

54.     On its internet web site, True also made written representations that its fertilizers are "completely pathogen-free." (See Exhibit B attached hereto).

55.     These oral and written representations made by True and Western were false.

56.     True and Western, and their officers, directors and/or managing agents, knew that the above oral and/or written representations regarding the Fertilizer were false.

57.     True and Western, and their offices, directors and/or managing agents, made and/or authorized the above oral and/or written representations with the intent to induce Oceano and others to act (by buying the Fertilizer) in reliance on said representations.

58.     Oceano justifiably relied on the truth of such oral and/or written representations made by True and Western in deciding to purchase and use the Fertilizer during the 2007 growing season.

59.     The false representations made by True and Western are the direct and legal cause of the damages suffered by Oceano as described herein, which damages include lost revenues of approximately $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined according to proof, and other damages to be determined in accordance with proof.

60.     Upon information and belief, at all times mentioned herein, True and Western, and their officers, directors and/or managing agents, were aware of the probable dangerous consequences of their conduct and willfully and deliberately failed to avoid those consequences. As such, True's and Western's acts of making false written and/or oral representations to Oceano with the intent that Oceano rely on said representations constitutes fraud, malice and/or oppression, was despicable conduct done in conscious disregard of Oceano's rights, and thereby justifies an award of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION
#### (Negligent Misrepresentation)
#### (Against True and Western)

61.     Oceano hereby incorporates by reference each of the other allegations in this First Amended Complaint as though fully set forth in this Sixth Cause of Action.

62.     True and/or Western made oral representations to Oceano that the True 10-5-2 Fertilizer purchased by Oceano would not contain pathogens such as salmonella, that the Fertilizer complied with the requirements of the NOP regulations, and that True's manufacturing process has been inspected and received excellent reviews by the CDFA.

63.     True and Western also made written representations to Oceano that the Fertilizer was manufactured in a manner that would eliminate pathogens, such as salmonella, and that the fertilizer had tested negative for pathogens, such as salmonella.   Such written representations included, without limitation, the following representations in the True Letter: (1) "Our manufacturing processes exceed all minimum standards for pathogen elimination"; (2) the chicken manure Fertilizer was properly composted, using the windrow compost method, in accordance with the requirements of the NOP regulations; and (3) the Fertilizer is "not released for sale until we receive a [certificate of analysis] from a certified lab resulting in negative results for EHEC, E coli 0157, and Salmonella."

64.     On its internet web site, True also made written representations that its fertilizers are "completely pathogen-free."  (See Exhibit B attached hereto).

65.     The oral and/or written representations made by True and Western were false.

66.     When True and Western made these oral and/or written representations, they had no reasonable grounds for believing them to be true.

67.     True and Western made the above oral and/or written representations with the intent to induce Oceano and others to act (by buying the Fertilizer) in reliance on said representations.

68.     Oceano justifiably relied on the truth of such oral and/or written representations made by True and Western in deciding to purchase and use the Fertilizer during the 2007 growing season.

69.     The false representations made by True and Western are the direct and legal cause of the damages suffered by Oceano as described herein, which damages include lost revenue of approximately $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined according to proof, and other damages to be determined in accordance with proof.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition)**
**(Against True and Western)**

70.    Oceano hereby incorporates by reference each of the other allegations in this First Amended Complaint as though fully set forth in this Seventh Cause of Action.

71.    California Business and Professions Code ("BPC") § 17203 states, in pertinent part, that any

> person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

72.    The term "unfair competition" is defined in BPC § 17200 as follows:

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of [the BPC].

73.    The actions of True and Western in violation of the OFPA and NOP regulations as described above constitute unfair competition as defined by BPC § 17200 because such actions are "unlawful."

