1   Dale Dorfmeier, Esq.; SBN 076266
    PETRIE, DORFMEIER & MORRIS, LLP
2   2014 Tulare Street, Suite 830
    Fresno, CA 93721
3   Telephone (559) 498-6522
    Facsimile   (559) 498-6516
4

5   Attorneys for Defendant, WESTERN
    FARM SERVICE, INC.
6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  OCEANO PACKING COMPANY,              Case No. C08 00839 JW
    LLC,
12                                        NOTICE OF MOTION AND
                                          MOTION TO DISMISS ACTION,
13              Plaintiff,                OR IN THE ALTERNATIVE, STAY
                                          FEDERAL ACTION
14  v.

15  TRUE ORGANIC PRODUCTS,
    INC., A California Corporation; and   DATE: 4/9/08
16  WESTERN FARM SERVICE, INC.,           TIME: 8:30 a.m.
    A Delaware Corporation,               JUDGE: Hon. Richard Seebrog
17
                Defendants.
18

19

20          TO THE PLAINTIFF OCEANO PACKING COMPANY, LLC, AND THEIR

21  ATTORNEYS OF RECORD HEREIN:

22          PLEASE TAKE NOTICE THAT on April 9, 2008, Courtroom 4, the

23  Honorable Richard Seebrog of the United States District Court for the

24  Northern District of California presiding, located at 280 South 1st Street, San

25  Jose, California, defendant WESTERN FARM SERVICE, INC., will move to

26  dismiss the instant action or in the alternative, stay this Federal action, as

27  there is another action pending in the Superior Court of California, County of

28  San Luis Obispo, between these parties, wherein the same subject matter and

H:\37382\70086
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss Ntc wpd

CV08 00839 JW

1

NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR
IN THE ALTERNATIVE, STAY FEDERAL ACTION

1  common set of operative facts awaits to be tried. The State Court action, in
2  San Luis Obispo County, was the first-filed action.
3      This motion will be based upon this Notice of Motion and Motion, the
4  accompanying Memorandum of Points and Authorities in support of the
5  motion, the Request for Judicial Notice filed concurrently herewith, and upon
6  such other papers and argument as the Court may entertain in connection
7  with this motion.
8  DATED: February 28, 2008
9                    PETRIE, DORFMEIER & MORRIS, LLP
10
11
12  By   //S// DALE DORFMEIER
     Dale Dorfmeier,
13   Attorneys for Defendant,
     WESTERN FARM SERVICE, INC.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss Ntc wpd

CV08 00839 JW

NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR
IN THE ALTERNATIVE, STAY FEDERAL ACTION

1  **PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)**

2

3  STATE OF CALIFORNIA, COUNTY OF FRESNO

   I am employed in the County of Fresno, State of California.  I am
4  over the age of 18 and not a party to the within action; my business address
   is 2014 Tulare Street, Suite 830, Fresno, California 93721.

5

   On **February 28, 2008**, I served the foregoing document
6  described as **NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR
   IN THE ALTERNATIVE, STAY FEDERAL ACTION**  on the other parties in
7  this action as follows:

8  Effie F. Anastassiou, Esq.                        Plaintiff, OCEANO PACKING,
   Denis Klavdianos, Esq.                            LLC
9  Scott Allen, Esq.
   ANASTASSIOU & ASSOCIATES
10 242 Capitol Street
   P.O. Box 2210
11 Salinas, CA 93902
   Tel:  (831) 754-2501
12 Fax:  (831) 754-0621
   e-mail: scottesq@salinasaglaw.com
13
   **BY ELECTRONIC  MAIL:**
14
   As follows:  I caused the above named document to be filed with
15 the  United  States  District  Court,  Northern  Division  of  California's  Case
   Management/Electronic Case Filing (CM/ECF) System where upon it was
16 electronically delivered to the parties in this case through their electronic mail
   addresses.
17
   Executed on **February 28, 2008**, at **Fresno**, California.
18
   I declare that I am employed in the office of a member of the bar
19 of this court at whose direction the service was made.

20

21     __**Jalee Furr**__                              __//S// JALEE FURR__
           Type or Print Name                                 Signature
22

23

24

25

26

27

28

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss Ntc.wpd    CV08 00839 JW                    NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR
                                                                  IN THE ALTERNATIVE, STAY FEDERAL ACTION

Dale Dorfmeier, Esq.; SBN 076266
PETRIE, DORFMEIER & MORRIS, LLP
2014 Tulare Street, Suite 830
Fresno, CA 93721
Telephone (559) 498-6522
Facsimile  (559) 498-6516
Attorneys  for  Defendant,  WESTERN
FARM SERVICE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANO PACKING COMPANY, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>TRUE ORGANIC PRODUCTS, INC., A California Corporation; and WESTERN FARM SERVICE, INC., A Delaware Corporation,<br><br>                    Defendants. | Case No. C08 00839 JW<br><br>MOTION BY DEFENDANT WESTERN FARM SERVICE, INC. TO DISMISS ACTION, OR IN THE ALTERNATIVE, STAY FEDERAL ACTION<br><br>DATE: 4/9/08<br>TIME: 8:30 a.m.<br>JUDGE: Hon. Richard Seebrog |

1

2

# **TABLE OF CONTENTS**

I.    STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   PROCEDURAL STATUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.   LAW AND ARGUMENT ALL PARTIES, INCLUDING OCEANO, HAVE A DUTY TO
INFORM THE COURT OF THE STATE COURT ACTION . . . . . . . . 4

V.    GENERAL AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI.   A THRESHOLD ANALYSIS MUST BE DONE TO SEE IF THE FEDERAL
ACTION AND THE STATE ACTION ARE "PARALLEL" OR
"SUBSTANTIALLY SIMILAR" . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.    The *Colorado River Doctrine* Applies to These Two Cases
and Tips Heavily in Favor of Dismissing And/or Staying the
Federal Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VII.  THE FIRST-TO-FILE RULE ALSO FAVORS THE STATE COURT
ACTION AND DISMISSING AND/OR STAYING THE FEDERAL
ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VIII. DISMISSAL OR STAY? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IX.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

MOTION BY DEFENDANT WFSI TO DISMISS
ACTION, OR IN THE ALTERNATIVE STAY FEDERAL
ACTION

i

1

# **TABLE OF AUTHORITIES**

2

3

**STATE CASES**

4

5

Currie Medical Specialties, Inc. v. Bowen 136 Cal.App.774, 777, 186 Cal.Rptr.
543, 544 (Cal.App.Ct. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6

7

City of Hanford v. GWF Power Systems, Inc. 208 Cal.App.3d 580, 587, 256
Cal.Rptr. 274, 278 (Cal.App.Ct. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8

**FEDERAL CASES**

9

10

Allstate Insurance Company v. Huerta (2006) U.S. DIST. Lexis 69486
(2006 - ED Ca) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11

12

Alltrade, Inc. v. Uniweld Products, Inc. 946 F.2d 622, 625
(9th Cir. 1991 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

13

14

British Telecommunications, et al. v. McDonnell-Douglas Corporation
1993 U.S. Dist. Lexis 6345 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14

15

16

Church of Scientology v. United States Dep't of the Army 611 F.2d 738, 750
(9th Cir. 1979), . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

17

18

Colorado River Water Conservation Dist. v. United States 424 U.S. 800,
817, 96 S.Ct. 1236 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19

20

In Re Burley, 738 F.2d 981, 988 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . 12

21

22

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp. 460 U.S. 1, 19,
103 S.Ct. 927, 938 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

23

Nakash v. Marciano 82 F.2d 1411 (1989) . . . . . . . . . . . . . . . 5, 6, 8, 9, 11

24

25

Pacesetter Systems, Inc. V. Medtronic, Inc., et al. 678 F.2d 93
(1982 9th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

26

27

Republic Bank Dallas v. McIntosh 828 F.2d 1120 (Fifth Circuit 1987) . 5, 6

28

MOTION  BY  DEFENDANT  WFSI TO DISMISS
                 ACTION, OR IN THE ALTERNATIVE STAY FEDERAL
        ii       ACTION

<u>Silbaco Data Systems, Inc. v. Technology Modeling Associates, Inc.</u>
896 F.Supp.973 (1995 - ND Ca) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATE STATUTES**

California Code of Civil Procedure Section 426.10(c)  . . . . . . . . . . . . . . . 7

California Code of Civil Procedure Section 426.30  . . . . . . . . . 2, 6, 7, 8, 10

California Code of Civil Procedure Section 426.40(c)  . . . . . . . . . . . . .  2, 7

**STATE RULES**

California Rules of Court Rule 3.714(b)  . . . . . . . . . . . . . . . . . . . . . . . . . 8

**FEDERAL STATUTES**

28 USC § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**FEDERAL RULES**

FRCP Rule 13  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

FRCP Rule 13(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FRCP Rule 13(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,  7, 10

Local Rule 3-13  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,  4, 5

Local Rule 3-13(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1    COMES NOW Defendant WESTERN FARM SERVICE, INC., herein
2    referred to as "WFS" or "Defendant," in the above-entitled matter and files its
3    Motion to Dismiss Action, or in the Alternative, Stay Federal Action based
4    upon another action pending in the Superior Court of the State of California,
5    in and for the County of San Luis Obispo on the following grounds.

6                                              I.

7                               **STATEMENT OF ISSUES**

8          Whether this Court should dismiss or stay this action in light of the
9    first-filed State Court action which is pending between Plaintiff and moving
10   party and which would soon include all the claims and parties presented here.

11                                            II.

12                             **FACTUAL BACKGROUND**

13         This action was filed on or about February 6, 2008, in the United States
14   District Court, for the Northern District of California - San Jose Division by
15   Plaintiff, OCEANO PACKING COMPANY, LLC. ("OCEANO"). Subsequently,
16   on February 15, 2008, OCEANO served a First Amended Complaint.

