Jube J. Najarian, No. 99082
Leith B. Hansen, No. 109320
Steven M. McQuillan, No. 107339
JACOBSON, HANSEN, NAJARIAN & McQUILLAN
A Professional Corporation
1690 W. Shaw Avenue, Suite 201
Fresno, California 93711
Telephone: (559) 448-0400
Facsimile: (559) 448-0123
**Co-Counsel With:**
Andrew H. Swartz, No. 58429
ATTORNEY AT LAW
550 Hartnell Street
Monterey, California 93940
Telephone: (831) 373-3235

Attorney for Defendant(s) TRUE ORGANIC PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANO PACKING COMPANY, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>TRUE ORGANIC PRODUCTS, INC., A California Corporation; and WESTERN FARM SERVICES, INC., A Delaware Corporation,<br><br>Defendant(s). | Case No.: C08 00839-RS<br><br>**ANSWER OF TRUE ORGANIC PRODUCT, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

### DEMAND FOR JURY TRIAL

Defendant, TRUE ORGANIC PRODUCTS, INC. hereby demands trial by jury.

### RESPONSE TO COMPLAINT

1.  In answering Paragraph 1 of the First Amended Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

2. Answering the allegations of Paragraph 2 of the First Amended Complaint, this answering defendant denies that its principal place of business is in Monterey County. Defendant admits the remaining allegations of Paragraph 2 of the First Amended Complaint.

3. In answering Paragraph 3 of the First Amended Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4. Answering the allegations of Paragraph 4 of the First Amended Complaint, this answering defendant admits that the first and eighth causes of action in Plaintiff's First Amended Complaint are within the original jurisdiction of this Court pursuant to 28 U.S.C. 1331. Defendant denies each and every, all and singular, the remaining allegations in Paragraph 4 of plaintiff's First Amended Complaint.

5. Defendant admits the allegations of Paragraph 5 of the complaint.

6. In answering Paragraphs 6, 7, 8 and 9 of the First Amended Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

7. Defendant denies the allegations contained in Paragraph 10 of the plaintiff's First Amended Complaint.

8. Answering the allegations of Paragraphs 11, 12, 13 and 14 of the First Amended Complaint, this answering defendant admits that it authored the document attached as Exhibit "A" to plaintiff's First Amended Complaint. Defendant denies each and every, all and singular, the remaining allegations of Paragraphs 11, 12, 13 and 14.

9. Answer the allegations of Paragraph 15 of the plaintiff's First Amended Complaint, defendant admits that Exhibit "B" to plaintiff's First Amended Complaint is a substantially correct copy of a portion of its website at certain points in time. Defendant denies each and every, all and singular, the remaining allegations of Paragraph 15 of the First Amended Complaint.

10. Answering the allegations of Paragraph 16 of plaintiff's First Amended Complaint, defendant admits that Exhibit "E" to the First Amended Complaint includes a Guaranteed Analysis and a March 30, 2007 letter prepared by TRUE ORGANIC PRODUCTS, INC. Defendant denies that the Guaranteed Analysis pertains to fertilizer sold to plaintiff by Western Farm Service. Defendant denies each and every, all and singular, the remaining allegations of Paragraph 16.

11. Defendant denies the allegations contained in Paragraphs 17, 18, 19, 20 and 21 of the plaintiff's First Amended Complaint.

12. Answering Paragraph 22 of plaintiff's First Amended Complaint, defendant incorporates by reference herein its answer to the other allegations of the First Amended Complaint as though fully set forth herein.

13. No answer is required to Paragraphs 23, 24, 25, 26, 27 and 28 of plaintiff's First Amended Complaint, as those paragraphs purport to be statements of law to which no answer is required. To the extent that any statement contained in those Paragraphs requires an answer, this defendant denies each and every, all and singular, of those allegations.

14. Defendant denies the allegations contained in Paragraphs 29 and 30 of the First Amended Complaint.

15. Answering Paragraph 31 of plaintiff's First Amended Complaint defendant incorporates by reference herein its answer to the other allegations of the First Amended Complaint as though fully set forth herein.

16. Answering Paragraphs 32 and 33 of the First Amended Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

17. Defendant denies the allegations contained in Paragraph 34 of the First Amended Complaint.

///

///

18. Answering the allegations of Paragraph 35 of the First Amended Complaint, defendant admits that its internet website contained, at certain times, the statement set forth in Exhibit "B" to plaintiff's First Amended Complaint. Except as so admitted, defendant denies each and every allegation contained in said paragraph.