74.    As described more fully above, True and Western also represented, in the True Letter and on True's internet web site that: (1) the Fertilizer is 100% organic; (2) the Fertilizer contained only "NOP allowed ingredients"; (3) True's manufacturing process has been inspected and received excellent reviews by the CDFA; (4) True's manufacturing process "exceeded all the minimum standards for pathogen elimination"; (5) the Fertilizer was composted by the windrow compost method in accordance with the requirements of the NOP regulations; and (6) the Fertilizer was "completely pathogen-free." Said representations were false and were made by True and/or Western with knowledge that they were false and/or without any reasonable basis to believe that the representations were true. By making these representations, therefore, True and Western are guilty of unfair and/or fraudulent business acts or practices.

75.    The misrepresentations made by True and Western in the True Letter and on True's internet web site constitute "unfair, deceptive, untrue or misleading advertising."

76.    The definition of "unfair competition" in BPC § 17200 includes any act prohibited by BPC § 17500. BPC § 17500 states in pertinent part as follows:

> It is unlawful for any person, firm, corporation or association . . . with intent directly or indirectly to dispose of real or personal property . . . or anything of any nature whatsoever . . . to make or disseminate or cause to be made or disseminated before the public in this state . . . in any newspaper or other

publication, or any advertising device . . . or in any other manner or means whatever, including over the internet, any statement, concerning that real or personal property . . . or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . ..

77.    The misrepresentations made by True and Western in the True Letter and on True's internet web site, as described above, constitute untrue and/or misleading statements regarding the Fertilizer which True and Western knew to be untrue, or through the exercise of reasonable care should have known to be untrue. The misrepresentations were made with the intent directly or indirectly to dispose of the Fertilizer. Said misrepresentations therefore constitute a violation of BPC § 17500, and also constitute "unfair competition" as defined in BPC § 17200.

78.    The acts of unfair competition committed by True and Western are the direct and legal cause of the damages sustained by Oceano as described herein, which damages include lost revenues of approximately $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined according to proof, and other damages to be determined in accordance with proof.

## EIGHTH CAUSE OF ACTION
### (Federal Unfair Competition - 15 U.S.C. §1125)
### (Against True and Western)

79.    Oceano hereby incorporates by reference each of the other allegations in this First Amended Complaint as though fully set forth in this Eighth Cause of Action.

80.    This Eighth Cause of Action is brought pursuant to 15 U.S.C. § 1125(a)(1), which states, in pertinent part:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
    (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsor-ship, or approval of his or her goods, services, or commercial activities by another person, or
    (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

81.     True violated 11 U.S.C. § 1125(a)(1)(A) by using, in the Product Specs, the word or terms "OMRI allowed" and "OMRI class fertilizer," and by stating that the Fertilizer is made entirely of "OMRI status allowed" ingredients. Such words or phrases are likely to cause confusion, to cause mistake, and/or to deceive as to the origin, sponsorship, or approval of the Fertilizer, specifically by leading organic vegetable producers and other organic farmers to believe that the Fertilizer has been approved by OMRI. In truth, OMRI has not approved the Fertilizer.

82.     Organic vegetable producers, such as Oceano, routinely rely on OMRI to list products that are allowable for use in organic farming pursuant to the NOP regulations. By using the phrases "OMRI allowed" and "OMRI class fertilizer" and by representing that the Fertilizer is made from "OMRI status allowed" ingredients, True undermines the ability of organic farmers to trust OMRI as a source of products suitable for use in organic farming under the NOP regulations.

83.     True and Western have also violated 11 U.S.C. § 1125 (a)(1)(A) by stating, in the True Letter, on True's website, and/or on labels or other documents associated with the sale of the Fertilizer in commerce, that the Fertilizer is: (1) "100% organic," (2) "organic", (3) "completely pathogen-free," (4) composted in accordance with the requirements of the NOP regulations, and/or (5) inspected and favorably reviewed by the CDFA. Such statements are untrue, as set forth in detail above, and likely to cause confusion, to cause mistake and/or to deceive another person, including, without limitation, Oceano, as to the origin, sponsorship, and/or approval of the Fertilizer.