17         On January 22, 2008, Defendant WESTERN FARM SERVICE, INC.
18   filed an action in the Superior Court of the State of California, County of San
19   Luis Obispo, Case No. CV 080074. This is essentially a collection action for
20   money due, in the amount of $416,569.70, based upon WFS having supplied
21   services and products to OCEANO. These products included the organic
22   fertilizers which represent the subject matter of the action before the District
23   Court.

24         On February 4, 2008, WFS attempted to serve OCEANO's agent for
25   service of process. OCEANO's agent for service of process is attorney Effie
26   Anastassiou, who is OCEANO's attorney in this matter. WFS' process server
27   was told that Ms. Anastassiou was not available, and that she could not leave
28   the summons and complaint in the State collection action at Ms.

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss.wpd                    CV08 00839 JW                                          1
                                                           MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
                                                           THE ALTERNATIVE, STAY FEDERAL ACTION

1  Anastassiou's office, located at 242 Capitol Street, Salinas, California.
2  Instead, the process server was told that Ms. Anastassiou would only accept
3  the summons and complaint if she was personally served. An additional
4  attempt was made on February 8, 2008, and again the process server was
5  told that Ms. Anastassiou was unavailable.

6      In the meantime, after the State collection action had been filed and the
7  first attempt to serve had been made, OCEANO filed this action in the District
8  Court.

9      California's procedural law, like the Federal Rules of Civil Procedure,
10  contemplate compulsory cross-complaints. California Code of Civil Procedure
11  Section 426.30 provides:

12  (a) Except as otherwise provided by statute, if a party
    against whom a complaint has been filed and served
13  fails to allege in a cross-complaint any related cause
    of action which (at the time of serving his answer to
14  the complaint) he has against the plaintiff, such party
    may not thereafter in any other action assert against
15  the plaintiff the related cause of action not pleaded.

16  Accordingly, OCEANO is going to be required to file a cross-complaint
17  in the State Court collection action at the time it answers the State Court
18  action. Substituted service in the State Court collection action occurred
19  February 12, 2008, as Ms. Anastassiou was once again unavailable.

20      In addition, OCEANO would then be required to implead TRUE
21  ORGANIC PRODUCTS, INC., via such compulsory cross-complaint, or risk
22  such claims being later barred by a judgment.

23      However, in this action, WFS will not be required to file a compulsory
24  cross-claim. As the Court knows, pursuant to FRCP Rule 13(a)(2), The
25  pleader need not state the (compulsory cross) claim if: (A) when the action
26  was commenced, the claim was the subject of another pending action.[1]

27

28      [1] California Code of Civil Procedure Section 426.40(c) contains a similar exception
    for compulsory cross-complaints, i.e., where the cause of action not pleaded was the

H:\37382\70098
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss.wpd

CV08 00839 JW

2

MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
THE ALTERNATIVE, STAY FEDERAL ACTION

1    In other words, all claims and parties will necessarily be before the State
2  Court.  But, this Court will only have a portion of the claims before it.  For
3  these reasons, WFS would respectfully submit that this Court stay or dismiss
4  the action before it.  The present action would be duplicative of the State
5  Court action and unnecessarily consume this Court's resources.  Further,
6  since, procedurally, not all of the claims between the parties would be before
7  this Court, but they would necessarily be before the State Court, this Court
8  would not be in a position to fully and finally decide all judicialable claims
9  between the parties.  In other words, this Court's exercise over jurisdiction of
10  just some of the claims between the parties would result in an inefficient
11  determination of the action and potential conflicts with the action pending
12  between the parties in the Superior Court of the State of California, County of
13  San Luis Obispo.

14                                    III.

15                        **PROCEDURAL STATUS**

16    When this action was filed with the District Court  on February 6, 2008,
17  the "Civil Cover Sheet"  did not indicate that another action was pending in
18  State Court.   Pursuant to Local Rule 3-13, WFS has filed a Notice of
19  Pendency of Other Action or Proceeding.

20    WFS was served with this Federal action, through its agent, on February
21  8, 2008.  OCEANO was served, after the third attempt, via substituted service
22  on February 14, 2008.  OCEANO subsequently filed and served, on February
23  15, 2008, an amended complaint in this Court.  When it did so, it again did not
24  file any Notice regarding the pendency of the State Action.

25

26  subject of another action pending.  But, this exception, as with the FRCP Rule 13(a)(2)(A),
27  applies only to subsequently filed actions.   (See Code of Civil Procedure Section
    426.40(c)), "At the time the action was commenced, the cause of action not pleaded was
28  the subject of another pending action." Here, this cannot be the case, as the State Court
    action was commenced on January 22, 2008, and this action on February 6, 2008.

1

## IV.

## LAW AND ARGUMENT
## ALL PARTIES, INCLUDING OCEANO, HAVE A DUTY TO INFORM THE COURT OF THE STATE COURT ACTION

Local Rule 3-13 provides:

(a) Notice. Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding.

(b)    Content of Notice. A Notice of Pendency of Other Action or Proceeding must contain:

    (1)    A description of the other action;

    (2)    The title and location of the court in which the other action or proceeding is pending; and

    (3)    A brief statement of:

        (A) The relationship of the other action to the action or proceeding pending in this district; and

        (B) If the other action is pending in another U.S. District Court, whether transfer should be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) or whether other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action; or

        (C) If the other action is pending before any state court, whether proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action.

(c) Procedure After Filing. No later than 10 days after service of a Notice of Pendency of Other Action, any party may file with the Court a statement supporting or opposing the notice. Such statement will specifically address the issues in Civil L.R. 3-13(b).

(d) Order. After the time for filing support or opposition to the Notice of Pendency of Other Actions or Proceedings has passed, the Judge assigned to the case pending in this district may make appropriate orders.

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss.wpd

CV08 00839 JW

MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN THE ALTERNATIVE, STAY FEDERAL ACTION

1   As stated above, WFS has filed its Notice of Pendency of Other Action

2   pursuant to L.R. 3-13. In addition to the matters raised in L.R. 3-13(b), there

3   are other matters which WFS believes are relevant to the Court's rendering

4   appropriate orders in this matter. As will be discussed below, there is the

5   "First-to-File Doctrine" but also the matter of abstention, given the earlier filed

6   State Court action.

7                                              **V.**

8                          **GENERAL AUTHORITY**

9        A stay may be sought in a Federal Court action when other actions are

10   pending. Silbaco Data Systems, Inc. v. Technology Modeling Associates, Inc.

11   896 F.Supp.973 (1995 - ND Ca). In the alternative, a dismissal of the Federal

12   Court action may be sought. It is left to the sound discretion of the District

13   Court as to whether none or one of these remedies are appropriate. Allstate

14   Insurance Company v. Huerta (2006) U.S. DIST. Lexis 69486 (2006 - ED Ca).

15        Motions to dismiss may be sought when actions are parallel and/or

16   duplicative of an underlying State Court action. Allstate Insurance Company,

17   supra.

18                                             **VI.**

19   **A THRESHOLD ANALYSIS MUST BE DONE TO SEE IF THE FEDERAL**
     **ACTION AND THE STATE ACTION ARE "PARALLEL" OR**
20                        **"SUBSTANTIALLY SIMILAR"**

21        In order to start an evaluation of whether the Federal Case should be

22   stayed and/or dismissed, one of the threshold questions is whether the two

23   cases are "substantially similar" or "parallel." If they are, then this basic

24   similarity triggers what is discussed below as the *Colorado River Doctrine* for

25   further evaluation as to what to do with the two simultaneous actions.

26        In Nakash v. Marciano 82 F.2d 1411 (1989), the Ninth Circuit Court of

27   Appeals analyzed whether there was a parallel State proceeding. The

28   *Nakash* Court, borrowing from Republic Bank Dallas v. McIntosh 828 F.2d

5

H:\37362\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss.wpd

CV08 00839 JW

MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
THE ALTERNATIVE, STAY FEDERAL ACTION

1   1120 (Fifth Circuit 1987) used the definition of "parallel State proceedings,"

2   indicating that same is a parallel action when it involves the same parties and

3   same issues. <u>Nakash</u>, <u>supra</u>, p. 1416.

4        Here, the State Court action was filed first, which will dictate certain

5   procedurals manners in which the two cases must be litigated, and in turn

6   presents several relevant considerations for the Court in deciding this Motion.

7   First, and foremost, the fact that the State Court action was filed first

8   determines what claims are before this Court versus the State Court. FRCP

9   Rule 13 and California Code of Civil Procedure Section 426.30 both

10  contemplate compulsory cross-claims or "cross-complaints", in the State Court

11  vernacular. However, another similarity between the two statutes in the

12  manner in which they treat the "compulsory" obligation when there is an

13  earlier filed, pending action between the same parties. In this respect, both

14  statutes provide for an exception to the "compulsory" cross-claim or cross-

15  complaint.

16       FRCP Rule 13 provides in relevant part:

17       (a) Compulsory Counterclaim.

18              (1) In General.

19              A pleading must state as a counterclaim any claim
20              that — at the time of its service — the pleader has
                against an opposing party if the claim:

21                     (A) arises out of the transaction or
22                     occurrence that is the subject matter of
                       the opposing party's claim; and

23                     (B) does not require adding another party
24                     over whom the court cannot acquire
                       jurisdiction.

25       (2) Exceptions.

26       The pleader need not state the claim if:

27                     (A) when the action was commenced, the
28                     claim was the subject of another pending
                       action; . . .

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss.wpd

CV08 00839 JW

6

MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
THE ALTERNATIVE, STAY FEDERAL ACTION

1   California's Code of Civil Procedure Section 426.40(c) contains a similar
2   exception for compulsory cross-complaints, i.e., where the cause of action not
3   pleaded was the subject of another action pending. California Code of Civil
4   Procedure Section 426.40(c), "At the time the action was commenced, the
5   cause of action not pleaded was the subject of another pending action."