19. Defendant denies the allegations contained in Paragraphs 36, 37 and 38 of plaintiff's complaint.

20. Answering the allegations of Paragraph 39 of plaintiff's First Amended Complaint, defendant incorporates by reference herein its answer to the other allegations of the First Amended Complaint as though fully set forth herein.

21. Answering the allegations of Paragraph 40 of the First Amended Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

22. Defendant denies the allegations contained in Paragraphs 41, 42, 43 and 44 of the First Amended Complaint.

23. Answering the allegations of Paragraph 45 of the First Amended Complaint, defendant incorporates by reference herein its answer to the other allegations of the First Amended Complaint as though fully set forth herein.

24. Defendant denies the allegations contained in Paragraphs 46 and 47 of the First Amended Complaint.

25. Answering Paragraphs 48 and 49 of the First Amended Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained therein.

26. Defendant denies the allegations contained in Paragraph 50 of plaintiff's First Amended Complaint.

///

///

27. Answering the allegations of Paragraph 51 of the First Amended Complaint, defendant incorporates by reference herein its answer to the other allegations of the First Amended Complaint as though fully set forth herein.

28. Defendant denies the allegations against it contained in Paragraph 52 of the First Amended Complaint. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations concerning WESTERN FARM SERVICES, INC., and on that basis, denies each and every allegation contained therein.

29. Answering the allegations of Paragraph 53 of plaintiff's First Amended Complaint, this answering defendant admits that it authored the document attached as Exhibit "A" to plaintiff's First Amended Complaint. Defendant denies each and every, all and singular, the remaining allegations of Paragraph 53.

30. Answering the allegations of Paragraph 54 of plaintiff's First Amended Complaint, defendant admits that Exhibit "B" to the First Amended Complaint is substantially the same as a page that appeared on its internet website at certain times. Defendant denies each and every, all and singular, the remaining allegations of Paragraph 54.

31. Defendant denies the allegations contained in Paragraphs 55, 56, 57, 58, 59 and 60 of the First Amended Complaint.

32. Answering the allegations of Paragraph 61 of the First Amended Complaint, defendant incorporates by reference herein its answer to the other allegations of the First Amended Complaint as though fully set forth herein.

33. Answering the allegations of Paragraph 62 of the First Amended Complaint, defendant denies all allegations against it. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations concerning WESTERN FARM SERVICES, INC., and on that basis, denies each and every allegation contained therein.

34. Answering the allegations of Paragraph 63 of the First Amended Complaint, defendant admits that it wrote the January 16, 2007 letter attached as Exhibit "A" to plaintiff's First Amended Complaint. Defendant denies each and every, all and singular, the remaining

allegations against it in Paragraph 63. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations concerning WESTERN FARM SERVICES, INC., and on that basis, denies each and every allegation contained therein.

35. Answering the allegations of Paragraph 64 of the plaintiff's complaint, defendant admits that Exhibit "B" to plaintiff's First Amended Complaint is a substantially correct copy of a portion of its website at certain points in time. Defendant denies each and every, all and singular, the remaining allegations of Paragraph 64.

36. Defendant denies the allegations contained in Paragraphs 65, 66, 67, 68 and 69 of the plaintiff's First Amended Complaint.

37. Answering the allegations of Paragraph 70 of plaintiff's First Amended Complaint, defendant incorporates by reference herein its answer to the other allegations of the First Amended Complaint as though fully set forth herein.

38. No answer is required to Paragraphs 71 and 72 of plaintiff's First Amended Complaint, as those paragraphs purport to be statements of law to which no answer is required. To the extent that any statement contained in those Paragraphs requires an answer, this defendant denies each and every, all and singular, of those allegations.

39. Defendant denies the allegations contained in Paragraph 73 of the First Amended Complaint.

40. Answering the allegations of Paragraph 74 of the First Amended Complaint, defendant admits that it wrote Exhibit "A", the January 16, 2007 letter and that Exhibit "B" to plaintiff's First Amended Complaint is a substantially accurate copy of statements that appeared on its website at certain times. Defendant denies each and every, all and singular, the remaining allegations of Paragraph 74 of the First Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 75 of plaintiff's complaint.

///

///

42. No answer is required to Paragraph 76 of plaintiff's First Amended Complaint, as that paragraph purports to be a statement of law to which no answer is required. To the extent that any statement contained in that Paragraph requires an answer, this defendant denies each and every, all and singular, of those allegations.

43. Defendant denies the allegations contained in Paragraphs 77 and 78 of the First Amended Complaint.

44. Answering the allegations of Paragraph 79 of plaintiff's First Amended Complaint, defendant incorporates by reference herein its answer to the other allegations of the First Amended Complaint as though fully set forth herein.