84.     True and Western have also violated 11 U.S.C. § 1125 (a)(1)(B) by making false and/or misleading representations of fact in the True Letter and on True's internet website, which facts misrepresent the nature, characteristics, and/or qualities of the Fertilizer, as more fully described above.

85.     As a producer of organic vegetables in accordance with the NOP regulations, Oceano has a competitive and economic interest in ensuring that the terms "100% Organic Fertilizer", "100% organic", "organic", "formulated specially for 100% organic fruits and vegetables", are used solely in conjunction with products produced in accordance with the NOP regulations, and that those terms are not applied to the sale or marketing of products that are not produced in accordance with the NOP regulations. Oceano also has a competitive and economic interest in ensuring that the terms "100% Organic Fertilizer", "100% organic", "organic" and "formulated specially for 100% organic fruits and vegetables", continue to have

1   a reputation for high quality products among consumers and companies in the organic product industry.

2   Oceano also has a competitive and economic interest in ensuring that inputs represented as "100% Organic

3   Fertilizer", "100% organic", "organic", and "formulated specially for 100% organic fruits and vegetables",

4   which are used to produce organic vegetable products, are not contaminated by pathogenic organisms which

5   will in turn contaminate organic vegetable products.  In this case, True's and Western's continued use of

6   the terms "100% Organic Fertilizer," "100% organic", "organic", and "formulated specially for 100%

7   organic fruits and vegetables", as described herein, to refer to a product - the Fertilizer - that is not produced

8   according to the NOP regulations, threatens the value of those terms for Oceano's uses.  Similarly, Oceano

9   has an interest in ensuring that the terms "OMRI allowed", an "OMRI class fertilizer", and made entirely

10   of "OMRI status allowed" ingredients, are not degraded and devalued, and that the status of OMRI is

11   maintained as an organization which can be relied upon to evaluate inputs for use on certified organic

12   farms.

13        86.     As described in detail above, in the True Letter and on True's internet web site, True and

14   Western made false and/or misleading representations of fact regarding the Fertilizer in commerce which

15   also misrepresented the nature, characteristics, and/or qualities of the Fertilizer.  Oceano justifiably relied

16   on the false and/or misleading representations of fact made by True and Western regarding the Fertilizer

17   in commerce which caused Oceano to suffer commercial injury, including, without limitation, the

18   destruction of its Crops due to salmonella contamination, and the loss of future business with its customers.

19   If such actions by True and Western are not enjoined by this Court, such actions could result in one or more

20   repeated acts of contamination of organic vegetable products by the True Fertilizer, which in turn could

21   result in general harm and damage to the organic vegetable production industry, due to potential FDA bans

22   of the sale of organic vegetable products, and/or other negative publicity which is detrimental to the sale

23   of organic vegetable products.

24        87.     True and Western's false and/or misleading representations of fact regarding the Fertilizer

25   were the direct and legal cause of Oceano's damages as described herein, which include lost revenues of

26   approximately $1,073,633.30, as well as a loss of future business with its customers in an amount to be

27   determined according to proof, and other damages to be determined in accordance with proof.

28        88.     Oceano, and other organic vegetable producers who purchase organic fertilizers, will

1    continue to be damaged and irreparably injured until and unless the wrongful activities of True and Western

2    with respect to the Fertilizer that are described herein are enjoined by this Court.

### NINTH CAUSE OF ACTION
#### (Conversion)
#### (Against Western Only)

5    89.    Oceano hereby incorporates by reference each of the other allegations in this First Amended

6    Complaint as though fully set forth in this Ninth Cause of Action.

7    90.    On or about January 10, 2008, a representative of Western, Darin Chebot, went onto

8    Oceano's leased farmland located in San Luis Obispo County, California, without the permission or consent

9    of Oceano, and removed a variety of items of personal property owned by Oceano, including, without

10    limitation, the agricultural chemicals listed on Exhibit D attached hereto and incorporated herein by

11    reference (the "Converted Property"). Oceano promptly filed a report with the San Luis Obispo County

12    Sheriff's department which reported that the Converted Property had been unlawfully taken from Oceano

13    by the representative of Western.