6   Here, by virtue of the above, WFS will not have to present its collection
7   claims by way of a cross-claim, pursuant to FRCP Rule 13(a)(2)(A). This is
8   because the collection claims were already the subject of a pending action
9   when this Federal action was commenced.

10  On the other hand, OCEANO will be required to present its claims to the
11  Superior Court under California's Code of Civil Procedure Section 426.30.
12  The exception contemplated by California Code of Civil Procedure Section
13  426.40(c) will not apply, and OCEANO's failure to file a Cross-Complaint in
14  the State Court action will not be excused. Again, California Code of Civil
15  Procedure Section 426.30 provides:

16  (a) Except as otherwise provided by statute, if a party against
    whom a complaint has been filed and served fails to allege in a
17  cross-complaint any related cause of action which (at the time of
    serving his answer to the complaint) he has against the plaintiff,
18  such party may not thereafter in any other action assert against
    the plaintiff the related cause of action not pleaded.
19

20  Thus, by operation of law the claims of OCEANO would be barred in this
21  later lawsuit. Necessarily, the claims of the parties would be considered
22  "related" for purposes of the application of the California statutes. California
23  Code of Civil Procedure Section 426.10(c) defines what is a "related cause of
24  action", and thus the subject of a compulsory "cross-complaint" under State
25  Law, where it "arises out of the same transaction or series of transactions or
26  occurrences as the cause of action in the complaint." To further explicate this
27  point of law, causes of action arise out of the "same transaction or
28  occurrence" if the factual or legal issues are logically related, they need not

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss.wpd

CV08 00839 JW

7

MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
THE ALTERNATIVE, STAY FEDERAL ACTION

1   be absolutely identical.  The idea is to avoid duplication of time and effort.

2   (See Currie Medical Specialties, Inc. v. Bowen, 136 Cal.App.774, 777, 186

3   Cal.Rptr. 543, 544 (Cal.App.Ct. 1982).)

4        Thus, OCEANO will either assert *all* of its claims in the State Court

5   action, it will essentially abandon them, or OCEANO will enlist this Court in a

6   race to trial.  Under California law, any unplead "related" claim is barred

7   subsequent to entry of judgment.  (California Code of Civil Procedure Section

8   426.30; City of Hanford v. GWF Power Systems, Inc., 208 Cal.App.3d 580,

9   587, 256 Cal.Rptr. 274, 278 (Cal.App.Ct. 1989).)    However, this last

10  alternative, the race to trial, necessarily risks inconsistent judgments in the

11  two (2) courts, as well a significant consumption of judicial (not to mention

12  litigant resources) by having two virtually simultaneous trials in this action,

13  assuming that this Court can match the 12 month disposition standards of The

14  Superior Court of the State of California.  (See California Rules of Court, Rule

15  3.714(b).)

16       An argument was made in the *Nakash* case that the two lawsuits (one

17  in State Court - one in Federal Court) were quite different.  The claim was that

18  one lawsuit focused on the Plaintiff's wrongdoing while the other lawsuit

19  focused on the Defendant's wrongdoing.  The Court found that exact

20  parallelism did not exist, but also found that it was not required.  The Court

21  held that it was enough for these two proceedings to be "substantially similar."

22  Nakash, supra, p. 1416.

23              The Court went on to state as follows:

24              After reviewing the pleadings in these cases, we
                conclude that the two actions are substantially similar.
25              All of these disputes concern how the respective
                parties have conducted themselves since Nakash
26              purchased a portion of Guess. Nakash's attempts to
                distinguish between the two actions is unavailing.
27              Nakash's further argument that the parties are not
                identical is disingenuous.  The present parties are all
28              named in the California suit; the only difference is the
                absence of all of the corporate entities owned and

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss.wpd

CV08 00839 JW

8

MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
THE ALTERNATIVE, STAY FEDERAL ACTION

1
2
3

operated by the parties. We should be particularly reluctant to find that the actions are not parallel and the Federal action is but a "spin-off" of more comprehensive State litigation. <u>Nakash</u>, <u>supra</u>, pp. 1416-1417.

4   Therefore, Defendant urges the Court in its analysis to conclude that

5   these two cases are either parallel and/or substantially similar so as to apply

6   the *Colorado River Doctrine* discussed below.

7   **A.   The *Colorado River Doctrine* Applies to These Two Cases and**

8   **Tips Heavily in Favor of Dismissing And/or Staying the Federal Action**

9   In <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S.

10  800, 817, 96 S.Ct. 1236, the Court stated that Federal Courts have a "virtually

11  unflagging obligation . . . to exercise the jurisdiction given them." However,

12  in the interest of "wise judicial administration," the Federal Court may stay its

13  proceedings where a parallel State action is pending." <u>Colorado River</u>, <u>supra</u>.

14  It should be noted that a stay under the *Colorado River Doctrine* is

15  appropriate only in "exceptional circumstances." <u>Moses H. Cone Memorial</u>

16  <u>Hosp. v. Mercury Constr. Corp.</u> 460 U.S. 1, 19, 103 S.Ct. 927, 938 (1983). In

17  <u>Moses</u>, the Court utilized up to six factors (coming from both <u>Colorado River</u>

18  and <u>Moses H. Cone Memorial Hosp.</u>, <u>supra</u>). The six factors to be considered

19  in determining a stay or dismissal are:

20  (1)   Whether either court has assumed jurisdiction over the res;

21  (2)   The relative convenience of the forum;

22  (3)   The desirability of avoiding piecemeal litigation;

23  (4)   The order in which the forums obtain jurisdiction;

24  (5)   Whether State or Federal Law controls; and

25  (6)   Whether the State proceeding is adequate to protect the parties'

26  rights.

27  In evaluating the current case it is clear that the State Court action was

28  filed before the Federal Court action was instituted. As discussed above, the

CV08 00839 JW    MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
THE ALTERNATIVE, STAY FEDERAL ACTION

1    State Court has before it the claims of WFS, and OCEANO is bound, by
2    California law, to assert all of its claims by way of a State Court Cross-
3    Complaint. So, necessarily, the State Court will be assuming jurisdiction over
4    all the claims at issue.

5         With respect to the second element of relative convenience, there  is
6    quite some difference between the San Luis Obispo Superior Court and this
7    Court, located in San Jose, California.  First, OCEANO's principal place of
8    business is located in San Luis Obispo, and the transaction or series of
9    transactions which form the subject of the parties claims occurred in San Luis
10   Obispo County.  Necessarily, then, the witnesses would be located in that
11   venue.  The distance between the two locales is fairly significant, at least 180
12   miles and 3 hours of driving time, one way.  Certainly, litigating this matter in
13   San Luis Obispo would be far easier and more convenient for the parties.

14        The third element of the test dealing with piecemeal litigation is of
15   concern. As WFS has discussed in some detail, procedurally its collection
16   claims will not be before the Court.  (FRCP Rule 13(a)(2)(A).)  But, unless
17   OCEANO is going to risk its claims being barred, OCEANO will necessarily
18   have to file a cross-complaint in the State Court action.  (California Code of
19   Civil Procedure Section 426.30.)  OCEANO would then, of course, implead
20   the Co-Defendant here, TRUE ORGANIC PRODUCTS, INC., in the State
21   Court action, again to avoid having such claims barred.  Thus, at best, this
22   Court would only be in a position to engage in disposing of piecemeal
23   litigation.  On the other hand, all claims and parties would be before the State
24   Court.

25        Here, under the fourth element of the Colorado River test, the State
26   Court assumed jurisdiction over the parties first.  Again, the importance here
27   is the obligatory nature in which cross-claims will have to be presented in the
28   State Court action versus the Federal action, and the impact of the "First-to-

CV08 00839 JW    MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
THE ALTERNATIVE, STAY FEDERAL ACTION

1    File" Doctrine discussed below.

2    The fifth element of the test regarding whether State and Federal Law

3    controls is a mixed bag.  Certainly, State Law controls WFS' collections

4    claims, and it controls eight of the ten (8 of 10) claims presented by OCEANO.

5    In other words, the bulk of that over which this Court would assume

6    jurisdiction are State Court claims which seem to predominate over the

7    Federal Claims based not only on their numerosity, but based upon the

8    dominating facts.  In addition, Plaintiff is asking this Court to exercise

9    Supplemental Jurisdiction pursuant to 28 USC §1367 over conversion and

10    defamation claims.  These claims relate to WFS' efforts to collect its debt,

11    which is the impetus for all of this litigation, and which is the subject of the

12    first-filed State Court action.

13    Further, WFS is unaware of any law which would preclude that State

14    Court from exercising its jurisdiction on the two (2) "Federal" claims brought

15    by OCEANO.    Where the State and Federal Courts have concurrent

16    jurisdiction over a Federal Claim, this factor becomes less significant [element

17    no. 5 - the controlling law].  Nakash, supra, at 1416.  Certainly, since the

18    warranty claims and the State Tort claims seem to predominate, i.e., Fraud,

19    Negligent Misrepresentation, Negligence, Conversion, Defamation, it would

20    seem entirely appropriate for the State Court to assume jurisdiction over these

21    two (2) Federal Claims.

22    The sixth and last element dealing with whether the State Court

23    proceeding is adequate to protect the parties' rights is such that there appears

24    to be no reason that a State Court cannot protect Plaintiff's rights as to any of

25    the claims asserted.  Here, the State Court, and State Law claims, would

26    provide potentially far greater relief.  It is some of State law tort claims which

27    allow Plaintiffs to sue for punitive damages.  Furthermore, the State Court

28    would provide Plaintiff a greater margin for error insofar as enforcing its

1    alleged rights, as Plaintiff would only need convince 9 out of 10 state jurors,
2    instead of the unanimity required in Federal Court.

3         For those reasons expressed above, Defendant urges the Federal
4    District Court to exercise restraint in jurisdiction and dismiss or stay the
5    Federal proceeding.