45. No answer is required to Paragraph 80 of plaintiff's First Amended Complaint, as that paragraph purports to be a statement of law to which no answer is required. To the extent that any statement contained in that Paragraph requires an answer, this defendant denies each and every, all and singular, of those allegations.

46. Defendant denies the allegations contained in Paragraphs 81, 82, 83, 84, 85, 86, 87 and 88 of the First Amended Complaint.

47. In answer to Paragraph 89 of plaintiff's First Amended Complaint, defendant incorporates by reference herein its answer to the other allegations of the First Amended Complaint as though fully set forth herein.

48. Answering Paragraphs 90, 91, 92, 93, 94 and 95 of the First Amended Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained therein.

49. In answer to Paragraph 96 of plaintiff's First Amended Complaint, defendant incorporates by reference its answer to each of the other allegations of the First Amended Complaint.

///

///

///

50. Answering Paragraphs 97, 98 and 99 of the First Amended Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff was at fault and careless in and about the matters herein complained of, which fault and carelessness proximately contributed to the happening of the subject incident and resulting injuries and damages, and such comparative fault and carelessness of the plaintiff should bar such portion of the claimed damages as represents plaintiff's degree or percentage of fault in the matter.

AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that the damages complained of by plaintiff, if any there actually were, were proximately caused by the negligence or other fault, if any there is, of persons, firms, corporations or entities other than this answering defendant, and that said negligence or other fault comparatively reduces the percentage of fault of this answering defendant, if it should be found that said defendant was at fault, which fault is expressly denied.

AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that neither plaintiff's complaint on file herein nor any cause of action contained therein states facts sufficient to constitute a cause of action against this answering defendant.

AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's alleged injuries, loss, or damage, if any there actually were, were aggravated by plaintiff's failure to use reasonable diligence to mitigate the same.

AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that if any liability is found on its part, which liability is expressly denied, said liability, if any, of this answering defendant for non-economic damages shall be several only, and shall not be joint and this answering defendant shall be liable only for the amount

of non-economic damages allocated to it in direct proportion to its percentage of fault, if any, and a separate judgment, if any there is, shall be rendered against said defendant for that amount.

AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff primarily and/or secondarily assumed the risk, if any, instant to its injuries and damages if any, and that said primary and/or secondary assumption of the risk upon the part of plaintiff proximately caused any and all damages sustained by plaintiff, if any there were.

AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff is barred from seeking equitable recovery based upon the equitable doctrines of unclean hands, waiver, estoppel and laches.

AS AND FOR AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that any injury, damage or loss, if any there were, sustained by plaintiff herein, is due to or proximately caused by the misuse, abuse and misapplication of the product described in the First Amended Complaint.

AS AND FOR A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's First Amended Complaint fails to state a cause of action for breach of warranty, in that plaintiff failed to give timely and proper notice of breach of warranty, if any there was.

AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff has not been damaged by reason of any reliance by plaintiff upon any representations made by this defendant.

AS AND FOR AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that if plaintiff relied, with respect to matters alleged in the First Amended Complaint on file herein, upon any representations allegedly made by or on behalf of this defendant, such reliance was not reasonable or justifiable.

///

///

AS AND FOR A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's First Amended Complaint and all causes of action alleged therein are barred by any and all applicable statutes of limitation.

AS AND FOR A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's First Amended Complaint, and each cause of action therein, is preempted by the Organic Food Production Act of 1990, 7 USC 6501 et seq., and by the California Organic Products Act of 2003.

AS AND FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff has failed to exhaust available administrative remedies under the California Organic Food Production Act of 2003.

AS AND FOR A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's First Amended Complaint is barred, and must be dismissed or stayed, because there is another action arising out of the same transaction previously filed in the California Superior Court by WESTERN FARM SERVICES.

AS AND FOR A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that this Court lacks subject matter jurisdiction over the second, third, fourth, fifth, sixth, seventh, ninth and tenth causes of action alleged in Plaintiff's First Amended Complaint.

AS AND FOR A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges plaintiff's First Amended Complaint on file herein is barred by the independent superceding and unforeseeable acts of third parties for which this answering defendant is not responsible.

///
///
///
///
///
///

WHEREFORE, defendant prays that nothing be taken by said complaint, for costs, and for all other relief which the court may deem proper.

Dated: March 17, 2008

                                  JACOBSON, HANSEN, NAJARIAN & McQUILLAN

By: /S/
STEVEN MCQUILLAN, Attorneys for Defendant
TRUE ORGANIC PRODUCTS, INC.