14    91.    Mr. Chebot was acting for and on behalf of Western, with the knowledge and/or consent of

15    Western's officers, directors, and/or managing agents, at the time he removed the Converted Property from

16    Oceano's farmland, without the permission or consent of Oceano.

17    92.    Neither Mr. Chebot nor Western have returned the items of Converted Property to Oceano,

18    despite Oceano's demand that they do so.

19    93.    By committing these actions, Western is guilty of conversion of the Converted Property.

20    94.    Western's act of conversion of the Converted Property has caused Oceano to suffer damages

21    in an amount to be proven at trial.

22    95.    Western, and its officers, directors, and/or managing agents, were aware that said acts of

23    conversion of the Converted Property occurred, and that the Converted Property was the property of

24    Oceano, and that Oceano was entitled to the possession thereof, and notwithstanding such knowledge,

25    Western wrongfully, maliciously, and with intent to injure Oceano failed to return the Converted Property,

26    which actions constitutes despicable conduct done in conscious disregard of Oceano's rights, thereby

27    justifying an award of exemplary and punitive damages.

28    ### TENTH CAUSE OF ACTION
#### (Defamation)

**(Against Western Only)**

96.     Oceano hereby incorporates by reference each of the other allegations in this First Amended Complaint as though fully set forth in this Tenth Cause of Action.

97.     At various times between January 10, 2008 and continuing to the present, various employees, officers, directors, and/or managing agents of Western, acting within the scope and course of their employment or agency with Western, have made false representations regarding Oceano to third parties, including without limitation, representations that Oceano is not paying its trade debts in a timely manner. Said false representations were made by the employees, officers, directors, and/or managing agents of Western with the actual intent to injure Oceano in its credit, finances and reputation in the industry. Said false representations were motivated by hatred or ill will toward Oceano and/or were made without any reasonable grounds for believing the truth of said representations.

98.     The false representations made by Western as described herein have caused Oceano to suffer injury to its reputation and finances in an amount to be proven at trial.

99.     Said false representations made by the employees, officers, directors, and/or managing agents of Western constitute fraud, malice and/or oppression, and constitutes despicable conduct done in conscious disregard of Oceano's rights, thereby justifying an award of exemplary and punitive damages.

## REQUEST FOR RELIEF

NOW THEREFORE, Oceano respectfully requests that the Court order relief as follows:

**On the First Cause of Action:**

1. Order True and Western to pay compensatory damages in the amount of $1,073,633.30, or such other amount as is determined according to proof, loss of future business with its customers to be determined according to proof, plus other consequential damages, interest and such other damages as may be proven at trial;

2. Issue an order declaring that True and Western's actions violate the requirements of the OFPA and the NOP regulations;

3. Issue an order enjoining True and Western from continuing to violate the OFPA and NOP regulations;

4.  Issue an order enjoining True and Western from: (A) continuing to represent the Fertilizer as "organic" or "100% organic"; (B) continuing to represent that the Fertilizer was composted or otherwise treated in accordance with the NOP regulations; and (C) continuing to represent that the Fertilizer, or any other fertilizer manufactured by True, is "completely pathogen-free";

5.  Order True and Western to pay Oceano's attorney's fees and costs; and

6.  Order such other and further relief as the Court determines is just and proper.

**On The Second, Third, Fourth, and Sixth Causes Of Action:**

1.  Order True and Western to pay compensatory damages in the amount of $1,073,633.30, or such other amount as is determined according to proof, loss of future business with its customers to be determined according to proof, plus other consequential damages, interest and such other damages as may be proven at trial;