6                                        **VII.**

7    **THE FIRST-TO-FILE RULE ALSO FAVORS THE STATE COURT**
     **ACTION AND DISMISSING AND/OR STAYING THE FEDERAL ACTION**
8

9         The first-to-file rule provides that when identical suits are pending in two
10   courts, the first action filed generally should proceed to judgment. In Re
11   Burley, 738 F.2d 981, 988 (9th Cir. 1984). The rule may be invoked when a
12   complaint involving the same parties and issues has previously been filed in
13   another district. Alltrade, Inc. v. Uniweld Products, Inc. 946 F.2d 622, 625 (9th
14   Cir. 1991). While the first-to-file rule is "not a rigid or inflexible rule to be
15   mechanically applied," . . . it was developed to promote judicial efficiency and
16   should not be disregarded lightly. Church of Scientology v. United States
17   Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979), all cited in British
18   Telecommunications, et al. v. McDonnell-Douglas Corporation 1993 U.S. Dist.
19   Lexis 6345.

20        In Pacesetter Systems, Inc. v. Medtronic, Inc., et al., 678 F.2d 93 (1982
21   9th Cir.) the Court stated as follows:

22            There is a generally recognized doctrine of federal comity which
              permits a district court to decline jurisdiction over an action when
23            a complaint involving the same parties and issues has already
              been filed in another district [citation omitted]. Normally sound
24            judicial administration would indicate that when two judicial
              actions are filed in courts of concurrent jurisdiction, the court with
25            the first acquired jurisdiction should try the lawsuit and no purpose
              would be served by proceeding with a second action. However,
26            this "first to file" rule is not a rigid or inflexible rule to be
              mechanically applied, but rather is to be applied with a view to the
27            dictates of sound judicial administration. . . .

28            A decision of whether to enforce or dispense with the first-to-file rule,

                                           12

1 | however, is one which remains within the discretion of the District Court. In
2 | the case at bar, while admittedly there is not a complete identity of parties, for
3 | those reasons discussed under the *Colorado River Doctrine* above, Defendant
4 | urges that there is substantial similarity in the identity amongst the parties in
5 | this and the State Court action.

6 | The State Court action was clearly first in time. Further, there is
7 | proof in the alleged claims of OCEANO's lawsuit regarding the collection
8 | action and its lead up that the collection action was first in time. Again, the
9 | Conversion and Defamation claims in OCEANO's action deal with the alleged
10 | efforts of WFS to collect the debt which is the subject of the first-filed State
11 | Court action. It is not the Defendant who may be forum shopping, but rather
12 | the Plaintiff, and therefore, any forum shopping exception to the first-to-file
13 | rule is inapplicable here. This is further bolstered by the evident haste in
14 | OCEANO's filing, which necessitated the filing of an Amended Complaint. In
15 | addition, the fact that 8 of 10 claim are simply State Law claims demonstrates
16 | the overriding State Law interest in this matter.

17 | There are also no personal jurisdictional problems here since all parties
18 | are subject to the jurisdiction of the San Luis Obispo County Superior Court
19 | by virtue of being there or having appeared in its jurisdiction. Based upon the
20 | above situation, Defendant believes that the State Court action should be
21 | allowed to proceed to judgment.

22 | **VIII.**

23 | **DISMISSAL OR STAY?**

24 | An issue arises both under the *Colorado River Doctrine* and/or the first-
25 | to-file rule as whether a dismissal or stay may be more appropriate in this
26 | situation. Defendant urges a dismissal, but concedes that if there is any
27 | residual concern regarding the matter that a stay in Federal Court, as an
28 | alternative, is also an appropriate remedy. See <u>British Telecommunications,</u>

13

H:\37382 70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss wpd

CV08 00839 JW

MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
THE ALTERNATIVE, STAY FEDERAL ACTION

1 | et al. v. McDonnell-Douglas Corporation, 1993 U.S. Dist. Lexis 6345 (ND Ca.)

2 | WFS does not intend to dismiss its Collection Action, absent payment

3 | of the debt owed by OCEANO.  Hence, there is no present indication that the

4 | State Court action would be dismissed rather than proceeding to trial.

5 | Therefore, any concern about dismissal of an original action thereby giving

6 | rise to stay in the second action rather than dismissing same is minimal.

7 | ## IX.

8 | ## CONCLUSION

9 | For all of the reasons expressed above, it is urged by Defendant that the

10 | Federal case be dismissed, or in the alternative, stayed so as to allow the

11 | State Court proceedings to go forward in order to avoid a multiplicity of

12 | lawsuits, potential conflicting  and inconsistent results, and to promote a

13 | general goal of judicial efficiency and economy in handling the claims.

14 | Respectfully Submitted.

15 | DATED: February 28, 2008

16 | PETRIE, DORFMEIER & MORRIS, LLP

17 |

18 |

19 | By___//S// DALE DORFMEIER_____
      Dale Dorfmeier,

20 | Attorneys for Defendant,
     WESTERN FARM SERVICE, INC.

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss.wpd

CV08 00839 JW

14
MOTION BY DEFENDANT WFSI TO DISMISS ACTION, OR IN
THE ALTERNATIVE, STAY FEDERAL ACTION

1

## PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)

2

3

STATE OF CALIFORNIA, COUNTY OF FRESNO

     I am employed in the County of Fresno, State of California.  I am
4 over the age of 18 and not a party to the within action; my business address
is 2014 Tulare Street, Suite 830, Fresno, California 93721.

5

     On **February 28, 2008**, I served the foregoing document
6 described as **MOTION BY DEFENDANT WESTERN FARM SERVICE, INC.
TO DISMISS ACTION, OR IN THE ALTERNATIVE, STAY FEDERAL
7 ACTION** on the other parties in this action as follows:

8 Effie F. Anastassiou, Esq.             Plaintiff, OCEANO PACKING,
Denis Klavdianos, Esq.              LLC
9 Scott Allen, Esq.
ANASTASSIOU & ASSOCIATES
10 242 Capitol Street
P.O. Box 2210
11 Salinas, CA 93902
Tel:  (831) 754-2501
12 Fax:  (831) 754-0621
e-mail: scottesq@salinasaglaw.com

13

### BY ELECTRONIC MAIL:

14

     As follows:  I caused the above named document to be filed with
15 the United States District Court, Northern Division of California's Case
Management/Electronic Case Filing (CM/ECF) System where upon it was
16 electronically delivered to the parties in this case through their electronic mail
addresses.

17

     Executed on **February 28, 2008**, at **Fresno**, California.

18

     I declare that I am employed in the office of a member of the bar
19 of this court at whose direction the service was made.

20

21    **Jalee Furr**                  //S// JALEE FURR
    Type or Print Name                Signature
22

23

24

25

26

27

28

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss.wpd

CV08 00839 JW

1  Dale Dorfmeier, Esq.; SBN 076266
   PETRIE, DORFMEIER & MORRIS, LLP
2  2014 Tulare Street, Suite 830
   Fresno, CA 93721
3  Telephone (559) 498-6522
   Facsimile   (559) 498-6516
4

5  Attorneys for Defendant, WESTERN
   FARM SERVICE, INC.
6

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11  OCEANO PACKING COMPANY,        Case No. C08 00839 JW
    LLC,
12
                Plaintiff,         REQUEST FOR JUDICIAL
13                                 NOTICE IN SUPPORT OF
    v.                             MOTION TO STAY OR DISMISS
14                                 ACTION
    IRUE ORGANIC PRODUCTS, INC.,
15  a California Corporation; and
    WESTERN FARM SERVICE, INC.,
16  A Delaware Corporation,

17              Defendants.

18

19

20

21

22      Defendant WESTERN FARM SERVICE, INC., by and through its

23  Attorney, hereby requests that the Court take Judicial Notice, pursuant to

24  Federal Rule of Evidence 201 of the following State Court pleadings:

25      1.    A Certified Copy of the file-stamped Complaint in Case No. CV

26  080074, Western Farm Service, v. Oceano Packing Company, LLC, in the

27  Superior Court of California, County of San Luis Obispo, is attached hereto,

28  marked as Exhibit "A."

H:\37382\70096
Oceano\Federal
Action\WFSI-Req Jud Ntc
wpd

CV08 00839 JW

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO STAY OR DISMISS ACTION

1    Respectfully Submitted.

2

3    DATED: February 28, 2008

4                            PETRIE, DORFMEIER & MORRIS, LLP

5

6

7    By___//S// DALE DORFMEIER_____
     Dale Dorfmeier,
8    Attorneys for Defendant,
     WESTERN FARM SERVICE, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\37382\70096
Oceano\Federal
Action\WFSI-Req Jud Ntc
wpd

CV08 00839 JW

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO STAY OR DISMISS ACTION

1    **PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)**

2

3    STATE OF CALIFORNIA, COUNTY OF FRESNO

        I am employed in the County of Fresno, State of California. I am
4    over the age of 18 and not a party to the within action; my business address
    is 2014 Tulare Street, Suite 830, Fresno, California 93721.

5

        On **February 28, 2008**, I served the foregoing document
6    described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION
    TO STAY OR DISMISS ACTION** on the other parties in this action as follows:

7

8    Effie F. Anastassiou, Esq.             Plaintiff, OCEANO PACKING,
    Denis Klavdianos, Esq.              LLC
    Scott Allen, Esq.
9    ANASTASSIOU & ASSOCIATES
    242 Capitol Street
10   P.O. Box 2210
    Salinas, CA 93902
11   Tel:  (831) 754-2501
    Fax:  (831) 754-0621
12   e-mail: scottesq@salinasaglaw.com

13   **BY ELECTRONIC  MAIL:**

14           As follows:  I caused the above named document to be filed with
    the United States District Court, Northern Division of California's Case
15   Management/Electronic Case Filing (CM/ECF) System where upon it was
    electronically delivered to the parties in this case through their electronic mail
16   addresses.