2.  Order True and Western to pay Oceano's attorney's fees and costs; and

3.  Order such other and further relief as the Court determines is just and proper.

**On The Fifth Cause of Action:**

1.  Order True and Western to pay compensatory damages in the amount of $1,073,633.30, or such other amount as is determined according to proof, loss of future business with its customers to be determined according to proof, plus other consequential damages, interest and such other damages as may be proven at trial;

2.  Order True and Western to pay punitive damages in an amount to be determined at trial;

3.  Order True and Western to pay Oceano's attorney's fees and costs; and

4.  Order such other and further relief as the Court determines is just and proper.

**On The Seventh Cause of Action:**

1.  Order True and Western to restore to Oceano all money acquired by True and Western's acts of unfair competition, including ordering True and Western to restore to Oceano lost revenues of $1,073,633.30, or such other amount as is determined according to proof, loss of future business with its customers to be determined according to proof, plus other consequential damages, interest and such other damages as may be proven to have been caused by the unfair competition at trial;

1    2.  Issue an order enjoining True and Western from continuing to engage in the acts of unfair

2  competition described herein;

3    3.  Order True and Western to pay Oceano's attorney's fees and costs; and

4    4.  Order such other and further relief as the Court determines is just and proper.

5  **On the Eighth Cause of Action:**

6    1.  Order True and Western to pay damages in the amount of $1,073,633.30, or such other amount

7  as is determined according to proof, loss of future business with its customers to be determined according

8  to proof, plus other consequential damages, interest and such other damages as may be proven at trial;

9    2. Issue an order enjoining True and Western from continuing to make the false and/or misleading

10  representations of fact regarding the Fertilizer described herein;

11    3.  Order True and Western to pay Oceano's attorney's fees and costs; and

12    4. Order such other and further relief as the Court determines is just and proper.

13  **On The Ninth Cause of Action:**

14    1.  Order Western to pay damages caused by its act of conversion of the Converted Property in an

15  amount to be proven at trial;

16    2.  Order Western to pay punitive damages in an amount to be proven at trial;

17    3.  Order Western to pay Oceano's attorney's fees and costs; and

18    4.  Order such other and further relief as the Court determines is just and proper.

19  **On The Tenth Cause of Action:**

20    1.  Order Western to pay damages caused by its acts of defamation in an amount to be proven at

21  trial;

22    2.  Order Western to pay punitive damages in an amount to be proven at trial;

23    3.  Order Western to pay Oceano's attorney's fees and costs; and

24    4.  Order such other and further relief as the Court determines is just and proper.

25  **DEMAND FOR JURY TRIAL**

26  Oceano hereby demands a trial by jury.

27

28

1    Dated: February 14, 2007                    ANASTASSIOU & ASSOCIATES

2

3                                        By: _____

4                                             Effie F. Anastassiou,
                                              Attorneys for Plaintiff Oceano
5                                             Packing Company, LLC

6    F:\OCA\Salmonella\OCA v. True Organic Products-Western Farm SErvice\Pleadings\FirstAmendedComplaint.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



ORGANIC PRODUCTS, INC

January 16, 2007

To Whom It May Concern:

       True Organic Products, Inc. prides itself on manufacturing 100% organic pelleted and
liquid fertilizers. Our products do not contain any ammonia or non-protein forms of Nitrogen.
We have files and receipts available for all inputs made to manufacture all of our fertilizers. We
have been inspected by both the CDFA and the Natural Selection Group receiving excellent
reviews from both organizations. We guarantee our products only contain NOP allowed
ingredients.

       True organic Products, Inc. uses the windrow compost process for our aged chicken litter.
NOP Rule: Section 205.203 (o) states: Animal and plant materials produced through a process
that: (i) establish an initial C:N ration between 25:1 and 40:1, (ii) maintain a temperature
between 131 °F and 170 °F for fifteen days using a windrow pile system. By utilizing the above
process, our products containing chicken litter are considered a compost material and are not
subject to the 120 day prior to harvest rule. We also carry a number of pelleted 100% organic
fertilizers which do not contain any composted chicken litter and are also able to be applied to
crops at any time.