17           Executed on **February 28, 2008**, at **Fresno**, California.

18           I declare that I am employed in the office of a member of the bar
    of this court at whose direction the service was made.

19

20

21     **Jalee Furr**                 //S// JALEE FURR
    Type or Print Name            Signature

22

23

24

25

26

27

28

H:\37382\70096 Oceano\Federal Action\WFSI-Req Jud Ntc wpd

CV08 00839 JW                REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO STAY OR DISMISS ACTION

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dale Dorfmeier, Esq.; SBN 076266<br>David M. Leath, Esq.; SBN 179759<br>PETRIE, DORFMEIER & MORRIS, LLP<br>2014 Tulare Street, Suite 830<br>Fresno, CA 93721<br>TELEPHONE NO: (559) 498-6522    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff, WESTERN FARM SERVICE, INC. | **FILED**<br><br>JAN 22 2008<br><br>SAN LUIS OBISPO SUPERIOR COURT<br>*J Reavey*<br>J. Reavey, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO
STREET ADDRESS: 1035 Palm Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Luis Obispo, CA
BRANCH NAME:

PLAINTIFF: WESTERN FARM SERVICE, INC

DEFENDANT: OCEANO PACKING COMPANY, LLC

[X] DOES 1 TO    20

| CONTRACT | CASE NUMBER: |
|---|---|
| [X] COMPLAINT    [ ] AMENDED COMPLAINT *(Number)*:<br>[ ] CROSS-COMPLAINT    [ ] AMENDED CROSS-COMPLAINT *(Number)*: | **CV 080074** |

| Jurisdiction *(check all that apply)*: |
|---|
| [ ] ACTION IS A LIMITED CIVIL CASE |
| Amount demanded    [ ] does not exceed $10,000 |
| [ ] exceeds $10,000, but does not exceed $25,000 |
| [X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000) |
| [ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint |
| [ ] from limited to unlimited |
| [ ] from unlimited to limited |

1  Plaintiff* *(name or names)*. WESTERN FARM SERVICE, INC.

   alleges causes of action against **defendant*** *(name or names)*: OCEANO PACKING COMPANY, LLC, and DOES 1 TO 20

2  This pleading, including attachments and exhibits, consists of the following number of pages: 4

3  a  Each plaintiff named above is a competent adult
      [X] except plaintiff *(name)* WESTERN FARM SERVICE, INC.

      (1) [X] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] other *(specify)*:

   b  [ ] Plaintiff *(name)*:
      a  [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*

      b  [ ] has complied with all licensing requirements as a licensed *(specify)*:

   c  [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c

4  a  Each defendant named above is a natural person
      [X] except defendant *(name)*: OCEANO PACKING    [ ] except defendant *(name)*:
      COMPANY, LLC

      (1) [X] a business organization, form unknown    (1) [ ] a business organization, form unknown
      (2) [ ] a corporation                             (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe)*     (3) [ ] an unincorporated entity *(describe)*:

      (4) [ ] a public entity *(describe)*:             (4) [ ] a public entity *(describe)*:

      (5) [ ] other *(specify)*:                        (5) [ ] other *(specify)*:

**EXHIBIT A**

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1 2007]

**COMPLAINT—Contract**

Legal
Solutions
Plus

Code of Civil Procedure § 425.12

PLD-C-001

| SHORT TITLE: WESTERN FARM SERVICE, INC v OCEANO PACKING COMPANY, LLC | CASE NUMBER: |

4  *(Continued)*
  b  The true names of defendants sued as Does are unknown to plaintiff
    (1) [X] Doe defendants *(specify Doe numbers):* 1 to 20 _____ were the agents or employees of the named
        defendants and acted within the scope of that agency or employment.
    (2) [ ] Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
        plaintiff.
  c  [ ]  Information about additional defendants who are not natural persons is contained in Attachment 4c
  d  [ ]  Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5 [ ]  Plaintiff is required to comply with a claims statute, and
    a [ ]  has complied with applicable claims statutes, *or*
    b [ ]  is excused from complying because *(specify):*

6. [ ]  This action is subject to [ ] Civil Code section 1812 10 [ ] Civil Code section 2984 4
7  This court is the proper court because
  a [X]  a defendant entered into the contract here
  b [ ]  a defendant lived here when the contract was entered into
  c [ ]  a defendant lives here now
  d [X]  the contract was to be performed here
  e [X]  a defendant is a corporation or unincorporated association and its principal place of business is here
  f [ ]  real property that is the subject of this action is located here
  g [ ]  other *(specify):*

8  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    [ ]  Breach of Contract
    [X]  Common Counts
    [ ]  Other *(specify):*

9 [ ]  Other allegations:

10  **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a [X]  damages of: $ 416,569 70
  b [X]  interest on the damages
    (1) [X]  according to proof
    (2) [ ]  at the rate of *(specify):*   percent per year from *(date):*
  c [X]  attorney's fees
    (1) [ ]  of: $
    (2) [X]  according to proof
  d [ ]  other *(specify):*

11 [X]  The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
    4, 7, and 8

Date: 1/18/08

Dale Dorfmeier, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*you wish to verify this pleading, affix a verificati~ )*

PLD-C-001(2)

| SHORT TITLE: WESTERN FARM SERVICE, INC v OCEANO PACKING COMPANY, LLC | CASE NUMBER: |
|---|---|

FIRST _____     CAUSE OF ACTION—Common Counts
___(number)___

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action )*

CC-1   Plaintiff *(name)*   WESTERN FARM SERVICE, INC

alleges that defendant *(name)*   OCEANO PACKING COMPANY, LLC, and DOES 1 to 20

became indebted to [X] plaintiff [ ] other *(name)*

a [X] within the last four years
    (1) [X] on an open book account for money due
    (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff

b [ ] within the last [ ] two years [ ] four years
    (1) [ ] for money had and received by defendant for the use and benefit of plaintiff
    (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant
        and for which defendant promised to pay plaintiff
        [ ] the sum of $
        [ ] the reasonable value
    (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        [ ] the sum of $
        [ ] the reasonable value
    (4) [ ] for money lent by plaintiff to defendant at defendant's request
    (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request
    (6) [ ] other *(specify)*:

CC-2   $ 416,569 70 _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest [X] according to proof [ ] at the rate of _____ percent per year
from *(date)*: January, 2008

CC-3   [X] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [X] according to proof

CC-4   [X] Other: For such other and further relief as the Court deems just and proper

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev January 1 2007]

CAUSE OF ACTION—Common Counts

Legal
Solutions
Plus

Code of Civil Procedure § 425 12

PLD-C-001(2)

| SHORT TITLE: WESTERN FARM SERVICE, INC v OCEANO PACKING COMPANY, LLC | CASE NUMBER: |
|---|---|

SECOND _____    CAUSE OF ACTION-- **Common Counts**
   (number)

ATTACHMENT TO  [ X ] Complaint  [  ] Cross - Complaint

*(Use a separate cause of action form for each cause of action )*

CC-1  Plaintiff *(name)*    WESTERN FARM SERVICE, INC

    alleges that defendant *(name)*    OCEANO PACKING COMPANY, LLC, and DOES 1 to 20

    became indebted to  [ X ] plaintiff  [  ] other *(name)*

    a [  ] within the last four years
       (1) [  ] on an open book account for money due
       (2) [  ] because an account was stated in writing by and between plaintiff and defendant in which it
           was agreed that defendant was indebted to plaintiff

    b [ X ] within the last [ X ] two years [  ] four years
       (1) [  ] for money had and received by defendant for the use and benefit of plaintiff
       (2) [ X ] for work, labor, services and materials rendered at the special instance and request of defendant
           and for which defendant promised to pay plaintiff
           [  ] the sum of $
           [ X ] the reasonable value
       (3) [ X ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
           promised to pay plaintiff
           [  ] the sum of $
           [ X ] the reasonable value
       (4) [  ] for money lent by plaintiff to defendant at defendant's request
       (5) [  ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
           request
       (6) [  ] other *(specify)*:

CC-2  $ 416,569 70 _____, which is the reasonable value, is due and unpaid despite plaintiff's demand,
    plus prejudgment interest  [ X ] according to proof  [  ] at the rate of _____ percent per year
    from *(date)*:  January 2008

CC-3  [ X ] Plaintiff is entitled to attorney fees by an agreement or a statute
       [  ] of $
       [ X ] according to proof

CC-4  [ X ] Other:  For such other and further relief as the Court deems just and proper

Page 4
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev  January 1  2007]

CAUSE OF ACTION—Common Counts

Legal
Solutions
& Plus

Code of Civil Procedure  § 425 12

I certify that this is a correct copy of the original on
file with the Clerk of the Superior Court of California,
County of San Luis Obispo. Attest my hand and seal
of said court on

(Date) FEB 2 7 2008

SUSAN MATHERLY, Court Executive Officer

Certification must be in purple ink to be a
CERTIFIED COPY

1  Dale Dorfmeier, Esq.; SBN 076266
   Sean T. O'Rourke, Esq.; SBN 199420
2  PETRIE, DORFMEIER & MORRIS, LLP
   2014 Tulare Street, Suite 830
3  Fresno, CA 93721
   Telephone (559) 498-6522
4  Facsimile   (559) 498-6516

5  Attorneys for Defendant, WESTERN
   FARM SERVICE, INC.
6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  OCEANO PACKING COMPANY,          Case No. C08 00839 JW
    LLC,
12                                   DEFENDANT WESTERN FARM
               Plaintiff,            SERVICE, INC.'S
13                                   CERTIFICATION OF
    v.                               INTERESTED ENTITIES OR
14                                   PERSONS PURSUANT TO L.R.
    TRUE ORGANIC PRODUCTS,           3-16
15  INC., A California Corporation; and
    WESTERN FARM SERVICE, INC.,
16  A Delaware Corporation,