       In the process of pelleting our products, the temperature ranges between 195 °F and 205
°F. In the drying process, the temperature is maintained at a minimum of 350 °F for
approximately 30 minutes to dry the material to a moisture level of less the 12%. Our liquid
fertilizers are heated in excess of 150 °F for a minimum of 48 hours. Our manufacturing
processes exceed all minimum standards for pathogen elimination.

       All of our organic fertilizers are assigned lot numbers and are not released for sale until
we receive a COA from a certified lab resulting in negative results for EHEC, E coli 0157, and
Salmonella. The COA will accompany each load of fertilizer along with the bill of lading. If
you have any further questions, please feel free to call.


Best regards,

Jake Evans


PO Box 124    Helm, CA  93627
Office: (559) 866-3001    Fax: (559) 866-3003

# EXHIBIT B





WHEN IT COMES TO ORGANIC...IT HAS TO BE TRUE

HOME

OUR KNOWLEDGE
AND PERFORMANCE

SERVICE & METHODS

OUR MISSION

CONTACT US

## OUR PROMISE

We respect our growers' commitment to organic and sustainable farming. We take pride in manufacturing the finest 100% organic fertilizers on the market, completely pathogen-free and always maintaining our guaranteed analysis.

## OUR SERVICE

We are committed to providing excellent customer service, maintaining strong relationships with our growers, and always delivering on our word. Having grown along with our organic farmers, we are well-respected in the marketplace and have established a bond of trust with our growers which is second to none. We provide exactly what our customers want, fulfill our commitments, and make every attempt to exceed our grower's expectations. True Organic Products is proud of our reputation in the organic industry.

## OUR METHODS

Unlike our competition, we will not and do not jeopardize our commitment to our organic growers and the organic industry by cutting corners to reap financial gain. We encourage a laboratory analysis of our fertilizers by our customers – at our expense – to ensure that only the highest quality organic fertilizers are being applied to your land.

2006© True Organic Products, INC.

P.O. Box 124, Helm, California 93627

Phone: 559.866.3001 Fax: 559.866.3003

# EXHIBIT C



**WESTERN FARM SERVICE**

*The Best People*
*The Best Products*
*The Best Service*

## INVOICE

CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified, all bills
purchases made are payable in full upon receipt
the monthly billing statement A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received
the date shown on the bottom of the statement.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 7304.
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA  93445

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53792-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl—Name | |
| Appl—LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

Invoice No | 651- 58553
Invoice Date | 6/01/07

Rec Made---)NI

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|
| 23100.00  LB | 6401050 TRUE 10-5-2 BULK BAGS | N | Dry 706.0976 /TN | 8,155.43  N | Rig | State 04 | Sls 651 | Whs 651 |
| R  11.5500 TNS | | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 8,155.43 | .00 | | 8,155.43 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





**WESTERN FARM SERVICE**

The Best People
The Best Products
The Best Service

# INVOICE

CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills for
purchases made are payable in full upon receipt of
the monthly billing statement. A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received by
the date shown on the bottom of the statement.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
 805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53800-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | RANCH 25 |
| Appl—Name | |
| Appl—LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

Invoice No | 651- 58554
Invoice Date | 6/01/07

Rec Made--->N1

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    , CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price   Amount | ( Gals, | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|
| | | | Drv | Rig | State 04 | Sls 651 | Whs 651 |
| 22880.00  LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN   8,077.76  N | | | | |
| OR  11.4400 TNS | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 8,077.75 | .00 | | 8,077.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





**WESTERN**
**FARM SERVICE**

The Best People
The Best Products
The Best Service

## INVOICE

CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified all bills
purchases made are payable in full upon receip
the monthly billing statement A FINANCE CHAR
will be assessed if payment of the new balai
shown on your monthly statement is not received
the date shown or the bottom of the statment