17             Defendants.

18

19

20       TO THE COURT AND ITS CLERK, DEFENDANT WESTERN FARM

21  SERVICE, INC., PURSUANT TO L.R. 3-16 HEREBY PROVIDES ITS

22  CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

23       Pursuant to Civil L.R. 3-16, the undersigned certifies that the following

24  listed persons, associations of persons, firms, partnerships, corporations

25  (including parent corporations) or other entities (i) have a financial interest in

26  the subject matter in controversy or in a party to the proceeding, or (ii) have

27  a non-financial interest in that subject matter or in a party that could be

28  substantially affected by the outcome of this proceeding:

H:\37382\70096
Oceano\Federal
Action\WFSI-Certification I
nterested Entities.wpd          CV08 00839 JW                1
                                          DEFENDANT  WFSI'S CERTIFICATION OF INTERESTED
                                          ENTITIES OR PERSONS PURSUANT TO L.R. 3-16

1   Defendant WESTERN FARM SERVICES, INC., is a Delaware
2   Corporation with its principal office in Denver, Colorado. WESTERN FARM
3   SERVICES, INC., is an operating segment of a company named Agrium.
4   Agrium's headquarters are located in Calgary, Alberta, Canada. Agrium is
5   traded on the Toronto and New York stock exchanges under the symbol AGU.
6       WESTERN FARM SERVICES, INC., is currently unaware of any other
7   entities or parties who have a financial interest in the subject matter of this
8   controversy, aside from the disclosure above, regarding Agrium. In addition,
9   there is a related action, filed January 22, 2008, in the Superior Court of the
10  State of California, County of San Luis Obispo, Case No. CV 080074, *Western*
11  *Farm Services, Inc. v. Oceano Packing Company, LLC.* This is essentially a
12  collection action for money due, in the amount of $416,569.70, between
13  WESTERN FARM SERVICE, INC., and OCEANO PACKING COMPANY,
14  LLC. WESTERN FARM SERVICE is unaware of any other entity or parties
15  who may have a financial interest in the subject matter of that controversy.
16      Aside from the disclosure above concerning Agrium, WESTERN FARM
17  SERVICE, INC., is currently unaware of any entity or person who may have
18  a financial interest in it.
19      Again, aside from the disclosure regarding Agrium, WESTERN FARM
20  SERVICE, INC., is currently unaware of any other entity of person who has
21  any other kind of interest that could be substantially affected by the outcome
22  of this proceeding.
23  DATED: February 28, 2008
24                          PETRIE, DORFMEIER & MORRIS, LLP
25
26                          By    //S// DALE DORFMEIER
27                              Dale Dorfmeier,
                                Attorneys for Defendant,
28                              WESTERN FARM SERVICE, INC.

**PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)**

2

CV08 00839 JW                          DEFENDANT  WFSI'S CERTIFICATION OF INTERESTED
                                       ENTITIES OR PERSONS PURSUANT TO L R 3-16

1    **PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)**

2    STATE OF CALIFORNIA, COUNTY OF FRESNO

3           I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address

4    is 2014 Tulare Street, Suite 830, Fresno, California 93721.

5           On **February 28, 2008**, I served the foregoing document described as    **DEFENDANT WESTERN FARM SERVICE, INC.'S**

6    **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO L.R. 3-16** on the other parties in this action as follows:

7

8    Effie F. Anastassiou, Esq.               Plaintiff, OCEANO PACKING,
     Denis Klavdianos, Esq.                  LLC
     Scott Allen, Esq.

9    ANASTASSIOU & ASSOCIATES
     242 Capitol Street

10   P.O. Box 2210
     Salinas, CA 93902

11   Tel:  (831) 754-2501
     Fax: (831) 754-0621

12   e-mail: scottesq@salinasaglaw.com

13   **BY ELECTRONIC MAIL:**

14          As follows:  I caused the above named document to be filed with the United States District Court, Northern Division of California's Case

15   Management/Electronic Case Filing (CM/ECF) System where upon it was electronically delivered to the parties in this case through their electronic mail

16   addresses.

17          Executed on **February 28, 2008**, at **Fresno**, California.

18          I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

20

21      **Jalee Furr**                      //S// JALEE FURR
     Type or Print Name                     Signature

22

23

24

25

26

27

28

H:\37382\70096
Oceano\Federal
Action\WFSI-Certification I
nterested Entities wpd    CV08 00839 JW           DEFENDANT  WFSI'S CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO L.R. 3-16

1  Dale Dorfmeier, Esq.; SBN 076266
   PETRIE, DORFMEIER & MORRIS, LLP
2  2014 Tulare Street, Suite 830
   Fresno, CA 93721
3  Telephone (559) 498-6522
   Facsimile   (559) 498-6516
4

5  Attorneys for Defendant, WESTERN
   FARM SERVICE, INC.
6

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11  OCEANO PACKING COMPANY,          Case No. C08 00839 JW
    LLC,
12                                   NOTICE OF PENDENCY OF
              Plaintiff,             OTHER ACTION [L.R. 3-13]
13
    v.
14
    TRUE ORGANIC PRODUCTS,
15  INC., A California Corporation; and
    WESTERN FARM SERVICE, INC.,
16  A Delaware Corporation,
17            Defendants.
18

19

20      DEFENDANT, WESTERN FARM SERVICE, HEREBY PROVIDES

21  NOTICE TO THE COURT OF THE FOLLOWING:

22      Pursuant to Local Rule 3-13, WESTERN FARM SERVICE hereby

23  advises the Court and provides Notice of the pendency of another action

24  between parties to this lawsuit.

25      (1)   Description of the Other Action:

26      On January 22, 2008, Defendant WESTERN FARM SERVICE, INC.

27  ("WFS") filed an action in the Superior Court of the State of California, County

28  of San Luis Obispo, Case No. CV 080074, *Western Farm Services, Inc. v.*

H:\37382\70096
Oceano\Federal
Action\WFSI-Ntc.Pendenc
y Other Action wpd

CV08 00839 JW

1

NOTICE  OF  PENDENCY OF OTHER
ACTION [L.R. 3-13]

1  *Oceano Packing Company, LLC.* This is essentially a collection action for
2  money due, in the amount of $416,569.70, based upon WFS having supplied
3  services and products to OCEANO. These products included the organic
4  fertilizers which represent the subject matter of the action before the District
5  Court.

6     (2)    Title and Location of the Court in Which the Other Action or
7  Proceeding is Pending

8     The Superior Court of the State of California, County of San Luis
9  Obispo. The Court's address and telephone number are: 1035 Palm Street,
10  San Luis Obispo, California 93408 (805) 781-5677.

11     (3)    Brief Statement Re: The Other Case

12        A.    The action in the San Luis Obispo Superior Court is for
13  collection of monies due on various fertilizers sold by WFS to Plaintiff
14  OCEANO PACKING COMPANY, LLC, and includes the debt owed for the
15  products which form the basis of the claims plead in the action before this
16  Court. In addition, Plaintiff has included two (2) claims and allegations in its
17  complaint in this Court pertaining to WFS' debt collection.

18        B.    The other action is pending in a State Court, and thus tranfer
19  pursuant to 28 U.S.C. §1407 does not appear to be an option. Although some
20  type of coordination would certainly avoid conflicts, conserve resources and
21  promote and efficient determination of the action, WFS is concurrently filing
22  a Motion before this Court to either dismiss or stay this action. WFS contends
23  that all of the claims and parties will necessarily be before the San Luis
24  Obispo County Superior Court, in the first-filed action, and thus this action
25  should be dismissed or stayed.

26        C.    As stated above, the other action is pending in a State Court.
27  WFS' preference would be to dismiss or stay this action, especially due to the
28  convenience of the other forum, since the State Court encompasses the

H:\37382\70096
Oceano\Federal
Action\WFSI-Ntc.Pendenc
y Other Action.wpd    CV08 00839 JW                    NOTICE OF PENDENCY OF OTHER
                                                       ACTION [L.R. 3-13]

1 | county in which the witnesses reside and its is where the transactions and
2 | series of transactions took place which form the basis of the parties' claims.
3 | DATED: February 28, 2008
4 |                          PETRIE, DORFMEIER & MORRIS, LLP
5 |
6 |
7 | By___//S// DALE DORFMEIER____
     Dale Dorfmeier,
     Attorneys for Defendant,
8 |    WESTERN FARM SERVICE, INC.
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

H:\37382\70096
Oceano\Federal
Action\WFSI-Ntc.Pendenc
y Other Action.wpd

CV08 00839 JW

NOTICE   OF   PENDENCY OF OTHER
ACTION [L.R. 3-13]

1    **PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)**

2
     STATE OF CALIFORNIA, COUNTY OF FRESNO
3
            I am employed in the County of Fresno, State of California. I am
4    over the age of 18 and not a party to the within action; my business address
     is 2014 Tulare Street, Suite 830, Fresno, California 93721.
5
            On **February 28, 2008**, I served the foregoing document
6    described as **NOTICE OF PENDENCY OF OTHER ACTION [L.R. 3-13]** on
     the other parties in this action as follows:
7
     Effie F. Anastassiou, Esq.                    Plaintiff, OCEANO PACKING,
8    Denis Klavdianos, Esq.                        LLC
     Scott Allen, Esq.
9    ANASTASSIOU & ASSOCIATES
     242 Capitol Street
10   P.O. Box 2210
     Salinas, CA 93902
11   Tel:  (831) 754-2501
     Fax:  (831) 754-0621
12   e-mail: scottesq@salinasaglaw.com

13   **BY ELECTRONIC  MAIL:**

14          As follows:  I caused the above named document to be filed with
     the United States District Court, Northern Division of California's Case
15   Management/Electronic Case Filing (CM/ECF) System where upon it was
     electronically delivered to the parties in this case through their electronic mail
16   addresses.