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 7304
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | | |
|---|---|---|
| Due Date | 7/20/07 | Invoice No | 651- 58567 |
| Account No | 5121569 | Invoice Date | 6/04/07 |
| W / O No. | 53803-0 D | |
| Cust. P.O. | | |
| Grower | | |
| Ship Date | 5/31/07 | Rec Made--->N! |

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

Ranch
Crop
Pest
Acres
Map
Site ID
Block
Appl--Name
Appl--LicDt
Sales No.    656
Oper ID#    40-07-40-22059

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|
| | | | Dry | | Rig | State 04 | Sls 651  Whs 651 |
| 16100.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 5,684.09  N | | | |
| 8.0500 TNS | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 5,684.09 | .00 | | 5,684.09 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.

RECEIVED
6/5



The Best People
The Best Products
The Best Service

# INVOICE

CHECK AGAINST ORIGINAL

SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills for
purchases made are payable in full upon receipt of
the monthly billing statement A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received by
the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
  805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / D No. | 53812-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 6/01/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | RANCH 25 |
| Appl-Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

Invoice No | 651-58650
Invoice Date | 6/07/07

Rec Made--->N1

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

DIRECT SHIPMENT TO RANCH 25

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|---|
| 52200.00 LB | 6401050 TRUE 10-5-2 BULK BAGG | N | 706.0976 /TN | 18,429.15 | N Dry | Rig | State 04 | Sls 651 | Whs 651 |
| OR 26.1000 TNS | | | | | | | | | |

1040

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 18,429.15 | .00 | | 18,429.15 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





# WESTERN FARM SERVICE

*The Best People*
*The Best Products*
*The Best Service*

# INVOICE

CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills for purchases made are payable in full upon receipt of the monthly billing statement. A FINANCE CHARGE will be assessed if payment of the new balance shown on your monthly statement is not received by the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 9/20/07 |
| Account No | 5121569 |
| W / O No. | 54600-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 7/27/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl—Name | |
| Appl—LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

Invoice No | 651- 59313
Invoice Date | 7/31/07

Rec Made---)N1

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( | Gals. | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|---|
| | | | Dry | | Rig | State 04 | Sls 651 | Whs 651 | |
| 4580.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 732.9113 /TN | 1,678.37 N | | | | | |
| 2.2900 TNS | | | | | | | | | |

| GROSS AMOUN | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 1,678.37 | .00 | | 1,678.37 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





CUSTOMER ORIGINAL

**INVOICE**

*The Best People*
*The Best Products*
*The Best Service*

SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified, all bills
purchases made are payable in full upon receipt
the monthly billing statement. A FINANCE CHARG
will be assessed if payment of the new balan
shown on your monthly statement is not received
the date shown on the bottom of the statement.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
   805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 9/20/07 |
| Account No | 5121569 |
| W/O No. | 54645-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 8/01/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block - | DIRECT SHIPMENT R25 |
| Appl--Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

Invoice No | 651- 59389
Invoice Date| 8/13/07

Rec Made——)N1

OCEANO PACKING CO L.C

PO BOX 458
OCEANO                    CA  93445

DIRECT SHIPMENT TO RANCH 25

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|---|
| 50760.00 LB | 6401050 TRUE 10-5-2 BULK BAG! | N | Drv 706.0976 /TN | 17,920.76 | Rig N | State 04 | Sls 651 | Whs 651 | |
| OR 25.3800 TNS | | | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 17,920.76 | .00 | | 17,920.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.