17          Executed on **February 28, 2008**, at **Fresno**, California.

18          I declare that I am employed in the office of a member of the bar
     of this court at whose direction the service was made.
19

20
         **Jalee Furr**                              //S// JALEE FURR
21   _____            _____
         Type or Print Name                           Signature
22

23

24

25

26

27

28

CV08 00839 JW                    NOTICE  OF  PENDENCY OF OTHER
                                                      ACTION [L.R 3-13]

1  Dale Dorfmeier, Esq.; SBN 076266
   PETRIE, DORFMEIER & MORRIS, LLP
2  2014 Tulare Street, Suite 830
   Fresno, CA 93721
3  Telephone (559) 498-6522
   Facsimile   (559) 498-6516
4

5  Attorneys for Defendant, WESTERN
   FARM SERVICE, INC.
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  OCEANO PACKING COMPANY,          Case No. C08 00839 JW
    LLC,
12                                   [PROPOSED] ORDER ON
                  Plaintiff,         MOTION BY DEFENDANT
13                                   WESTERN FARM SERVICE,
    v.                               INC., TO DISMISS ACTION, OR
14                                   IN THE ALTERNATIVE, STAY
    TRUE ORGANIC PRODUCTS,           FEDERAL ACTION
15  INC., A California Corporation; and
    WESTERN FARM SERVICE, INC.,
16  A Delaware Corporation,
17                Defendants.

18

19      On April 9, 2008, the Court the Motion of Defendant WESTERN FARM

20  SERVICE, INC., to dismiss this action, or, in the alternative, stay the action,

21  came before the Court for hearing, in Courtroom 4, the Honorable Richard

22  Seebrog, presiding.   The parties were present, through their counsel of

23  record.

24      The Court, having allowed the parties an opportunity to brief and argue

25  the matter, now makes the following Order:

26      On January 22, 2008, Defendant WESTERN FARM SERVICE, INC.

27  ("WFS") filed an action in the Superior Court of the State of California, County

28  of San Luis Obispo, Case No. CV 080074.  This is essentially a collection

H:\37382\70096
Oceano\Federal
Action\WFS-[Proposed]Or
der wpd

CV08 00839 JW

1

[PROPOSED] ORDER ON MTN BY WFS TO DISMISS ACTION
OR IN THE ALTERNATIVE STAY FEDERAL COURT ACTION

1  action for money due, in the amount of $416,569.70, based upon WFS having
2  supplied services and products to OCEANO PACKING COMPANY, LLC,
3  ("OCEANO"). These products included the organic fertilizers which represent
4  the subject matter of the action before the District Court.

5      This action was filed on or about February 6, 2008, in the United States
6  District Court, for the Northern District of California - San Jose Division by
7  Plaintiff, OCEANO. Subsequently, on February 15, 2008, OCEANO served
8  a First Amended Complaint. The claims presented in this case arise from the
9  sale of organic fertilizer to Plaintiff, as well as conversion and defamation
10  claims relating to WFS' alleged collection actions.

11      Although the claims are not identical, they appear to arise from the
12  same transaction or series of transactions, i.e., the sale of organic fertilizer
13  and collection of payment for that fertilizer.

14      In Nakash v. Marciano 82 F.2d 1411 (1989), the Ninth Circuit Court of
15  Appeals analyzed whether there was a parallel State proceeding. The
16  Nakash Court, borrowing from Republic Bank Dallas v. McIntosh 828 F.2d
17  1120 (Fifth Circuit 1987) used  the definition of "parallel State proceedings,"
18  indicating that same is a parallel action when it involves the same parties and
19  same issues. Nakash, supra, p. 1416.

20      An argument was made in the Nakash case that the two lawsuits
21  (one in State Court - one in Federal Court) were quite different. The claim
22  was that one lawsuit focused on the Plaintiff's wrongdoing while the other
23  lawsuit focused on the Defendant's wrongdoing. The Court found that exact
24  parallelism did not exist, but also found that it was not required. The Court
25  held that it was enough for these two proceedings to be "substantially similar."
26  Nakash, supra, p. 1416.

27      The Court went on to state as follows:

28      After reviewing the pleadings in these cases, we
   conclude that the two actions are substantially similar.

H:\37382\70096
Oceano\Federal
Action\WFSI-[Proposed]Or
der wpd

CV08 00839 JW

2

[PROPOSED] ORDER ON MTN BY WFS TO DISMISS ACTION
OR IN THE ALTERNATIVE STAY FEDERAL COURT ACTION

1
2
3
4
5
6
7

> All of these disputes concern how the respective parties have conducted themselves since Nakash purchased a portion of Guess. Nakash's attempts to distinguish between the two actions is unavailing. Nakash's further argument that the parties are not identical is disingenuous. The present parties are all named in the California suit; the only difference is the absence of all of the corporate entities owned and operated by the parties. We should be particularly reluctant to find that the actions are not parallel and the Federal action is but a "spin-off" of more comprehensive State litigation. <u>Nakash</u>, <u>supra</u>, pp. 1416-1417.

8    This action appears to be "spin-off" of more the more comprehensive

9   State action. Here, the State Court action was filed first, which will dictate

10   certain procedurals manners in which the two cases must be litigated. The

11   fact that the State Court action was filed first determines what claims are

12   before this Court versus the State Court. FRCP Rule 13 and California Code

13   of Civil Procedure Section 426.30 both contemplate compulsory cross-claims

14   or "cross-complaints". However, another similarity between the two statutes

15   in the manner in which they treat the "compulsory" obligation when there is an

16   earlier filed, pending action between the same parties. In this respect, both

17   statutes provide for an exception to the "compulsory" cross-claim or cross-

18   complaint.

19    FRCP Rule 13 provides in relevant part:

20    (a) Compulsory Counterclaim.

21      (1) In General.

22
23

> A pleading must state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim:

24
25

> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

26
27

> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

28    (2) Exceptions.

H:\37382\70096
Oceano\Federal
Action\WFSI-[Proposed]Or
der.wpd                CV08 00839 JW

3

[PROPOSED] ORDER ON MTN BY WFS TO DISMISS ACTION
OR IN THE ALTERNATIVE STAY FEDERAL COURT ACTION

1    The pleader need not state the claim if:

2    (A) when the action was commenced, the
3    claim was the subject of another pending
     action; . . .

4    California's Code of Civil Procedure Section 426.40(c) contains

5    a similar exception for compulsory cross-complaints, i.e., where the cause of

6    action not pleaded was the subject of another action pending. California

7    Code of Civil Procedure Section 426.40(c), "At the time the action was

8    commenced, the cause of action not pleaded was the subject of another

9    pending action."

10    Here, by virtue of the above, WFS will not have to present its

11    collection claims by way of a cross-claim, pursuant to FRCP Rule 13(a)(2)(A).

12    This is because the collection claims were already the subject of a pending

13    action when this Federal action was commenced.

14    On the other hand, OCEANO will be required to present its claims

15    to the Superior Court under California's Code of Civil Procedure Section

16    426.30. The exception contemplated by California Code of Civil Procedure

17    Section 426.40(c) will not apply, and OCEANO's failure to file a Cross-

18    Complaint in the State Court action will not be excused. Again, California

19    Code of Civil Procedure Section 426.30 provides:

20    (a) Except as otherwise provided by statute, if a party
      against whom a complaint has been filed and served
21    fails to allege in a cross-complaint any related cause
      of action which (at the time of serving his answer to
22    the complaint) he has against the plaintiff, such party
      may not thereafter in any other action assert against
23    the plaintiff the related cause of action not pleaded.

24    California Code of Civil Procedure Section 426.10(c) defines what is a

25    "related cause of action", and thus the subject of a compulsory "cross-

26    complaint" under State Law, where it "arises out of the same transaction or

27    series of transactions or occurrences as the cause of action in the complaint."

28    To further explicate this point of law, causes of action arise out of the "same

H:\37382\70096
Oceano\Federal
Action\WFSI-[Proposed]Or
der.wpd

CV08 00839 JW

4

[PROPOSED] ORDER ON MTN BY WFS TO DISMISS ACTION
OR IN THE ALTERNATIVE STAY FEDERAL COURT ACTION

1   transaction or occurrence" if the factual or legal issues are logically related,
2   they need not be absolutely identical. The idea is to avoid duplication of time
3   and effort. (See Currie Medical Specialties, Inc. v. Bowen, 136 Cal.App.774,
4   777, 186 Cal.Rptr. 543, 544 (Cal.App.Ct. 1982).)

5       As with the Courts of the State of California, so too does this District
6   Court strive to avoid duplication of time and effort.

7       In Colorado River Water Conservation Dist. v. United States, 424 U.S.
8   800, 817, 96 S.Ct. 1236, the Supreme Court stated that Federal Courts have
9   a "virtually unflagging obligation . . . to exercise the jurisdiction given them."
10  However, in the interest of "wise judicial administration," the Federal Court
11  may stay its proceedings where a parallel State action is pending." Colorado
12  River, supra. This Court does note that a stay under the Colorado River
13  Doctrine is appropriate only in "exceptional circumstances." Moses H. Cone
14  Memorial Hosp. v. Mercury Constr. Corp. 460 U.S. 1, 19, 103 S.Ct. 927, 938
15  (1983). However, it appears that dismissal is warranted.

16      In Moses, the Court utilized up to six factors (coming from both
17  Colorado River and Cone Memorial Hosp., supra). The six factors to be
18  considered in determining a stay or dismissal are:

19      (1)  Whether either court has assumed jurisdiction over the res;
20      (2)  The relative convenience of the forum;
21      (3)  The desirability of avoiding piecemeal litigation;
22      (4)  The order in which the forums obtain jurisdiction;
23      (5)  Whether State or Federal Law controls; and
24      (6)  Whether the State proceeding is adequate to protect the parties'
25           rights.