1040



9/17

# EXHIBIT D



SAN LUIS OBISPO COUNTY
SHERIFF-CORONER

D. ANDOETOE /0413
NORTH STATION

08-01-00322

Patrick Hedges, Sheriff
P.O. Box 32, San Luis Obispo, Ca 93406
(805) 434-4290
24-Hr. (805) 781-4550



# QUALITY
## Packaging & Supplies, Inc.
2400 STATHAM BLVD. · OXNARD, CALIFORNIA 93033
805-240-2410 · 800-887-7225 · FAX: 805-240-2430
SERVING AGRICULTURE AND INDUSTRY
www.qualityps.com

34 LB Kerb
6 gal Paquat
7 gal Aza Direct
15 gal "
5 gal Prefar
3 gal Roundup
2 LB N-Dione
8 gal Cythate
42 LB Xentan
166 LB Serenade
105.5 Agree
15 gal Retro Vito
12.5 gal Ca Polysulfur
5 gal Na Polysulfur
15 gal Scouts
5 LB Dipel DF
10 LB Malibu 75 DF
3 qt Memox

*Inventory removed by Western Farm Service on 1/10/08*

Persons present were
**Ernesto Solis – opc**
**John Dana- opc**
**Darren Chabot- wfs**
**Three workers- wfs**

24 lb kerb
6 gal pyganic
7 gal aza direct (7 x 1)
15 gal aza direct (2.5 x 6)
5 gal prefar
5 gal roundup
2.5 gal n-phorce
80 gal oxidate
40 lb xentari
156 lb serenade
105 lb agree
15 gal nutra phite
12.5 gal calcium poly amine
5 gal magnesium poly amine
15 gal senata
5 lb dipel df
10 lb maneb 75 df
3 qt nemex
1300 lb diazinon 14g
2.5 gal roneet
1 gal warrior
4 gal ultra flourish
5 gal matran ec
2 gal abba .15ec
2.5 coastal calmex
2 gal nu flim p
1 gal parasol
2 gal no foam b
20 oz flint

John Dana

# EXHIBIT E

# TRUE
ORGANIC PRODUCTS, INC.

## 10-5-2
### 100% ORGANIC FERTILIZER

### GUARANTEED ANALYSIS

**Total Nitrogen**
**(N)**..................................................................................10.0%
    2.06% Water Soluble Organic Nitrogen
    7.94% Water Insoluble Organic Nitrogen

**Available Phosphoric Acid**
**(P2O5)**.............................................................................5.0%

**Soluble Potash**
**(K2O)**................................................................................2.0%

    Nitrogen derived from aged chicken manure and feathermeal. Phosphoric acid derived from aged chicken manure and rock phosphate. Soluble potash derived from aged chicken manure and sulfate of potash.

## DESCRIPTION:

True Organic Products 10-5-2 is a homogeneous pelleted fertilizer formulated specially for 100% organic fruits and vegetables.

## ADVANTAGES:

- Immediate and slow release nitrogen
- Supplies nutrients plus organic matter in one application
- High in P2O5 and K2O
- Cost effective

**Application Rates:**      600-800 lbs. per acre

**Increased Nitrogen Application:**    800-1600 lbs. per acre

**Available in:**      Bulk bags



P.O. Box 124
Helm, CA 93627
Office: (559)866-3001
Fax: (559)866-3003

March 30, 2007

To Whom It May Concern:

From: True Organic Products, Inc.

Re: 10-5-2

NITROGEN:

- Feather meal, NOP allowed, OMRI allowed (A) and OMRI class fertilizer (F)
- Meat and Bone meal, NOP allowed, OMRI allowed (A) and OMRI class fertilizer (F)

PHOSHORIC ACID:

- Meat & Bone meal , NOP allowed, OMRI allowed (A) and OMRI class fertilizer (F)

POTASSIUM:

- Mined GSL sulfate of potash, NOP allowed, OMRI allowed (A) and OMRI class fertilizer (F).

OMRI DESIGNATIONS:

ALLOWED (A) materials may be used on certified organic land and crops.

True Organic Products, Inc. organic fertilizer product 10-5-2 is made entirely with the previous products which are OMRI status allowed (A) and NOP allowed. If you have any further questions regarding any products or ingredients, please call me.

Thank you,

Jacob Evans

1