26      The Court has considered all of these factors, and they weigh in favor
27  of dismissal. It is clear that the State Court action was filed before the
28  Federal Court action was instituted. As discussed above, the State Court has

H:\37382\70096
Oceano\Federal
Action\WFSI-[Proposed]Or
der wpd

CV08 00839 JW

5

[PROPOSED] ORDER ON MTN BY WFS TO DISMISS ACTION
OR IN THE ALTERNATIVE STAY FEDERAL COURT ACTION

1  before it the claims of WFS, and OCEANO is bound, by California law, to
2  assert all of its claims by way of a State Court Cross-Complaint.  So,
3  necessarily, the State Court will be assuming jurisdiction over all the claims
4  at issue.

5      With respect to the second element of relative convenience, the
6  transaction or series of transactions which form the subject of the parties
7  claims occurred in San Luis Obispo County.  Necessarily, then, the witnesses
8  would be located in that venue.  The distance between the two locales is fairly
9  significant, at least 180 miles and 3 hours of driving time, one way.

10     The third element of the test dealing with piecemeal litigation is of
11  concern.  Procedurally WFS' collection claims will not be before the Court.
12  (FRCP Rule 13(a)(2)(A).)  Thus, at best, this Court would only be in a position
13  to engage in disposing of piecemeal litigation.  On the other hand, all claims
14  and parties would be before the State Court.

15     Here, under the fourth element of the *Colorado River* test, the State
16  Court assumed jurisdiction over the parties first.  Again, the importance here
17  is the obligatory nature in which cross-claims will have to be presented in the
18  State Court action versus the Federal action, and the impact of the "First-to-
19  File" rule.

20     The first-to-file rule presents a related, but also separate ground to
21  dismiss this action.  The first-to-file rule provides that when identical suits are
22  pending in two courts, the first action filed generally should proceed to
23  judgment.  In Re Burley, 738 F.2d 981, 988 (9th Cir. 1984).  The rule may be
24  invoked when a complaint involving the same parties and issues has
25  previously been filed in another district.  Alltrade, Inc. v. Uniweld Products,
26  Inc. 946 F.2d 622, 625 (9th Cir. 1991).  While the first-to-file rule is "not a rigid
27  or inflexible rule to be mechanically applied," . . . it was developed to promote
28  judicial efficiency and should not be disregarded lightly."  Church of

H:\37382\70096
Oceano\Federal
Action\WFSH-[Proposed]Or
der.wpd

CV08 00839 JW

6

[PROPOSED] ORDER ON MTN BY WFS TO DISMISS ACTION
OR IN THE ALTERNATIVE STAY FEDERAL COURT ACTION

1  Corporation 1993 U.S. Dist. Lexis 6345. Clearly, this rule favors dismissal of
2  this case.

3      The fifth element of the test regarding whether State and Federal Law
4  controls is a mixed question, but the Court notes that the overwhelming
5  majority of claims before it are State Law claims. In fact, State Law controls
6  eight of the ten (8 of 10) claims presented by OCEANO. This number
7  includes the conversion and defamation claims over which Plaintiff is asking
8  this Court to exercise its Supplemental Jurisdiction pursuant to 28 USC
9  Section 1367. These claims relate to WFS' efforts to collect its debt, which is
10  the impetus for all of this litigation, and which is the subject of the first-filed
11  State Court action.

12      The sixth and last element dealing with whether the State Court
13  proceeding is adequate to protect the parties' rights is such that there appears
14  to be no reason that a State Court cannot protect Plaintiff's rights as to any of
15  the claims asserted.

16      For all of this reasons, the Court hereby orders that the action of Plaintiff
17  OCEANO PACKING COMPANY, LLC, is dismissed.

18          IT IS SO ORDERED.
19  DATED:

20

21                          By_____
                                Hon Richard Seebrog
22                              Judge of the United States District
                                Court, Northern District of California
23

24

25

26

27

28

H:\37382\70096
Oceano\Federal
Action\WFSI-[Proposed]Or
der.wpd

CV08 00839 JW

[PROPOSED] ORDER ON MTN BY WFS TO DISMISS ACTION
OR IN THE ALTERNATIVE STAY FEDERAL COURT ACTION

1  **PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)**

2

3  STATE OF CALIFORNIA, COUNTY OF FRESNO

4      I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 2014 Tulare Street, Suite 830, Fresno, California 93721.

5

6      On **February 28, 2008,** I served the foregoing document described as **[PROPOSED] ORDER ON MOTION BY DEFENDANT WESTERN FARM SERVICE, INC. TO DISMISS ACTION, OR IN THE ALTERNATIVE STAY FEDERAL COURT ACTION** on the other parties in this action as follows:

7

8

9  Effie F. Anastassiou, Esq.        Plaintiff, OCEANO PACKING,
Denis Klavdianos, Esq.         LLC
Scott Allen, Esq.

10  ANASTASSIOU & ASSOCIATES
242 Capitol Street

11  P.O. Box 2210
Salinas, CA 93902

12  Tel:  (831) 754-2501
Fax:  (831) 754-0621

13  e-mail: scottesq@salinasaglaw.com

14  **BY ELECTRONIC MAIL:**

15      As follows:  I caused the above named document to be filed with the United States District Court, Northern Division of California's Case Management/Electronic Case Filing (CM/ECF) System where upon it was electronically delivered to the parties in this case through their electronic mail addresses.

16

17

18      Executed on **February 28, 2008,** at **Fresno**, California.

19      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21

22      **Jalee Furr**              //S// JALEE FURR
    Type or Print Name           Signature

23

24

25

26

27

28

H:\37382\70098
Oceano\Federal
Action\WFSI-[Proposed]Or
der.wpd    CV08 00839 JW    [PROPOSED] ORDER ON MTN BY WFS TO DISMISS ACTION
OR IN THE ALTERNATIVE STAY FEDERAL COURT ACTION

1  Dale Dorfmeier, Esq.; SBN 076266
   PETRIE, DORFMEIER & MORRIS, LLP
2  2014 Tulare Street, Suite 830
   Fresno, CA 93721
3  Telephone (559) 498-6522
   Facsimile  (559) 498-6516
4

5  Attorneys for Defendant, WESTERN
   FARM SERVICE, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  OCEANO PACKING COMPANY,            Case No. C08 00839 JW
    LLC,
12                                     NOTICE OF MOTION AND
              Plaintiff,               MOTION TO DISMISS ACTION,
13                                     OR IN THE ALTERNATIVE, STAY
    v.                                 FEDERAL ACTION
14
    TRUE ORGANIC PRODUCTS,
15  INC., A California Corporation; and
    WESTERN FARM SERVICE, INC.,        DATE: 4/9/08
16  A Delaware Corporation,            TIME: 8:30 a.m.
                                       JUDGE: Hon. Richard Seebrog
17            Defendants.

18

19

20        TO THE PLAINTIFF OCEANO PACKING COMPANY, LLC, AND THEIR

21  ATTORNEYS OF RECORD HEREIN:

22        PLEASE TAKE NOTICE THAT on April 9, 2008, Courtroom 4, the

23  Honorable Richard Seebrog of the United States District Court for the

24  Northern District of California presiding, located at 280 South 1st Street, San

25  Jose, California, defendant WESTERN FARM SERVICE, INC., will move to

26  dismiss the instant action or in the alternative, stay this Federal action, as

27  there is another action pending in the Superior Court of California, County of

28  San Luis Obispo, between these parties, wherein the same subject matter and

H:\37382\70086
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss Ntc wpd

CV08 00839 JW

1

NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR
IN THE ALTERNATIVE, STAY FEDERAL ACTION

1  common set of operative facts awaits to be tried.  The State Court action, in
2  San Luis Obispo County, was the first-filed action.

3      This motion will be based upon this Notice of Motion and Motion, the
4  accompanying Memorandum of Points and Authorities in support of the
5  motion, the Request for Judicial Notice filed concurrently herewith, and upon
6  such other papers and argument as the Court may entertain in connection
7  with this motion.

8  DATED: February 28, 2008

9                  PETRIE, DORFMEIER & MORRIS, LLP

10

11

12                  By   //S// DALE DORFMEIER
                        Dale Dorfmeier,
13                     Attorneys for Defendant,
                        WESTERN FARM SERVICE, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss Ntc.wpd

CV08 00839 JW

2
NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR
IN THE ALTERNATIVE, STAY FEDERAL ACTION

1

## PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)

2

3

STATE OF CALIFORNIA, COUNTY OF FRESNO

4

        I am employed in the County of Fresno, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2014 Tulare Street, Suite 830, Fresno, California 93721.

5

6

        On **February 28, 2008,** I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR IN THE ALTERNATIVE, STAY FEDERAL ACTION**  on the other parties in this action as follows:

7

8     Effie F. Anastassiou, Esq.                        Plaintiff, OCEANO PACKING,
      Denis Klavdianos, Esq.                           LLC

9     Scott Allen, Esq.
      ANASTASSIOU & ASSOCIATES

10    242 Capitol Street
      P.O. Box 2210

11    Salinas, CA 93902
      Tel:   (831) 754-2501

12    Fax:   (831) 754-0621
      e-mail: scottesq@salinasaglaw.com

13

      **BY ELECTRONIC  MAIL:**

14

        As follows:  I caused the above named document to be filed with

15    the United States District Court, Northern Division of California's Case
      Management/Electronic Case Filing (CM/ECF) System where upon it was

16    electronically delivered to the parties in this case through their electronic mail
      addresses.

17

        Executed on **February 28, 2008**, at **Fresno**, California.

18

        I declare that I am employed in the office of a member of the bar

19    of this court at whose direction the service was made.

20

21    ___**Jalee Furr**_____              ___//S// JALEE FURR_____
            Type or Print Name                              Signature

22

23

24

25

26

27

28

H:\37382\70096
Oceano\Federal
Action\WFSI-Mtn Stay or
Dismiss Ntc.wpd

CV08 00839 JW                              NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR
                                           IN THE ALTERNATIVE, STAY FEDERAL ACTION