1   Effie F. Anastassiou, Esq. (SBN 96279)
    Denis Klavdianos, Esq. (SBN 225925)
2   ANASTASSIOU& ASSOCIATES
    242 Capitol Street
3   Post Office Box 2210
    Salinas, California 93902
4   Telephone: (831) 754-2501
    Facsimile: (831) 754-0621
5
    Attorneys for Plaintiff
6   OCEANO PACKING COMPANY, LLC

7

8                UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10  OCEANO PACKING COMPANY, LLC   )  **Case No. C08 00839 JW**
                        )
11         Plaintiff,        )  **OCEANO PACKING COMPANY, LLC'S**
                        )  **OPPOSITION TO MOTION TO**
12                    )  **DISMISS/STAY FEDERAL COURT ACTION**
           v.          )
13                        )
                        )
14  TRUE ORGANIC PRODUCTS, INC., A   )
    California Corporation; and WESTERN   )
15  FARM SERVICE, INC., A Delaware     )
    Corporation,               )
16                       )
          Defendants.     )
17                       )
                        )
18                       )
                       )
19                       )
                       )
20  ———————————————— )

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2  I.  **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3      A.  **Offer Of Settlement By Oceano Prior To Any Action
           Being Filed And Notice Of Oceano's Claims.** . . . . . . . . . . . . . . . . . . . 1

4

5      B.  **Anticipatory Lawsuit Filed By Western Prior To
           Expiration Of Settlement Period.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6      C.  **Most Of The Potential Witnesses Are Not In Fact Located
           In San Luis Obispo County.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7

8      D.  **Oceano Need Not File A Cross-Claim In The State Court Action.** . . . . . . . . 3

9      E.  **Federal-State Comity Is Only Recognized Under "Exceptional"
           Circumstances, Which Do Not Exist Here.** . . . . . . . . . . . . . . . . . . . . . . 3

10 II.  **STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

11      A.  **Facts Relating To Western's Bad Faith And Vexatious
            Tactical Maneuvering In Racing To The Court House To File Its**

12          **Anticipatory Lawsuit In State Court.** . . . . . . . . . . . . . . . . . . . . . . . . . 3

13              1.  **Oceano Notified Western Farms Of Its Claims In Early
                     January 2008 And Solicited Good Faith**

14                  **Settlement Negotiations.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15              2.  **Attempts By Oceano To Engage In Good Faith
                     Negotiations With Western, And Western's Repeated**

16                  **Acts of Bad Faith And Illegal Actions.** . . . . . . . . . . . . . . . . . . 4

17                  a.  **Trespass And Conversion By Western.** . . . . . . . . . . . 4

18                  b.  **Publication Of False Information By Western.** . . . . . . 5

19                  c.  **Western Fails To Submit A Response To
                         Settlement Offer.** . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

20

21              3.  **Oceano Files Its Federal Court Action Against Western
                     On February 6, 2008.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22              4.  **Receipt Of Copy Of Western's State Court Action On
                     February 12, 2008, Which Action Was Filed On**

23                  **January 22, 2008.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

24              5.  **Oceano Files First Amended Complaint
                     In Federal Court.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

25

26              6.  **Oceano Sends Letter to Western Regarding
                     Spoilation of Evidence.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

27              7.  **Scheduling Of Subsequent Settlement Negotiations,
                     But With No Offer Of Settlement By Western.** . . . . . . . . . . . . 7

28

8.  Service of Bill of Particulars. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B.  Facts Relating To Location Of Potential Witnesses . . . . . . . . . . . . . . . . . . . 7

1.  Location of True Organic's Business Address And
    Agent For Service Of Process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2.  Location of Manufacturing Facility of True Organic. . . . . . . . . . . 8

3.  Invoices Showing Western's San Francisco Location
    As Its Collection Office. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4.  Location of Western's Business Offices And Persons
    Dealing with Oceano. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5.  Western's Principal Office In Denver, Colorado . . . . . . . . . . . . . . . 9

6.  Northern District Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7.  Locations of Legal Counsel For The Parties . . . . . . . . . . . . . . . . . . . 9

C.  Oceano Filed Its Motion To Stay The State Court
    Proceedings On March 6, 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III.  LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

A.  Western Should Not Be Permitted To Take Advantage Of
    The So-Called "First-To-File" Rule Because Western Has
    Impermissibly Filed An "Anticipatory Lawsuit" In Bad
    Faith For The Express Purpose Of Engaging
    In Forum Shopping. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B.  In Light Of The Fact That Western Cannot Take Advantage
    Of The "First-To-File" Rule, Western's Argument That Oceano
    Must Adjudicate All Its Claims In The State Court
    Action Is Misplaced. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

C.  The Federal Courts Have An Unflagging Obligation
    To Exercise The Jurisdiction Given Them And Can
    Only Stay Or Dismiss A Case Based On Concurrent State
    Court Jurisdiction Under Extraordinary And Rare
    Circumstances, Which Circumstances Are Not Present
    Under Our Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

1.  Comity Among Courts Generally Concerns The
    Situation Of Actions Filed In Two Different Federal Courts,
    As Opposed To Comity Among A
    Federal And State Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

2.  Comity Between Federal And State Court Courts Is
    Only Considered Under "Exceptional" Circumstances
    And Only The Clearest Of Justifications Will Warrant
    Dismissing A Federal Action In Favor
    Of A State Court Proceeding. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

3.  Most Of The Colorado River Factors Favor Oceano

Or Are Neutral And Not Determinative Of Where The
Parties' Claims Should Be Adjudicated. . . . . . . . . . . . . . . . . 17

    a.    Neither The Federal Court Nor The State Court
              Has Assumed Jurisdiction Of Any Property. . . . . . . 17

    b.    The Argument That San Luis Obispo
              County Is The Most Convenient Forum Is Not
              Factually Supported By Western . . . . . . . . . . . . . . . 17

    c.    Avoiding The Piecemeal Adjudication Of The
              Claims Of The Parties Favors Oceano, Or Is A
              Neutral Factor, Since Oceano Has Filed Its Motion To
              Stay The State Court Proceeding, And Western Can
              Bring Any Claim For Non-Payment Of Invoices
              In Federal Court. . . . . . . . . . . . . . . . . . . . . . . . . . 20

    d.    Western Should Not Be Able To Take Advantage
              Of Its Bad Faith Tactics Of Filing Its State Court
              Action Only Two-Weeks Before The Federal Action
              Was Filed, And During A Settlement Proposal
              Period Where Western Was On Clear Notice That
              The Federal Action Would Be Filed. . . . . . . . . . . . 21

    e.    The Federal Law Causes Of Action Clearly
              Predominate Because All Other Causes Of Action
              Are Derived From The Federal Claims. . . . . . . . . . 22

    f.    The Federal Court Is Equally Positioned, If Not More
              Well Positioned, To Protect The
              Rights Of Both Parties. . . . . . . . . . . . . . . . . . . . . . 22

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**TABLE OF AUTHORITIES**

**Federal Authority**

Altrade, Inc. v. Uniweld Prod. Inc.,
    946 F. 2d 622, 625 (9th Cir., 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

British Telecomm.,
    1993 U.S. Dist. LEXIS 6345, 193 1499860 at 3 . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Colorado River Water Conservation Dist. v. United States,
    424 U.S. 800, 817 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10, 16, 17

Donovan v. City of Dallas,
    377 U.S. 408, 410(1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

England v. Medical Examiners,
    375 U.S. 411, 415 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Inherent.com v. Martindale-Hubbell,
    420 F. Supp 2d 1093, 1097 (N.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . 2, 10, 11

In Re Mercury Constr. Corp.,
    664 F. 2d 936, 944 (4th Cir. N.C., 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

McClellan v. Carland,
    217 U.S. 268, 282 (1910) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1, 15 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16, 17, 21, 22

Nakash v. Marciano,
    82 F. 2d 1411, 1415 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Pacesetter Systems, Inc. v. Medtronic, Inc. et. al.,
    678 F. 2d 93, 95 ( 9th Cir., 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Ward v. Follet Corp.
    158 F.R.D. 645, 648 (N.D. Cal. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Federal Statutes**

Federal Organic Foods Production Act of 1990- -7 U.S.C. § 6501 . . . . . . . . . . . . . . . . . . 1, 13, 22

Federal Unfair Competition Law - - 15 U.S.C. §1125. . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13, 22

Federal Rules Of Civil Procedure Rule 13(a), and (b). . . . . . . . . . . . . . . . . . . . . . . . . 15

**State Law Authority**

Airfloor Company of California, Inc. v. The Regents Of the University of California
    97 Cal. App. 3d 739, 741 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Caiafa Prof. Law Corp v. State Farm Fire & Cas. Co.
    15 Cal. App. 4th 800, 804 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

Erlich v. Superior Court,
    63 Cal.2d 551, 555 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**State Statutes**

California Code of Civil Procedure §§ 426.40(c), and 426.30(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15

I.    **INTRODUCTION**

On February 28, 2008, Defendant WESTERN FARM SERVICE, INC ("Western") filed its Motion To Dismiss Action, Or In the Alternative, Stay Federal Action ("Motion To Dismiss"), on the grounds that a state court action filed by Western against OCEANO PACKING COMPANY, LLC ("Oceano") in San Luis Obispo County Superior Court would be the best forum to adjudicate all the claims of the parties, despite the fact that most of the potential witnesses are not in fact located in San Luis Obispo County, and despite the fact that Western filed its vague form-complaint alleging only "Common Counts" in state court under circumstances that clearly show Western's bad faith attempt to engage in forum shopping.

In the Federal Court Action filed in this Court on February 6, 2008, Oceano has alleged ten causes of actions relating to the damages incurred by Oceano as a result of applying salmonella-contaminated fertilizer manufactured by True Organic to its organic vegetable crops, which fertilizer was sold by Western to Oceano. The causes of action include violations of the Federal Organic Foods Production Act of 1990-7 U.S.C. § 6501, and the Federal Unfair Competition Law - - 15 U.S.C. §1125,[1] as well as seeking damages for the conversion of agricultural chemicals by Western from Oceano and the defamatory representations made by Western about Oceano's finances and credit.

A.    **Offer Of Settlement By Oceano Prior To Any Action Being Filed And Notice Of Oceano's Claims.**

Prior to filing the Federal Court Action, in a letter dated January 9, 2008, Oceano's counsel proposed a settlement of Oceano's claims against Western for contamination of its crops with salmonella. Oceano's proposal for settlement was: (i) if Western would agree to forgive Oceano's current outstanding account payable to Western for agricultural chemicals and fertilizers (including amounts owed for alleged contaminated fertilizers), in the approximate amount of $368,396.40; then (ii) in exchange, Oceano would forgo the filing of a lawsuit against Western for damages exceeding $1,000,000, relating to Oceano's loss of crops caused by the salmonella-contaminated fertilizer sold by Western to Oceano and manufactured by True Organic. In its settlement offer letter, Oceano told Western that its settlement offer would remain open for 15 days, or until January 24, 2008.

---

[1] Also known as Section 43(a) of the Lanham Act.

**B.     Anticipatory Lawsuit Filed By Western Prior To Expiration Of Settlement Period.**

However, instead of responding to Oceano's offer of settlement, Western proceeded to file its vague Complaint in the San Luis Obispo Superior Court on January 22, 2008 (the "State Court Action') [2] against Oceano, merely alleging two causes of action for "Common Counts", and requesting damages in the amount of $416,569.70, without providing any specification or documentation whatsoever of the alleged goods or services for which such amounts were allegedly owed.

Western filed the State Court Action <u>two</u> days prior to the date that Oceano had stated it would leave its settlement offer open, <u>without</u> informing Oceano that Western would decline Oceano's offer to proceed with settlement negotiations prior to the filing of litigation.

The only reason Oceano forestalled filing an action in federal court was to first attempt to engage in good faith settlement negotiations with Western. Thus, Western was on notice that Oceano would file its action after the 15-day settlement proposal period had expired.

Western's tactical maneuvering in racing to the court house in an attempt to engage in forum shopping cannot be rewarded under the circumstances, and such tactics have been roundly rejected in applicable case law as constituting "bad faith" and "reactive filing." <u>See</u> <u>Inherent.com v. Martindale-Hubbell</u> 420 F. Supp 2d 1093, 1097 (N.D. Cal. 2006); <u>see also</u> <u>In Re Mercury Constr. Corp.</u>, 664 F. 2d 936, 944 (4th Cir. N.C., 1981). As a result, Western should not be permitted to take advantage of any of the so-called "first-to-file" rules under the circumstances of this case.

**C.     Most Of The Potential Witnesses Are Not In Fact Located In San Luis Obispo County.**

In addition, the argument that the San Luis Obispo County Superior Court is the most convenient forum is not factually supported by Western, and contradicted by the evidence submitted herein by Oceano.

In fact, it is critical to note that a primary defendant named in the Federal Court Action, True Organic Products, Inc. ("True Organic"), who will be a crucial player in the adjudication of the parties' claims, <u>does</u> <u>not</u> have its place of business in San Luis Obispo County. In fact, the principal business address and registered agent listed by True with the California Secretary of State is in Monterey County, which is located within the district of the U.S. District Court in San Jose, and <u>not</u> in San Luis Obispo

---

[2] <u>Western Farms Services Inc. v. Oceano Packing Company, LLC,</u> San Luis Obispo County Superior Court, Case No. CV080074.

1  County.

2        In addition, it appears that one or more witnesses for Western will be located outside of San Luis

3  Obispo County, especially given that Western's accounts receivable are handled out of its San Francisco

4  office. Also, many of the persons who Oceano dealt with on the transactions at issue are located outside

5  of San Luis Obispo County, with only one known witness from Western located in San Luis Obispo

6  County. Further, Western's counsel is located in Fresno County, and not in San Luis Obispo County.

7      **D.**    **Oceano Need Not File A Cross-Claim In The State Court Action.**

8        Moreover, Western's argument that Oceano must adjudicate all of its claims in the State Court

9  Action under California Code of Civil Procedure §§ 426.40(c), and 426.30(a) is entirely misplaced because

10  it incorrectly presupposes that Western will be able to take advantage of the "first-to-file" rule, and neglects

11  to take into account that Oceano has filed its own motion to stay the state court proceedings pending the

12  outcome of the Federal Court Action.

13      **E.**    **Federal-State Comity Is Only Recognized Under "Exceptional" Circumstances, Which Do Not Exist Here.**

14

15        Finally, federal courts generally observe comity only among other federal courts. A federal court

will only stay or dismiss a federal court action in favor of a pending state court action under "exceptional"
16

17  circumstances, none of which exist in the instant case. See <u>Colorado River Water Conservation Dist. v.</u>

<u>United States</u>, 424 U.S. 800, 817 (1976)
18

19        As a result of the forgoing, Oceano requests that this Court deny Western's Motion To Dismiss in

its entirety.
20

21  **II.**    **STATEMENT OF FACTS**

22      **A.**    **Facts Relating To Western's Bad Faith And Vexatious Tactical Maneuvering In Racing To The Court House To File Its Anticipatory Lawsuit In State Court.**

23

24      **1.**    **Oceano Notified Western Farms Of Its Claims In Early January 2008 And Solicited Good Faith Settlement Negotiations.**

25        On January 9, 2008, long before the State Court Action was filed, Oceano's counsel sent a letter to

26  Western's employees, Mr. John Patino, Mr. Jim Dana, and Mr. Darin Chebot, outlining the basis of

27  Oceano's legal claim against Western, with respect to Western's sale of salmonella-contaminated fertilizer

28  to Oceano in 2007, and proposing terms of settlement. [See Declaration of Effie Anastassiou In Support

1    of Opposition to Motion To Dismiss ("Anastassiou Decl'"), at ¶ 2, and **Exhibit "A"** attached thereto].

2            In its settlement offer, Oceano proposed that in exchange for Oceano foregoing the filing of a

3    lawsuit against Western for damages to Oceano's crops caused by salmonella-contaminated fertilizer sold

4    by Western, which damages exceed $1,000,000, Western would agree to forgive Oceano's current

5    outstanding account payable to Western, in the approximate amount of $368,396.40. [See Anastassiou

6    Decl', at ¶ 2, and **Exhibit "A"** attached thereto]. In the January 9, 2008 letter, Oceano's counsel also stated

7    that the settlement offer would remain open for 15 days, or until January 24, 2008. [See Anastassiou Decl',

8    at ¶ 2, and **Exhibit "A"** attached thereto].

9            2.    **Attempts By Oceano To Engage In Good Faith Negotiations With Western,
                 And Western's Repeated Acts of Bad Faith And Illegal Actions.**

10

11                  a.    **Trespass And Conversion By Western.**

12            On January 10, 2008, the day after Oceano's counsel sent Western the January 9, 2008 letter

13    proposing a settlement and outlining Oceano's legal claims against Western, Mr. Darin Chebot of Western

14    made an unauthorized visit to Oceano's leased property in Shandon (the "Ranch"). Mr. Chebot  told

15    Oceano's farm manager that he was taking various agricultural chemical products from Oceano because

16    he had learned from "correspondence" that Oceano was not going to pay for the chemicals.  [See

17    Anastassiou Decl', at ¶ 3]. Apparently, Mr. Chebot was referring to the settlement proposal of January 9,

18    2008. [See Anastassiou Decl', at ¶ 3]. Mr. Chebot then proceeded to take a fertilizer tank off of the Ranch

19    with 200 gallons of fertilizer still in it (as well as 3 empty tanks), and then to rummage through Oceano's

20    chemical storage shed and to take a number of different agricultural chemicals which Mr. Chebot told

21    Oceano's farm manager that Oceano had "not paid Western for." [See Anastassiou Decl', at ¶ 3].

22            The details of Mr. Chebot's unauthorized visit to the Ranch were memorialized in a letter sent by

23    Oceano's counsel to Western on January 10, 2008.  [See Anastassiou Decl', at ¶ 3, and **Exhibit "B"**

24    attached thereto].  In the January 10, 2008 letter, Western was informed by Oceano's counsel that Mr.

25    Chebot's actions constituted trespass and conversion of Oceano's property.  Western was also told that

26    Oceano had a right to offset under California Code of Civil Procedure § 431.70 the damages that Oceano

27    was owed for the salmonella contamination of its crops against the amounts owed to Western for

28    agricultural chemicals provided to Oceano by Western. [See Anastassiou Decl', at ¶ 4, and **Exhibit "B"**

1   attached thereto].

2         Thereafter, on January 11, 2008, Oceano's counsel learned that Western would be represented by

3   attorney, Dale Dorfmeier, Esq., of Petrie, Dorfmeier & Morris, with respect to the disputes among the

4   parties, the <u>same</u> attorney who subsequently filed the State Court Action. [<u>See</u> Anastassiou Decl', at ¶ 5].

5   As a result, on January 11, 2008, Oceano's counsel sent a letter to Mr. Dorfmeier, attaching the previous

6   correspondence sent to Western concerning Oceano's legal claims and settlement proposal, as well as

7   correspondence relating to Western's trespass and conversion of Oceano's property. [<u>See</u> Anastassiou

8   Decl', at ¶ 5, and **Exhibit "C"** attached thereto]. As in previous correspondence, Oceano's counsel

9   reiterated Oceano's desire to enter into good faith negotiations regarding Oceano's settlement proposal.

10  [<u>See</u> Anastassiou Decl', at ¶ 5, and **Exhibit "C"** attached thereto].

11              **b.        Publication Of False Information By Western.**

12        Shortly thereafter, Oceano learned that Western had circulated false information regarding Oceano's

13  financial condition, including without limitation: (1) circulating a false credit report regarding Oceano;

14  and/or (2) falsely reporting that Oceano was not paying its bills in a timely manner. [<u>See</u> Anastassiou Decl',

15  at ¶ 6]. These malicious falsehoods circulated by Western appear to have been made in retaliation for

16  Oceano's assertion of a legitimate legal claim against Western, including Oceano's assertion of its legal

17  right to offset its account payable to Western against Western's liability to Oceano arising from Western's

18  sale of salmonella-contaminated fertilizer to Oceano. [<u>See</u> Anastassiou Decl', at ¶ 6]. As a result, on

19  January 14, 2008, Oceano's counsel sent another letter to Western's legal counsel, requesting that Western

20  cease and desist from providing information regarding Oceano's finances and/or credit to third parties, or

21  Oceano would take legal action to protect its reputation in the business community, including bringing a

22  suit for damages against Western and seeking to enjoin Western from publishing any further falsehoods

23  regarding Oceano. [<u>See</u> Anastassiou Decl', at ¶ 6, and **Exhibit "D"** attached thereto].

24              **c.        Western Fails To Submit A Response To Settlement Offer.**

25        As of January 24, 2008, Oceano had not received any response from Western or its counsel

26  regarding Oceano's settlement proposal outlined in the letter of January 9, 2008. [<u>See</u> Anastassiou Decl',

27  at ¶ 7]. In the settlement proposal letter, Oceano had given Western until January 24, 2008 to respond

28  formally to the settlement proposal. [<u>See</u> Anastassiou Decl', at ¶ 7].

Consequently, on January 25, 2008, Oceano's counsel contacted Western's counsel by telephone in order to determine whether or not Western intended to respond to Oceano's settlement proposal.[See Anastassiou Decl', at ¶ 7; see also Declaration of Scott Allen In Support of Motion To Stay State Court Proceedings ("Allen Decl'"), at ¶ 2]. On January 25, 2008, Western's counsel told Oceano's counsel that Western was not willing to settle. However, Western's counsel, Mr. Dorfmeier, did not indicate in any way during his conversation on January 25, 2008 with Oceano's counsel that Western had filed a legal action against Oceano. [See Anastassiou Decl', at ¶ 7; see also Allen Decl', at ¶ 2]. In fact, Mr. Dorfmeier had already filed a lawsuit three days earlier.

### 3. Oceano Files Its Federal Court Action Against Western On February 6, 2008.

On February 6, 2008, Oceano filed the Federal Court Action against Defendants True Organic and Western, alleging various causes of actions relating to the damages incurred by Oceano as a result of the salmonella-contaminated fertilizer sold by Western, and manufactured by True Organic, as well as seeking damages for the conversion of agricultural chemicals by Western and the defamatory representations made by Western about Oceano's finances and credit. [See Anastassiou Decl', at ¶ 8].

### 4. Receipt Of Copy Of Western's State Court Action On February 12, 2008, Which Action Was Filed On January 22, 2008.

On February 12, 2008, Anastassiou & Associates received a copy of a complaint filed by Western (the "Western Complaint") on January 22, 2008 in the State Court Action, naming Oceano as defendant, and alleging two causes of action for Common Counts in the amount of $416,569.70. [See Anastassiou Decl', at ¶ 9, and **Exhibit "E"** attached thereto].

Anastassiou & Associates was served with the Western Complaint because Ms. Anastassiou is listed as Oceano's registered agent with the California Secretary of State. [See Anastassiou Decl', at ¶ 9]. The Western Complaint does not include any invoices or other accounting records substantiating the claimed amount owed to Western by Oceano; nor does it describe the claimed services or products for which the alleged amount is owed. [See Anastassiou Decl', at ¶ 9].

### 5. Oceano Files First Amended Complaint In Federal Court.

On February 14, 2008, Oceano filed its First Amended Complaint ("Oceano's First Amended Complaint") in the Federal Action. [See Anastassiou Decl', at ¶ 10, and **Exhibit "F"** attached thereto].

**6.     Oceano Sends Letter to Western Regarding Spoilation of Evidence.**

In addition, on February 14, 2008, Oceano's counsel sent another letter to Western's counsel, Mr. Dorfmeier, which informed Mr. Dorfmeier that Western had previously taken some of the unused salmonella-contaminated fertilizer from Oceano, and that Western should not destroy or tamper with any of the unused fertilizer, since doing so would be considered spoilation of evidence for which Oceano could seek an inference that the evidence was unfavorable to Western in accordance with California Evidence Code § 413. [See Anastassiou Decl', at ¶ 11, and **Exhibit "G"** attached thereto].

**7.     Scheduling Of Subsequent Settlement Negotiations, But With No Offer Of Settlement By Western.**

Despite Mr. Dorfmeier's earlier representation that Western was not interested in settling the parties' claims, and despite each party having filed their respective lawsuits, the principals of Western contacted the principals of Oceano on February 18, 2008, in order to schedule a meeting to engage in settlement discussions. [See Anastassiou Decl', at ¶ 12]. The meeting was subsequently held on February 27, 2008 between the principals of Western and the principals of Oceano, at the request of Western. [See Anastassiou Decl', at ¶ 12]. However, Western made no offer of settlement whatsoever at the February 27, 2008 meeting, despite damages incurred by Oceano in excess of $1,000,000 as a result of using the salmonella-contaminated fertilizer sold by Western to Oceano. To date, no settlement offer has been made by Western to Oceano. [See Anastassiou Decl', at ¶ 12]

**8.     Service of Bill of Particulars.**

After the filing of Oceano's Motion to Stay of State Court Proceedings (which is describd in Section II. C., below), whereby Oceano had made a special appearance, and not a general appearance in the State Court Action, Oceano served on Western a Demand for Copy of Items of Account, also known as a Bill of Particulars in order to clarify Western's vague Complaint in the State Court Action. [See, Anastassiou Decl', at Exhibit H]

**B.     Facts Relating To Location Of Potential Witnesses**

**1.     Location of True Organic's Business Address And Agent For Service Of Process.**

1  According to the database of the California Secretary of State, the principal business address of True

2  Organic is "P.O. Box 7192, Spreckels, CA. 93962", which address is located in <u>Monterey County</u>, and the

3  address of True Organic's agent for service of process is "500 Camino El Estero Ste 200, Monterey, CA

4  93940", which address is also located in <u>Monterey County</u>.    [See Anastassiou Decl', at ¶ 14, and **Exhibit**

5  **"I"** attached thereto].

### 2.    Location of Manufacturing Facility of True Organic.

7  The manufacturing facility of True Organic is located at the following address: "20225 W. Kamm

8  Ave., Helm, CA. 93627," which address is address is located in <u>Fresno County</u>. [See Anastassiou Decl',

9  at ¶ 15, and **Exhibit "J"** attached thereto].

### 3.    Invoices Showing Western's San Francisco Location As Its Collection Office.

11  On March 17, 2008, Western served its Response To Demand For Copy of Items On Account [CCP

12  § 454]" (" Response To Bill of Particulars"), which includes its last Statement of Account dated March

13  2008 from Western to Oceano. [See Anastassiou Decl', at ¶ 16, and **Exhibit "K"** attached thereto]. The

14  Statement of Account purports to list amounts owed by Oceano to Western for certain products and services

15  provided to Oceano by Western. The Statement of Account specifically provides that any payment by

16  Oceano to Western should be remitted to an address in San Francisco, California, which address is listed

17  as follows: "<u>P.O. Box 60000, San Francisco, CA 94160-3041.</u>" [See Anastassiou Decl', at ¶ 16, and

18  **Exhibit "K"** attached thereto].

### 4.    Location of Western's Business Offices And Persons Dealing with Oceano.

20  According to Western's website, Western has offices throughout the State of California, including

21  a Monterey County office located in "Salinas", a San Benito County office located in "Hollister"; a Santa

22  Cruz County office located in "Watsonville"; and a Fresno County office located in Fresno. [See

23  Anastassiou Decl', at ¶ 17, and **Exhibit "L"** attached thereto]. Moreover, Western's website shows that

24  Western's Southwest Division Office is located in "Fresno", which is in Fresno County, and its Coastal

25  Division Office is located in "Santa Maria", which is in Santa Barbara County. [See Anastassiou Decl',

26  at ¶ 17, and **Exhibit "L"** attached thereto].

27  In addition, it is important to note that Oceano's member and manager, who has been involved in

28  the dealings relating to the transactions at issue in this litigation on behalf of Oceano, has had dealings with

1    many persons at Western who are not located in San Luis Obispo County.  In fact, only <u>one</u> of the five

2    persons he has dealt with from Western are located in San Luis Obispo County.  <u>See</u> Declaration of Steve

3    Taylor in Support of Opposition to Motion to Dismiss ("Taylor Decl'") at ¶ 2 and ¶ 3.

4              **5.**    **<u>Western's Principal Office In Denver, Colorado</u>**

5        According to the database of the California Secretary of State, Western was incorporated in the State

6    of Delaware; Western has its principal offices in Denver, Colorado (4582 Ulster St. Ste. 1400, Denver, CO,

7    80237); and Western's agent for service of process in California is located in Los Angeles (818 West

8    Seventh St., Los Angeles, CA 90017).[<u>See</u> Anastassiou Decl', at ¶ 18, and **Exhibit "M"** attached thereto].

9              **6.**    **<u>Northern District Jurisdiction.</u>**

10       As set forth in Local Rules 3-1 and 3-2 of the United States District Court, Northern District of

11    California, matters which arise in Monterey County, San Benito County and Santa Cruz County are venued

12    at the District Court located in San Jose.  Further, the Northern District also covers San Francisco

13    County.[<u>See</u> Anastassiou Decl', at ¶ 19, and **Exhibit "N"** attached thereto].

14              **7.**    **<u>Locations of Legal Counsel For The Parties</u>**

15       The  principal law office of Oceano's legal counsel, Ms. Effie Anastassiou, Esq., is located in

16    Monterey County. [<u>See</u> Anastassiou Decl', at ¶ 20]. In addition, according to Western's Motion To Dismiss,

17    the offices of Western's legal counsel, Mr. Dale Dorfmeier, Esq., of Petrie, Dorfmeier & Morris, are located

18    in Fresno County.

19    **C.**    **Oceano Filed Its Motion To Stay The State Court Proceedings On March 6, 2008.**

20       On March 6, 2008, Oceano filed its Motion To Stay State Court Proceedings ("Oceano's Motion

21    To Stay"), in San Luis Obispo County on several grounds, based on the state court's inherent authority to

22    stay the state court action  when a federal court action has been filed covering the same subject matter. [3]

23    The Hearing on Oceano's Motion To Stay is set for April 3, 2008 in San Luis Obispo Superior Court.

24       Oceano's Motion To Stay is based on the grounds that (a) Western filed its State Court Action

25    primarily to harass Oceano and to engage in forum shopping; (b) the Federal Court Action can provide a

26    comprehensive disposition of all of the matters involved in both actions;(c) a stay would avoid a

27    ————————————

28        [3] See <u>Caiafa Prof. Law Corp v. State Farm Fire & Cas. Co.</u> 15 Cal. App. 4th 800, 804 (1993); <u>Thomson v. Continental</u>, 66 Cal. 2d 738 at 746-747 (1967); <u>Simmons v. Superior Court</u> 96 Cal. App. 2d. 119, 123-124 (1950).

1    multiplicity of lawsuits, and would avoid the necessity of imposing a stay after any judgment is entered in

2    the State Court Action pursuant to California Code of Civil Procedure § 918.5; and (d) Western should not

3    be permitted to use the so-called "first-to file" doctrine given its bad faith tactics in racing to the court house

4    to file its action, without notice to Oceano, and prior to the expiration of the settlement proposal period

5    offered by Oceano pursuant to written correspondence.

6    **III.    LEGAL ARGUMENT**

7            **A.    Western Should Not Be Permitted To Take Advantage Of The So-Called "First-To-
                     File" Rule Because Western Has Impermissibly Filed An "Anticipatory Lawsuit" In
8                    Bad Faith For The Express Purpose Of Engaging In Forum Shopping.**

9            The linchpin of Western's Motion To Dismiss is that Western should be able to take advantage of

10    the so-called "first-to-file rule", even though it filed its State Court Action less than two weeks before the

11    Federal Action was filed, and filed its lawsuit without notice to Oceano, and during a 15-day settlement

12    proposal period wherein Western was on notice that Oceano forestalled filing its Federal Court Action to

13    give Western an opportunity to respond to the settlement proposal.

14            Western not only argues  this "first-to-file" rule in a separate section of its Motion To Dismiss (at

15    Pages 12 -13), but also discusses it as one of the generalized factors enumerated by the United States

16    Supreme Court in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976)

17    regarding comity between federal and state court proceedings under certain "exceptional" circumstances.

18            Western should not be able to take advantage of the "first-to-file" rule because Western has

19    impermissibly filed an "anticipatory lawsuit" in bad faith for the express purpose of engaging in forum

20    shopping.

21            As noted by Western itself in its Motion To Dismiss, the purpose of the "first-to-file rule" is to

22    promote judicial efficiency and avoid duplicative litigation. <u>See Altrade, Inc. v. Uniweld Prod. Inc.</u> , 946

23    F. 2d 622, 625 (9th Cir., 1991).

24            However, in <u>Altrade</u>, <u>supra</u>, at 628, the court also held that a party may not take advantage of the

25    "first-to-file" rule where filing of the first action shows "bad faith or forum shopping." This principal is

26    echoed  in <u>Inherent.com v. Martindale-Hubbell</u> 420 F. Supp 2d 1093, 1097 (N.D. Cal. 2006), where the

27    court held that courts should depart from the "first-to-file" rule when the "...filing of the first suit evidences

28    **bad faith, anticipatory suit, or forum shopping.**" [Emphasis added]. In addition, the Court, in

1    Inherent.com, supra., at 1097, also held that "[t]he anticipatory suit exception is rooted in a concern that

2    a plaintiff should not be 'deprived of its traditional choice of forum because a **defendant with notice of**

3    **an impending suit...**'" files its action over the same subject matter in another forum, citing British

4    Telecomm. 1993 U.S. Dist. LEXIS 6345, 193 1499860 at 3. [Emphasis added]. Moreover, the Court, in

5    Inherent.com, supra., at 1098, further held that "[i]n order for a court to find that the initial suit was

6    anticipatory, the plaintiff in the first action must have been in receipt of '**specific, concrete indications that**

7    **a suit, by defendant was imminent**'", citing Ward v. Follet Corp. 158 F.R.D. 645, 648 (N.D. Cal. 1994)

8    [Emphasis added].

9        In the instant case, it is without any doubt that Western had specific and concrete indications that

10   a suit by Oceano was imminent. On January 9, 2008, long before the State Court Action was filed, Oceano's

11   counsel sent a letter to Western wherein Oceano outlined its claims relating to salmonella-contaminated

12   fertilizer, and specifically stated that it would institute a lawsuit against Western if Western did not respond

13   to Oceano's settlement proposal within a 15-day period. In the January 9, 2008 letter, Oceano specifically

14   stated the following:

15       ▸    "Oceano will agree to forgo legal action against Western if Western will agree...." [See

16            Page 3, Paragraph 4 of **Exhibit "A"**, attached to the Anastassiou Decl'].

17       ▸    "Once again, I would like to stress that Oceano's damages from the contaminated fertilizer

18            are very large, totaling over $1,000,000. In order to avoid the time and inconvenience of

19            litigation...." [See Page 4, Paragraph 1 of **Exhibit "A"**, attached to the Anastassiou Decl'].

20       ▸    "This settlement proposal will remain open for a period of 15 days form the date of this

21            letter. If this offer is not accepted within that period, Oceano will take appropriate legal

22            action." [See Page 4, Paragraph 1 of **Exhibit "A"**, attached to the Anastassiou Decl'].

23       In addition, Oceano also put Western on notice of its impending lawsuit in subsequent letters to

24   Western, on January 10, 2008, January 11, 2008, and January 14, 2008. [See Anastassiou Decl', and

25   **Exhibit "B"**, **"C"**, and **"D"** attached thereto]. Each of these subsequent letters warning of an impending

26   lawsuit by Oceano was sent to Western prior to the time it filed its State Court Action on January 22, 2008.

27       The case of In Re Mercury Constr. Corp., 664 F. 2d 936, 944 (4th Cir. N.C., 1981) is instructive of

28   the manner in which courts view the type of bad faith tactical maneuvering engaged in by Western in this

1    case.  In <u>Mercury</u>, <u>supra</u>., after months of attempting to settle a contractual dispute between the Moses H.

2    Cone Hospital ("Hospital"), and the Mercury Construction Company ("Mercury") for construction work

3    done by Mercury for the Hospital, the Hospital abruptly informed Mercury on October 7, 1980 that it did

4    not intend to offer any money to settle the dispute, and would file a state court complaint for declaratory

5    judgment, alleging that it did not have to arbitrate the dispute, which Mercury had claimed was subject to

6    arbitration. The Hospital filed its state court action the next day, on October 8, 1980. Subsequently, on

7    October 9, 1980, Mercury mailed its demand for arbitration to the Hospital, and shortly thereafter, filed its

8    federal action seeking relief by an order for arbitration, and petitioned for the removal of the state action

9    to federal court.

10          Following the removal of the state action, the Hospital moved for a remand of its action back to the

11    state court and for a stay of the federal action pending the resolution of the state court action. The district

12    court granted remand, and stayed the federal court action on the grounds that the two actions involved the

13    same issues.

14          However, on appeal by Mercury, the Fourth Circuit **reversed** the stay of the federal action on the

15    grounds that Mercury had a right to have the district court rule on its federal question, and that the Hospital

16    should not be able to frustrate this right by its "reactive" state court filing. Specifically, the Fourth Circuit

17    characterized the issue on appeal as follows:

18              "The real issue, determinative of this appeal, is the right of the plaintiff
                [Mercury] to an order of arbitration by the district court of its dispute with
19              the Hospital pursuant to the Federal Arbitration Act, and whether that right,
                if it exists, may be frustrated by the **'reactive' filing of a state declaratory**
20              **action by the Hospital** asserting the non-arbitrability of the dispute before
                Mercury had any real opportunity to seek arbitration."
21

22          Incredibly, on appeal, the appellee Hospital, which had raced to the court to file its state court action,

23    argued that Mercury's federal action was contrived. The Fourth Circuit rejected the Hospital's argument

24    in light of the circumstances and ruled as follows:

25              "**The charge of a 'contrived' action is more appropriately applied to the**
                **Hospital's state action**. After negotiating for months both through its
26              Architect and later its attorneys with respect to the claim, and though giving
                the clear impression that it earnestly desired to settle amicably the
27              controversy without arbitration, the Hospital suddenly, and without
                forewarning, advised Mercury on October 8 that it was filing immediately
28              a suit in the state court in order to enjoin arbitration."

1      The circumstances surrounding the instant case even more clearly establish that Western's race to

2   the court house to file the State Court Action should in no way be determinative of where the parties'

3   respective claims should be heard.

4      As in Mercury, supra., Oceano is entitled to adjudicate its claims in federal court that are rooted in

5   federal law, namely, violations of the Federal Organic Foods Production Act of 1990- -7 U.S.C. § 6501,

6   and the Federal Unfair Competition Law - - 15 U.S.C. §1125. These claims relate to the damages incurred

7   by Oceano as a result of applying salmonella-contaminated fertilizer manufactured by True Organic to

8   Oceano's organic vegetable crops, which fertilizer was sold by Western to Oceano. Each of the remaining

9   claims in the Federal Court Action derive from these federal claims.

10     With respect to Western's tactics in attempting to control the litigation by filing its State Court

11  Action first, the facts in this instant case are more egregious than in Mercury, supra.

12     First, as noted earlier, instead of responding to Oceano's offer of settlement, Western proceeded to

13  file its vague State Court Complaint on January 22, 2008, two days prior to the expiration of the 15-day

14  period provided by Oceano for settlement, and without notifying Oceano that it would not be entering into

15  settlement negotiations.

16     Second, the Western Complaint was clearly hastily prepared, as it is devoid of all detail. Western

17  simply filed a judicial counsel form complaint, and did not provide any documentary support as an

18  attachment to the Western Complaint. [4]

19     Third, as noted in detail in Oceano's settlement proposal letter of January 9, 2008, Oceano's claims

20  against Western arose in 2007. Western was on clear notice that Oceano intended to file a court action after

21  the 15-day settlement proposal period had expired, and the only reason Oceano forestalled filing its action

22  in federal court was in order to first attempt to engage in good faith settlement negotiations with Western.

23     Fourth, Oceano's counsel specifically informed Western in its correspondence concerning this

24  matter that Oceano was exercising its rights to offset the damages it had incurred as a result of the

25

26  _____

27  [4] In an attempt to clarify Western's claims in the vague and unsubstantiated Western Complaint, Oceano intends to serve on Western a "Demand For a Copy of Items Of Account" (a.k.a. "Bill of Particulars"), pursuant to California Code of Civil Procedure § 454. [See Anastassiou Decl', at ¶ 13, and **Exhibit "H"** attached thereto].

28

1  salmonella-contaminated fertilizer sold by Western, against any outstanding account payable due to Western

2  by Oceano.

3          Fifth, during the 15-day settlement proposal period, instead of making an offer of settlement,

4  Western trespassed upon Oceano's property and illegally took property and materials from Oceano.

5  Western also proceeded to publish false information concerning Oceano's financial condition and credit

6  worthiness in retaliation for Oceano's assertion of a legitimate legal claim against Western. Such actions

7  constitute bad faith harassment of Oceano.

8          Sixth, despite such unlawful acts by Western, and shortly after Oceano filed its Federal Court

9  Action, the principals of Western told Oceano that they wanted to meet on February 27, 2008 in order to

10  discuss a possible global settlement of the two cases. The principals of Oceano duly showed up for the

11  meeting on February 27, 2008. However, as a continuation of its previous bad faith tactics, Western made

12  no offer of settlement whatsoever, despite damages incurred by Oceano in excess of $1,000,000 as a result

13  of using the salmonella-contaminated fertilizer sold by Western. To date, Western has made no proposal

14  to settle the claims with Oceano.

15          Clearly, Western's State Court Action was filed in bad faith and in anticipation of Oceano's Federal

16  Court Action. The case law is clear that courts do not reward this type of tactical maneuvering by Western

17  by allowing it to take advantage of the "first-to-file" rule.

18      **B.    In Light Of The Fact That Western Cannot Take Advantage Of The "First-To-File"
              Rule, Western's Argument That Oceano Must Adjudicate All Its Claims In The State**
19      **Court Action Is Misplaced.**

20          Despite suggesting in a heading in Western's Motion To Dismiss (at Page 5) that the Federal Court

21  Action is "substantially similar" to the State Court Action, Western conspicuously fails to provide any real

22  analysis as to how the two actions are in fact substantially similar.

23          Nevertheless, based on Western's recent submission of its response to the Bill of Particulars, it

24  appears that the invoices upon which Western is suing in its State Court Action relate, at least in part, to

25  some of the bags of salmonella-contaminated fertilizer that Western and True Organic sold to Oceano. The

26  bags of contaminated fertilizer form the basis of Oceano's claims in the Federal Court Action. As such,

27  Western can pursue its claim of $416,569.70 allegedly owed by Oceano to Western in the Federal Court

28

1   Action, pursuant to the permissive or compulsory counterclaim provisions under Federal Rules Of Civil

2   Procedure ("F.R.C.P."), Rule 13(a), and (b).

3        However, Western has chosen not to recognize that it can clearly adjudicate all of its claims in the

4   Federal Court Action.  Instead, Western argues that subsection (a)(2)(A) of  F.R.C.P. 13, as well as

5   California Code of Civil Procedure ("C.C.P.") §§ 426.40(c), and 426.30(a), stand for the proposition that

6   Western does not have to file a compulsory counterclaim in the Federal Action, while Oceano must file its

7   cross-claim in the State Court Action, or otherwise be barred in the State Court Action simply by virtue of

8   fact that the State Court Action was filed prior to the Federal Court Action. [See Motion To Dismiss, at

9   Pages 5-8].

10        Western's argument is fundamentally flawed for two important reasons.

11        First, as noted earlier, Western cannot take advantage of the "first-to file" rule under the

12   circumstances, due to its bad faith actions.  Therefore, the State Court Action will not be considered to have

13   been filed prior to the Federal Court Action, and Oceano will not be compelled to file any related claim in

14   the State Court Action.

15        Second, on March 6, 2008, Oceano has filed its Motion To Stay the State Court Action pending the

16   outcome of the Federal Court Action, pursuant to the inherent authority of the state court to so act under

17   Caiafa Prof. Law Corp v. State Farm Fire & Cas. Co. 15 Cal. App. 4th 800, 804 (1993); Thomson v.

18   Continental, 66 Cal. 2d 738 at 746-747 (1967); and Simmons v. Superior Court 96 Cal. App. 2d. 119, 123-

19   124 (1950).  If the  State Court Action is stayed as requested by Oceano, Oceano will have no need to file

20   its related claim in State Court.

21       **C.**    **The Federal Courts Have An Unflagging Obligation To Exercise The Jurisdiction**

22              **Given Them And Can Only Stay Or Dismiss A Case Based On Concurrent State Court**
           **Jurisdiction Under Extraordinary And Rare Circumstances, Which Circumstances**

23              **Are Not Present Under Our Facts.**

24          **1.**    **Comity Among Courts Generally Concerns The Situation Of Actions Filed In**
                **Two Different *Federal* Courts, As Opposed To Comity Among A Federal And**
                **State Court.**

25        Generally, with respect to separate actions filed in *two different federal district courts*, there is a

26   recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action

27   when a complaint involving the same parties and the same issues has  already been filed in another federal

28

1    district court. See Pacesetter Systems, Inc. v. Medtronic, Inc. et. al. 678 F. 2d 93, 95 ( 9ᵗʰ Cir., 1982).

2    However, as between state and federal courts, the general rule is that **the pendancy of an action**

3    **in the state court is no bar to proceedings concerning the same matter in the Federal court having**

4    **jurisdiction**...” [emphasis added]. See McClellan v. Carland (1910) 217 U.S. 268, 282; see also  Donovan

5    v. City of Dallas (1964) 377 U.S. 408, 410.

6    As noted by the United States Supreme Court in  England v. Medical Examiners (1964) 375 U.S.

7    411, 415, “this difference in general approach between state-federal concurrent jurisdiction and wholly

8    federal concurrent jurisdiction stems from the *virtually unflagging obligation of the federal courts to*

9    *exercise the jurisdiction given them.*” [emphasis added].

10   **2.    Comity Between Federal And State Court Courts Is Only Considered Under**
     **“Exceptional” Circumstances And Only The Clearest Of Justifications Will**
11   **Warrant Dismissing A Federal Action In Favor Of A State Court Proceeding.**

12   There are only two bases for staying or dismissing a federal court action when there is concurrent

13   state court jurisdiction, and both bases are only invoked in exceptional and rare circumstances.

14   The two general bases are as follows: (1) the federal abstention doctrine relating to principles of

15   proper constitutional adjudication and regard to federal-state relations, and (2) based upon a  collection of

16   generalized factors enumerated by the United States Supreme Court in Colorado River Water Conservation

17   Dist. v. United States, 424 U.S. 800, 817 (1976), and Moses H. Cone Memorial Hosp. v. Mercury Constr.

18   Corp. 460 U.S. 1, 15 (1983).  Such factors relate to the “wise judicial administration, giving regard to

19   conservation of judicial resources and comprehensive disposition of litigation.” Moses, supra, at 15.

20   To begin with, the federal abstention doctrine does not apply to this case in any manner, and

21   Western has not attempted to argue that this rationale applies. Rather, Western has simply resorted to

22   evaluating the collection of generalized factors enumerated in the Moses and Colorado River cases, most

23   of which either favor Oceano, or are neutral and not determinative of where the parties’ claims should be

24   adjudicated. The factors are as follows: (1) whether the federal court has assumed jurisdiction over property;

25   (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order

26   in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the

27

28

1    state proceeding is adequate to protect the parties rights. [5]

2         Prior to evaluating the Colorado River factors, it should be noted that the circumstances permitting

3    dismissal or stay of a federal suit due to the presence of a concurrent state proceeding for reasons of wise

4    judicial administration are "*considerably more limited than the circumstances appropriate for abstention*",

5    and that "*only the clearest of justifications will warrant dismissal.*" Moses, supra, at p. 16.

6         **3.    Most Of The *Colorado River* Factors Favor Oceano Or Are Neutral And Not Determinative Of Where The Parties' Claims Should Be Adjudicated.**

7

8         **a.    Neither The Federal Court Nor The State Court Has Assumed Jurisdiction Of Any Property.**

9         As with many of the Colorado River factors, this first consideration is not relevant to our inquiry

10   since neither the Northern District Court nor the San Luis Obispo Superior Court have assumed jurisdiction

11   over any property.

12        To the extent that the agricultural chemicals converted by Western's employees from the premises

13   of Oceano on or about January 10, 2008, then the District Court has assumed jurisdiction over property,

14   since the converted chemicals are the subject of Oceano's Ninth Cause Of Action For Conversion in

15   Oceano's Federal Court Complaint. In contrast, there is no allegation of converted property in the Western

16   Complaint, nor does Western identify any "property" in its vague judicial council form complaint in the

17   State Court Action.

18        Moreover, in its Motion To Dismiss, at Pages 9-10, Western distorts the evaluation of this factor

19   by incorrectly asserting that the state court will necessarily have exclusive jurisdiction over all of the

20   parties' claims because of the compulsory cross-claims provisions of under California law. This is false as

21   discussed at length earlier, and Western's assertion nevertheless does not directly address the first Colorado

22   River factor.

23        **b.    The Argument That San Luis Obispo County Is The Most Convenient Forum Is Not Factually Supported By Western**

24

25

---

26        [5] The last two factors (factors 5 and 6) are *not* specifically listed in either the Moses or the

27   Colorado River cases in conjunction with the first four factors, but appear to be considered by the Moses Court in its analysis. As such, Oceano will assume for the purposes of this analysis that these

28   two additional factors may be relevant to the inquiry in this case.

1    Western's argument that this Court is the more convenient forum is not factually supported by

2    Western. Furthermore, it is directly contradicted by the evidence submitted herewith by Oceano.

3        First, in addition to naming Western in this action, Oceano named True Organics, the party that

4    manufactured the salmonella-contaminated fertilizer which caused damage to Oceano's crops. True

5    Organic's principal place of business is in <u>Monterey County</u>, which is within the veune of the U.S. District

6    Court in San Jose, CA and not in San Luis Obispo County. [<u>See</u> Anastassiou Decl', at ¶ 14, and **Exhibit "I"**

7    attached thereto]. Further, True Organic's manufacturing facility is located in Helm, California, in <u>Fresno</u>

8    <u>County</u>, which is not venued in either the Northern District or within San Luis Obispo County. [<u>See</u>

9    Anastassiou Decl', at ¶ 15, and **Exhibit "J"** attached thereto].

10        Second, the fact that San Luis Obispo County is the principal place of business of Oceano can not

11    be used against Oceano since Oceano has chosen to file its action in federal court. If Oceano choses to have

12    its witnesses show up in a more distant location, it is Oceano's choice. Further, Oceano's chosen counsel,

13    Anastassiou & Associates, has its principal office in Monterey County, which again, is within the venue of

14    the U.S. District Court in San Jose. [<u>See</u> Anastassiou Decl', at ¶ 20]. Thus, the federal court is in fact the

15    more convenient forum for Oceano's counsel.

16        Third, Western has provided no evidence that <u>all</u> of its witnesses who will provide testimony in this

17    case are located in San Luis Obispo County. In fact, it is most certain that they will not be.

18        In response to Oceano's service of a Bill of Particulars requesting that Western specify the basis for

19    the claims made in its Complaint in this action, Western provided Oceano with an accounting statement

20    issued by Western's San Francisco, California office, showing Western's <u>San Francisco</u> office as the place

21    where payments were due from Oceano for the agricultural chemicals that Oceano purchased. [<u>See</u>

22    Anastassiou Decl', at ¶ 16, and **Exhibit "K"** attached thereto].

23        In addition, Western has offices located throughout the State of California, including offices in

24    Monterey County, San Benito County, Santa Cruz County, Fresno County, and Santa Barbara County. [<u>See</u>

25    Anastassiou Decl', at ¶ 17, and **Exhibit "L"** attached thereto]. In fact, communications regarding the

26    settlement of the disputes at issue in this litigation were addressed to Western at its offices in Santa Maria,

27    which is located in Santa Barbara County. [<u>See</u> Anastassiou Decl', at ¶ 2, and **Exhibit "A"** attached

28    thereto].

1    Further, Western's principal place of business is not in San Luis Obispo County, but is located in

2    Denver, Colorado. [See Anastassiou Decl', at ¶ 8, and **Exhibit "M"** attached thereto].

3    Moreover, Mr. Steve Taylor, a member and manager of Oceano, has dealt with numerous

4    representatives of Western in connection with the transactions which are part of the subject matter of this

5    case. Most of these individuals are not based in Western's office located in San Luis Obispo County. In

6    fact, only one of five individuals he dealt with is located in San Luis Obispo County. [See Taylor Decl' at

7    ¶2 and ¶3 and **Exhibits "A"** through **"C"** attached thereto].

8    For instance, Mr. John Patino (Branch Manager of Western's Santa Maria Branch Office); Mr. Jim

9    Dana (Marketing Manager of Western's Coastal Division Office); and Mr. Ken Nichols (General Manager

10   of Western's Coastal Division Office) are all located in Santa Barbara County, not in San Luis Obispo

11   County. [See Taylor Decl', at ¶ 2(a)-(c), and **Exhibits "A"** through **"B"** attached thereto]. Only Mr. Darin

12   Chebot, the Branch Manager of Western's Paso Robles Branch Office, is located in San Luis Obispo County.

13   [See Taylor Decl', at ¶ 2(e)].

14   Furthermore, Mr. John Griffin, the representative of Western's parent company, Agrium Inc.

15   ("Agrium"), is based at Agrium's "Retail Head Office" for the United States in Denver, Colorado, and

16   Agrium's corporate headquarters is located in Calgary, Alberta, Canada. [See Taylor Decl', at ¶ 2(d)]. Mr.

17   Griffin of Agrium, along with Ken Nichols of Western, participated at the February 27, 2008 settlement

18   conference relating to this litigation, as representatives of Agrium and Western, respectively. [See Taylor

19   Decl', at ¶ 3].

20   Finally, this Court should note that Western's chosen counsel of record is located in Fresno County,

21   which again is not in San Luis Obispo County.

22   In summary, it is evident that the witnesses in this case will come from multiple locations, and not

23   just from San Luis Obispo County. Further, none of the counsel for the parties is located in San Luis Obispo

24   County. Thus, the location of the witnesses and parties in this case does not favor the State Court Action,

25   and in fact at least equally favors holding hearings in federal court, which will be a more convenient location

26   for some of the witnesses, as well as for Oceano's counsel.

27   Finally, the relative location of potential witnesses is only one factor under the applicable case law

28   in evaluating whether or not to stay the state court proceeding. Equally important is a determination of

1  whether Western should be permitted to take advantage of the so-called "first-to-file" rule under the

2  circumstances, when Western acted in bad faith in filing the State Court Action only a few days before

3  Oceano filed its action in federal court.  As discussed herein, the "first-to-file" rule does not favor Western

4  in this case.

5          c.      **Avoiding The Piecemeal Adjudication Of The Claims Of The Parties Favors Oceano, Or Is A Neutral Factor, Since Oceano Has Filed Its Motion To Stay The State Court Proceeding, And Western Can Bring Its Claim For Non-Payment Of Invoices In Federal Court.**

6

7

8          The prospect of avoiding piecemeal litigation of the parties' claims favors Oceano, or is a neutral

9  factor.  As detailed earlier, the Federal Court Action is a much more comprehensive action, and Western is

10  entitled to file a counterclaim in the Federal Court Action regarding an offset of any payment owed by

11  Western to Oceano against any outstanding payables which may be due to Western, as encompassed in the

12  Western Complaint.

13          Moreover, as explained earlier, Western's contention that Oceano must file its related claim in the

14  State Court Action is incorrect.  Oceano has filed its Motion To Stay the State Court Action pending the

15  outcome of the Federal Court Action. As such, if the stay is granted in the State Court Action, Oceano will

16  have no need to file any cross-complaint.

17          In addition, under California Code of Civil Procedure § 918.5(a), a trial court may stay the

18  enforcement of a judgment if the judgment debtor has another action pending on a disputed claim against

19  the judgment creditor.  Section 918.5(a) reads as follows:

20                  (a) The trial court may, in its discretion, stay the enforcement of a judgment or order if the judgment debtor has another action pending on a disputed

21                  claim against the judgment creditor.

22  The rationale for this rule is based on equitable principles, for to allow otherwise may unfairly deprive the

23  judgment debtor not only of his *right of set-off*, but also of the right to receive any recovery whatsoever. See

24  <u>Airfloor Company of California, Inc. v. The Regents Of the University of California</u> (1979) 97 Cal. App.

25  3d 739, 741; <u>see also</u> <u>Erlich v. Superior Court</u> (1965) 63 Cal.2d 551, 555.

26          In the instant matter, the enforcement of any judgment entered against Oceano in the State Court

27  Action would be subject to a stay to protect Oceano's asserted offset.  In the State Court Action, Western

28  has alleged  two causes of action for Common Counts  in the amount of $416,569.70, the full amount of

1  which is subject to a stay and set-off under Section 918.5, since it is less than the amount asserted by Oceano

2  against Western in this case. Consequently, even if Western obtained a judgment in State Court, it would

3  be subject to a stay, pending the outcome of the Federal Court Action.

4            **d.**      **Western Should Not Be Able To Take Advantage Of Its Bad Faith Tactics Of Filing Its State Court Action Only Two Weeks Before The Federal Action Was Filed, And During A Settlement Proposal Period Where Western Was On Clear Notice That The Federal Action Would Be Filed.**

7       The timing factor clearly favors Oceano since it has been established that Western cannot take

8  advantage of filing an "anticipatory lawsuit" only two weeks before the Federal Court Action was filed, and

9  under circumstances where Western was on notice that Oceano was going to file its lawsuit at the end of the

10  15-day settlement proposal period.

11       In addition, in <u>Moses</u>, <u>supra</u>., at p. 21, the Court stated as follows with respect to the first-to-file

12  factor:

13            "This factor [the first-to-file factor] is to be applied in a pragmatic manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, **but rather in terms of how much progress has been made in the two actions.**"

16  Here, since the Federal Court Action was filed on February 6, 2008, and the State Court Action was filed

17  on January 22, 2008, and both parties have only recently filed their respective motions to stay the other's

18  court action, each of the cases are in their early stages, and the timing of the Federal Court Action has in no

19  way prejudiced Western.

20       In contrast, in <u>Nakash v. Marciano</u>, 82 F. 2d 1411, 1415 (1989), which court stayed the federal court

21  action, the federal action was filed *three and one-half years after* the state action. Here, the more

22  comprehensive Federal Court Action was filed less than two-weeks after the State Court Action, and would

23  have been filed earlier, but Oceano was waiting for the 15 day settlement proposal period to expire prior to

24  commencing its litigation.

25       Consequently, given the bad faith tactics surrounding the filing fo the State Court Action, the timing

26  factor either favors Oceano, or is neutral and non-determinative of where the parties should adjudicate their

27  respective claims. Therefore, Western's primary reliance in its Motion To Dismiss on the "first-to-file" rule

28  ultimately works against it.

e.    **The Federal Law Causes Of Action Clearly Predominate Because All Other Causes Of Action Are Derived From The Federal Claims.**

In Moses, supra., at p. 21, the Court stated the following: "Although in some rare circumstances the presence of state-law issues may weigh in favor of that surrender [of federal jurisdiction], *the presence of federal law issues must always be a major consideration weighing against surrender*."

Here, Oceano's federal claims for violations of the Federal Organic Foods Production Act of 1990- -7 U.S.C. § 6501, and the Federal Unfair Competition Law - - 15 U.S.C. §1125, form the basis of all the other causes of action in the Federal Court Action. These federal causes of action specifically relate to misrepresentations by Western and True Organic as to whether or not the fertilizer was in fact contaminated, which resulted in Oceano having to destroy its organic vegetable crops.

f.    **The Federal Court Is Equally Positioned, If Not More Well Positioned, To Protect The Rights Of Both Parties.**

The District Court is equally positioned, or better positioned, to adjudicate the claims of the parties. As noted earlier, the Federal Court Action includes an additional and crucial defendant–True Organic, as well as federal claims from which all other claims are derived.  Western's claims against Oceano, on the other hand, relate to a simple collection matter.  There is no reason given as to why the District Court would not have the expertise necessary to adjudicate a collection claim

## IV.    CONCLUSION

As a result of the foregoing, pursuant to applicable law, and to promote the conservation of judicial resources and the comprehensive disposition of litigation, Oceano requests that this Court deny Western's Motion To Dismiss in its entirety, so that the comprehensive pending federal claim filed by Oceano can be fully adjudicated by a federal court.

DATED: March 28, 2008                                Respectfully submitted,

                                                     ANASTASSIOU & ASSOCIATES

                                                     By:_____
                                                     Effie F. Anastassiou, Esq.
                                                     Attorneys for Oceano Packing Company, LLC

F:\OCA\Salmonella\True Organic-WFS\Pleadings\Plaintiff's Pleadings\OppMotionDismiss\OppMotionDismiss.wpd

1  Effie F. Anastassiou, Esq. (SBN 96279)
   Denis Klavdianos, Esq. (SBN 225925)
2  ANASTASSIOU& ASSOCIATES
   242 Capitol Street
3  Post Office Box 2210
   Salinas, California 93902
4  Telephone: (831) 754-2501
   Facsimile: (831) 754-0621
5
   Attorneys for Plaintiff
6  OCEANO PACKING COMPANY, LLC
7
8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10  OCEANO PACKING COMPANY, LLC        )   Case No.  C08 00839 JW
                                       )
11           Plaintiff,                )   DECLARATION OF EFFIE ANASTASSIOU
                                       )   IN SUPPORT OF OCEANO PACKING
12                                     )   COMPANY, LLC'S OPPOSITION TO
         v.                            )   MOTION TO DISMISS/STAY FEDERAL
13                                     )   COURT ACTION
                                       )
14  TRUE ORGANIC PRODUCTS, INC., A     )
    California Corporation; and WESTERN )
15  FARM SERVICE, INC., A Delaware     )
    Corporation,                       )
16                                     )
             Defendants.               )
17                                     )
                                       )
18                                     )
                                       )
19                                     )
                                       )
20  _____   )

I, EFFIE F. ANASTASSIOU, declare:

21       1.      I am an attorney at law licensed to practice in the State of California and am attorney of

22  record for Plaintiff OCEANO PACKING CO, LLC ("Oceano" or "Plaintiff"), in the instant matter.  As

23  such, I have personal knowledge of the following facts to which I could and would competently testify if

24  called as a witness.

25  **Oceano Notified Western Farms Of Its Claims In Early January 2008 And Solicited Good Faith
26                              Settlement Negotiations.**

27       2.      On January 9, 2008, long before the above referenced action was filed in this Court, I sent

28  a letter to Mr. John Patino, Mr. Jim Dana, and Mr. Darin Chebot of Defendant WESTERN FARMS

1   SERVICE, INC ("Western" or "Defendant") outlining the basis of Oceano's legal claim against Western

2   relating to Western's sale of salmonella-contaminated fertilizer to Oceano in 2007, and proposing terms

3   of settlement. A true and correct copy of said January 9, 2008 letter is attached hereto as **Exhibit "A"** and

4   incorporated by reference. In its settlement offer, Oceano proposed that in exchange for Oceano foregoing

5   the filing of a lawsuit against Western for damages to Oceano's crops caused by the  salmonella-

6   contaminated fertilizer provided by Western, which damages exceed $1,000,000, Western would agree to

7   forgive Oceano's current outstanding account payable to Western, in the approximate amount of

8   $368,396.40. In the January 9, 2008 letter, I stated that the settlement offer would remain open for 15 days,

9   or until January 24, 2008.

10  **Attempts By Oceano To Engage In Good Faith Negotiations With Western, And Western's**
    **Repeated Acts of Bad Faith And Illegal Actions**

11

12          3.      <u>Trespass And Conversion By Western</u>: On January 10, 2008, the day after I sent Western

13  the January 9, 2008 letter proposing a settlement and outlining Oceano's legal claims against Western, I

14  was informed by my client that Mr. Darin Chebot of Western had made an unauthorized visit to Oceano's

15  leased property in Shandon (the "Ranch"), and told Oceano's farm manager that he was taking various

16  agricultural chemical products from Oceano because he had learned from correspondence that Oceano was

17  not going to pay for chemicals. Apparently, Mr. Chebot was referring to my settlement proposal of January

18  9, 2008. My client also told me that Mr. Chebot then proceeded to take a fertilizer tank off of the Ranch

19  with 200 gallons of fertilizer still in it (as well as 3 empty tanks), and then to rummage through Oceano's

20  chemical storage shed and to take a number of different agricultural chemicals which Mr. Chebot told

21  Oceano's farm manager that Oceano had "not paid Western for."   As a result of Western's actions, I

22  memorialized the details of the information given to me by my client in a letter I sent to Western on January

23  10, 2008. A true and correct copy of said January 10, 2008 letter is attached hereto as **Exhibit "B"** and

24  incorporated by reference.

25          4.      In the January 10, 2008 letter, I specifically informed Western that Mr. Chebot's actions

26  constituted trespass and conversion of Oceano's property, as well as informing Western that Oceano had

27  a right to offset under California Code of Civil Procedure § 431.70 the damages that Oceano was owed for

28  the salmonella contamination of its crops against the amounts owed to Western for agricultural chemicals.

            5.      Thereafter, on January 11, 2008, I learned that Western would be represented by attorney

1   Dale Dorfmeier, Esq., of Petrie, Dorfmeier & Morris with respect to the disputes among the parties. As a

2   result, on the same day, on January 11, 2008, I instructed an associate attorney from my law office, Scott

3   Allen, to send a letter to Mr. Dorfmeier, wherein he attached my previous correspondence sent to Western

4   concerning Oceano's legal claims and settlement proposal, as well as correspondence relating to Western's

5   trespass and conversion of Oceano's property.  A true and correct copy of said January 11, 2008 letter to

6   Mr. Dorfmeier is attached hereto as **Exhibit "C"** and incorporated by reference. As in previous

7   correspondence, my associate reiterated Oceano's desire to enter into good faith negotiations regarding

8   Oceano's settlement proposal.

9       6.    <u>Publication Of False Information By Western</u>: Shortly thereafter, I learned from my client,

10  Oceano, that Western had circulated false information regarding Oceano's financial condition, including

11  without limitation: (1) circulating a false credit report regarding Oceano; and/or (2) falsely reporting that

12  Oceano was not paying its bills in a timely manner.  These malicious falsehoods circulated by Western

13  appear to have been made in retaliation for Oceano's assertion of a legitimate legal claim against Western,

14  including Oceano's assertion of its legal right to offset its account payable to Western against Western's

15  liability to Oceano arising from Western's sale of salmonella-contaminated fertilizer to Oceano.  As a

16  result, on January 14, 2008, my associate, Scott Allen, sent another letter to Western's legal counsel, Mr.

17  Dorfmeier, wherein he informed Mr. Dorfmeier that Western should cease and desist from providing

18  information regarding Oceano's finances and/or credit to third parties, or Oceano would take legal action

19  to protect its reputation in the business community, including bringing a suit for damages against Western

20  and seek to enjoin Western from publishing any further falsehoods regarding Oceano. A true and correct

21  copy of said January 14, 2008 letter to Mr. Dorfmeier is attached hereto as **Exhibit "D"** and incorporated

22  by reference.

23      7.    As of January 24, 2008, I had not received any response from Western or its counsel, Mr.

24  Dorfmeier, regarding my settlement proposal outlined in my letter of January 9, 2008. In the January 9,

25  2008 settlement proposal, I had given Western until January 24, 2008 to respond to my settlement proposal.

26  Consequently, on January 25, 2008, I directed my associate, Scott J. Allen, Esq., to contact Mr. Dorfmeier

27  in order to determine whether or not Western intended to respond to our settlement proposal. On January

28  25, 2008, Mr. Allen told me that he contacted Mr. Dorfmeier by telephone, and that Mr. Dorfmeier simply

1  stated that Western was not willing to settle. Mr. Allen also told me that Mr. Dorfmeier did not indicate

2  in any way during his conversation with him on January 25, 2008 that Western had filed any legal action

3  against Oceano.

4  **Oceano Files Its Federal Court Action Against Western On February 6, 2008.**

5  8.    On February 6, 2008, Oceano filed a lawsuit in the United States District Court, Northern

6  District of California (Oceano Packing Company, LLC v. True Organics Products et. al, Case No. C0

7  800839 RS) (the "Federal Court Action"), against Defendants True Organic Products Inc. ("True Organic"),

8  and Western Farms Service Inc. ("Western"), alleging various causes of actions relating to the damages

9  incurred by Oceano as a result of the salmonella-contaminated fertilizer provided by Western, and

10 manufactured by True Organic, as well as seeking damages for the conversion of agricultural chemicals by

11 Western and the defamatory representations made by Western about Oceano's finances and credit.

12
13 **Receipt Of Copy Of Western's State Court Action On February 12, 2008, Which Action Was Filed On January 22, 2008.**

14 9.    On February 12, 2008, my law office received a copy of a complaint filed by Western on

15 January 22, 2008  in the Superior Court of California, County of San Luis Obispo (the "State Court

16 Action"), naming Oceano as defendant, and alleging two causes of action for Common Counts  in amount

17 of $416,569.70. A true and correct copy of the Complaint filed by Western in State Court (the "Western

18 Complaint") is attached hereto as **Exhibit "E"** and incorporated by reference. I was served with the

19 Complaint filed by Western as I am listed as Oceano's registered agent with the California Secretary of

20 State. The Western Complaint did not include any invoices or other accounting records substantiating  the

21 claimed amount owed to Western by Oceano, nor does it describe the claimed services or products for

22 which the alleged amount is owed.

23 **Oceano Files First Amended Complaint In Federal Court.**

24 10.   On February 14, 2008, Oceano filed its First Amended Complaint ("Oceano's First

25 Amended Complaint") in Oceano's Federal Action in the Northern District Federal Court. A true and

26 correct copy of Oceano's First Amended Complaint filed against Western and True is attached hereto as

27 **Exhibit "F"** and incorporated by reference.

28

**Oceano Sends Letter To Western Regarding Spoilation of Evidence**

11. In addition, on February 14, 2008, my associate, Scott Allen, sent another letter to Mr. Dorfmeier, wherein he informed Mr. Dorfmeier that Western had previously taken some of the unused salmonella-contaminated fertilizer from Oceano, and that Western should not destroy or tamper with any of the unused fertilizer since doing so would be considered spoilation of evidence for which Oceano could seek an inference that the evidence was unfavorable to Western in accordance with California Evidence Code § 413. A true and correct copy of said February 14, 2008 letter to Mr. Dorfmeier is attached hereto as **Exhibit "G"** and incorporated by reference.

**Scheduling Of Subsequent Settlement Negotiations, But With No Offer Of Settlement By Western.**

12. Despite Mr. Dorfmeier's earlier representation that Western was not interested in settling the parties' claims, and despite each party having filed their respective lawsuits, the principals of Western contacted the principals of Oceano on February 18, 2008, in order to schedule a meeting to engage in settlement discussions. The meeting was subsequently held on February 27, 2008 between the principals of Western and the principals of Oceano, at the request of Western. However, after the meeting was held on February 27, 2008, I was informed by my client that Western made no offer of settlement whatsoever at the meeting, despite damages incurred by Oceano in excess of $1,000,000 as a result of using the salmonella-contaminated fertilizer sold by Western to Oceano. To date, no settlement offer has been made by Western to Oceano.

**Service Of Bill of Particulars.**

13. After the filing of Oceano's Motion for Stay of State Court Proceedings (which is described in Paragraphs 21 and 22 below), whereby Oceano had made a special appearance, and not a general appearance, in the State Court Action, Oceano served on March 7, 2008, Western a Demand for Copy of Items of Account, also known as a Bill of Particulars, in the form attached hereto as **Exhibit "H"** and incorporated herein by reference.

**Facts Relating To Location Of Potential Witnesses**

**Location of True Organic's Business Address And Agent For Service Of Process.**

14. Attached hereto as **Exhibit "I"** is a true and correct copy of a print-out from the California Secretary of State Website, (http://www.sos.ca.gov/business/business.htm), showing the principle business

1   address of True Organic Products, Inc. ("True Organic") as "P.O. Box 7192, Spreckels, CA. 93962", which

2   address is located in <u>Monterey County</u>. The California Secretary of State print-out also shows the address

3   of True Organic's agent for service of process as "500 Camino El Estero Ste 200, Monterey, CA 93940",

4   which address is also located in <u>Monterey County</u>. Also set forth in **Exhibit "I"** is a print-out from

5   california.hometownlocator.com showing that these addresses are located in Monterey County, California.

6   <center>**Location of Manufacturing Facility of True Organic**.</center>

7       15.    Attached hereto as **Exhibit "J"** is a true and correct copy of a print-out from the directory

8   and database compiled by "Manufacturer's News, Inc.", which directory shows that the manufacturing

9   facility of True Organic is reported to be located at the following address: "20225 W. Kamm Ave., Helm,

10  CA. 93627." The foregoing address is located in Fresno County, as shown in the print-out included in

11  **Exhibit "J"** from california.hometownlocator.com.

12  <center>**Invoices Showing Western's San Francisco Location As Its Collection Office.**</center>

13      16.    Attached hereto as **Exhibit "K"** is a true and correct copy of an excerpt from Western's

14  "Response To Demand For Copy of Items On Account [CCP § 454]" (" Response To Bill of Particulars"),

15  which includes its last Statement of Account dated March 2008 from Western to Oceano. The Statement

16  of Account purports to list amounts owed by Oceano to Western for certain products and services provided

17  to Oceano by Western. In addition, the Statement of Account specifically provides that any payment by

18  Oceano to Western should be remitted to an address in San Francisco, California, which address is listed

19  as follows: "<u>P.O. Box 60000, San Francisco, CA 94160-3041.</u>"

20  <center>**Western's Business Offices In California**</center>

21      17.    Attached hereto as **Exhibit "L"** are true and correct copies of print-outs from the website

22  of Western Farms Service Inc. (<u>http://www.westernfarmservice.com/locations/california.html</u>). The print-

23  outs show that Western has offices throughout the State of California, including a Monterey County office

24  located in "Salinas", a San Benito County office located in "Hollister"and a Santa Cruz County office

25  located in "Watsonville".  In addition, the print-outs show that Western also has an office in "Fresno"

26  which is located in Fresno County. Moreover, the print-outs show that Western's Southwest Division

27  Office is located in "Fresno", which is in Fresno County, and its Coastal Division Office is located in

28  "Santa Maria", which is in Santa Barbara County.

**Western's Principal Office In Denver, Colorado**

18.    Attached hereto as **Exhibit "M"** and incorporated by reference is a true and correct copy of a print-out from the California Secretary of State Website, showing that Western was incorporated in the State of Delaware; that Western has its principal offices in Denver, Colorado (4582 Ulster St. Ste. 1400, Denver, CO, 80237); and that Western's agent for service of process in California is located in Los Angeles (818 West Seventh St., Los Angeles, CA 90017).

**Northern District Jurisdiction.**

19.    Attached hereto as **Exhibit "N"** is a true and correct copy of Local Rules 3-1 and 3-2 of the United States District Court, Northern District of California. As set forth therein, matters which arise in Monterey County, San Benito County and Santa Cruz County are venued at the District Court located in San Jose.  Further, the Northern District also covers San Francisco County.

**Locations of Legal Counsel For The Parties**

20.    My principal law office is located at the following address: 242 Capitol Street, Salinas, CA. 93901, which is located in <u>Monterey County</u>. In addition, according to Western's Motion To Dismiss, Western's legal counsel, Mr. Dale Dorfmeier, Esq., of Petrie, Dorfmeier & Morris, is located  at 2014 Tulare Street, Suite 830, Fresno CA. 93721, which is located in <u>Fresno County</u>.

**Oceano Filed Its Motion To Stay The State Court Proceedings On March 6, 2008.**

21.    On March 6, 2008, Oceano filed its Motion To Stay State Court Proceedings ("Oceano's Motion To Stay"), in San Luis Obispo County on several grounds, based on the state court's inherent authority to stay the state court action  when a federal court action has been filed covering the same subject matter. [1]  The hearing on Oceano's Motion To Stay is set for April 3, 2008 in San Luis Obispo Superior Court.

22.    Oceano's Motion To Stay is based on the grounds that (a) Western filed its State Court Action primarily to harass Oceano and to engage in forum shopping; (b) the Federal Court Action can provide a comprehensive disposition of all of the matters involved in both actions;(c) a stay would avoid a multiplicity of lawsuits, and would avoid the necessity of imposing a stay after any judgment is entered

---

[1] See <u>Caiafa Prof. Law Corp v. State Farm Fire & Cas. Co.</u> 15 Cal. App. 4th 800, 804 (1993); <u>Thomson v. Continental</u>, 66 Cal. 2d 738 at 746-747 (1967); <u>Simmons v. Superior Court</u> 96 Cal. App. 2d. 119, 123-124 (1950).

1    in the State Court Action pursuant to California Code of Civil Procedure § 918.5; and (d) Western should

2    not be permitted to use the so-called "first-to file" doctrine given its bad faith tactics in racing to the court

3    house to file its action, without notice to Oceano, and prior to the expiration of the settlement proposal

4    period offered by Oceano pursuant to written correspondence.

5         I declare under penalty of perjury under the laws of the State of California that the foregoing is true

6    and correct, except that portion which I stated based on my information and belief, and as to those portions

7    I believe them to be true.

8         Executed this 28th day of March, 2008, at Salinas, California.

9

10   EFFIE F. ANASTASSIOU
        Declarant

11

12

13

14   F:\OCA\Salmonella\True Organic-WFS\Pleadings\Plaintiff's Pleadings\OppMotionDismiss\DecEFAOppMotionDismiss.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



**Anastassiou & Associates**
Attorneys at Law

**Salinas Office**
EFFIE F. ANASTASSIOU
effieesq@salinasaglaw.com

**Associate Attorneys**
DENIS KLAVDIANOS
denisesq@salinasaglaw.com

SCOTT J. ALLEN
scottesq@salinasaglaw.com

**Of Counsel**
ANTHONY CARY
anthonycesq@juno.com

SalinasAgLaw.com

Courier: 242 Capitol Street
Salinas, CA 93901
Mailing: P.O. Box 2210, Salinas, CA 93902

Tel. (831) 754-2501
Fax: (831) 754-0621

**Pismo Beach Branch Office**
1035 Longview Avenue
Pismo Beach, CA*
Tel. (805)773-0750
Fax (805) 773-0751
*All correspondence must
be sent to Salinas Office

**Of Counsel - Santa Maria**
RICHARD C. BRENNEMAN
brenneman@bjalaw.net
Tel. (805) 922-4553
Fax (805) 928-7262

**CONFIDENTIAL SETTLEMENT DEMAND**

January 9, 2008

**Via Facsimile and U. S. Mail**
Mr. John Patino
Branch Manager
Western Farm Services, Inc.
1335 West Main Street
Santa Maria, CA 93456

Mr. Jim Dana
Western Farm Services, Inc.
712 East Chapel Street
Santa Maria, CA 93454

Re:    **Oceano Packing Company, LLC v. Western Farm Services**
**Salmonella Contamination**
**Demand for Settlement**

Dear Messrs. Patino and Dana:

This law office represents Oceano Packing Company, LLC ("Oceano"). Our law office has been retained to represent Oceano in connection with a legal claim against Western Farm Services, Inc. ("Western") stemming from Western's sale of salmonella-contaminated fertilizer to Oceano in 2007. The purpose of this letter is to outline the basis of Oceano's legal claim against Western and to propose the terms of a settlement in order to avoid the need for filing the claim in a court of law. The terms of this letter are confidential and for settlement only and may not be referred to in the event that this matter proceeds to litigation.

1.    **Basis of Oceano's Legal Claim Against Western.**

On several occasions between about June 1, 2007 and August 13, 2007, Western sold to Oceano "True 10-5-2" fertilizer (the "True Fertilizer"). Copies of Western's invoices for the sale of the True Fertilizer to Oceano in 2007 are attached hereto as Exhibit A. The

1

True Fertilizer was orally represented by Western to Oceano as being free of pathogens, such as salmonella. In addition, written representations were made to Oceano concerning the True Fertilizer. For example, on July 5, 2007, Western sent Oceano a letter from True Organics Products, Inc., the manufacturer of the True Fertilizer, a copy of which letter is attached hereto as Exhibit B. That letter represents, among other things, that all lots of True Fertilizer are tested by a certified lab and are not released for sale unless the lab certifies that the True Fertilizer is "negative" for pathogens, including salmonella.

During the 2007 growing season, several of Oceano's customers reported findings of positive testings of salmonella in Oceano's spinach and spring mix products, in connection with random laboratory testings performed by the customers for food safety purposes. The salmonella contaminated product was found by <u>three</u> separate customers of Oceano. Each of the three customers received Oceano's product independent of one another and drew the source samples from different locations. Given the finding of salmonella in produce by three different, unrelated, customers, Oceano concluded that it was unlikely that the source of the contamination was a cooler, transporter, or processing plant. Instead, Oceano concluded that the most likely source of the contamination came from Oceano itself.

Oceano then conducted an extensive investigation and testing to determine the likely source of the contamination. In connection therewith, Oceano tested, among other things, a sample from a lot of True Fertilizer purchased from Western. That testing revealed that the True Fertilizer sold by Western was contaminated by Salmonella. Attached hereto as Exhibit C is a copy of the laboratory test results showing that the True Fertilizer sample was contaminated by salmonella.[1] On the laboratory report, sample number 1, described as "P 072307 N #12A Sm. Opening in Bag" corresponds to the testing of a sample of the True Fertilizer sold to Oceano by Western. The report shows that sample number 1 (the True Fertilizer) tested positive for salmonella at a level of 0.020 MPN/g. As you can see from the test results (Exhibit C), Oceano's soil sample also tested positive for salmonella. Sample number 2 (the soil sample) tested positive for salmonella at a level of 0.17 MPN/g.

Based on the results of the extensive testing and investigation conducted by Oceano and its consultants, it appears that the True Fertilizer sold by Western is the most likely source of the salmonella in Oceano's fields and crops. Indeed, it appears that the True Fertilizer is the <u>only</u> identifiable source of the contamination. No other sources have been identified to date.

Due to the salmonella contamination of Oceano's crops that was first discovered by Oceano's customers, Oceano was forced to destroy product delivered to its customers and disc-under growing spinach and spring mix crops. Consequently, Oceano was unable to deliver sufficient, uncontaminated crops to meet the contract obligations that it had in place for the 2007 growing season. Between July and October of 2007, Oceano was 234,767

---

[1] Note that the laboratory erroneously identified "Scanlan Family Farms" as the laboratory's "customer." Scanlan Family Farms, a broker for an Oceano customer, merely referred Oceano to the laboratory. The test results do, in fact, reflect samples collected from Oceano's farms.

pounds short on its spinach contract with New Star, which represents lost revenue of $176,075.25 ($0.75 per pound of crop). (See Exhibit D hereto). Between June and October of 2007, Oceano was a total of 347,449 pounds short on its spinach and spring mix contract with State Garden, representing $260,586.75 in lost revenue. (See, Exhibit E hereto). Between July and November of 2007, Oceano was short a total of 849,295 pounds on its spinach and spring mix contract with Taylor Farms, which represents $636,971.30 in lost revenue. (See Exhibit F hereto).

Overall, as a result of the salmonella contamination, Oceano lost revenue totaling $1,073,633.30 during the 2007 growing season. This damage amount does not include Ocean's loss of goodwill with Oceano's customers, or the extensive costs of investigation and testing, including legal fees, that have been spent to date in connection with the Salmonella contamination.

Western is legally responsible for Oceano's damages due to the contaminated True Fertilizer. If required to file a lawsuit against Western, Oceano would most likely assert a number of legal claims against Western. Among those would be a claim that Western breached its warranty of "merchantability." Western's invoices for the sale of the True Fertilizer (Exhibit A hereto) constitute contracts for the sale of a good (True Fertilizer). Under California's Uniform Commercial Code, those contracts carried with them a warranty of "merchantability." (Uniform Commercial Code § 2314.) Stated otherwise, by selling[2] the True Fertilizer to Oceano, Western warranted that the True Fertilizer was "fit for the ordinary purposes for which [the fertilizer] are used." (Uniform Commercial Code § 2314(2)(c)). The ordinary purpose for the fertilizer sold to Oceano is application to fields where leafy green vegetables are grown. Given the potential for spreading salmonella to leafy green vegetables, the presence of salmonella in True Fertilizer sold by Western clearly makes True Fertilizer unfit for its ordinary purpose. By selling contaminated True Fertilizer, therefore, Western breached its warranty to Oceano, and is liable to Oceano for Oceano's damages.

## 2.    Settlement Proposal.

As discussed above, Oceano has suffered significant economic damage exceeding $1,000,000, as a result of the salmonella-contaminated True Fertilizer that it purchased from Western. Clearly Western is legally responsible for Oceano's damages. However, in the hopes of maintaining its on-going business relationship with Western, rather than immediately filing a lawsuit against Western, Oceano has authorized me to make the following offer to settle its claims against Western:

Oceano will agree to forego legal action against Western if Western will agree to forgive Oceano's current outstanding account payable to Western, in the approximate

---

[2]You should note that the Uniform Commercial Code makes the "seller" of product responsible for the warranty of merchantability. A "seller" is someone who "sells or contracts to sell goods." (Uniform Commercial Code § 2103(1)(d)). Thus, the fact that Western sold the True Fertilizer to Oceano is sufficient to make Western liable for Oceano's damages. Liability for the defects in the True Fertilizer is not limited to the manufacturer of the True Fertilizer.

3

amount of $368,396.40.[3] A summary of the current outstanding invoices issued to Oceano by Western is attached hereto as Exhibit G. Once again, I would like to stress that Oceano's damages from the contaminated fertilizer are very large, totaling over $1,000,000. In order to avoid the time and inconvenience of litigation, and in the hopes of maintaining its business relationship with Western, Oceano is willing to waive its claims against Western in return for Western's agreement to forgive Oceano's current account payable to Western in the amount of $368,396.40.

This settlement proposal will remain open for a period of 15 days from the date of this letter. If this offer is not accepted within that time period, Oceano will take appropriate legal action. My associate, Scott Allen, will be following up with you further to discuss Western's position on this matter, and hopefully reach an amicable solution.

ANASTASSIOU & ASSOCIATES

by: _____

Effie F. Anastassiou
Attorneys for Oceano Packing
Company, LLC

Enclosures

cc:    Oceano Packing Company, LLC

       Mr. Darin Chebot
       Western Farm Services, Inc.
       2502 Oakwood Drive
       Paso Robles, CA 93446

F:\OCA\Salmonella\Correspondence\Demand Letter.wpd

---

[3]  A significant amount of the account payable to Western involves Western's sale of the contaminated True Fertilizer to Oceano. Western's invoices for sales of the True Fertilizer to Oceano in 2007 (Exhibit A hereto) total approximately $59,945.56.

4

# EXHIBIT A



**The Best People**
**The Best Products**
**The Best Service**

# INVOICE

CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified, all bills
purchases made are payable in full upon receipt
the monthly billing statement. A FINANCE CHAR
will be assessed if payment of the new balar
shown on your monthly statement is not received
the date shown on the bottom of the statement.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
  805-238-3825

Please mail remittance to:
FILE 7304.
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53792-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl--Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| Oper-ID# | 40-07-40-22059 |

Invoice No | 651- 58553
Invoice Date | 6/01/07

Rec Made---)N1

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( | Gals. | | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|---|---|
| 23100.00  LB | 6401050 TRUE 10-5-2 BULK BAGS | N | Dry 706.0976 /TN | 8,155.43 | N | | Rig | State 04 | Sls 651 | Whs 651 |
| OR 11.5500 TNS | | | | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 8,155.43 | .00 | | 8,155.43 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





The Best People
The Best Products
The Best Service

# INVOICE

CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills for
purchases made are payable in full upon receipt of
the monthly billing statement. A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received by
the date shown on the bottom of the statment

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | | |
|---|---|---|
| Due Date | 7/20/07 | Invoice No | 651- 58554 |
| Account No | 5121569 | Invoice Date | 6/01/07 |
| W / O No. | 53800-0 D | |
| Cust. P.O. | | |
| Grower | | |
| Ship Date | 5/31/07 | Rec Made---->N1 |
| Ranch | | |
| Crop | | |
| Pest | | |
| Acres | | |
| Map | | |
| Site ID | | |
| Block | RANCH 25 | |
| Appl-Name | | |
| Appl-LicDt | | |
| Sales No. | 656 | |
| Oper ID# | 40-07-40-22059 | |

OCEANO PACKING CO LLC

PO BOX 458
OCEANO          . CA 93445

| Quantity | Product Description  / EPA# | Tax Code | Price   Amount | ( | Gals. | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|
| | | | Dry | Rig | State 04 | Sls 651 | Whs 651 |
| 22880.00  LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 8,077.76 | N | | | |
| OR   11.4400  TNS | | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 8,077.76 | .00 | | 8,077.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





WESTERN
FARM SERVICE

*The Best People*
*The Best Products*
*The Best Service*

# INVOICE

CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified all bills
purchases made are payable in full upon receipt
the monthly billing statement. A FINANCE CHARG
will be assessed if payment of the new balan
shown on your monthly statement is not received
the date shown on the bottom of the statment

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 7304;
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53803-0 D |
| Cust. P.O. | |
| Broker | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl—Name | |
| Appl—LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

Invoice No | 651- 58567
Invoice Date| 6/04/07

Rec Made--->N!

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA  93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|
| | | | Drv | | Rig | State 04 | Sls 651  Whs 651 |
| 16100.00  LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 5,684.09 | N | | |
| JR  8.0500 TNS | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 5,684.09 | .00 | | 5,684.09 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.



**WESTERN FARM SERVICE**

The Best People
The Best Products
The Best Service

# INVOICE

CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills for
purchases made are payable in full upon receipt of
the monthly billing statement A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received by
the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53812-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 6/01/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | RANCH 25 |
| Appl—Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

Invoice No | 651- 58650
Invoice Date | 6/07/07

Rec Made——IN1

-

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA  93445

DIRECT SHIPMENT TO RANCH 25

| Quantity | | Product Description / EPA# | Tax Code | Price | Amount | ( | Gals. | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Drv | | Rig | State 04 | Sls 651 | Whs 651 | |
| 52200.00 | LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 18,429.15 | N | | | | |
| OR 26.1000 | TNS | | | | | | | | | |

1040

| GROSS AMOUNT | | TAX | | LESS PRE-PAID | | INVOICE TOTAL | |
|---|---|---|---|---|---|---|---|
| 18,429.15 | | .00 | | | | 18,429.15 | |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.



CUSTOMER ORIGINAL

*The Best People*
*The Best Products*
*The Best Service*

**INVOICE**

SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills for
purchases made are payable in full upon receipt of
the monthly billing statement. A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received by
the date shown on the bottom of the statment.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
 805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60100
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 9/20/07 |
| Account No | 5121569 |
| W / O No. | 54600-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 7/27/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl—Name | |
| Appl—LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

Invoice No | 651- 59313
Invoice Date | 7/31/07

Rec Made—-)N1

OCEANO  PACKING  CO  LLC

PO  BOX  458
OCEANO              CA  93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( | Gals. | Price/Gal. ) |
|---|---|---|---|---|---|---|---|
| | | | Dry | | Rig | State 04 | Sls 651   Whs 651 |
| 4580.00   LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 732.9113 /TN | 1,678.37 | N | | |
| 2.2900 TNS | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 1,678.37 | .00 | | 1,678.37 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.



*The Best People*
*The Best Products*
*The Best Service*



CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills a
purchases made are payable in full upon receipt
the monthly billing statement. A FINANCE CHARG
will be assessed if payment of the new balanc
shown on your monthly statement is not received
the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 9/20/07 |
| Account No | 5121569 |
| W / O No. | 54645-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 8/01/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block - | DIRECT SHIPMENT R25 |
| Appl--Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

| | |
|---|---|
| Invoice No | 651- 59389 |
| Invoice Date | 8/13/07 |

Rec Made----)NI

OCEANO PACKING CO L.C

PO BOX 458
OCEANO                    CA  93445

DIRECT SHIPMENT TO RANCH 25

| Quantity | Product Description / EPA# | Tax Code | Price   Amount | ( Gals. | Price/Gal. ) |
|---|---|---|---|---|---|
| 50760.00 LB | 6401050 TRUE 10-5-2 BULK BAG! | N | 706.0976 /TN 17,920.76 | Rig    State 04    Sls 651   Whs 651 | |
| OR 25.3800 TNS | | Dry | | N | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 17,920.76 | .00 | | 17,920.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.

1040



4/17

# EXHIBIT B

07/05/2007 09:51 FAX 6054800441
JUL. 5. 2007 8:49AM   WESTERN FARM SERVICE, INC.
Case 5:08-cv-00839-JW   Document 123   Filed 03/28/2008   Page 14 of 72
FEED & TAYLOR
No. 8442   P. 2
@ 002



**ORGANIC PRODUCTS, INC**

January 16, 2007

To Whom It May Concern:

True Organic Products, Inc. prides itself on manufacturing 100% organic pelleted and liquid fertilizers. Our products do not contain any ammonia or non-protein forms of Nitrogen. We have files and receipts available for all inputs made to manufacture all of our fertilizers. We have been inspected by both the CDFA and the Natural Selection Group receiving excellent reviews from both organizations. We guarantee our products only contain NOP allowed ingredients.

True Organic Products, Inc. uses the windrow compost process for our aged chicken litter. NOP Rule: Section 205.203 (c) states: Animal and plant materials produced through a process that: (i) establish an initial C:N ration between 25:1 and 40:1, (ii) maintain a temperature between 131 °F and 170 °F for fifteen days using a windrow pile system. By utilizing the above process, our products containing chicken litter are considered a compost material and are not subject to the 120 day prior to harvest rule. We also carry a number of pelleted 100% organic fertilizers which do not contain any composted chicken litter and are also able to be applied to crops at any time.

In the process of pelleting our products, the temperature ranges between 195 °F and 205 °F. In the drying process, the temperature is maintained at a minimum of 350 °F for approximately 30 minutes to dry the material to a moisture level of less the 12%. Our liquid fertilizers are heated in excess of 150 °F for a minimum of 48 hours. Our manufacturing processes exceed all minimum standards for pathogen elimination.

All of our organic fertilizers are assigned lot numbers and are not released for sale until we receive a COA from a certified lab resulting in negative results for EHEC, E coli 0157, and Salmonella. The COA will accompany each load of fertilizer along with the bill of lading. If you have any further questions, please feel free to call.

Best regards,

Jake Evans

PO Box 124   Helm, CA 93627
**Office:** (559) 866-3001   **Fax:** (559) 866-3003

EXHIBIT C



# Analytical Results

6215 W Van Buren, Phoenix, AZ 85043, Phone 602/385-4030 Fax 602/385-4037

**Contact:** Mike Scanlan - Samantha Scanlan
**Customer:** SCANLAN FAMILY FARMS
11566 Hidden Hills Rd

Carmel Valley, CA 93924
**Phone:** 831-659-1562
**Fax:** 831-659-5674

**Report Number:** 07-51937

**Report Date:** 9/7/2007

**Samples Received:** 09/01/2007
**Start of Testing:** 09/01/2007
**Check Number:**
**PO Number:**

| Billing Code | Sample Date | Sample Number | Sample Description | Analyses - FSNS Method Number | Result | Units |
|---|---|---|---|---|---|---|
| SAL23 | 8/21/2007 | 1 | P 072307 N #12A Sm. Opening in Bag Composite Type: None | Salmonella MPN #30.1 (USDA-FSIS) | 0.020 | MPN/g |
| SAL23 | 8/21/2007 | 2 | A23 #2 Soil Composite Type: None | Salmonella MPN #30.1 (USDA-FSIS) | 0.17 | MPN/g |

| Sample Temperature Upon Receipt: | Room Temperature |
|---|---|
| Remarks: | Printed on: 01/07/2008 12:20:04 PM |

**Supervisor Approval By:** David Bosco

**Signature:**

# EXHIBIT D

# NEW STAR   JULY 2007--SEPT 2007

## SPINACH   25,000 LBS

| | | LBS | CONTRACT O/S |
|---|---|---|---|
| 7/3-7/8 | | 33888 | 8888 |
| 7/9-7/15 | | 0 | -25000 |
| 7/16-7/22 | | 0 | -25000 |
| 7/23-7/29 | | 10384 | -14616 |
| 7/30-8/5 | | 7360 | -17640 |
| 8/6-8/12 | | 0 | -25000 |
| 8/13-8/19 | | 40798 | 15798 |
| 8/20-8/26 | | 0 | -25000 |
| 8/27-9/2 | | 0 | -25000 |
| 9/3-9/9 | | 8952 | -16048 |
| 9/10-9/16 | | 7710 | -17290 |
| 9/17-9/23 | | 8885 | -16115 |
| 9/24-9/30 | | 7380 | -17620 |
| 10/1-10/7 | | 15490 | -9510 |
| 10/8-10/14 | | 9792 | -15208 |
| 10/15-10/21 | | 20082 | -4918 |
| 10/22-10/29 | | 19512 | -5488 |
| | | | |
| TOTAL | | 190233 | -234767 |

PER DOUG-DUMP LOAD

# EXHIBIT E

# STATE GARDEN JULY 25 2006--SEPT 2007

| | SPINACH LBS | REJ | O/S CONTRACT | SPRING MIX LBS | REJ | O/S CONTRACT | TOTAL LBS | 100,000 |
|---|---|---|---|---|---|---|---|---|
| 6/25-7/2 | 22571 | 8723 | -9429 | 35088 | 16521 | -32912 | 57659 | -42341 |
| 7/3-7/8 | 26866 | | -5134 | 50892 | 153 | -17108 | 77758 | -22242 |
| 7/9-7/15 | 26294 | | -5706 | 44779 | 9154 | -23221 | 71073 | -28927 |
| 7/16-7/22 | 12826 | | -19174 | 32432 | 1451 | -35568 | 45258 | -54742 |
| 7/23-7/29 | 34536 | | 2536 | 58341 | 3505 | -9669 | 92877 | -7123 |
| 7/30-8/5 | 32193 | | 193 | 57454 | | -10546 | 89847 | -10353 |
| 8/6-8/12 | 39454 | | 7454 | 57486 | | -10514 | 96940 | -3060 |
| 8/13-8/19 | 47655 | 13392 | 15655 | 54521 | | -13479 | 102176 | 2176 |
| 8/20-8/26 | 60649 | | 28649 | 79277 | | 11277 | 139926 | 39926 |
| 8/27-9/2 | 50779 | | 18779 | 67403 | 2266 | -597 | 118182 | 18182 |
| 9/3-9/9 | 30750 | | -1250 | 50347 | 2699 | -17653 | 81097 | -18903 |
| 9/10-9/16 | 11487 | | -20513 | 53516 | 6454 | -14484 | 65003 | -34997 |
| 9/17-9/23 | 6351 | | -25649 | 66925 | | -1075 | 73276 | -26724 |
| 9/24-9/30 | 20323 | | -11677 | 44405 | | -23595 | 64728 | -35272 |
| 10/1-10/7 | 19803 | | -12197 | 45271 | | -22729 | 65074 | -34926 |
| 10/8-10/14 | 15396 | | -16604 | 46059 | | -21941 | 61455 | -38545 |
| 10/15-10/21 | 26150 | | -5850 | 53971 | | -14029 | 80121 | -19879 |
| 10/22-10/28 | 38514 | | 6514 | 31787 | | -36213 | 70301 | -29699 |
| TOTAL LBS 6/25-10/28 | 522597 | 22115 | -53403 | 929954 | 42203 | -294046 | 1452551 | -347449 |

CONTRACT SHORT @ $.75 LBS
SPINACH        $   40,052.25
SPRING MIX  $ 220,534.50
TOTAL           $ 260,586.75

# EXHIBIT F

# TAYLOR FARMS
## ORGANIC CONTRACT 7/01/2007-11/25/07

| WEEK BEGINNING | INVOICE NUMBER | SPINACH CONTRACT 40,000 LBS | | | SPRING MIX CONTRACT 30,000 LBS | | | GRAND TOTAL | |
|---|---|---|---|---|---|---|---|---|---|
| | | TOTAL LBS | CONTRACT O/S | rejected | TOTAL LBS | CONTRACT O/S | rejected | | |
| JULY | | | | | | | | | |
| 7/1-7/7 | 100428 | 34330 | -5670 | 0 | 43548 | 13548 | 0 | 77878 | |
| 7/8-7/14 | 100433 | 25467 | -14533 | 0 | 42593 | 12593 | 1097 | 68060 | arugula |
| 7/15-7/21 | 100434 | 35738 | -4262 | 0 | 40603 | 10603 | 0 | 76341 | |
| 7/22-7/28 | 100439 | 39280 | -720 | 0 | 44886 | 14886 | 2301 | 84166 | |
| 7/29-8/4 | 100441 | 42858 | 2858 | 0 | 30482 | 482 | 0 | 73340 | green romaine |
| CONTRACT SHORT | | | -22327 | | OVER | 52112 | 3398 | | |
| AUGUST | | | | | | | | | |
| 8/5-8/11 | 100445 | 0 | -40000 | 0 | 26462 | -3538 | 0 | 26462 | |
| 8/12-8/18 | 100451 | 0 | -33194 | 6806 | 13670 | -16330 | 0 | 13670 | |
| 8/20-8/26 | | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 | spinach |
| 8/27-9/2 | | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 | |
| CONTRACT SHORT | | | -160000 | | | -79868 | | | |
| SEPTEMBER | | | | | | | | | |
| 9/3-9/9 | | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 | |
| 9/10-9/16 | 100483 | 10380 | -29620 | 0 | 31800 | 1800 | 0 | 42180 | |
| 9/17-9/23 | | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 | |
| 9/24-9/30 | 100514 | 16442 | -23558 | 0 | 0 | -30000 | 0 | 16442 | |
| CONTRACT SHORT | | | -133178 | | | -88200 | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| OCTOBER | | | | | | | | |
| 10/1-10/7 | 100508 | 10635 | -29365 | 0 | 3545 | -26455 | 0 | 14180 |
| 10/8-10/13 | 100513 | 12003 | -27997 | 0 | 4383 | -25617 | 0 | 16386 |
| 10/14-10/20 | 100523 | 39007 | -993 | 0 | 6333 | -23667 | 0 | 45340 |
| CONTRACT SHORT | | | -58355 | | | -75739 | | |
| NOVEMBER | | | | | | | | |
| 10/22-10/28 | 100531 | 34911 | -5089 | 0 | 2143 | -27857 | 0 | 370054 |
| 10/29-11/4 | | 0 | -40000 | 0 | | -30000 | 0 | 0 |
| 11/5--11/11 | 100542 | 38986 | -1014 | 0 | | -30000 | 0 | 38986 |
| 11/12-11/18 | 100547 | 22846 | -17154 | 0 | 19486 | -10514 | 0 | 42332 |
| 11/19-11/25 | | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 |
| CONTRACT SHORT | | | -103257 | | | -128371 | | |
| GRAND TOTAL | | 362883 | | | 309934 | | | 672817 |

**TOTAL**

**CONTRACT SHORT**

| spinach | lbs | price $.75 | |
|---|---|---|---|
| Jul-07 | 22,327 | $ 16,745.25 | |
| Aug-07 | 160,000 | $ 120,000.00 | |
| Sep-07 | 133,178 | $ 99,883.50 | |
| Oct-07 | 58,355 | $ 43,766.25 | |
| Nov-07 | 103,257 | $ 77,442.75 | ONLY HAS 10/1-10/21 |

| spring mix | | | |
|---|---|---|---|
| Jul-07 | 0 | 0 | |
| Aug-07 | 79,868 | $ 59,901.00 | |
| Sep-07 | 88,200 | $ 66,150.00 | |
| Oct-07 | 75,739 | $ 56,804.25 | |
| Nov-07 | 128,371 | $ 96,278.25 | ONLY HAS 10/1-10/21 |

| CONTRACT SHORT | INVOICE # | |
|---|---|---|
| Jul-07 | 100497 | $ 16,745.25 |
| Aug-07 | 100500 | $ 179,901.00 |
| Sep-07 | 100501 | $ 166,033.50 |
| Oct-07 | 100524 | $ 100,570.50 |
| Nov-07 | 100556 | $ 173,721.00 |

# EXHIBIT G

Purchase Orders, Unpaid Vouchers and Payments

OCEANO PACKING COMPANY LLC

| Check | Check Date | Invoice No | Invoice Date | Voucher | Due Date | Stub Description | Src | PO # | PO Date | Net/Paid |
|---|---|---|---|---|---|---|---|---|---|---|
| **WESTERN FARM SERVICE** | | | ID: W010 | | | | | | | |
| **Unpaid Vouchers** | | | | | | | | | | |
| | | 651-56948 | Sep 23, 2007 | 11918 | Oct 18, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 17,161.65 |
| | | 651-57484 | Feb 13, 2007 | 9291 | Mar 10, 2007 | GREEN ONIONS-SHANC | Voucher | | | 583.09 |
| | | 651-57784 | Mar 23, 2007 | 9695 | Apr 17, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 4,269.85 |
| | | 651-57932 | Apr 10, 2007 | 9956 | May 05, 2007 | FERTILIZERS | Voucher | | | 532.95 |
| | | 651-58360 | May 17, 2007 | 10358 | Jun 11, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 800.65 |
| | | 651-58386 | May 21, 2007 | 10385 | Jun 15, 2007 | FERTILIZER | Voucher | | | 15,555.00 |
| | | 651-58387 | May 21, 2007 | 10386 | Jun 15, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 351.48 |
| | | 651-58388 | May 21, 2007 | 10387 | Jun 15, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,535.80 |
| | | 651-58389 | May 21, 2007 | 10388 | Jun 15, 2007 | ONIONS SEED | Voucher | | | 1,565.89 |
| | | 651-58390 | May 21, 2007 | 10384 | Jun 15, 2007 | ONIONS SEED | Voucher | | | 1,884.25 |
| | | 651-58436 | May 16, 2007 | 10404 | Jun 10, 2007 | RANCH 26 | Voucher | | | 7,024.34 |
| | | 651-58454 | May 23, 2007 | 10421 | Jun 17, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 10,097.16 |
| | | 651-58455 | May 23, 2007 | 10420 | Jun 17, 2007 | HERBICIDES | Voucher | | | 2,144.23 |
| | | 651-58483 | May 29, 2007 | 10441 | Jun 23, 2007 | FERTILIZER | Voucher | | | 15,457.99 |
| | | 651-58553 | Jun 01, 2007 | 10520 | Jun 26, 2007 | FERTILIZER | Voucher | | | 8,155.43 |
| | | 651-58554 | Jun 01, 2007 | 10519 | Jun 26, 2007 | FERTILIZERS | Voucher | | | 8,077.76 |
| | | 651-58567 | Jun 04, 2007 | 10526 | Jun 29, 2007 | FERTILIZER | Voucher | | | 5,684.09 |
| | | 651-58650 | Jun 07, 2007 | 10625 | Jul 02, 2007 | RANCH 25-FERTILIZERS | Voucher | | | 18,429.15 |
| | | 651-58651 | Jun 07, 2007 | 10626 | Jul 02, 2007 | HERBICIDES | Voucher | | | 1,158.30 |
| | | 651-58706 | Jun 14, 2007 | 10639 | Jul 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 4,960.20 |
| | | 651-58809 | Jun 20, 2007 | 10690 | Jul 15, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 9,456.13 |
| | | 651-58906 | Jun 28, 2007 | 10753 | Jul 23, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 11,069.89 |
| | | 651-58976 | Jul 03, 2007 | 10840 | Jul 28, 2007 | HERBICIDES | Voucher | | | 1,516.92 |
| | | 651-59020 | Jul 09, 2007 | 10902 | Aug 03, 2007 | FERTILIZERS | Voucher | | | 1,990.24 |
| | | 651-59033 | Jul 11, 2007 | 10913 | Aug 05, 2007 | FERTILIZER | Voucher | | | 14,586.82 |
| | | 651-59099 | Jul 12, 2007 | 10938 | Aug 06, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,451.33 |
| | | 651-59137 | Jul 16, 2007 | 11024 | Aug 10, 2007 | FERTILIZERS | Voucher | | | 272.87 |
| | | 651-59173 | Jul 18, 2007 | 11001 | Aug 12, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,795.47 |
| | | 651-59174 | Jul 19, 2007 | 11002 | Aug 13, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 8,522.38 |
| | | 651-59225 | Jul 24, 2007 | 11037 | Aug 18, 2007 | FERTILIZERS | Voucher | | | 995.12 |
| | | 651-59312 | Jul 26, 2007 | 11126 | Aug 20, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,954.99 |
| | | 651-59313 | Jul 31, 2007 | 11127 | Aug 25, 2007 | FERTILIZER | Voucher | | | 1,878.37 |
| | | 651-59314 | Jul 31, 2007 | 11128 | Aug 25, 2007 | FERTILIZER | Voucher | | | 1,990.24 |
| | | 651-59338 | Aug 01, 2007 | 11218 | Aug 26, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 749.06 |
| | | 651-59340 | Aug 01, 2007 | 11220 | Aug 26, 2007 | FERTILIZER | Voucher | | | 8,028.33 |
| | | 651-59389 | Aug 13, 2007 | 11297 | Sep 07, 2007 | FERTILIZER | Voucher | | | 17,920.76 |
| | | 651-59390 | Aug 13, 2007 | 11298 | Sep 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 7,393.08 |
| | | 651-59391 | Aug 13, 2007 | 11299 | Sep 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 14,556.89 |
| | | 651-59432 | Aug 17, 2007 | 11355 | Sep 11, 2007 | HERBICIDES | Voucher | | | 1,932.25 |
| | | 651-59433 | Aug 17, 2007 | 11356 | Sep 11, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 7,379.51 |
| | | 651-59467 | Aug 22, 2007 | 11370 | Sep 16, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,817.02 |
| | | 651-59478 | Aug 26, 2007 | 11420 | Sep 20, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,851.95 |
| | | 651-59499 | Aug 30, 2007 | 11513 | Sep 24, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 764.53 |
| | | 651-59501 | Aug 30, 2007 | 11515 | Sep 24, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 5,066.24 |
| | | 651-59524 | Sep 05, 2007 | 11659 | Sep 30, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,667.27 |
| | | 651-59525 | Sep 05, 2007 | 11660 | Sep 30, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 545.10 |
| | | 651-59539 | Sep 07, 2007 | 11653 | Oct 02, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 14,536.13 |
| | | 651-59561 | Sep 12, 2007 | 11661 | Oct 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,112.47 |
| | | 651-59562 | Sep 12, 2007 | 11662 | Oct 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,228.40 |
| | | 651-59563 | Sep 12, 2007 | 11663 | Oct 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 459.48 |
| | | 651-59572 | Sep 13, 2007 | 11654 | Oct 08, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 15,496.71 |
| | | 651-59573 | Sep 13, 2007 | 11655 | Oct 08, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,233.84 |
| | | 651-59574 | Sep 13, 2007 | 11656 | Oct 08, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 10,129.88 |
| | | 651-59575 | Sep 13, 2007 | 11657 | Oct 08, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 7,589.89 |
| | | 651-59583 | Sep 14, 2007 | 11728 | Oct 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 14,629.50 |
| | | 651-59604 | Sep 21, 2007 | 11879 | Oct 16, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 6,071.95 |
| | | 651-59605 | Sep 21, 2007 | 11880 | Oct 16, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 21,432.49 |

Dec 27, 2007 09:55:45

## Purchase Orders, Unpaid Vouchers and Payments

### OCEANO PACKING COMPANY LLC

| Check | Check Date | Invoice No | Invoice Date | Voucher | Due Date | Stub Description | Src | PO # | PO Date | Net/Paid |
|---|---|---|---|---|---|---|---|---|---|---|
| **WESTERN FARM SERVICE** | | | ID: W010 | | | | | | | |
| **Unpaid Vouchers** | | | | | | | | | | |
| | | 651-59622 | Sep 23, 2007 | 11878 | Oct 18, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,147.71 |
| | | 651-59689 | Oct 02, 2007 | 11899 | Oct 27, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,199.77 |
| | | 651-59723 | Oct 05, 2007 | 12012 | Oct 30, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 21.06 |
| | | 651-59757 | Oct 11, 2007 | 12013 | Nov 05, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 15,617.42 |
| | | 651-59777 | Oct 15, 2007 | 12074 | Nov 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 856.98 |
| | | 651-60118 | Dec 04, 2007 | 12588 | Dec 29, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 250.70 |
| | | | Total Gross: | 368,396.40 | Total Discount: | .00 | Total Net: | | .00 | 368,396.40 |
| **Paid Voucher** | | | | | | | | | | |
| 12241 | Apr 06, 2007 | 651-57253 | Dec 11, 2006 | 7982 | Jan 05, 2007 | SOIL/LEAF/WATER/TISS | Voucher | | | 384.00 |
| 12271 | Apr 13, 2007 | 651-57398 | Jan 22, 2007 | 8840 | Feb 16, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 774.97 |
| 12271 | Apr 13, 2007 | 651-57403 | Jan 24, 2007 | 8860 | Feb 18, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 498.83 |
| 12271 | Apr 13, 2007 | 651-57419 | Jan 30, 2007 | 8915 | Feb 24, 2007 | PQC BAIT | Voucher | | | 672.01 |
| 12490 | Jun 01, 2007 | 609-240494 | Feb 09, 2007 | 9229 | Mar 06, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,433.02 |
| 12490 | Jun 01, 2007 | 609-240972 | Feb 16, 2007 | 9282 | Mar 13, 2007 | FERTILIZER -129 SIDEM | Voucher | | | 1,967.18 |
| 12490 | Jun 01, 2007 | 609-241742 | Feb 21, 2007 | 9522 | Mar 18, 2007 | FERTILIZERS | Voucher | | | 4,874.00 |
| 12635 | Jun 15, 2007 | 651-57404 | Jan 24, 2007 | 10259 | Feb 18, 2007 | ONIONS | Voucher | | | 598.53 |
| 12635 | Jun 15, 2007 | 651-57430 | Feb 01, 2007 | 9004 | Feb 26, 2007 | BIOLIZER | Voucher | | | 668.33 |
| 12635 | Jun 15, 2007 | 651-57431 | Feb 01, 2007 | 9003 | Feb 26, 2007 | PCQ BAIT | Voucher | | | 672.01 |
| 12635 | Jun 15, 2007 | 651-57483 | Feb 13, 2007 | 9290 | Mar 10, 2007 | GREEN ONIONS-SHANE | Voucher | | | 485.88 |
| 12635 | Jun 15, 2007 | 651-57491 | Feb 16, 2007 | 9231 | Mar 13, 2007 | HERBICIDES/ MISC | Voucher | | | 940.08 |
| 12667 | Jun 29, 2007 | 651-57508 | Feb 20, 2007 | 9283 | Mar 17, 2007 | FERTILIZERS | Voucher | | | 12,132.13 |
| 12667 | Jun 29, 2007 | 651-57509 | Feb 20, 2007 | 9609 | Mar 17, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 297.42 |
| 12667 | Jun 29, 2007 | 651-57519 | Feb 21, 2007 | 9295 | Mar 18, 2007 | HERBICIDES | Voucher | | | 3,485.90 |
| 12667 | Jun 29, 2007 | 651-57565 | Mar 03, 2007 | 9465 | Mar 28, 2007 | RUSSELL GREEN ONIOI | Voucher | | | 559.62 |
| 12667 | Jun 29, 2007 | 651-57566 | Mar 03, 2007 | 9466 | Mar 28, 2007 | BLECH GREEN ONION | Voucher | | | 671.63 |
| 12667 | Jun 29, 2007 | 651-57567 | Mar 03, 2007 | 9467 | Mar 28, 2007 | HERBICIDES | Voucher | | | 1,481.36 |
| 12667 | Jun 29, 2007 | 651-57568 | Mar 03, 2007 | 9468 | Mar 28, 2007 | FERTILIZERS | Voucher | | | 6,134.92 |
| 12667 | Jun 29, 2007 | 651-57597 | Mar 07, 2007 | 9523 | Apr 01, 2007 | HERBICIDES | Voucher | | | 551.50 |
| 12667 | Jun 29, 2007 | 651-57598 | Mar 07, 2007 | 9527 | Apr 01, 2007 | INSECTICIDES--129 | Voucher | | | 380.84 |
| 12667 | Jun 29, 2007 | 651-57638 | Mar 09, 2007 | 9551 | Apr 03, 2007 | FERTILIZERS-RANCH 2: | Voucher | | | 6,852.80 |
| 12667 | Jun 29, 2007 | 651-57639 | Mar 09, 2007 | 9552 | Apr 03, 2007 | FERTILIZER -RANCH 26 | Voucher | | | 6,853.06 |
| 12667 | Jun 29, 2007 | 651-57640 | Mar 09, 2007 | 9553 | Apr 03, 2007 | FERTILIZER | Voucher | | | 1,344.92 |
| 12667 | Jun 29, 2007 | 651-57647 | Mar 12, 2007 | 9554 | Apr 06, 2007 | FERTILIZER | Voucher | | | 7,050.00 |
| 13464 | Jan 26, 2007 | 609-236706 | Dec 14, 2006 | 8101 | Jan 08, 2007 | LISTING NEWSIDE 39A | Voucher | | | 1,537.50 |
| 14051 | Aug 06, 2007 | 651-57662 | Mar 13, 2007 | 9606 | Apr 07, 2007 | FERTILIZER-RANCH 25 | Voucher | | | 14,642.01 |
| 14051 | Aug 06, 2007 | 651-57663 | Mar 13, 2007 | 9607 | Apr 07, 2007 | FERTILIZER | Voucher | | | 5,174.40 |
| 14051 | Aug 06, 2007 | 651-57664 | Mar 13, 2007 | 9608 | Apr 07, 2007 | FERTILIZER | Voucher | | | 5,174.40 |
| 14051 | Aug 06, 2007 | 651-57683 | Mar 15, 2007 | 9641 | Apr 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,111.20 |
| 14051 | Aug 06, 2007 | 651-57684 | Mar 15, 2007 | 9638 | Apr 09, 2007 | FERTILIZER | Voucher | | | 8,870.40 |
| 14051 | Aug 06, 2007 | 651-57685 | Mar 15, 2007 | 9639 | Apr 09, 2007 | HERBICIDES | Voucher | | | 289.58 |
| 14051 | Aug 06, 2007 | 651-57698 | Mar 15, 2007 | 9637 | Apr 09, 2007 | FERTILIZER | Voucher | | | 7,392.00 |
| 14051 | Aug 06, 2007 | 651-57699 | Mar 15, 2007 | 9640 | Apr 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,157.44 |
| 14113 | Aug 17, 2007 | 651-57714 | Mar 17, 2007 | 9658 | Apr 11, 2007 | RUSSELL ONIONS | Voucher | | | 460.15 |
| 14113 | Aug 17, 2007 | 651-57715 | Mar 17, 2007 | 9657 | Apr 11, 2007 | RUSSELL--ONIONS | Voucher | | | 1,042.73 |
| 14113 | Aug 17, 2007 | 651-57716 | Mar 17, 2007 | 9656 | Apr 11, 2007 | BLECH ONIONS | Voucher | | | 1,251.45 |
| 14113 | Aug 17, 2007 | 651-57717 | Mar 17, 2007 | 9659 | Apr 11, 2007 | SPINACH -BLECH | Voucher | | | 1,233.13 |
| 14113 | Aug 17, 2007 | 651-57718 | Mar 17, 2007 | 9660 | Apr 11, 2007 | SPINACH--BLECH RANC | Voucher | | | 1,929.67 |
| 14113 | Aug 17, 2007 | 651-57727 | Mar 19, 2007 | 9674 | Apr 13, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,127.63 |
| 14113 | Aug 17, 2007 | 651-57804 | Mar 25, 2007 | 9819 | Apr 19, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 435.88 |
| 14113 | Aug 17, 2007 | 651-57805 | Mar 23, 2007 | 9820 | Apr 17, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 4,240.70 |
| 14113 | Aug 17, 2007 | 651-57817 | Mar 24, 2007 | 9824 | Apr 18, 2007 | HERBICIDES | Voucher | | | 749.06 |
| 4113 | Aug 17, 2007 | 651-57841 | Mar 26, 2007 | 9825 | Apr 20, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,757.72 |
| 4113 | Aug 17, 2007 | 651-57842 | Mar 28, 2007 | 9834 | Apr 22, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,661.94 |
| 4113 | Aug 17, 2007 | 651-57864 | Mar 20, 2007 | 9833 | Apr 14, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,100.04 |
| 4113 | Aug 17, 2007 | 651-57865 | Mar 30, 2007 | 9832 | Apr 24, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,320.11 |
| 4113 | Aug 17, 2007 | 651-57866 | Mar 31, 2007 | 9821 | Apr 25, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,129.08 |

## Purchase Orders, Unpaid Vouchers and Payments

### OCEANO PACKING COMPANY LLC

| Check | Check Date | Invoice No | Invoice Date | Voucher | Due Date | Stub Description | Src | PO # | PO Date | Net/Paid |
|---|---|---|---|---|---|---|---|---|---|---|
| **WESTERN FARM SERVICE** | | | **ID:  W010** | | | | | | | |
| **Paid Voucher** | | | | | | | | | | |
| 14172 | Aug 24, 2007 | 651-57868 | Apr 02, 2007 | 9822 | Apr 27, 2007 | FERTILIZERS | Voucher | | | 411.39 |
| 14172 | Aug 24, 2007 | 651-57891 | Apr 05, 2007 | 9911 | Apr 30, 2007 | HERBICIDES | Voucher | | | 489.17 |
| 14172 | Aug 24, 2007 | 651-57913 | Mar 23, 2007 | 9933 | Apr 17, 2007 | RANCH 25 | Voucher | | | 16,262.40 |
| 14504 | Oct 19, 2007 | 651-57867 | Apr 02, 2007 | 9823 | Apr 27, 2007 | HERBICIDES | Voucher | | | 469.48 |
| 14504 | Oct 19, 2007 | 651-57890 | Apr 02, 2007 | 9910 | Apr 27, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,975.05 |
| 14504 | Oct 19, 2007 | 651-57914 | Apr 04, 2007 | 9931 | Apr 29, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,820.70 |
| 14504 | Oct 19, 2007 | 651-57931 | Apr 10, 2007 | 9957 | May 05, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,166.66 |
| 14504 | Oct 19, 2007 | 651-58016 | Apr 18, 2007 | 10011 | May 13, 2007 | HERBICIDE | Voucher | | | 483.80 |
| 14504 | Oct 19, 2007 | 651-58026 | Apr 19, 2007 | 10009 | May 14, 2007 | ONIONS | Voucher | | | 840.25 |
| 14504 | Oct 19, 2007 | 651-58027 | Apr 19, 2007 | 10010 | May 14, 2007 | HERBICIDES | Voucher | | | 821.05 |
| 14504 | Oct 19, 2007 | 651-58264 | May 11, 2007 | 10321 | Jun 05, 2007 | GLOVES | Voucher | | | 28.67 |
| 14506 | Oct 19, 2007 | 651-57999 | Apr 17, 2007 | 9999 | May 12, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,025.99 |
| 14506 | Oct 19, 2007 | 651-58025 | Apr 19, 2007 | 10008 | May 14, 2007 | ONIONS SEED | Voucher | | | 1,535.24 |
| 14506 | Oct 19, 2007 | 651-58161 | May 02, 2007 | 10236 | May 27, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 4,230.86 |
| 14506 | Oct 19, 2007 | 651-58220 | May 08, 2007 | 10255 | Jun 02, 2007 | HERBICIDES | Voucher | | | 579.15 |
| 14506 | Oct 19, 2007 | 651-58232 | May 09, 2007 | 10268 | Jun 03, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,370.05 |
| 14506 | Oct 19, 2007 | 651-58808 | Jun 20, 2007 | 10691 | Jul 15, 2007 | CREDIT-RANCH 22 | Voucher | | | -809.62 |
| 14506 | Oct 19, 2007 | 651-59339 | Aug 01, 2007 | 11219 | Aug 26, 2007 | CREDIT-FERTLIZER | Voucher | | | -789.19 |
| 14506 | Oct 19, 2007 | 651-59392 | Aug 13, 2007 | 11300 | Sep 07, 2007 | CREDIT | Voucher | | | -426.52 |
| 14506 | Oct 19, 2007 | 651-59500 | Aug 30, 2007 | 11514 | Sep 24, 2007 | CREDIT | Voucher | | | -4,519.02 |
| 14506 | Oct 19, 2007 | 651-59523 | Sep 05, 2007 | 11658 | Sep 30, 2007 | CREDIT | Voucher | | | -662.52 |
| 14506 | Oct 19, 2007 | 651-59706 | Oct 04, 2007 | 12011 | Oct 29, 2007 | FUNGICIDES/INSECTICI | Voucher | | | -2,135.91 |
| 14641 | Nov 16, 2007 | 651-58061 | Apr 24, 2007 | 10055 | May 19, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 8,703.24 |
| 14641 | Nov 16, 2007 | 651-58178 | May 03, 2007 | 10237 | May 28, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 7,944.39 |
| 14641 | Nov 16, 2007 | 651-58233 | May 09, 2007 | 10269 | Jun 03, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 12,851.53 |
| 14641 | Nov 16, 2007 | 651-58325 | May 15, 2007 | 10338 | Jun 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 5,663.10 |
| 14641 | Nov 16, 2007 | 651-58326 | May 15, 2007 | 10339 | Jun 09, 2007 | WATER/SOIL/LEAF ANA | Voucher | | | 84.00 |
| 14641 | Nov 16, 2007 | 651-58327 | May 15, 2007 | 10340 | Jun 09, 2007 | SOIL/LEAF/WATER/TISS | Voucher | | | 210.00 |
| 14641 | Nov 16, 2007 | 651-58545 | May 31, 2007 | 10521 | Jun 25, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 12,328.93 |
| 14815 | Dec 14, 2007 | 651-58610 | Jun 06, 2007 | 10579 | Jul 01, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 9,276.17 |
| 14815 | Dec 14, 2007 | 651-58845 | Jun 22, 2007 | 10708 | Jul 17, 2007 | RESPIRATOR/GLOVES/( | Voucher | | | 91.63 |
| 14815 | Dec 14, 2007 | 651-58858 | Jun 24, 2007 | 10745 | Jul 19, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 640.66 |
| | | | Total Gross: | 220,494.01 | Total Discount: | .00 | Total Net: | 220,494.01 | | 220,494.01 |
| **Grand Totals:** | | | Gross: | 588,890.41 | Discount: | .00 | Net: | 220,494.01 | | 588,890.41 |

# EXHIBIT B



**Anastassiou & Associates**
**Attorneys at Law**

<u>Salinas Office</u>
EFFIE F. ANASTASSIOU
effieesq@salinasaglaw.com

<u>Associate Attorneys</u>
DENIS KLAVDIANOS
denisesq@salinasaglaw.com

SCOTT J. ALLEN
scottesq@salinasaglaw.com

<u>Of Counsel</u>
ANTHONY CARY
anthonycesq@juno.com

SalinasAgLaw.com

Courier: 242 Capitol Street
Salinas, CA 93901
Mailing: P.O. Box 2210, Salinas, CA 93902

Tel. (831) 754-2501
Fax: (831) 754-0621

<u>Pismo Beach Branch Office</u>
1035 Longview Avenue
Pismo Beach, CA*
Tel. (805)773-0750
Fax (805) 773-0751
*All correspondence must
be sent to Salinas Office

<u>Of Counsel - Santa Maria</u>
RICHARD C. BRENNEMAN
brenneman@bjalaw.net
Tel. (805) 922-4553
Fax (805) 928-7262

January 10, 2008

<u>Via Facsimile and U. S. Mail</u>
Mr. John Patino
Branch Manager
Western Farm Services, Inc.
1335 West Main Street
Santa Maria, CA 93456

Mr. Jim Dana
Western Farm Services, Inc.
712 East Chapel Street
Santa Maria, CA 93454

Re:   **Oceano Packing Company, LLC v. Western Farm Services**
      **Demand for Immediate Return of Agricultural Chemical and Fertilzers**

Dear Messrs. Patino and Dana:

As you are aware, this law office represents Oceano Packing Company, LLC ("Oceano"), with respect to its claims against Western Farm Services, Inc. ("Western") stemming from Western's sale of salmonella-contaminated fertilizer to Oceano in 2007. Today, I received extremely disturbing news from my client regarding actions taken by Western shortly after Western received my January 9, 2008 settlement letter seeking amicable resolution of the disputes between the parties. The details are set forth below and require immediate attention on your part.

Today, Mr. Darin Chebot, who was copied on my previous letter, "took the law into his own hands". He acted in a manner which is contrary to California law and which will subject Western to liability for trespass and conversion, among other claims. Specifically, Mr. Chebot came out today to Oceano's leased property in Shandon, the Blech Ranch (the "Ranch"), and told the farm manager that he was coming to get Western agricultural chemical products because he had just learned from correspondence that Oceano "was not going to pay for them." Apparently, Mr. Chebot was referring to my confidential settlement demand letter.

1

Mr. Chebot then proceeded to take a fertilizer tank off of the Ranch with 200 gallons of fertilizer still in it (as well as 3 empty tanks), and then to rummage through Oceano's chemical storage shed and to take a number of different agricultural chemicals which Mr. Chebot told Oceano's farm manager that Oceano had "not paid Western for." In fact, it is not even clear that those products taken were sold to Oceano by Western, as Oceano also deals with many other vendors. Oceano's farm manager assumed that Mr. Chebot had been given authority to take this action by Oceano's management, and therefore allowed Mr. Chebot to proceed to take all of these items and leave the Ranch. He did have Mr. Chebot sign a sheet describing what he took, which I will be forwarding to you tomorrow, immediately upon receipt.

In fact, Mr. Chebot's actions were not authorized by Oceano's management, and constituted trespass and conversion. In order to resolve my client's claims for trespass and conversion, Western must immediately return all of the agricultural chemicals and fertilizers that Western took off the Ranch today. I would expect that such action will be taken by tomorrow. If Western complies with this request, then my client will not seek damages for the actions which occurred today.

You should be aware that under California law Oceano has a right to offset the large amount of damages it has suffered from the contaminated Salmonella fertilizer supplied by Western, against amounts owed to Western by Ocean for agricultural chemical supplied by Western. Under California Code of Civil Procedure §431.70, Oceano is specifically allowed to assert its claim relating to the Salmonella contamination as a defense against any claims made by Western for payment for the agricultural chemicals. In addition, California Code of Civil Procedure §918.5 specifically authorizes a court to stay the enforcement of a judgment or order if the judgment debtor has another action pending on a disputed claim against the judgment creditor.

Finally, acts of self help prohibited by California law are hardly a manner in which to conduct good faith settlement negotiations. My associate, Scott Allen, will be calling you tomorrow, to determine whether any settlement discussions will be able to proceed between Oceano and Western, or if court action is the only option.

ANASTASSIOU & ASSOCIATES

by: _____

Effie F. Anastassiou
Attorneys for Oceano Packing
Company, LLC

cc:    Oceano Packing Company, LLC

Mr. Darin Chebot
Western Farm Services, Inc.
2502 Oakwood Drive
Paso Robles, CA 93446

F:\OCA\Salmonella\Correspondence\Demand Letter.Re Return of Products.wpd

# EXHIBIT C



Anastassiou & Associates
Attorneys at Law

**Salinas Office**
EFFIE F. ANASTASSIOU
effieesq@salinasaglaw.com

**Associate Attorneys**
DENIS KLAVDIANOS
denisesq@salinasaglaw.com

SCOTT J. ALLEN
scottesq@salinasaglaw.com

**Of Counsel**
ANTHONY CARY
anthonycesq@juno.com

SalinasAgLaw.com

Courier: 242 Capitol Street
Salinas, CA 93901
Mailing: P.O. Box 2210, Salinas, CA 93902

Tel. (831) 754-2501
Fax: (831) 754-0621
January 11, 2008

**Pismo Beach Branch Office**
1035 Longview Avenue
Pismo Beach, CA*
Tel. (805)773-0750
Fax (805) 773-0751
*All correspondence must
be sent to Salinas Office

**Of Counsel - Santa Maria**
RICHARD C. BRENNEMAN
brenneman@bjalaw.net
Tel. (805) 922-4553
Fax (805) 928-7262

**Via Facsimile and U. S. Mail**
Dale Dorfmeier, Esq.
Petrie, Dorfmeier and Morris
2014 Tulare Street, Suite 830
Fresno, California 93721
Telephone: 559-498-6522
Fax: 559-498-6516

Re:   Oceano Packing Company, LLC v. Western Farm Services, Inc.

Dear Mr. Dorfmeier:

This law firm represents Oceano Packing Company, LLC ("Oceano"). I was directed to you by Mr. John Patino of Western Farm Services, Inc. ("Western") and was told that you represent Western.

On January 9, 2008, our office sent Western a letter, a copy of which is attached hereto as Exhibit A, outlining the basis for a legal claim arising from Western's sale of salmonella-contaminated fertilizer to Oceano and outlining the terms of a proposed settlement of that claim.

Please contact me as soon as possible and advise me whether or not Western is willing to negotiate a settlement of Oceano's salmonella claim in the manner outlined in my January 9, 2008 letter, or, alternatively, whether Oceano should proceed to file its claim.

As you can see, that January 9, 2008 letter was directed to John Patino and Jim Dana of Western, and copied to Mr. Darin Chebot, also an employee of Western. That letter was sent as a good faith offer by Oceano to resolve the salmonella claim amicably and without the need for litigation. However, yesterday, January 10, 2008, our office sent a letter (a copy of which is attached hereto as Exhibit B) to Western describing certain

1

unlawful actions taken by Mr. Darin Chebot in response to Oceano's good faith settlement proposal. As described more fully in that letter, Mr. Darin Chebot unlawfully "took the law into his own hands" by trespassing onto Oceano's leased ranch and removing property owned by Oceano without permission. Oceano's farm manager had Mr. Chebot initial a hand-written list (attached hereto as Exhibit C) of the property that Mr. Chebot took from the ranch. A typed version of that list is also attached hereto as Exhibit D for your reference.

Oceano hereby again demands that Western return the property that was unlawfully removed by Mr. Chebot. Further, I ask that you advise your client to refrain from any further unlawful acts of self-help. Any further unlawful acts of this sort will not be tolerated by Oceano and will serve as a basis for additional claims for damages against Western.

I look forward to your prompt response.

Very truly yours,

ANASTASSIOU & ASSOCIATES

By: _____

Scott J. Allen, Esq., Attorneys for
Oceano Packing Company, LLC

Enclosures as Stated

cc:    Oceano Packing Company, LLC

F:\OCA\Salmonella\Correspondence\01.11.08 Dorfmeier.wpd

2

EXHIBIT A



Anastassiou & Associates
Attorneys at Law

**Salinas Office**
EFFIE F. ANASTASSIOU
effieesq@salinasaglaw.com

**Associate Attorneys**
DENIS KLAVDIANOS
denisesq@salinasaglaw.com

SCOTT J. ALLEN
scottesq@salinasaglaw.com

**Of Counsel**
ANTHONY CARY
anthonycesq@juno.com

SalinasAgLaw.com

Courier: 242 Capitol Street
Salinas, CA 93901
Mailing: P.O. Box 2210, Salinas, CA 93902

Tel. (831) 754-2501
Fax: (831) 754-0621

**Pismo Beach Branch Office**
1035 Longview Avenue
Pismo Beach, CA*
Tel. (805)773-0750
Fax (805) 773-0751
*All correspondence must
be sent to Salinas Office

**Of Counsel - Santa Maria**
RICHARD C. BRENNEMAN
brenneman@bjalaw.net
Tel. (805) 922-4553
Fax (805) 928-7262

**CONFIDENTIAL SETTLEMENT DEMAND**

January 9, 2008

<u>Via Facsimile and U. S. Mail</u>
Mr. John Patino
Branch Manager
Western Farm Services, Inc.
1335 West Main Street
Santa Maria, CA 93456

Mr. Jim Dana
Western Farm Services, Inc.
712 East Chapel Street
Santa Maria, CA 93454

     Re:   **Oceano Packing Company, LLC v. Western Farm Services
           Salmonella Contamination
           Demand for Settlement**

Dear Messrs. Patino and Dana:

       This law office represents Oceano Packing Company, LLC ("Oceano"). Our law office has been retained to represent Oceano in connection with a legal claim against Western Farm Services, Inc. ("Western") stemming from Western's sale of salmonella-contaminated fertilizer to Oceano in 2007. The purpose of this letter is to outline the basis of Oceano's legal claim against Western and to propose the terms of a settlement in order to avoid the need for filing the claim in a court of law. The terms of this letter are confidential and for settlement only and may not be referred to in the event that this matter proceeds to litigation.

1.    <u>Basis of Oceano's Legal Claim Against Western.</u>

       On several occasions between about June 1, 2007 and August 13, 2007, Western sold to Oceano "True 10-5-2" fertilizer (the "True Fertilizer"). Copies of Western's invoices for the sale of the True Fertilizer to Oceano in 2007 are attached hereto as Exhibit A. The

True Fertilizer was orally represented by Western to Oceano as being free of pathogens, such as salmonella. In addition, written representations were made to Oceano concerning the True Fertilizer. For example, on July 5, 2007, Western sent Oceano a letter from True Organics Products, Inc., the manufacturer of the True Fertilizer, a copy of which letter is attached hereto as Exhibit B. That letter represents, among other things, that all lots of True Fertilizer are tested by a certified lab and are not released for sale unless the lab certifies that the True Fertilizer is "negative" for pathogens, including salmonella.

During the 2007 growing season, several of Oceano's customers reported findings of positive testings of salmonella in Oceano's spinach and spring mix products, in connection with random laboratory testings performed by the customers for food safety purposes. The salmonella contaminated product was found by three separate customers of Oceano. Each of the three customers received Oceano's product independent of one another and drew the source samples from different locations. Given the finding of salmonella in produce by three different, unrelated, customers, Oceano concluded that it was unlikely that the source of the contamination was a cooler, transporter, or processing plant. Instead, Oceano concluded that the most likely source of the contamination came from Oceano itself.

Oceano then conducted an extensive investigation and testing to determine the likely source of the contamination. In connection therewith, Oceano tested, among other things, a sample from a lot of True Fertilizer purchased from Western. That testing revealed that the True Fertilizer sold by Western was contaminated by Salmonella. Attached hereto as Exhibit C is a copy of the laboratory test results showing that the True Fertilizer sample was contaminated by salmonella.[1] On the laboratory report, sample number 1, described as "P 072307 N #12A Sm. Opening in Bag" corresponds to the testing of a sample of the True Fertilizer sold to Oceano by Western. The report shows that sample number 1 (the True Fertilizer) tested positive for salmonella at a level of 0.020 MPN/g. As you can see from the test results (Exhibit C), Oceano's soil sample also tested positive for salmonella. Sample number 2 (the soil sample) tested positive for salmonella at a level of 0.17 MPN/g.

Based on the results of the extensive testing and investigation conducted by Oceano and its consultants, it appears that the True Fertilizer sold by Western is the most likely source of the salmonella in Oceano's fields and crops. Indeed, it appears that the True Fertilizer is the only identifiable source of the contamination. No other sources have been identified to date.

Due to the salmonella contamination of Oceano's crops that was first discovered by Oceano's customers, Oceano was forced to destroy product delivered to its customers and disc-under growing spinach and spring mix crops. Consequently, Oceano was unable to deliver sufficient, uncontaminated crops to meet the contract obligations that it had in place for the 2007 growing season. Between July and October of 2007, Oceano was 234,767

---

[1]Note that the laboratory erroneously identified "Scanlan Family Farms" as the laboratory's "customer." Scanlan Family Farms, a broker for an Oceano customer, merely referred Oceano to the laboratory. The test results do, in fact, reflect samples collected from Oceano's farms.

pounds short on its spinach contract with New Star, which represents lost revenue of $176,075.25 ($0.75 per pound of crop). (See Exhibit D hereto). Between June and October of 2007, Oceano was a total of 347,449 pounds short on its spinach and spring mix contract with State Garden, representing $260,586.75 in lost revenue. (See, Exhibit E hereto). Between July and November of 2007, Oceano was short a total of 849,295 pounds on its spinach and spring mix contract with Taylor Farms, which represents $636,971.30 in lost revenue. (See Exhibit F hereto).

Overall, as a result of the salmonella contamination, Oceano lost revenue totaling $1,073,633.30 during the 2007 growing season. This damage amount does not include Ocean's loss of goodwill with Oceano's customers, or the extensive costs of investigation and testing, including legal fees, that have been spent to date in connection with the Salmonella contamination.

Western is legally responsible for Oceano's damages due to the contaminated True Fertilizer. If required to file a lawsuit against Western, Oceano would most likely assert a number of legal claims against Western. Among those would be a claim that Western breached its warranty of "merchantability." Western's invoices for the sale of the True Fertilizer (Exhibit A hereto) constitute contracts for the sale of a good (True Fertilizer). Under California's Uniform Commercial Code, those contracts carried with them a warranty of "merchantability." (Uniform Commercial Code § 2314). Stated otherwise, by selling[2] the True Fertilizer to Oceano, Western warranted that the True Fertilizer was "fit for the ordinary purposes for which [the fertilizer] are used." (Uniform Commercial Code § 2314(2)(c)). The ordinary purpose for the fertilizer sold to Oceano is application to fields where leafy green vegetables are grown. Given the potential for spreading salmonella to leafy green vegetables, the presence of salmonella in True Fertilizer sold by Western clearly makes True Fertilizer unfit for its ordinary purpose. By selling contaminated True Fertilizer, therefore, Western breached its warranty to Oceano, and is liable to Oceano for Oceano's damages.

## 2.    Settlement Proposal.

As discussed above, Oceano has suffered significant economic damage exceeding $1,000,000, as a result of the salmonella-contaminated True Fertilizer that it purchased from Western. Clearly Western is legally responsible for Oceano's damages. However, in the hopes of maintaining its on-going business relationship with Western, rather than immediately filing a lawsuit against Western, Oceano has authorized me to make the following offer to settle its claims against Western:

Oceano will agree to forego legal action against Western if Western will agree to forgive Oceano's current outstanding account payable to Western, in the approximate

---

[2]You should note that the Uniform Commercial Code makes the "seller" of product responsible for the warranty of merchantability. A "seller" is someone who "sells or contracts to sell goods." (Uniform Commercial Code § 2103(1)(d)). Thus, the fact that Western sold the True Fertilizer to Oceano is sufficient to make Western liable for Oceano's damages. Liability for the defects in the True Fertilizer is not limited to the manufacturer of the True Fertilizer.

amount of $368,396.40.[3] A summary of the current outstanding invoices issued to Oceano by Western is attached hereto as Exhibit G. Once again, I would like to stress that Oceano's damages from the contaminated fertilizer are very large, totaling over $1,000,000. In order to avoid the time and inconvenience of litigation, and in the hopes of maintaining its business relationship with Western, Oceano is willing to waive its claims against Western in return for Western's agreement to forgive Oceano's current account payable to Western in the amount of $368,396.40.

This settlement proposal will remain open for a period of 15 days from the date of this letter. If this offer is not accepted within that time period, Oceano will take appropriate legal action. My associate, Scott Allen, will be following up with you further to discuss Western's position on this matter, and hopefully reach an amicable solution.

ANASTASSIOU & ASSOCIATES

by: _____

Effie F. Anastassiou
Attorneys for Oceano Packing
Company, LLC

Enclosures

cc:    Oceano Packing Company, LLC

Mr. Darin Chebot
Western Farm Services, Inc.
2502 Oakwood Drive
Paso Robles, CA 93446

F:\OCA\Salmonella\Correspondence\Demand Letter.wpd

---

[3]  A significant amount of the account payable to Western involves Western's sale of the contaminated True Fertilizer to Oceano. Western's invoices for sales of the True Fertilizer to Oceano in 2007 (Exhibit A hereto) total approximately $59,945.56.

4

# EXHIBIT A



*The Best People*
*The Best Products*
*The Best Service*



CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified, all bills
purchases made are payable in full upon receipt
the monthly billing statement. A FINANCE CHAR
will be assessed if payment of the new balar
shown on your monthly statement is not received
the date shown on the bottom of the statment

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 7304
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / D No. | 53792-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl--Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

Invoice No | 651- 58553
Invoice Date | 6/01/07

Rec Made---)N1

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | Price/Gal. ) |
|---|---|---|---|---|---|---|
| 23100.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 8,155.43 N | Rig    State 04  Sls 651  Whs 651 | |
| OR 11.5500 TNS | | | Drv | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 8,155.43 | .00 | | 8,155.43 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills for
purchases made are payable in full upon receipt of
the monthly billing statement A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received by
the date shown on the bottom of the statment



WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
  805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53800-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | RANCH 25 |
| Appl—Name | |
| Appl—LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

Invoice No | 651- 58554
Invoice Date | 6/01/07

Rec Made--->N1

O C E A N O   P A C K I N G   C O   L L C

P O   B O X   4 5 8
O C E A N O                    . CA  93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( | Gals. | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|
| | | | Dry | | Rig | State 04 | Sls 651 | Whs 651 |
| 22880.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 705.0976 /TN | 8,077.76 N | | | | |
| OR 11.4400 TNS | | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 8,077.76 | .00 | | 8,077.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





WESTERN
FARM SERVICE

The Best People
The Best Products
The Best Service

**INVOICE**

CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified all bills purchases made are payable in full upon receip the monthly billing statement A FINANCE CHAR will be assessed if payment of the new bala shown on your monthly statement is not received the date shown or the bottom of the statment

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53803-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl-Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

Invoice No | 651- 58567
Invoice Date | 6/04/07

Rec Made----)N1

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|
| | | | Drv | | Rig | State 04 | Sls 651 Whs 651 |
| 16100.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 5,684.09 | N | | |
| 8.0500 TNS | | | | | | | |

| GROSS AMOUN | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 5,684.09 | .00 | | 5,684.09 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.



CUSTOMER ORIGINAL

The Best People
The Best Products
The Best Service



FARM SERVICE

SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills for
purchases made are payable in full upon receipt of
the monthly billing statement. A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received by
the date shown on the bottom of the statment

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
  805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 61000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53812-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 6/01/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | - RANCH 25 |
| Appl--Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| Oper.D# | 40-07-40-22059 |

Invoice No  | 651- 50650
Invoice Date|  6/07/07

Rec Made---)N1

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

DIRECT SHIPMENT TO RANCH 25

| Quantity | | Product Description / EPA# | Tax Code | Price | Amount | ( | Gals. | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Dry | | Rig | State 04 | Sls 651 | Whs 651 | |
| 52200.00 | LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 18,429.15 | N | | | | |
| OR 26.1000 | TNS | | | | | | | | | |

1040

| GROSS AMOUNT | | TAX | | LESS PRE-PAID | | INVOICE TOTAL | |
|---|---|---|---|---|---|---|---|
| 18,429.15 | | .00 | | | | 18,429.15 | |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS .



**WESTERN**
**FARM SERVICE**

The Best People
The Best Products
The Best Service

# INVOICE

SALES ARE COMMERCIAL TRANSACTIONS
TERMS: Unless otherwise specified all bills to
purchases made are payable in full upon receipt of
the monthly billing statement A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received by
the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | | |
|---|---|---|
| Due Date | 9/20/07 | Invoice No | 651- 59313 |
| Account No | 5121569 | Invoice Date | 7/31/07 |
| W / O-No. | 54600-0 D | |
| Cust. P.O. | | |
| Grower | | |
| Ship Date | 7/27/07 | Rec Made---)N1 |
| Ranch | | |
| Crop | | |
| Pest | | |
| Acres | | |
| Map | | |
| Site ID | | |
| Block | | |
| Appl-Name | | |
| Appl-LicDt | | |
| Sales No. | 656 | |
| OperID# | 40-07-40-22059 | |

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( | Gals. | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|
| | | | Drv | | Rig | State 04 | Sls 651 | Whs 651 |
| 4580.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 732.9113 /TN | 1,678.37 | N | | | |
| R 2.2900 TNS | | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 1,678.37 | .00 | | 1,678.37 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.



WESTERN
FARM SERVICE

*The Best People*
*The Best Products*
*The Best Service*

## INVOICE

CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified, all bills
purchases made are payable in full upon receipt
the monthly billing statement. A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received
the date shown on the bottom of the statment

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 9/20/07 |
| Account No | 5121569 |
| W / O No. | 54645-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 8/01/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | DIRECT SHIPMENT R25 |
| Appl--Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

Invoice No | 651- 59389
Invoice Date| 8/13/07

Rec Made----INI

OCEANO  PACKING  CO  L  C

PO  BOX  458
OCEANO                              CA  93445

DIRECT SHIPMENT TO RANCH 25

| | Quantity | Product Description  / EPA# | Tax Code | Price   Amount | ( Gals. | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|
| | 50760.00  LB | 6401050 TRUE 10-5-2 BULK BAG! | N | Dry 705.0976 /TN  17,920.76  N | Rig | State 04 | Sls 651 | Whs 651 |
| DR | 25.3800  TNS | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 17,920.76 | .00 | | 17,920.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.

1040



# EXHIBIT B



ORGANIC PRODUCTS, INC.

January 16, 2007

To Whom It May Concern:

True Organic Products, Inc. prides itself on manufacturing 100% organic pelleted and liquid fertilizers. Our products do not contain any ammonia or non-protein forms of Nitrogen. We have files and receipts available for all inputs made to manufacture all of our fertilizers. We have been inspected by both the CDFA and the Natural Selection Group receiving excellent reviews from both organizations. We guarantee our products only contain NOP allowed ingredients.

True organic Products, Inc. uses the windrow compost process for our aged chicken litter. NOP Rule: Section 205.203 (o) states: Animal and plant materials produced through a process that: (i) establish an initial C:N ration between 25:1 and 40:1, (ii) maintain a temperature between 131 °F and 170 °F for fifteen days using a windrow pile system. By utilizing the above process, our products containing chicken litter are considered a compost material and are not subject to the 120 day prior to harvest rule. We also carry a number of pelleted 100% organic fertilizers which do not contain any composted chicken litter and are also able to be applied to crops at any time.

In the process of pelleting our products, the temperature ranges between 195 °F and 205 °F. In the drying process, the temperature is maintained at a minimum of 350 °F for approximately 30 minutes to dry the material to a moisture level of less the 12%. Our liquid fertilizers are heated in excess of 150 °F for a minimum of 48 hours. Our manufacturing processes exceed all minimum standards for pathogen elimination.

All of our organic fertilizers are assigned lot numbers and are not released for sale until we receive a COA from a certified lab resulting in negative results for EHEC, E coli 0157, and Salmonella. The COA will accompany each load of fertilizer along with the bill of lading. If you have any further questions, please feel free to call.

Best regards,

Jake Evans

PO Box 124    Helm, CA  93627
Office: (559) 866-3001    Fax: (559) 866-3003

# EXHIBIT C



**Analytical Results**

6215 W Van Buren, Phoenix, AZ 85043, Phone 602/385-4030 Fax 602/385-4037

| | |
|---|---|
| Contact: | Mike Scanlan - Samantha Scanlan |
| Customer: | SCANLAN FAMILY FARMS |
| | 11566 Hidden Hills Rd |
| | Carmel Valley, CA 93924 |
| Phone: | 831-659-1562 |
| Fax: | 831-659-5674 |

**Report Number:** 07-51937
**Report Date:** 9/7/2007

Samples Received: 09/01/2007
Start of Testing: 09/01/2007
Check Number:
PO Number:

| Billing Code | Sample Date | Sample Number | Sample Description | Analyses - FSNS Method Number | Result | Units |
|---|---|---|---|---|---|---|
| SAL23 | 8/21/2007 | 1 | P 072307 N #12A Sm. Opening in Bag Composite Type: None | Salmonella MPN #30.1 (USDA-FSIS) | 0.020 | MPN/g |
| SAL23 | 8/21/2007 | 2 | A23 #2 Soil Composite Type: None | Salmonella MPN #30.1 (USDA-FSIS) | 0.17 | MPN/g |

| | |
|---|---|
| Sample Temperature Upon Receipt: | Room Temperature |
| Remarks: | Printed on: 01/07/2008 12:20:04 PM |

Supervisor Approval By: David Bosco

Signature:

Page 1 of 1

# EXHIBIT D

# NEW STAR  JULY 2007--SEPT 2007

## SPINACH  25,000 LBS

| | | LBS | CONTRACT O/S | |
|---|---|---|---|---|
| 7/3-7/8 | | 33888 | 8888 | PER DOUG-DUMP LOAD |
| 7/9-7/15 | | 0 | -25000 | |
| 7/16-7/22 | | 0 | -25000 | |
| 7/23-7/29 | | 10384 | -14616 | |
| 7/30-8/5 | | 7360 | -17640 | |
| 8/6-8/12 | | 0 | -25000 | |
| 8/13-8/19 | | 40798 | 15798 | |
| 8/20-8/26 | | 0 | -25000 | |
| 8/27-9/2 | | 0 | -25000 | |
| 9/3-9/9 | | 8952 | -16048 | |
| 9/10-9/16 | | 7710 | -17290 | |
| 9/17-9/23 | | 8885 | -16115 | |
| 9/24-9/30 | | 7380 | -17620 | |
| 10/1-10/7 | | 15490 | -9510 | |
| 10/8-10/14 | | 9792 | -15208 | |
| 10/15-10/21 | | 20082 | -4918 | |
| 10/22-10/29 | | 19512 | -5488 | |
| | | | | |
| TOTAL | | 190233 | -234767 | |

# EXHIBIT E

# STATE GARDEN JULY 25 2006---SEPT 2007

| | SPINACH | | | SPRING MIX | | | TOTAL | 100,000 |
|---|---|---|---|---|---|---|---|---|
| | LBS | REJ | O/S CONTRACT | LBS | REJ | O/S CONTRACT | LBS | |
| 6/25-7/2 | 22571 | | -9429 | 35088 | 16521 | -32912 | 57659 | -42341 |
| 7/3-7/8 | 26866 | 8723 | -5134 | 50892 | 153 | -17108 | 77758 | -22242 |
| 7/9-7/15 | 26294 | | -5706 | 44779 | 9154 | -23221 | 71073 | -28927 |
| 7/16-7/22 | 12826 | | -19174 | 32432 | 1461 | -35568 | 45258 | -54742 |
| 7/23-7/29 | 34536 | | 2536 | 58341 | 3505 | -9659 | 92877 | -7123 |
| 7/30-8/5 | 32193 | | 193 | 57454 | | -10546 | 89647 | -10353 |
| 8/6-8/12 | 39454 | 13392 | 7454 | 57486 | | -10514 | 98940 | -3060 |
| 8/13-8/19 | 47655 | | 15655 | 54521 | | -13479 | 102176 | 2176 |
| 8/20-8/26 | 60649 | | 28649 | 79277 | 2266 | 11277 | 139926 | 39926 |
| 8/27-9/2 | 50779 | | 18779 | 67403 | 2699 | -597 | 118182 | 18182 |
| 9/3-9/9 | 30750 | | -1250 | 50347 | 6454 | -17653 | 81097 | -18903 |
| 9/10-9/16 | 11487 | | -20513 | 53516 | | -14484 | 65003 | -34997 |
| 9/17-9/23 | 6351 | | -25649 | 66925 | | -1075 | 73276 | -26724 |
| 9/24-9/30 | 20323 | | -11677 | 44405 | | -23595 | 64728 | -35272 |
| 10/1-10/7 | 19803 | | -12197 | 45271 | | -22729 | 65074 | -34926 |
| 10/8-10/14 | 15396 | | -16604 | 46059 | | -21941 | 61455 | -38545 |
| 10/15-10/21 | 26150 | | -5850 | 53971 | | -14029 | 80121 | -19879 |
| 10/22-10/28 | 38514 | | 6514 | 31787 | | -36213 | 70301 | -29699 |
| TOTAL LBS 6/25-10/28 | 522597 | 22115 | -53403 | 929954 | 42203 | -294046 | 1452561 | -347449 |

CONTRACT SHORT @ $.75 LBS

| | | |
|---|---|---|
| SPINACH | $ | 40,052.25 |
| SPRING MIX | $ | 220,534.50 |
| TOTAL | $ | 260,586.75 |

# EXHIBIT F

**TAYLOR FARMS**
**ORGANIC CONTRACT 7/01/2007-11/25/07**

| WEEK BEGINNING | INVOICE NUMBER | SPINACH CONTRACT 40,000 LBS | | | SPRING MIX CONTRACT 30,000 LBS | | | GRAND TOTAL | |
|---|---|---|---|---|---|---|---|---|---|
| | | TOTAL LBS | CONTRACT O/S | rejected | TOTAL LBS | CONTRACT O/S | rejected | | |
| **JULY** | | | | | | | | | |
| 7/1-7/7 | 100428 | 34330 | -5670 | 0 | 43548 | 13548 | 0 | 77878 | |
| 7/8-7/14 | 100433 | 25467 | -14533 | 0 | 42593 | 12593 | 1097 | 68060 | arugula |
| 7/15-7/21 | 100434 | 35738 | -4262 | 0 | 40603 | 10603 | 0 | 76341 | |
| 7/22-7/28 | 100439 | 39280 | -720 | 0 | 44886 | 14886 | 2301 | 84166 | green romaine |
| 7/29-8/4 | 100441 | 42868 | 2868 | 0 | 30482 | 482 | 0 | 73340 | |
| **CONTRACT SHORT** | | | -22327 | | OVER | 52112 | 3398 | | |
| **AUGUST** | | | | | | | | | |
| 8/5-8/11. | 100445 | 0 | -40000 | 0 | 26462 | -3538 | 0 | 26462 | |
| 8/12-8/18 | 100451 | 0 | -33194 | 6806 | 13670 | -16330 | 0 | 13670 | |
| 8/20-8/26 | | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 | |
| 8/27-9/2 | | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 | |
| **CONTRACT SHORT** | | 0 | -160000 | | | -79868 | | | spinach |
| **SEPTEMBER** | | | | | | | | | |
| 9/3-9/9 | | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 | |
| 9/10-9/16 | 100483 | 10380 | -29620 | 0 | 31800 | 1800 | 0 | 42180 | |
| 9/17-9/23 | 100483 | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 | |
| 9/24-9/30 | 100514 | 16442 | -23558 | 0 | 0 | -30000 | 0 | 16442 | |
| **CONTRACT SHORT** | | | -133178 | | | -88200 | | 16442 | |

| OCTOBER | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10/1-10/7 | 100508 | 10635 | -29365 | 0 | 3545 | -26455 | 0 | 14180 |
| 10/8-10/13 | 100513 | 12003 | -27997 | 0 | 4383 | -25617 | 0 | 16386 |
| 10/14-10/20 | 100523 | 39007 | -993 | 0 | 6333 | -23667 | 0 | 45340 |
| CONTRACT SHORT | | | -58355 | | | -75739 | | |
| NOVEMBER | | | | | | | | |
| 10/22-10/28 | 100531 | 34911 | -5089 | 0 | 2143 | -27857 | 0 | 37054 |
| 10/29-11/4 | 100542 | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 |
| 11/5-11/11 | 100542 | 38986 | -1014 | 0 | 0 | -30000 | 0 | 38986 |
| 11/12-11/18 | 100547 | 22846 | -17154 | 0 | 19486 | -10514 | 0 | 42332 |
| 11/19-11/25 | 0 | 0 | -40000 | 0 | 0 | -30000 | 0 | 0 |
| CONTRACT SHORT | | | -103257 | | | -128371 | | |
| GRAND TOTAL | | 362883 | | | 309934 | | | 672817 |

| TOTAL | | | |
|---|---|---|---|
| CONTRACT SHORT | | | |
| spinach | lbs | price $.75 | |
| Jul-07 | 22,327 | $ 16,745.25 | |
| Aug-07 | 160,000 | $ 120,000.00 | |
| Sep-07 | 133,178 | $ 99,883.50 | |
| Oct-07 | 58,355 | $ 43,766.25 | |
| Nov-07 | 103,257 | $ 77,442.75 | ONLY HAS 10/1-10/21 |
| | | | |
| spring mix | | | |
| Jul-07 | 0 | 0 | |
| Aug-07 | 79,868 | $ 59,901.00 | |
| Sep-07 | 88,200 | $ 66,150.00 | |
| Oct-07 | 75,739 | $ 56,804.25 | ONLY HAS 10/1-10/21 |
| Nov-07 | 128,371 | $ 96,278.25 | |
| | | | |
| CONTRACT SHORT | | | |
| | INVOICE # | | |
| Jul-07 | 100497 | $ 16,745.25 | |
| Aug-07 | 100500 | $ 179,901.00 | |
| Sep-07 | 100501 | $ 166,033.50 | |
| Oct-07 | 100524 | $ 100,570.50 | |
| Nov-07 | 100556 | $ 173,721.00 | |

# EXHIBIT G

## Purchase Orders, Unpaid Vouchers and Payments

### OCEANO PACKING COMPANY LLC

| Check | Check Date | Invoice No | Invoice Date | Voucher | Due Date | Stub Description | Src | PO # | PO Date | Net/Paid |
|---|---|---|---|---|---|---|---|---|---|---|
| WESTERN FARM SERVICE | | | ID: W010 | | | | | | | |
| **Unpaid Vouchers** | | | | | | | | | | |
| | | 651-56948 | Sep 23, 2007 | 11918 | Oct 18, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 17,161.65 |
| | | 651-57484 | Feb 13, 2007 | 9291 | Mar 10, 2007 | GREEN ONIONS-SHANE | Voucher | | | 583.09 |
| | | 651-57784 | Mar 23, 2007 | 9695 | Apr 17, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 4,269.85 |
| | | 651-57932 | Apr 10, 2007 | 9956 | May 05, 2007 | FERTILIZERS | Voucher | | | 532.95 |
| | | 651-58360 | May 17, 2007 | 10358 | Jun 11, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 800.65 |
| | | 651-58386 | May 21, 2007 | 10385 | Jun 15, 2007 | FERTILIZER | Voucher | | | 15,555.00 |
| | | 651-58387 | May 21, 2007 | 10386 | Jun 15, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 351.48 |
| | | 651-58388 | May 21, 2007 | 10387 | Jun 15, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,535.80 |
| | | 651-58389 | May 21, 2007 | 10388 | Jun 15, 2007 | ONIONS SEED | Voucher | | | 1,565.89 |
| | | 651-58390 | May 21, 2007 | 10384 | Jun 15, 2007 | ONIONS SEED | Voucher | | | 1,884.25 |
| | | 651-58436 | May 16, 2007 | 10404 | Jun 10, 2007 | RANCH 26 | Voucher | | | 7,024.34 |
| | | 651-58454 | May 23, 2007 | 10421 | Jun 17, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 10,097.16 |
| | | 651-58455 | May 23, 2007 | 10420 | Jun 17, 2007 | HERBICIDES | Voucher | | | 2,144.23 |
| | | 651-58483 | May 29, 2007 | 10441 | Jun 23, 2007 | FERTILIZER | Voucher | | | 15,457.99 |
| | | 651-58553 | Jun 01, 2007 | 10520 | Jun 26, 2007 | FERTILIZER | Voucher | | | 8,155.43 |
| | | 651-58554 | Jun 01, 2007 | 10519 | Jun 26, 2007 | FERTILIZERS | Voucher | | | 8,077.76 |
| | | 651-58557 | Jun 04, 2007 | 10526 | Jun 29, 2007 | FERTILIZER | Voucher | | | 5,684.09 |
| | | 651-58650 | Jun 07, 2007 | 10625 | Jul 02, 2007 | RANCH 25-FERTILIZERS | Voucher | | | 18,429.15 |
| | | 651-58651 | Jun 07, 2007 | 10626 | Jul 02, 2007 | HERBICIDES | Voucher | | | 1,158.30 |
| | | 651-58706 | Jun 14, 2007 | 10639 | Jul 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 4,960.20 |
| | | 651-58809 | Jun 20, 2007 | 10690 | Jul 15, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 9,456.13 |
| | | 651-58906 | Jun 28, 2007 | 10753 | Jul 23, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 11,069.89 |
| | | 651-58976 | Jul 03, 2007 | 10840 | Jul 28, 2007 | HERBICIDES | Voucher | | | 1,516.92 |
| | | 651-59020 | Jul 09, 2007 | 10902 | Aug 03, 2007 | FERTILIZERS | Voucher | | | 1,990.24 |
| | | 651-59033 | Jul 11, 2007 | 10913 | Aug 05, 2007 | FERTILIZER | Voucher | | | 14,586.82 |
| | | 651-59099 | Jul 12, 2007 | 10938 | Aug 06, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,451.33 |
| | | 651-59137 | Jul 16, 2007 | 11024 | Aug 10, 2007 | FERTILIZERS | Voucher | | | 272.67 |
| | | 651-59173 | Jul 18, 2007 | 11001 | Aug 12, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,795.47 |
| | | 651-59174 | Jul 19, 2007 | 11002 | Aug 13, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 8,522.38 |
| | | 651-59225 | Jul 24, 2007 | 11037 | Aug 18, 2007 | FERTILIZERS | Voucher | | | 995.12 |
| | | 651-59312 | Jul 26, 2007 | 11126 | Aug 20, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,954.99 |
| | | 651-59313 | Jul 31, 2007 | 11127 | Aug 25, 2007 | FERTILIZER | Voucher | | | 1,676.37 |
| | | 651-59314 | Jul 31, 2007 | 11128 | Aug 25, 2007 | FERTILIZER | Voucher | | | 1,990.24 |
| | | 651-59338 | Aug 01, 2007 | 11216 | Aug 26, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 749.06 |
| | | 651-59340 | Aug 01, 2007 | 11220 | Aug 26, 2007 | FERTILIZER | Voucher | | | 8,028.33 |
| | | 651-59389 | Aug 13, 2007 | 11297 | Sep 07, 2007 | FERTILIZER | Voucher | | | 17,920.76 |
| | | 651-59390 | Aug 13, 2007 | 11298 | Sep 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 7,393.08 |
| | | 651-59391 | Aug 13, 2007 | 11299 | Sep 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 14,556.89 |
| | | 651-59432 | Aug 17, 2007 | 11355 | Sep 11, 2007 | HERBICIDES | Voucher | | | 1,932.25 |
| | | 651-59433 | Aug 17, 2007 | 11356 | Sep 11, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 7,379.51 |
| | | 651-59467 | Aug 22, 2007 | 11370 | Sep 16, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,817.02 |
| | | 651-59478 | Aug 26, 2007 | 11420 | Sep 20, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,851.95 |
| | | 651-59499 | Aug 30, 2007 | 11513 | Sep 24, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 764.53 |
| | | 651-59501 | Aug 30, 2007 | 11515 | Sep 24, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 5,066.24 |
| | | 651-59524 | Sep 05, 2007 | 11659 | Sep 30, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,667.27 |
| | | 651-59525 | Sep 05, 2007 | 11660 | Sep 30, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 545.10 |
| | | 651-59539 | Sep 07, 2007 | 11653 | Oct 02, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 14,536.13 |
| | | 651-59561 | Sep 12, 2007 | 11661 | Oct 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,112.47 |
| | | 651-59562 | Sep 12, 2007 | 11662 | Oct 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,228.40 |
| | | 651-59563 | Sep 12, 2007 | 11663 | Oct 07, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 459.48 |
| | | 651-59572 | Sep 13, 2007 | 11654 | Oct 08, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 15,496.71 |
| | | 651-59573 | Sep 13, 2007 | 11655 | Oct 08, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,233.84 |
| | | 651-59574 | Sep 13, 2007 | 11656 | Oct 08, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 10,129.88 |
| | | 651-59575 | Sep 13, 2007 | 11657 | Oct 08, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 7,589.69 |
| | | 651-59583 | Sep 14, 2007 | 11728 | Oct 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 14,629.50 |
| | | 651-59604 | Sep 21, 2007 | 11879 | Oct 16, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 6,071.95 |
| | | 651-59605 | Sep 21, 2007 | 11880 | Oct 16, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 21,432.49 |

## Purchase Orders, Unpaid Vouchers and Payments

OCEANO PACKING COMPANY LLC

| Check | Check Date | Invoice No | Invoice Date | Voucher | Due Date | Stub Description | Src | PO # | PO Date | Net/Paid |
|---|---|---|---|---|---|---|---|---|---|---|
| **WESTERN FARM SERVICE** | | | **ID: W010** | | | | | | | |
| **Unpaid Vouchers** | | | | | | | | | | |
| | | 651-59622 | Sep 23, 2007 | 11878 | Oct 18, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,147.71 |
| | | 651-59689 | Oct 02, 2007 | 11899 | Oct 27, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,199.77 |
| | | 651-59723 | Oct 05, 2007 | 12012 | Oct 30, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 21.06 |
| | | 651-59757 | Oct 11, 2007 | 12013 | Nov 05, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 15,617.42 |
| | | 651-59777 | Oct 15, 2007 | 12074 | Nov 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 866.98 |
| | | 651-60118 | Dec 04, 2007 | 12588 | Dec 29, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 250.70 |
| | | | Total Gross: | 368,396.40 | Total Discount: | .00 | Total Net: | | .00 | 368,396.40 |
| **Paid Voucher** | | | | | | | | | | |
| 12241 | Apr 06, 2007 | 651-57253 | Dec 11, 2006 | 7982 | Jan 05, 2007 | SOIL/LEAF/WATER/TISS | Voucher | | | 384.00 |
| 12271 | Apr 13, 2007 | 651-57398 | Jan 22, 2007 | 8840 | Feb 16, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 774.97 |
| 12271 | Apr 13, 2007 | 651-57403 | Jan 24, 2007 | 8860 | Feb 18, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 498.83 |
| 12271 | Apr 13, 2007 | 651-57419 | Jan 30, 2007 | 8915 | Feb 24, 2007 | PQC BAIT | Voucher | | | 672.01 |
| 12490 | Jun 01, 2007 | 609-240494 | Feb 09, 2007 | 9229 | Mar 06, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,433.02 |
| 12490 | Jun 01, 2007 | 609-240972 | Feb 16, 2007 | 9282 | Mar 13, 2007 | FERTILIZER -129 SIDEM | Voucher | | | 1,967.18 |
| 12490 | Jun 01, 2007 | 609-241742 | Feb 21, 2007 | 9522 | Mar 18, 2007 | FERTILIZERS | Voucher | | | 4,874.00 |
| 12635 | Jun 15, 2007 | 651-57404 | Jan 24, 2007 | 10259 | Feb 18, 2007 | ONIONS | Voucher | | | 598.63 |
| 12635 | Jun 15, 2007 | 651-57430 | Feb 01, 2007 | 9004 | Feb 26, 2007 | BIOLIZER | Voucher | | | 668.33 |
| 12635 | Jun 15, 2007 | 651-57431 | Feb 01, 2007 | 9003 | Feb 26, 2007 | PCQ BAIT | Voucher | | | 672.01 |
| 12635 | Jun 15, 2007 | 651-57483 | Feb 13, 2007 | 9290 | Mar 10, 2007 | GREEN ONIONS-SHAND | Voucher | | | 485.88 |
| 12635 | Jun 15, 2007 | 651-57491 | Feb 16, 2007 | 9231 | Mar 13, 2007 | HERBICIDES/ MISC | Voucher | | | 940.08 |
| 12667 | Jun 29, 2007 | 651-57508 | Feb 20, 2007 | 9283 | Mar 17, 2007 | FERTILIZERS | Voucher | | | 12,132.13 |
| 12667 | Jun 29, 2007 | 651-57509 | Feb 20, 2007 | 9609 | Mar 17, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 297.42 |
| 12667 | Jun 29, 2007 | 651-57519 | Feb 21, 2007 | 9295 | Mar 18, 2007 | HERBICIDES | Voucher | | | 3,485.90 |
| 12667 | Jun 29, 2007 | 651-57565 | Mar 03, 2007 | 9465 | Mar 28, 2007 | RUSSELL GREEN ONIOI | Voucher | | | 559.62 |
| 12667 | Jun 29, 2007 | 651-57566 | Mar 03, 2007 | 9466 | Mar 28, 2007 | BLECH GREEN ONION | Voucher | | | 671.63 |
| 12667 | Jun 29, 2007 | 651-57567 | Mar 03, 2007 | 9467 | Mar 28, 2007 | HERBICIDES | Voucher | | | 1,481.36 |
| 12667 | Jun 29, 2007 | 651-57568 | Mar 03, 2007 | 9468 | Mar 28, 2007 | FERTILIZERS | Voucher | | | 6,134.92 |
| 12667 | Jun 29, 2007 | 651-57597 | Mar 07, 2007 | 9523 | Apr 01, 2007 | HERBICIDES | Voucher | | | 551.50 |
| 12667 | Jun 29, 2007 | 651-57598 | Mar 07, 2007 | 9527 | Apr 01, 2007 | INSECTICIDES--129 | Voucher | | | 380.84 |
| 12667 | Jun 29, 2007 | 651-57638 | Mar 09, 2007 | 9551 | Apr 03, 2007 | FERTILIZERS-RANCH 2: | Voucher | | | 6,852.80 |
| 12667 | Jun 29, 2007 | 651-57639 | Mar 09, 2007 | 9552 | Apr 03, 2007 | FERTILIZER -RANCH 26 | Voucher | | | 6,853.06 |
| 12667 | Jun 29, 2007 | 651-57640 | Mar 09, 2007 | 9553 | Apr 03, 2007 | FERTILIZER | Voucher | | | 1,344.92 |
| 12667 | Jun 29, 2007 | 651-57647 | Mar 12, 2007 | 9554 | Apr 06, 2007 | FERTILIZER | Voucher | | | 7,050.07 |
| 13464 | Jan 26, 2007 | 609-236706 | Dec 14, 2006 | 8101 | Jan 08, 2007 | LISTING NEWSIDE 39A | Voucher | | | 1,537.50 |
| 14051 | Aug 06, 2007 | 651-57662 | Mar 13, 2007 | 9606 | Apr 07, 2007 | FERTILIZER-RANCH 25 | Voucher | | | 14,642.01 |
| 14051 | Aug 06, 2007 | 651-57663 | Mar 13, 2007 | 9607 | Apr 07, 2007 | FERTILIZER | Voucher | | | 5,174.40 |
| 14051 | Aug 06, 2007 | 651-57664 | Mar 13, 2007 | 9608 | Apr 07, 2007 | FERTILIZER | Voucher | | | 5,174.40 |
| 14051 | Aug 06, 2007 | 651-57683 | Mar 15, 2007 | 9641 | Apr 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,111.20 |
| 14051 | Aug 06, 2007 | 651-57684 | Mar 15, 2007 | 9638 | Apr 09, 2007 | FERTILIZER | Voucher | | | 8,870.40 |
| 14051 | Aug 06, 2007 | 651-57685 | Mar 15, 2007 | 9639 | Apr 09, 2007 | HERBICIDES | Voucher | | | 289.58 |
| 14051 | Aug 06, 2007 | 651-57698 | Mar 15, 2007 | 9637 | Apr 09, 2007 | FERTILIZER | Voucher | | | 7,392.00 |
| 14051 | Aug 06, 2007 | 651-57699 | Mar 15, 2007 | 9640 | Apr 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,157.44 |
| 14113 | Aug 17, 2007 | 651-57714 | Mar 17, 2007 | 9658 | Apr 11, 2007 | RUSSELL ONIONS | Voucher | | | 460.15 |
| 14113 | Aug 17, 2007 | 651-57715 | Mar 17, 2007 | 9657 | Apr 11, 2007 | RUSSELL--ONIONS | Voucher | | | 1,042.73 |
| 14113 | Aug 17, 2007 | 651-57716 | Mar 17, 2007 | 9656 | Apr 11, 2007 | BLECH ONIONS | Voucher | | | 1,251.45 |
| 14113 | Aug 17, 2007 | 651-57717 | Mar 17, 2007 | 9659 | Apr 11, 2007 | SPINACH -BLECH | Voucher | | | 1,233.13 |
| 14113 | Aug 17, 2007 | 651-57718 | Mar 17, 2007 | 9660 | Apr 11, 2007 | SPINACH--BLECH RANC | Voucher | | | 1,928.67 |
| 14113 | Aug 17, 2007 | 651-57727 | Mar 19, 2007 | 9674 | Apr 13, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,127.63 |
| 14113 | Aug 17, 2007 | 651-57804 | Mar 25, 2007 | 9819 | Apr 19, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 435.88 |
| 14113 | Aug 17, 2007 | 651-57805 | Mar 23, 2007 | 9820 | Apr 17, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 4,240.70 |
| 14113 | Aug 17, 2007 | 651-57817 | Mar 24, 2007 | 9824 | Apr 18, 2007 | HERBICIDES | Voucher | | | 749.06 |
| 14113 | Aug 17, 2007 | 651-57841 | Mar 26, 2007 | 9825 | Apr 20, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,757.72 |
| 14113 | Aug 17, 2007 | 651-57842 | Mar 28, 2007 | 9834 | Apr 22, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,661.94 |
| 14113 | Aug 17, 2007 | 651-57864 | Mar 20, 2007 | 9833 | Apr 14, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,100.04 |
| 14113 | Aug 17, 2007 | 651-57865 | Mar 30, 2007 | 9832 | Apr 24, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,320.11 |
| 14113 | Aug 17, 2007 | 651-57866 | Mar 31, 2007 | 9821 | Apr 25, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,129.08 |

## Purchase Orders, Unpaid Vouchers and Payments

### OCEANO PACKING COMPANY LLC

| Check | Check Date | Invoice No | Invoice Date | Voucher | Due Date | Stub Description | Src | PO # | PO Date | Net/Paid |
|---|---|---|---|---|---|---|---|---|---|---|
| **WESTERN FARM SERVICE** | | | ID: W010 | | | | | | | |
| **Paid Voucher** | | | | | | | | | | |
| 14172 | Aug 24, 2007 | 651-57868 | Apr 02, 2007 | 9822 | Apr 27, 2007 | FERTILIZERS | Voucher | | | 411.39 |
| 14172 | Aug 24, 2007 | 651-57891 | Apr 05, 2007 | 9911 | Apr 30, 2007 | HERBICIDES | Voucher | | | 489.17 |
| 14172 | Aug 24, 2007 | 651-57913 | Mar 23, 2007 | 9933 | Apr 17, 2007 | RANCH 25 | Voucher | | | 16,262.40 |
| 14504 | Oct 19, 2007 | 651-57867 | Apr 02, 2007 | 9823 | Apr 27, 2007 | HERBICIDES | Voucher | | | 469.48 |
| 14504 | Oct 19, 2007 | 651-57890 | Apr 02, 2007 | 9910 | Apr 27, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,975.05 |
| 14504 | Oct 19, 2007 | 651-57914 | Apr 04, 2007 | 9931 | Apr 29, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,820.70 |
| 14504 | Oct 19, 2007 | 651-57931 | Apr 10, 2007 | 9957 | May 05, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 3,166.66 |
| 14504 | Oct 19, 2007 | 651-58016 | Apr 18, 2007 | 10011 | May 13, 2007 | HERBICIDE | Voucher | | | 483.80 |
| 14504 | Oct 19, 2007 | 651-58026 | Apr 19, 2007 | 10009 | May 14, 2007 | ONIONS | Voucher | | | 840.25 |
| 14504 | Oct 19, 2007 | 651-58027 | Apr 19, 2007 | 10010 | May 14, 2007 | HERBICIDES | Voucher | | | 821.05 |
| 14504 | Oct 19, 2007 | 651-58264 | May 11, 2007 | 10321 | Jun 05, 2007 | GLOVES | Voucher | | | 28.67 |
| 14506 | Oct 19, 2007 | 651-57999 | Apr 17, 2007 | 9999 | May 12, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 2,025.99 |
| 14506 | Oct 19, 2007 | 651-58025 | Apr 19, 2007 | 10008 | May 14, 2007 | ONIONS SEED | Voucher | | | 1,535.24 |
| 14506 | Oct 19, 2007 | 651-58161 | May 02, 2007 | 10236 | May 27, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 4,230.86 |
| 14506 | Oct 19, 2007 | 651-58220 | May 08, 2007 | 10255 | Jun 02, 2007 | HERBICIDES | Voucher | | | 579.15 |
| 14506 | Oct 19, 2007 | 651-58232 | May 09, 2007 | 10268 | Jun 03, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 1,370.05 |
| 14506 | Oct 19, 2007 | 651-58808 | Jun 20, 2007 | 10691 | Jul 15, 2007 | CREDIT-RANCH 22 | Voucher | | | -809.62 |
| 14506 | Oct 19, 2007 | 651-59339 | Aug 01, 2007 | 11219 | Aug 26, 2007 | CREDIT-FERTLIZER | Voucher | | | -789.19 |
| 14506 | Oct 19, 2007 | 651-59392 | Aug 13, 2007 | 11300 | Sep 07, 2007 | CREDIT | Voucher | | | -426.52 |
| 14506 | Oct 19, 2007 | 651-59500 | Aug 30, 2007 | 11514 | Sep 24, 2007 | CREDIT | Voucher | | | -4,519.02 |
| 14506 | Oct 19, 2007 | 651-59523 | Sep 05, 2007 | 11658 | Sep 30, 2007 | CREDIT | Voucher | | | -662.52 |
| 14506 | Oct 19, 2007 | 651-59706 | Oct 04, 2007 | 12011 | Oct 29, 2007 | FUNGICIDES/INSECTICI | Voucher | | | -2,135.91 |
| 14641 | Nov 16, 2007 | 651-58061 | Apr 24, 2007 | 10055 | May 19, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 8,703.24 |
| 14641 | Nov 16, 2007 | 651-58178 | May 03, 2007 | 10237 | May 28, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 7,944.39 |
| 14641 | Nov 16, 2007 | 651-58233 | May 09, 2007 | 10269 | Jun 03, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 12,851.53 |
| 14641 | Nov 16, 2007 | 651-58325 | May 15, 2007 | 10338 | Jun 09, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 5,653.10 |
| 14641 | Nov 16, 2007 | 651-58326 | May 15, 2007 | 10339 | Jun 09, 2007 | WATER/SOIL/LEAF ANA | Voucher | | | 84.00 |
| 14641 | Nov 16, 2007 | 651-58327 | May 15, 2007 | 10340 | Jun 09, 2007 | SOIL/LEAF/WATER/TISS | Voucher | | | 210.00 |
| 14641 | Nov 16, 2007 | 651-58545 | May 31, 2007 | 10521 | Jun 25, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 12,328.93 |
| 14815 | Dec 14, 2007 | 651-58610 | Jun 06, 2007 | 10579 | Jul 01, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 9,276.17 |
| 14815 | Dec 14, 2007 | 651-58845 | Jun 22, 2007 | 10708 | Jul 17, 2007 | RESPIRATOR/GLOVES/I | Voucher | | | 91.63 |
| 14815 | Dec 14, 2007 | 651-58858 | Jun 24, 2007 | 10745 | Jul 19, 2007 | FUNGICIDES/INSECTICI | Voucher | | | 640.66 |
| | | | Total Gross: | 220,494.01 | Total Discount: | .00 | Total Net: | 220,494.01 | | 220,494.01 |
| **Grand Totals:** | | | Gross: | 588,890.41 | Discount: | .00 | Net: | 220,494.01 | | 588,890.41 |

# EXHIBIT B



Anastassiou & Associates
Attorneys at Law

**Salinas Office**
EFFIE F. ANASTASSIOU
effieesq@salinasaglaw.com

**Associate Attorneys**
DENIS KLAVDIANOS
denisesq@salinasaglaw.com

SCOTT J. ALLEN
scottesq@salinasaglaw.com

**Of Counsel**
ANTHONY CARY
anthonycesq@juno.com

SalinasAgLaw.com

Courier: 242 Capitol Street
Salinas, CA 93901
Mailing: P.O. Box 2210, Salinas, CA 93902

Tel. (831) 754-2501
Fax: (831) 754-0621

**Pismo Beach Branch Office**
1035 Longview Avenue
Pismo Beach, CA*
Tel. (805)773-0750
Fax (805) 773-0751
*All correspondence must
be sent to Salinas Office

**Of Counsel - Santa Maria**
RICHARD C. BRENNEMAN
brenneman@bjalaw.net
Tel. (805) 922-4553
Fax (805) 928-7282

January 10, 2008

**Via Facsimile and U. S. Mail**
Mr. John Patino
Branch Manager
Western Farm Services, Inc.
1335 West Main Street
Santa Maria, CA 93456

Mr. Jim Dana
Western Farm Services, Inc.
712 East Chapel Street
Santa Maria, CA 93454

Re:   **Oceano Packing Company, LLC v. Western Farm Services**
       **Demand for Immediate Return of Agricultural Chemical and Fertilzers**

Dear Messrs. Patino and Dana:

       As you are aware, this law office represents Oceano Packing Company, LLC ("Oceano"), with respect to its claims against Western Farm Services, Inc. ("Western") stemming from Western's sale of salmonella-contaminated fertilizer to Oceano in 2007. Today, I received extremely disturbing news from my client regarding actions taken by Western shortly after Western received my January 9, 2008 settlement letter seeking amicable resolution of the disputes between the parties. The details are set forth below and require immediate attention on your part.

       Today, Mr. Darin Chebot, who was copied on my previous letter, "took the law into his own hands". He acted in a manner which is contrary to California law and which will subject Western to liability for trespass and conversion, among other claims. Specifically, Mr. Chebot came out today to Oceano's leased property in Shandon, the Blech Ranch (the "Ranch"), and told the farm manager that he was coming to get Western agricultural chemical products because he had just learned from correspondence that Oceano "was not going to pay for them." Apparently, Mr. Chebot was referring to my confidential settlement demand letter.

Mr. Chebot then proceeded to take a fertilizer tank off of the Ranch with 200 gallons of fertilizer still in it (as well as 3 empty tanks), and then to rummage through Oceano's chemical storage shed and to take a number of different agricultural chemicals which Mr. Chebot told Oceano's farm manager that Oceano had "not paid Western for." In fact, it is not even clear that those products taken were sold to Oceano by Western, as Oceano also deals with many other vendors. Oceano's farm manager assumed that Mr. Chebot had been given authority to take this action by Oceano's management, and therefore allowed Mr. Chebot to proceed to take all of these items and leave the Ranch. He did have Mr. Chebot sign a sheet describing what he took, which I will be forwarding to you tomorrow, immediately upon receipt.

In fact, Mr. Chebot's actions were not authorized by Oceano's management, and constituted trespass and conversion. In order to resolve my client's claims for trespass and conversion, Western must immediately return all of the agricultural chemicals and fertilizers that Western took off the Ranch today. I would expect that such action will be taken by tomorrow. If Western complies with this request, then my client will not seek damages for the actions which occurred today.

You should be aware that under California law Oceano has a right to offset the large amount of damages it has suffered from the contaminated Salmonella fertilizer supplied by Western, against amounts owed to Western by Ocean for agricultural chemical supplied by Western. Under California Code of Civil Procedure §431.70, Oceano is specifically allowed to assert its claim relating to the Salmonella contamination as a defense against any claims made by Western for payment for the agricultural chemicals. In addition, California Code of Civil Procedure §918.5 specifically authorizes a court to stay the enforcement of a judgment or order if the judgment debtor has another action pending on a disputed claim against the judgment creditor.

Finally, acts of self help prohibited by California law are hardly a manner in which to conduct good faith settlement negotiations. My associate, Scott Allen, will be calling you tomorrow, to determine whether any settlement discussions will be able to proceed between Oceano and Western, or if court action is the only option.

ANASTASSIOU & ASSOCIATES

by: _____

Effie F. Anastassiou
Attorneys for Oceano Packing
Company, LLC

cc:    Oceano Packing Company, LLC

Mr. Darin Chebot
Western Farm Services, Inc.
2502 Oakwood Drive
Paso Robles, CA 93446

F:\OCA\Salmonella\Correspondence\Demand Letter.Re Return of Products.wpd

# EXHIBIT C



SAN LUIS OBISPO COUNTY
SHERIFF-CORONER

D. ANDOE JOE / 0413
NORTH STATION

08-01-00322

Patrick Hedges, Sheriff
P.O. Box 92, San Luis Obispo, CA 93406

(805) 434-4290
24-Hr. (805) 781-4550



# QUALITY
## Packaging & Supplies, Inc.
2400 STATHAM BLVD. · OXNARD, CALIFORNIA 93033
805-240-2410 · 800-887-7225 · FAX: 805-240-2430

SERVING AGRICULTURE AND INDUSTRY
www.qualityps.com

# EXHIBIT D

*Inventory removed by Western Farm Service on 1/ 10/08*
Persons present were
**Ernesto Solis – opc**
**John Dana- opc**
**Darren Chabot- wfs**
**Three workers- wfs**

24 lb kerb
6 gal pyganic
7 gal aza direct (7 x 1)
15 gal aza direct (2.5 x 6)
5 gal prefar
5 gal roundup
2.5 gal n-phorce
80 gal oxidate
40 lb xentari
156 lb serenade
105 lb agree
15 gal nutra phite
12.5 gal calcium poly amine
5 gal magnesium poly amine
15 gal senata
5 lb dipel df
10 lb maneb 75 df
3 qt nemex
1300 lb diazinon 14g
2.5 gal roneet
1 gal warrior
4 gal ultra flourish
5 gal matran ec
2 gal abba .15ec
2.5 coastal calmex
2 gal nu flim p
1 gal parasol
2 gal no foam b
20 oz flint

John Dana

# EXHIBIT D

Anastassiou & Associates
Attorneys at Law



**Salinas Office**
EFFIE F. ANASTASSIOU
effieesq@salinasaglaw.com

**Associate Attorneys**
DENIS KLAVDIANOS
denisesq@salinasaglaw.com

SCOTT J. ALLEN
scottesq@salinasaglaw.com

**Of Counsel**
ANTHONY CARY
anthonycesq@juno.com

SalinasAgLaw.com

Courier: 242 Capitol Street
Salinas, CA 93901
Mailing: P.O. Box 2210, Salinas, CA 93902

Tel. (831) 754-2501
Fax: (831) 754-0621

**Pismo Beach Branch Office**
1035 Longview Avenue
Pismo Beach, CA*
Tel. (805)773-0750
Fax (805) 773-0751
*All correspondence must
be sent to Salinas Office

**Of Counsel - Santa Maria**
RICHARD C. BRENNEMAN
brenneman@bjalaw.net
Tel. (805) 922-4553
Fax (805) 928-7262

January 14, 2008

**Via Facsimile and U. S. Mail**
Dale Dorfmeier, Esq.
Petrie, Dorfmeier and Morris
2014 Tulare Street, Suite 830
Fresno, California 93721
Telephone: 559-498-6522
Fax: 559-498-6516

    Re:    **Oceano Packing Company, LLC v. Western Farm Services, Inc.**

Dear Mr. Dorfmeier:

    As you know from my correspondence of January 11, 2008, this law firm represents Oceano Packing Company, LLC ("Oceano") in connection with certain matters involving your client, Western Farm Services ("Western"). It has now come to my client's attention that Western has circulated false information regarding Oceano's financial condition, including without limitation: (1) or is circulating a false credit report regarding Oceano; and/or (2) falsely reporting that Oceano is not paying its bills in a timely manner. These malicious falsehoods by Western appear to have been taken in retaliation for Oceano's assertion of a legitimate legal claim against Western, including Oceano's assertion of its legal right to offset its account payable to Western against Western's liability to Oceano arising from Western's sale of salmonella-contaminated fertilizer to Oceano by Western. In fact, as outlined in Oceano's January 9, 2008 demand letter, Western's liability to Oceano for the salmonella-contaminated fertilizer (over $1 million) far exceeds the amount of Oceano's account payable to Western (about $350,000).

    Please advise Western to cease and desist from providing information regarding Oceano's finances and/or credit to third parties. If Western persists in publishing false information of this sort, Oceano will take all necessary and appropriate legal action to protect its reputation in the business community, including bringing suit for damages against Western and seeking to enjoin Western from publishing any further falsehoods regarding Oceano.

1

Finally, Oceano hereby requests that Western provide to this office a copy of the ag credit application or credit agreement between Oceano and Western. Please fax to me any such agreement that you find exists, or if no such agreement(s) exist, accordingly please so advise me in writing.

Additionally, please let me know as soon as possible whether your client, Western, is amenable to settling Oceano's claim arising from the salmonella-contaminated fertilizer. If Oceano does not receive a positive response to its settlement demand in the near future, Oceano will pursue its legal remedy in court.

Very truly yours,
ANASTASSIOU & ASSOCIATES

By: _____
Scott J. Allen, Esq., Attorneys for
Oceano Packing Company, LLC

Enclosures as Stated

cc:    Oceano Packing Company, LLC

F:\OCA\Salmonella\Correspondence\11.14.08 Dorfmeier.wpd

2

# EXHIBIT E

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OCEANO PACKING COMPANY, LLC, and DOES 1 to 20

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

JAN 22 2008

SAN LUIS OBISPO SUPERIOR COURT
BY _Reavey_
J Reavey, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WESTERN FARM SERVICE, INC.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN LUIS OBISPO
1035 Palm Street
San Luis Obispo, CA 93408

CASE NUMBER
*(Número del Caso):* CV 080074

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dale Dorfmeier, Esq ; SBN 076266 and David M. Leath, Esq.; SBN 179759     (559) 498-6522
PETRIE, DORFMEIER & MORRIS, LLP
2014 Tulare Street, Suite 830
Fresno, CA 93721

SUSAN MATHERLY

DATE: JAN 22 2008
*(Fecha)*                          Clerk, by _/s/ J Reavey_ , Deputy
                                   *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Oceano Packing Company, LLC
   under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☑ other *(specify):* Limited liability company
4. ☑ by personal delivery on *(date):* 1-12-08

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev  January 1 2004]

SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20  465

Legal
Solutions
Plus

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Dale Dorfmeier, Esq.; SBN 076266<br>David M. Leath, Esq.; SBN 179759<br>PETRIE, DORFMEIER & MORRIS, LLP<br>2014 Tulare Street, Suite 830<br>Fresno, CA 93721 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO: (559) 498-6522    FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Plaintiff, WESTERN FARM SERVICE, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO

STREET ADDRESS: 1035 Palm Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Luis Obispo, CA

BRANCH NAME:

**FILED**

JAN 22 2008

SAN LUIS OBISPO SUPERIOR COURT

*J. Reavey*

J. Reavey, Deputy Clerk

PLAINTIFF: WESTERN FARM SERVICE, INC.

DEFENDANT: OCEANO PACKING COMPANY, LLC

[X] DOES 1 TO __20__

**CONTRACT**

[X] COMPLAINT   [ ] AMENDED COMPLAINT (Number):

[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):

[ ] ACTION IS A LIMITED CIVIL CASE

Amount demanded   [ ] does not exceed $10,000
                  [ ] exceeds $10,000, but does not exceed $25,000

[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

**CV** 030074

1. Plaintiff* (name or names): WESTERN FARM SERVICE, INC.

   alleges causes of action against defendant* (name or names): OCEANO PACKING COMPANY, LLC, and DOES 1 TO 20

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. a. Each plaintiff named above is a competent adult
      [X] except plaintiff (name): WESTERN FARM SERVICE, INC.

      (1) [X] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] other (specify):

   b. [ ] Plaintiff (name):
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      b. [ ] has complied with all licensing requirements as a licensed (specify):

   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [X] except defendant (name): OCEANO PACKING COMPANY, LLC          [ ] except defendant (name):

      (1) [X] a business organization, form unknown          (1) [ ] a business organization, form unknown
      (2) [ ] a corporation                                  (2) [ ] a corporation
      (3) [ ] an unincorporated entity (describe):           (3) [ ] an unincorporated entity (describe):

      (4) [ ] a public entity (describe):                    (4) [ ] a public entity (describe):

      (5) [ ] other (specify):                               (5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Page 1 of 2

Code of Civil Procedure, § 425.12

Legal
Solutions
Plus

PLD-C-001

| SHORT TITLE: WESTERN FARM SERVICE, INC. v. OCEANO PACKING COMPANY, LLC | CASE NUMBER: |
|---|---|

4  *(Continued)*
    b  The true names of defendants sued as Does are unknown to plaintiff.
       (1) [X] Doe defendants *(specify Doe numbers)*: 1 to 20_____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
       (2) [  ] Doe defendants *(specify Doe numbers)*: _____ are persons whose capacities are unknown to plaintiff.
    c [  ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d [  ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5 [  ] Plaintiff is required to comply with a claims statute, and
    a. [  ] has complied with applicable claims statutes, *or*
    b. [  ] is excused from complying because *(specify)*:

6. [  ] This action is subject to [  ] Civil Code section 1812 10 [  ] Civil Code section 2984 4

7.  This court is the proper court because
    a. [X] a defendant entered into the contract here.
    b  [  ] a defendant lived here when the contract was entered into.
    c. [  ] a defendant lives here now
    d. [X] the contract was to be performed here.
    e. [X] a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. [  ] real property that is the subject of this action is located here.
    g. [  ] other *(specify)*:

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    [  ] Breach of Contract
    [X] Common Counts
    [  ] Other *(specify)*:

9 [  ] Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [X] damages of: $ 416,569.70
    b. [X] interest on the damages
       (1) [X] according to proof
       (2) [  ] at the rate of *(specify)*:      percent per year from *(date)*:
    c [X] attorney's fees
       (1) [  ] of: $
       (2) [X] according to proof
    d. [  ] other *(specify)*:

11. [X] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:
    4, 7, and 8

Date: 1/18/08

Dale Dorfmeier, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*you wish to verify this pleading, affix a verification.*

| | PLD-C-001(2) |
|---|---|
| SHORT TITLE: WESTERN FARM SERVICE, INC v. OCEANO PACKING COMPANY, LLC | CASE NUMBER: |

FIRST _____    CAUSE OF ACTION—Common Counts
　　　(number)

ATTACHMENT TO  [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*:  WESTERN FARM SERVICE, INC.

alleges that defendant *(name)*  OCEANO PACKING COMPANY, LLC, and DOES 1 to 20

became indebted to  [X] plaintiff    [ ] other *(name)*:

a. [X] within the last four years
　　(1) [X] on an open book account for money due.
　　(2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it
　　　　was agreed that defendant was indebted to plaintiff.

b. [ ] within the last [ ] two years [ ] four years
　　(1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
　　(2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant
　　　　and for which defendant promised to pay plaintiff
　　　　　　[ ] the sum of $
　　　　　　[ ] the reasonable value
　　(3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
　　　　promised to pay plaintiff
　　　　　　[ ] the sum of $
　　　　　　[ ] the reasonable value.
　　(4) [ ] for money lent by plaintiff to defendant at defendant's request.
　　(5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
　　　　request
　　(6) [ ] other *(specify)*:

CC-2. $ 416,569.70 _____, which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest [X] according to proof [ ] at the rate of _____ percent per year
from *(date)*: January, 2008

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
　　　　[ ] of $
　　　　[X] according to proof

CC-4. [X] Other: For such other and further relief as the Court deems just and proper.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev January 1 2007]
CAUSE OF ACTION—Common Counts
Legal
Solutions
Plus
Code of Civil Procedure § 425.12

| | PLD-C-001(2) |
|---|---|
| SHORT TITLE: WESTERN FARM SERVICE, INC. v OCEANO PACKING COMPANY, LLC | CASE NUMBER: |

SECOND _____    CAUSE OF ACTION—Common Counts
        *(number)*

ATTACHMENT TO    [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1    Plaintiff *(name):*    WESTERN FARM SERVICE, INC

alleges that defendant *(name):*    OCEANO PACKING COMPANY, LLC, and DOES 1 to 20

became indebted to    [X] plaintiff    [ ] other *(name):*

a. [ ] within the last four years
    (1) [ ] on an open book account for money due
    (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff

b. [X] within the last [X] two years [ ] four years
    (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
    (2) [X] for work, labor, services and materials rendered at the special instance and request of defendant
        and for which defendant promised to pay plaintiff
        [ ] the sum of $
        [X] the reasonable value
    (3) [X] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        [ ] the sum of $
        [X] the reasonable value.
    (4) [ ] for money lent by plaintiff to defendant at defendant's request
    (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request.
    (6) [ ] other *(specify):*

CC-2. $ 416,569 70 _____, which is the reasonable value, is due and unpaid despite plaintiff's demand,
      plus prejudgment interest [X] according to proof [ ] at the rate of _____ percent per year
      from *(date):*  January 2008

CC-3 [X] Plaintiff is entitled to attorney fees by an agreement or a statute
     [ ] of $
     [X] according to proof

CC-4 [X] Other:  For such other and further relief as the Court deems just and proper.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1. 2007]

CAUSE OF ACTION—Common Counts

Legal
Solutions
Plus

Code of Civil Procedure § 425.12

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO

| | | CASE NUMBER |
|---|---|---|
| WESTERN FARM SERVICE | Plaintiff(s), | CV080074 |
| VS. | | |
| OCEANO PACKING COMPANY | Defendant(s). | Case Management Conference |

```
Dorfmeier, Dale
PETRIE, DORFMEIER & MORRIS LLP
2014 Tulare Street, Suite 830
Fresno              CA  93721
```

### NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE.

This case is assigned to Hon. Teresa Estrada-Mullaney for all purposes.

Plaintiff must serve the Summons and Complaint, a copy of this Notice, a Case Management Policy Statement, a blank Case Management Statement, Alternative Dispute Resolution Policy & Stipulation to ADR & must file proofs of service within 60 days after the complaint is filed. **Defendants shall file responsive pleadings within 30 days of service** unless the parties stipulate to an extension of not more than 15 days.

IT IS HEREBY ORDERED:

1. The parties must appear for a first Case Management Conference on:
   **May 27, 2008 at 9:00 am in Department 3**
   *THE PARTIES OR THEIR ATTORNEYS MUST APPEAR AT THE CASE MANAGEMENT CONFERENCE ***
   For information about telephone appearances call COURTCALL at (888) 882-6878

2. Each party must file & serve a Case Management Statement at least 15 days before the conference.
3. The person appearing at the first Case Management Conference must be familiar with the case and prepared to discuss suitability of the case for mediation, binding arbitration, judicial arbitration or some form of alternative dispute resolution
4. Trial will be set within the 11th or 12th month after the filing of the complaint. Counsel must arrange their schedules, reserve dates with witnesses and schedule trial preparation with this in mind. Continuances will be granted only on a clear showing of good cause.
5. All law and motion matters will be calendared in the department of the assigned judge and filed with the Clerk's Office.
6. Each party should be prepared to show cause why sanctions should not be imposed for a failure to comply with these rules.
***LIMITED JURISDICTION ONLY: unless the parties have entered into arbitration as required by Local Rules 9.00 and 26.00. "Entered into arbitration" means the date upon which the administrator mails the arbitration list.
encs: 3

RECEIVED

JAN 2 5 2008

PETRIE, DORFMEIER & MORRIS

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO

| | | CASE NUMBER |
|---|---|---|
| WESTERN FARM SERVICE | Plaintiff(s). | CV080074 |
| vs. | | |
| OCEANO PACKING COMPANY | Defendant(s). | Case Management Conference |

Dorfmeier, Dale
PETRIE, DORFMEIER & MORRIS LLP
2014 Tulare Street, Suite 830
Fresno        CA  93721

### NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE.

This case is assigned to Hon. Teresa Estrada-Mullaney for all purposes.
Plaintiff must serve the Summons and Complaint, a copy of this Notice, a Case Management Policy Statement, a blank Case Management Statement, Alternative Dispute Resolution Policy & Stipulation to ADR & must file proofs of service within 60 days after the complaint is filed. **Defendants shall file responsive pleadings within 30 days of service** unless the parties stipulate to an extension of not more than 15 days.

IT IS HEREBY ORDERED:

1. The parties must appear for a first Case Management Conference on:
   May 27, 2008 at 9:00 am in Department 3
   *THE PARTIES OR THEIR ATTORNEYS MUST APPEAR AT THE CASE MANAGEMENT CONFERENCE ****
   For information about telephone appearances call COURTCALL at (888) 882-6878

2. Each party must file & serve a Case Management Statement at least 15 days before the conference.
3. The person appearing at the first Case Management Conference must be familiar with the case and prepared to discuss suitability of the case for mediation, binding arbitration, judicial arbitration or some form of alternative dispute resolution
4. Trial will be set within the 11th or 12th month after the filing of the complaint. Counsel must arrange their schedules, reserve dates with witnesses and schedule trial preparation with this in mind. Continuances will be granted only on a clear showing of good cause.
5. All law and motion matters will be calendared in the department of the assigned judge and filed with the Clerk's Office.
6. Each party should be prepared to show cause why sanctions should not be imposed for a failure to comply with these rules.
***LIMITED JURISDICTION ONLY: unless the parties have entered into arbitration as required by Local Rules 9.00 and 26.00. "Entered into arbitration" means the date upon which the administrator mails the arbitration list.

encs. 3

RECEIVED

JAN 2 5 2008

PETRIE, DORFMEIER & MORRIS

# EXHIBIT F

## Complaints and Other Initiating Documents

5:08-cv-00839-JW Oceano Packing Company, LLC v. True Organic Products, Inc. et al
ADRMOP, E-Filing

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Anastassiou, Effie entered on 2/14/2008 9:00 AM PST and filed on 2/14/2008
**Case Name:**        Oceano Packing Company, LLC v. True Organic Products, Inc. et al
**Case Number:**    5:08-cv-839
**Filer:**                 Oceano Packing Company, LLC
**Document Number:** 7

**Docket Text:**
AMENDED COMPLAINT *for Damages, Declaratory and Injunctive Relief; Demand for Jury Trial;* against all defendants. Filed byOceano Packing Company, LLC. (Anastassiou, Effie) (Filed on 2/14/2008)

**5:08-cv-839 Notice has been electronically mailed to:**

Effie F. Anastassiou    effieesq@salinasaglaw.com, legalsecretary@salinasaglaw.com, paralegal@salinasaglaw.com

**5:08-cv-839 Notice has been delivered by other means to:**

Denis Klavdianos
Anastassiou & Associates
242 Capitol Street
Post Office Box 2210
Salinas, CA 93902

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**F:\OCA\Salmonella\OCA v. True Organic Products-Western Farm
SErvice\Pleadings\Plaintiff's Pleadings\FirstAmendedComplaint.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=2/14/2008] [FileNumber=4133575-0]
[7e498f8f410e41e169ec59f54888e905d6b26866cfa6b0a22a0071783ea2670c9a1a4
a0ef659f0cbccbd507af9b4aa8a3998fb24c29c485309bd6cee27e3ec0a]]

1   Effie F. Anastassiou, Esq. (SBN 96279)
    Denis Klavdianos, Esq. (SBN 225925)
2   ANASTASSIOU& ASSOCIATES
    242 Capitol Street
3   Post Office Box 2210
    Salinas, California 93902
4   Telephone: (831) 754-2501
    Facsimile:  (831) 754-0621
5

6   Attorneys for Plaintiff
    OCEANO PACKING COMPANY, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  OCEANO PACKING COMPANY, LLC          )   Case No.  C08 00839 JW
                                         )
11            Plaintiff,                  )   FIRST AMENDED COMPLAINT FOR
                                         )   DAMAGES, DECLARATORY AND
12                                        )   INJUNCTIVE RELIEF; DEMAND FOR
              v.                          )   JURY TRIAL;
13                                        )
                                         )   1. VIOLATION OF ORGANIC FOODS
14  TRUE ORGANIC PRODUCTS, INC., A        )      PRODUCTION ACT OF 1990 - 7 U.S.C.
    California Corporation; and WESTERN   )      §6501;
15  FARM SERVICE, INC., A Delaware        )   2. BREACH OF EXPRESS WARRANTY OF
    Corporation,                          )      FITNESS;
16                                        )   3. BREACH OF IMPLIED WARRANTY OF
                                         )      FITNESS;
17            Defendants.                 )   4. NEGLIGENCE;
                                         )   5. FRAUD;
18                                        )   6. NEGLIGENT MISREPRESENTATION;
                                         )   7. UNFAIR COMPETITION;
19                                        )   8. FEDERAL UNFAIR COMPETITION - 15
                                         )      U.S.C.§1125;
20  _____      )   9. CONVERSION; and
                                         )   10. DEFAMATION
21

22
    Plaintiff, Oceano Packing Company, LLC ("Oceano") hereby alleges as follows:
23
                              THE PARTIES
24
         1.     Oceano is a limited liability company formed and existing under the laws of the State of
25
    California with its principal place of business in San Luis Obispo County, California.  Oceano is in the
26
    business of growing certified organic vegetable crops for human consumption, including, without
27
    limitation, certified organic spinach and "spring mix" crops grown during the 2007 growing season and at
28
    issue in this litigation (the "Crops").

2.      On information and belief, based on the records of the California Secretary of State,
Defendant True Organic Products, Inc. ("True"), is a corporation formed and existing under the laws of the
State of California, with its principal place of business in Monterey County, California.  True is in the
business of manufacturing, marketing and selling organic fertilizer products.

3.      On information and belief, based on the records of the California Secretary of State,
Defendant Western Farm Service, Inc. ("Western"), is a corporation formed and existing under the laws
of the State of Delaware, with its principal office located in Denver, Colorado.  Western conducts business
throughout the State of California, including without limitation, conducting significant business in the
judicial district of this Court.  Western's business activities in this district include, without limitation,
selling organic fertilizer and other products in this district, having offices located in this district, and
employing personnel within this district.  Western's business includes, without limitation, the distribution
and sale of the organic fertilizer products manufactured by True.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of the First and Eighth Causes of Action
set forth herein pursuant to 28 U.S.C. §§ 1331, 1338 and/or 1651, and/or 15 U.S.C. § 1121. This Court has
jurisdiction over the subject matter of the remaining Causes of Action herein pursuant to 28 U.S.C.
§1367(a) because said Causes of Action are so related to the First and Eighth Causes of Action that they
form part of the same case or controversy.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because subject matter
jurisdiction in this case is not founded on diversity of citizenship, and both Western and True reside in this
district (as defined in 28 U.S.C. § 1391(c)).

## FACTUAL BACKGROUND

6.      Oceano is in the business of growing certified organic vegetables, including the Crops, for
sale for human consumption.

7.      During the 2007 growing season, Oceano required fertilizer for its business of growing
organic vegetables, including the Crops.  In order to produce the Crops for human consumption, Oceano
required a fertilizer that would provide plant nutrients, that would not cause Oceano's Crops to be
contaminated by pathogenic organisms, such as E coli or salmonella, and that otherwise would comply with

1 the requirements of the regulations of the National Organic Program (7 C.F.R. Part 205) ("NOP

2 regulations").

3      8.      Oceano contacted Western and asked Western to recommend, select and sell a fertilizer to

4 Oceano that met Oceano's needs, as set forth above.

5      9.      Western recommended a fertilizer known as "True 10-5-2" (the "Fertilizer"). The Fertilizer

6 was manufactured by True. Western represented to Oceano that the Fertilizer was fit for Oceano's intended

7 use.

8      10.     The Fertilizer is made from chicken manure (also called "chicken litter"), as well as other

9 ingredients.

10     11.     Western also sent to Oceano a letter, dated January 16, 2007, which was drafted by Jake

11 Evans of True (the "True Letter"). A true and correct copy of the True Letter is attached hereto as Exhibit

12 A and incorporated herein by reference.

13     12.     The True Letter states, among other things, that True used a "windrow compost process" to

14 produce the Fertilizer. The True Letter also represents that the windrow compost process used by True to

15 produce the Fertilizer complies with the requirements of the NOP regulations, specifically 7 C.F.R. §

16 205.203(c). Further, the True Letter represents that the compost process used to produce the Fertilizer

17 established an initial Carbon-to-nitrogen ration of between 25:1 and 40:1 and maintained a temperature of

18 between 131° F and 170° F for fifteen days using a windrow pile system. The True Letter further represents

19 that because the fertilizer is composted in this manner, the fertilizer is not subject to the NOP regulations

20 requirement that a fertilizer containing manure be incorporated into the soil 120 days prior to harvest, see,

21 7 C.F.R. § 205.203(c)(1)(i) (the "120 day rule"). The 120 day rule is a requirement in the NOP regulations

22 that is intended to protect against contamination of crops with pathogenic organisms, such as salmonella,

23 that are typically transmitted by manure. Thus, the True Letter constitutes a representation that the

24 fertilizer, although made from chicken manure, had been properly composted in accordance with the

25 requirements of the NOP regulations in order to ensure that the fertilizer would not cause Oceano's crops

26 to be contaminated with pathogens, such as salmonella.

27     13.     The True Letter also represents that: (1) the Fertilizer is "100% organic"; (2) True guarantees

28 that its products only contain ingredients allowed by the NOP regulations; (3) True's manufacturing

1  processes exceed all minimum standards for pathogen elimination; and (4) True's manufacturing process
2  has been inspected by and received excellent reviews from the "CDFA" (California Department of Food
3  and Agriculture).

4      14.    The True Letter also states that True's "organic fertilizers" are assigned lot numbers and are
5  not released for sale until True receives a certificate of analysis from a certified laboratory resulting in
6  negative results for microbial contamination, including, without limitation, E coli 0157 and salmonella.

7      15.    On its internet website, True also makes the following representations regarding its fertilizer
8  products:

9      OUR PROMISE
       We respect our growers' commitment to organic and sustainable farming.
10     We take pride in manufacturing the finest 100% organic fertilizers on the
       market, completely pathogen-free and always maintaining our guaranteed
11     analysis.

12  A true and correct copy of the relevant excerpt from True's internet website is attached hereto as Exhibit
13  B and incorporated herein by reference.

14      16.    In product specification documents for the Fertilizer, true and correct copies of which are
15  attached hereto as Exhibit E and incorporated herein by reference, (the "Product Specs"), which Product
16  Specs True has distributed in commerce, True also represents that: (1) the Fertilizer is "100" Organic
17  Fertilizer;" (2) the Fertilizer is "formulated specially for 100% organic fruits and vegetables;" and (3) the
18  Fertilizer is made entirely with materials that "may be used on certified organic land and crops."  The
19  Product Specs also repeatedly refer to "OMRI" - the Organic Materials Review Institute - a non-profit
20  organization that reviews products to determine whether or not the products are "Allowed" or "Approved"
21  for use on certified organic farms.  The Product Specs state that the Fertilizer is made entirely with "OMRI
22  status allowed (A)" and "NOP allowed" ingredients.

23      17.    Based on Western's recommendation of the Fertilizer, and on the representations concerning
24  the Fertilizer contained in the True Letter, and on the representations made on True's internet website,
25  Oceano purchased the Fertilizer for use in producing certified organic vegetables in the course of Oceano's
26  business, including the Crops.  Copies of invoices for Oceano's purchase of the Fertilizer are attached
27  hereto as Exhibit C and incorporated herein by reference.

28      18.    Unbeknownst to Oceano, and contrary to the representations made by True and Western as

1  described above, the Fertilizer manufactured by True and sold to Oceano by Western was contaminated

2  with salmonella bacteria. After Oceano applied the Fertilizer to its farmland, the salmonella contamination

3  was spread to Oceano's fields and to its Crops. Oceano first discovered this contamination when three

4  separate, unrelated, customers of Oceano reported finding salmonella in Crops grown by Oceano in fields

5  where the Fertilizer was applied. Each of the three customers received Oceano's Crops independent of one

6  another and drew their samples from Crops received by the customers at different locations.

7      19.    After being notified by its customers about the salmonella contamination on its Crops,

8  Oceano conducted an investigation to determine the source of the salmonella contamination, including,

9  without limitation, conducting testing of the Fertilizer and the soil from Oceano's fields. The results of

10  such testing showed that the Fertilizer contained salmonella contamination. A sample of soil from

11  Oceano's fields also tested positive for the presence of salmonella. The tests conducted by Oceano and its

12  customers thus showed that the salmonella contamination had originated with the Fertilizer, and had been

13  spread to Oceano's fields and Crops by the application of the contaminated Fertilizer.

14      20.    Due to the salmonella contamination of Oceano's Crops, Oceano was required to destroy

15  Crops that had previously been harvested for sale, and/or had previously been delivered to its customers,

16  and was required to destroy crops still growing in Oceano's fields. Consequently, Oceano was unable to

17  deliver sufficient uncontaminated Crops to meet its contractual obligations to its customers during the 2007

18  growing season. In all, as a result of the salmonella contamination, Oceano was unable to deliver a total

19  of approximately 1,431,511 pounds of Crops to three of its customers with whom Oceano had contracts to

20  deliver certified organic vegetables. This shortfall resulted in lost revenue to Oceano of approximately

21  $1,073,633.30, among other damages, as well as a loss of future business with its customers.

22      21.    The false representations made by True and/or Western concerning the Fertilizer have

23  caused, and are likely to continue to cause, unless enjoined by this Court, confusion in the marketplace for

24  organic fertilizer products in that among other misrepresentations, True and/or Western have misrepresented

25  the origin, sponsorship and/or approval of the Fertilizer, when they have stated that the Fertilizer is "100%

26  Organic Fertilizer", "100% organic", "organic", "formulated specially for 100% organic fruits and

27  vegetables, and/or other similar statements; when they have stated that True's manufacturing process for

28  the Fertilizer has been inspected by and received excellent reviews by the CDFA; and/or when they have

1  stated that the Fertilizer is "OMRI allowed", an "OMRI class fertilizer", made entirely of "OMRI status

2  allowed" ingredients, and/or other similar statements. In addition, the false representations made by True

3  and Western have caused, and/or are likely to cause, injury to the marketplace for organic vegetable

4  products for human consumption.  If True and Western are allowed to continue their marketing and sale

5  of organic fertilizer products which are contaminated by salmonella, such activities are likely to result in

6  one or more repeated acts of contamination of organic vegetable products, which in turn could result in one

7  or more future bans of the sale of organic vegetable products by the federal, state or local governments,

8  similar to the general ban by the U.S. Food and Drug Administration ("FDA") of the sale of spinach

9  throughout the U.S. for a several week time period which was caused by the discovery of E coli bacteria

10  in spinach in September of 2006, and/or other negative publicity which would be detrimental to the sale of

11  organic vegetable products.

12                          **FIRST CAUSE OF ACTION**
        **(Violation Of Organic Foods Production Act of 1990 - 7 U.S.C. § 6501 et seq.)**
13                          **(Against True and Western)**

14      22.    Oceano hereby incorporates by reference each of the other allegations in this First Amended

15  Complaint as though fully set forth in this First Cause of Action.

16      23.    The Organic Foods Production Act of 1990, 7 U.S.C. § 6501 et seq. (the "OFPA"), was

17  enacted by Congress "to establish national standards governing the marketing of certain agricultural

18  products as organically produced products." 7 U.S.C. § 6501(1).

19      24.    The OFPA make it unlawful for "[a]ny person who knowingly sells a product as organic,

20  except in accordance with this title" 7 U.S.C. § 6519(a).

21      25.    The U.S. Secretary of Agriculture has adopted regulations to implement the OFPA. Those

22  regulations are commonly known as the NOP regulations.

23      26.    The NOP regulations, specifically 7 C.F.R. 205.102, states that any agricultural product "that

24  is sold, labeled, or represented as '100 percent organic,' 'organic,' or 'made with organic' . . . must be: [¶]

25  [. . . p]roduced in accordance with the requirements specified in . . . §§ 205.202 through 205.207."

26      27.    The NOP regulations state that a producer of organic crops must manage plant and animal

27  materials to maintain or improve soil organic matter content in a manner that does not contribute to

28  contamination of crops, soil, or water by pathogenic organisms.  7 C.F.R. § 205.203(c).  The NOP

1  regulations state that animal manure "must be composted" unless it is incorporated into the soil not less than

2  120 days prior to harvest of a crop whose edible portion has direct contact with the soil surface or not less

3  than 90 days prior to harvest for a crop whose edible portion does not contact the soil surface or soil

4  particles. 7 C.F.R. § 205.203(c)(1)(ii) and (iii). A producer of organic crops may also apply "composted

5  plant and animal materials" that are produced through a windrow compost process that establishes a carbon-

6  nitrogen ration of between 25:1 and 40:1 and maintained a temperature of between 131 degrees F and 170

7  degrees F for 15 days during which time the materials must be turned a minimum of five times. 7 C.F.R.

8  § 205.203(c)(2)(i) and (iii).

9      28.    The CDFA is responsible for the enforcement of the OFPA and the NOP regulations within

10  the State of California. See California Food & Agricultural Code § 46000 et seq., which is known as the

11  California Organic Products Act of 2003. One such enforcement activity delegated to the CDFA is spot

12  inspections to determine compliance with the requirements of the organic laws (California Food &

13  Agricultural Code § 46018.1), which include, without limitation, regulation of the advertising and labeling

14  of fertilizers sold as "organic" (California Food & Agricultural Code § 46024) .

15      29.    The representations made by True and Western to Oceano that the Fertilizer is "100%

16  organic" and/or "organic", complied with the NOP regulations as described above, and/or was inspected

17  and received excellent reviews by the CDFA were false and/or misleading. In fact the Fertilizer violated

18  the above-referenced OFPA and NOP regulations. Although both True and Western represented to Oceano

19  that the Fertilizer, which is made from chicken manure, had been manufactured, including composted, in

20  accordance with the requirements of the NOP regulations, the Fertilizer was not, in fact, manufactured in

21  accordance with the requirements of the NOP regulations and was in fact, contaminated by pathogenic

22  organisms. Accordingly, by manufacturing, recommending and/or selling the Fertilizer, True and Western

23  violated both the OFPA and NOP regulations.

24      30.    As a result of the violations of the OFPA and NOP regulations by True and Western,

25  Oceano's Crops were contaminated with salmonella, and Oceano's Crops could not be marketed and sold

26  as organic Crops, but had to be destroyed. As a consequence, Oceano suffered damages which included

27  lost revenues of approximately $1,073,633.30, as well as a loss of future business with its customers in an

28  amount to be determined according to proof, and suffered other damages to be determined in accordance

1 | with proof.

## SECOND CAUSE OF ACTION
### (Breach of Express Warranty Of Fitness)
### (Against True and Western)

31.    Oceano hereby incorporates by reference each of the other allegations in this First Amended Complaint as though fully set forth in this Second Cause of Action.

32.    During the 2007 growing season, between about June and October of 2007, Oceano required a fertilizer for the production of certified organic vegetable crops, including the Crops.  Oceano also required a fertilizer that would not cause the crops to be contaminated with any pathogenic organism such as E Coli or salmonella, and that otherwise conformed to the requirements of the NOP regulations.

33.    Oceano relied on the skill and judgment of True and Western to manufacture, select and furnish suitable fertilizer to meet Oceano's need for a fertilizer that would allow Oceano to produce certified organic vegetable crops, while not causing contamination of the crops by pathogenic organisms.

34.    True and Western knew, or reasonably should have known, that Oceano required a fertilizer for use in producing certified organic vegetables that would not cause pathogen contamination of Oceano's Crops and which would comply with the requirements of the NOP regulations.  True and Western knew that Oceano was relying on the skill and knowledge of True and Western to manufacture, select and sell a fertilizer that was fit for Oceano's intended use.  True and Western made express warranties to Oceano, orally and/or in writing, that the Fertilizer sold to Oceano during that time period (the True 10-5-2 Fertilizer) was fit for Oceano's intended use as a fertilizer to produce organic vegetables without causing contamination of the vegetables with pathogens.  Such warranties included, but were not limited to, the warranties and representations set forth in the True Letter (attached as Exhibit B hereto), in which True and Western represented that: the Fertilizer was "100% organic;" the Fertilizer contained only "NOP allowed ingredients;" True's manufacturing processes "exceed all minimum standards for pathogen elimination"; True's manufacturing process has been inspected and received excellent reviews by the CDFA; the Fertilizer (which was made from chicken manure) had been composted in accordance with the requirements of the NOP regulations, and was thus exempt from the 120 day to harvest requirement and "able to be applied to crops at any time"; and that the Fertilizer is not released for sale "until we receive a [certificate of analysis] from a certified lab resulting in negative results for EHEC, E coli 0157, and Salmonella."

1    35.    True also made other express warranties regarding the suitability of its Fertilizer to meet

2  Oceano's needs in its advertising, including without imitation, the representations made by True on True's

3  internet web site which are set forth in Exhibit B.  On its web site, True makes the following express

4  warranties regarding its Fertilizer:

5       OUR PROMISE
        We respect our growers' commitment to organic and sustainable farming.
6       We take pride in manufacturing the finest 100% organic fertilizers on the
        market, <u>completely pathogen-free</u> and always maintaining our guaranteed
7       analysis.

8  (emphasis added).

9    36.    Oceano relied on the warranties made by True and Western in deciding to purchase the

10  Fertilizer.

11    37.    True and Western breached their express warranties that the Fertilizer sold to Oceano was

12  fit for Oceano's intended use.  As a direct and legal result of True and Western's breach of their express

13  warranties, the Fertilizer sold to Oceano was contaminated with salmonella and caused Oceano's Crops and

14  soils to become contaminated with salmonella which required that the Crops had to be destroyed.

15    38.    True's and Western's breaches of their express warranties is the direct and legal cause of

16  Oceano's damages described herein, which damages include lost revenues of approximately $1,073,633.30,

17  as well as a loss of future business with its customers in an amount to be determined according to proof,

18  and other damages to be determined in accordance with proof.

19                          **THIRD CAUSE OF ACTION**
                      **(Breach of Implied Warranty of Fitness)**
20                         **(Against True and Western)**

21    39.    Oceano hereby incorporates by reference each of the other allegations in this First Amended

22  Complaint as though fully set forth in this Third Cause of Action.

23    40.    As has been described above, during the 2007 growing season, Oceano required a fertilizer

24  for use in its production of certified organic vegetables and required a fertilizer that would not cause

25  Oceano's Crops to become contaminated by pathogenic organisms.  Oceano relied on the skill and

26  knowledge of True and Western to manufacture, select and/or sell Oceano fertilizer that was fit for

27  Oceano's intended use.

28    41.    At the time of Oceano's purchase of the Fertilizer as described herein, True and Western

1   knew, or reasonably should have known, of the particular purpose for which the Fertilizer was required by

2   Oceano, and that Oceano was relying on True and Western to manufacture, select and/or sell suitable

3   fertilizer to Oceano. Accordingly, there was an implied warranty that the Fertilizer was fit for Oceano's

4   intended use.

5        42.   True and Western breached that warranty by manufacturing, selecting and/or selling

6   Fertilizer to Oceano that was contaminated with salmonella.

7        43.   The contaminated Fertilizer caused Oceano's Crops and soils to become contaminated with

8   salmonella, which required that the Crops had to be destroyed.

9        44.   True's and Western's breach of the implied warranty of fitness is the direct and legal cause

10   of Oceano's damages described herein, which damages included lost revenues of approximately

11   $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined

12   according to proof, and other damages to be determined in accordance with proof.

13                           **FOURTH CAUSE OF ACTION**
                                 **(Negligence)**

14                          **(Against True and Western)**

15        45.   Oceano hereby incorporates by reference each of the other allegations in this First Amended

16   Complaint as though fully set forth in this Fourth Cause of Action.

17        46.   True was under a legal duty to manufacture, package, store, test, and ship the Fertilizer in

18   a manner that eliminated the presence of pathogens, such as salmonella, and to prevent contamination of

19   the Fertilizer following manufacture. True was also under a legal duty to produce the Fertilizer in a manner

20   which complied with the NOP regulations, as expressly represented by True.

21        47.   True breached its legal duty by negligently and carelessly manufacturing, packaging, storing,

22   testing, and/or shipping (or failing to manufacture, package, store, test and/or ship) the Fertilizer in a

23   manner that caused the Fertilizer to be contaminated with salmonella when it was received by Oceano, and

24   to violate the NOP regulations.

25        48.   Western was similarly under a legal duty to store, ship, maintain and/or test the Fertilizer

26   in a manner that prevented contamination of the Fertilizer by salmonella and other pathogens, and to ensure

27   that the Fertilizer complied with the NOP regulations. Western was also under a legal duty to investigate

28   True's manufacturing, storage and shipment practices to ensure that they were adequate to prevent

1   contamination of the Fertilizer by pathogens, such as salmonella, and to ensure that they complied with the

2   NOP regulations, before recommending the Fertilizer to Oceano for Oceano's intended use.

3       49.     Western breached its legal duty by negligently and carelessly storing, shipping, maintaining

4   and/or testing (or failing to appropriately store, ship, maintain and/or test) the Fertilizer in a manner that

5   caused the fertilizer to be contaminated by salmonella when it was received by Oceano, and not to comply

6   with the NOP regulations.  Western also breached its legal duty by failing to adequately investigate True's

7   manufacturing, storage and shipment practices to determine whether such practices were adequate to

8   prevent the contamination of the Fertilizer by salmonella, and whether such practices complied with the

9   requirements of the NOP regulations, before recommending and selling the Fertilizer to Oceano for

10  Oceano's intended use.

11      50.     True's and Western's breach of their respective legal duties were the direct and legal cause

12  of Oceano's damages as described herein, which damages include lost revenues of approximately

13  $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined

14  according to proof, and other damages to be determined in accordance with proof.

### FIFTH CAUSE OF ACTION
#### (Fraud)
#### (Against True and Western)

17      51.     Oceano hereby incorporates by reference each of the other allegations in this First Amended

18  Complaint as though fully set forth in this Fifth Cause of Action.

19      52.     True and/or Western made oral representations to Oceano that the True 10-5-2 Fertilizer

20  purchased by Oceano would not contain pathogens such as salmonella, and would comply with the

21  requirements of the NOP regulations..

22      53.     True and Western also made written representations to Oceano that the Fertilizer was

23  manufactured in a manner that would eliminate pathogens such as salmonella, that the fertilizer had tested

24  negative for pathogens, such as salmonella, that the Fertilizer complied with the requirements of the NOP

25  regulations, and that True's manufacturing process has been inspected and received excellent reviews by

26  the CDFA.  Such written representations also included, without limitation, the following representations

27  in the True Letter: (1) "Our manufacturing processes exceed all minimum standards for pathogen

28  elimination"; (2) the chicken manure Fertilizer was properly composted, using the windrow compost

1    method, in accordance with the requirements of the NOP regulations; and (3) the Fertilizer is "not released

2    for sale until we receive a [certificate of analysis] from a certified lab resulting in negative results for

3    EHEC, E coli 0157, and Salmonella."

4         54.    On its internet web site, True also made written representations that its fertilizers are

5    "completely pathogen-free." (See Exhibit B attached hereto).

6         55.    These oral and written representations made by True and Western were false.

7         56.    True and Western, and their officers, directors and/or managing agents, knew that the above

8    oral and/or written representations regarding the Fertilizer were false.

9         57.    True and Western, and their offices, directors and/or managing agents, made and/or

10   authorized the above oral and/or written representations with the intent to induce Oceano and others to act

11   (by buying the Fertilizer) in reliance on said representations.

12        58.    Oceano justifiably relied on the truth of such oral and/or written representations made by

13   True and Western in deciding to purchase and use the Fertilizer during the 2007 growing season.

14        59.    The false representations made by True and Western are the direct and legal cause of the

15   damages suffered by Oceano as described herein, which damages include lost revenues of approximately

16   $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined

17   according to proof, and other damages to be determined in accordance with proof.

18        60.    Upon information and belief, at all times mentioned herein, True and Western, and their

19   officers, directors and/or managing agents, were aware of the probable dangerous consequences of their

20   conduct and willfully and deliberately failed to avoid those consequences. As such, True's and Western's

21   acts of making false written and/or oral representations to Oceano with the intent that Oceano rely on said

22   representations constitutes fraud, malice and/or oppression, was despicable conduct done in conscious

23   disregard of Oceano's rights, and thereby justifies an award of exemplary and punitive damages.

**SIXTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**
**(Against True and Western)**

26        61.    Oceano hereby incorporates by reference each of the other allegations in this First Amended

27   Complaint as though fully set forth in this Sixth Cause of Action.

28

1    62.    True and/or Western made oral representations to Oceano that the True 10-5-2 Fertilizer

2    purchased by Oceano would not contain pathogens such as salmonella, that the Fertilizer complied with the

3    requirements of the NOP regulations, and that True's manufacturing process has been inspected and

4    received excellent reviews by the CDFA.

5    63.    True and Western also made written representations to Oceano that the Fertilizer was

6    manufactured in a manner that would eliminate pathogens, such as salmonella, and that the fertilizer had

7    tested negative for pathogens, such as salmonella.  Such written representations included, without

8    limitation, the following representations in the True Letter: (1) "Our manufacturing processes exceed all

9    minimum standards for pathogen elimination"; (2) the chicken manure Fertilizer was properly composted,

10   using the windrow compost method, in accordance with the requirements of the NOP regulations; and (3)

11   the Fertilizer is "not released for sale until we receive a [certificate of analysis] from a certified lab resulting

12   in negative results for EHEC, E coli 0157, and Salmonella."

13   64.    On its internet web site, True also made written representations that its fertilizers are

14   "completely pathogen-free." (See Exhibit B attached hereto).

15   65.    The oral and/or written representations made by True and Western were false.

16   66.    When True and Western made these oral and/or written representations, they had no

17   reasonable grounds for believing them to be true.

18   67.    True and Western made the above oral and/or written representations with the intent to

19   induce Oceano and others to act (by buying the Fertilizer) in reliance on said representations.

20   68.    Oceano justifiably relied on the truth of such oral and/or written representations made by

21   True and Western in deciding to purchase and use the Fertilizer during the 2007 growing season.

22   69.    The false representations made by True and Western are the direct and legal cause of the

23   damages suffered by Oceano as described herein, which damages include lost revenue of approximately

24   $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined

25   according to proof, and other damages to be determined in accordance with proof.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### (Against True and Western)

26

27

28

70.     Oceano hereby incorporates by reference each of the other allegations in this First Amended Complaint as though fully set forth in this Seventh Cause of Action.

71.     California Business and Professions Code ("BPC") § 17203 states, in pertinent part, that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

72.     The term "unfair competition" is defined in BPC § 17200 as follows:

As used in this chapter, unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of [the BPC].

73.     The actions of True and Western in violation of the OFPA and NOP regulations as described above constitute unfair competition as defined by BPC § 17200 because such actions are "unlawful."

74.     As described more fully above, True and Western also represented, in the True Letter and on True's internet web site that: (1) the Fertilizer is 100% organic; (2) the Fertilizer contained only "NOP allowed ingredients"; (3) True's manufacturing process has been inspected and received excellent reviews by the CDFA; (4) True's manufacturing process "exceeded all the minimum standards for pathogen elimination"; (5) the Fertilizer was composted by the windrow compost method in accordance with the requirements of the NOP regulations; and (6) the Fertilizer was "completely pathogen-free" . Said representations were false and were made by True and/or Western with knowledge that they were false and/or without any reasonable basis to believe that the representations were true. By making these representations, therefore, True and Western are guilty of unfair and/or fraudulent business acts or practices.

75.     The misrepresentations made by True and Western in the True Letter and on True's internet web site constitute "unfair, deceptive, untrue or misleading advertising."

76.     The definition of "unfair competition" in BPC § 17200 includes any act prohibited by BPC § 17500. BPC § 17500 states in pertinent part as follows:

It is unlawful for any person, firm, corporation or association . . . with intent directly or indirectly to dispose of real or personal property . . . or anything of any nature whatsoever . . . to make or disseminate or cause to be made or disseminated before the public in this state . . . in any newspaper or other

1
2
3
4

publication, or any advertising device . . . or in any other manner or means whatever, including over the internet, any statement, concerning that real or personal property . . . or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . ..

5
6
7
8
9
10

77.    The misrepresentations made by True and Western in the True Letter and on True's internet web site, as described above, constitute untrue and/or misleading statements regarding the Fertilizer which True and Western knew to be untrue, or through the exercise of reasonable care should have known to be untrue. The misrepresentations were made with the intent directly or indirectly to dispose of the Fertilizer. Said misrepresentations therefore constitute a violation of BPC § 17500, and also constitute "unfair competition" as defined in BPC § 17200.

11
12
13
14

78.    The acts of unfair competition committed by True and Western are the direct and legal cause of the damages sustained by Oceano as described herein, which damages include lost revenues of approximately $1,073,633.30, as well as a loss of future business with its customers in an amount to be determined according to proof, and other damages to be determined in accordance with proof.

15
16

### EIGHTH CAUSE OF ACTION
(Federal Unfair Competition - 15 U.S.C. §1125)
(Against True and Western)

17
18

79.    Oceano hereby incorporates by reference each of the other allegations in this First Amended Complaint as though fully set forth in this Eighth Cause of Action.

19
20

80.    This Eighth Cause of Action is brought pursuant to 15 U.S.C. § 1125(a)(1), which states, in pertinent part:

21
22
23
24
25
26
27
28

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
   (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsor-ship, or approval of his or her goods, services, or commercial activities by another person, or
   (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

81.     True violated 11 U.S.C. § 1125(a)(1)(A) by using, in the Product Specs, the word or terms "OMRI allowed" and "OMRI class fertilizer," and by stating that the Fertilizer is made entirely of "OMRI status allowed" ingredients. Such words or phrases are likely to cause confusion, to cause mistake, and/or to deceive as to the origin, sponsorship, or approval of the Fertilizer, specifically by leading organic vegetable producers and other organic farmers to believe that the Fertilizer has been approved by OMRI. In truth, OMRI has not approved the Fertilizer.

82.     Organic vegetable producers, such as Oceano, routinely rely on OMRI to list products that are allowable for use in organic farming pursuant to the NOP regulations. By using the phrases "OMRI allowed" and "OMRI class fertilizer" and by representing that the Fertilizer is made from "OMRI status allowed" ingredients, True undermines the ability of organic farmers to trust OMRI as a source of products suitable for use in organic farming under the NOP regulations.

83.     True and Western have also violated 11 U.S.C. § 1125 (a)(1)(A) by stating, in the True Letter, on True's website, and/or on labels or other documents associated with the sale of the Fertilizer in commerce, that the Fertilizer is: (1) "100% organic," (2) "organic", (3) "completely pathogen-free," (4) composted in accordance with the requirements of the NOP regulations, and/or (5) inspected and favorably reviewed by the CDFA. Such statements are untrue, as set forth in detail above, and likely to cause confusion, to cause mistake and/or to deceive another person, including, without limitation, Oceano, as to the origin, sponsorship, and/or approval of the Fertilizer.

84.     True and Western have also violated 11 U.S.C. § 1125 (a)(1)(B) by making false and/or misleading representations of fact in the True Letter and on True's internet website, which facts misrepresent the nature, characteristics, and/or qualities of the Fertilizer, as more fully described above.

85.     As a producer of organic vegetables in accordance with the NOP regulations, Oceano has a competitive and economic interest in ensuring that the terms "100% Organic Fertilizer", "100% organic", "organic", "formulated specially for 100% organic fruits and vegetables", are used solely in conjunction with products produced in accordance with the NOP regulations, and that those terms are not applied to the sale or marketing of products that are not produced in accordance with the NOP regulations. Oceano also has a competitive and economic interest in ensuring that the terms "100% Organic Fertilizer", "100% organic", "organic" and "formulated specially for 100% organic fruits and vegetables", continue to have

1   a reputation for high quality products among consumers and companies in the organic product industry.

2   Oceano also has a competitive and economic interest in ensuring that inputs represented as "100% Organic

3   Fertilizer", "100% organic", "organic", and "formulated specially for 100% organic fruits and vegetables",

4   which are used to produce organic vegetable products, are not contaminated by pathogenic organisms which

5   will in turn contaminate organic vegetable products.  In this case, True's and Western's continued use of

6   the terms "100% Organic Fertilizer," "100% organic", "organic", and "formulated specially for 100%

7   organic fruits and vegetables", as described herein, to refer to a product - the Fertilizer - that is not produced

8   according to the NOP regulations, threatens the value of those terms for Oceano's uses.  Similarly, Oceano

9   has an interest in ensuring that the terms "OMRI allowed", an "OMRI class fertilizer", and made entirely

10  of "OMRI status allowed" ingredients, are not degraded and devalued, and that the status of OMRI is

11  maintained as an organization which can be relied upon to evaluate inputs for use on certified organic

12  farms.

13       86.     As described in detail above, in the True Letter and on True's internet web site, True and

14  Western made false and/or misleading representations of fact regarding the Fertilizer in commerce which

15  also misrepresented the nature, characteristics, and/or qualities of the Fertilizer.  Oceano justifiably relied

16  on the false and/or misleading representations of fact made by True and Western regarding the Fertilizer

17  in commerce which caused Oceano to suffer commercial injury, including, without limitation, the

18  destruction of its Crops due to salmonella contamination, and the loss of future business with its customers.

19  If such actions by True and Western are not enjoined by this Court, such actions could result in one or more

20  repeated acts of contamination of organic vegetable products by the True Fertilizer, which in turn could

21  result in general harm and damage to the organic vegetable production industry, due to potential FDA bans

22  of the sale of organic vegetable products, and/or other negative publicity which is detrimental to the sale

23  of organic vegetable products.

24       87.     True and Western's false and/or misleading representations of fact regarding the Fertilizer

25  were the direct and legal cause of Oceano's damages as described herein, which include lost revenues of

26  approximately $1,073,633.30, as well as a loss of future business with its customers in an amount to be

27  determined according to proof, and other damages to be determined in accordance with proof.

28       88.     Oceano, and other organic vegetable producers who purchase organic fertilizers, will

1    continue to be damaged and irreparably injured until and unless the wrongful activities of True and Western

2    with respect to the Fertilizer that are described herein are enjoined by this Court.

3                                       **NINTH CAUSE OF ACTION**
                                              (Conversion)
4                                       (Against Western Only)

5         89.    Oceano hereby incorporates by reference each of the other allegations in this First Amended

6    Complaint as though fully set forth in this Ninth Cause of Action.

7         90.    On or about January 10, 2008, a representative of Western, Darin Chebot, went onto

8    Oceano's leased farmland located in San Luis Obispo County, California, without the permission or consent

9    of Oceano, and removed a variety of items of personal property owned by Oceano, including, without

10   limitation, the agricultural chemicals listed on Exhibit D attached hereto and incorporated herein by

11   reference (the "Converted Property"). Oceano promptly filed a report with the San Luis Obispo County

12   Sheriff's department which reported that the Converted Property had been unlawfully taken from Oceano

13   by the representative of Western.

14        91.    Mr. Chebot was acting for and on behalf of Western, with the knowledge and/or consent of

15   Western's officers, directors, and/or managing agents, at the time he removed the Converted Property from

16   Oceano's farmland, without the permission or consent of Oceano.

17        92.    Neither Mr. Chebot nor Western have returned the items of Converted Property to Oceano,

18   despite Oceano's demand that they do so.

19        93.    By committing these actions, Western is guilty of conversion of the Converted Property.

20        94.    Western's act of conversion of the Converted Property has caused Oceano to suffer damages

21   in an amount to be proven at trial.

22        95.    Western, and its officers, directors, and/or managing agents, were aware that said acts of

23   conversion of the Converted Property occurred, and that the Converted Property was the property of

24   Oceano, and that Oceano was entitled to the possession thereof, and notwithstanding such knowledge,

25   Western wrongfully, maliciously, and with intent to injure Oceano failed to return the Converted Property,

26   which actions constitutes despicable conduct done in conscious disregard of Oceano's rights, thereby

27   justifying an award of exemplary and punitive damages.

28                                      **TENTH CAUSE OF ACTION**
                                               (Defamation)

**(Against Western Only)**

96.     Oceano hereby incorporates by reference each of the other allegations in this First Amended Complaint as though fully set forth in this Tenth Cause of Action.

97.     At various times between January 10, 2008 and continuing to the present, various employees, officers, directors, and/or managing agents of Western, acting within the scope and course of their employment or agency with Western, have made false representations regarding Oceano to third parties, including without limitation, representations that Oceano is not paying its trade debts in a timely manner. Said false representations were made by the employees, officers, directors, and/or managing agents of Western with the actual intent to injure Oceano in its credit, finances and reputation in the industry. Said false representations were motivated by hatred or ill will toward Oceano and/or were made without any reasonable grounds for believing the truth of said representations.

98.     The false representations made by Western as described herein have caused Oceano to suffer injury to its reputation and finances in an amount to be proven at trial.

99.     Said false representations made by the employees, officers, directors, and/or managing agents of Western constitute fraud, malice and/or oppression, and constitutes despicable conduct done in conscious disregard of Oceano's rights, thereby justifying an award of exemplary and punitive damages.

## REQUEST FOR RELIEF

NOW THEREFORE, Oceano respectfully requests that the Court order relief as follows:

### On the First Cause of Action:

1. Order True and Western to pay compensatory damages in the amount of $1,073,633.30, or such other amount as is determined according to proof, loss of future business with its customers to be determined according to proof, plus other consequential damages, interest and such other damages as may be proven at trial;

2. Issue an order declaring that True and Western's actions violate the requirements of the OFPA and the NOP regulations;

3. Issue an order enjoining True and Western from continuing to violate the OFPA and NOP regulations;

1       4. Issue an order enjoining True and Western from: (A) continuing to represent the Fertilizer as

2  "organic" or "100% organic"; (B) continuing to represent that the Fertilizer was composted or otherwise

3  treated in accordance with the NOP regulations; and (C) continuing to represent that the Fertilizer, or any

4  other fertilizer manufactured by True, is "completely pathogen-free";

5       5. Order True and Western to pay Oceano's attorney's fees and costs; and

6       6. Order such other and further relief as the Court determines is just and proper.

7      **On The Second, Third, Fourth, and Sixth Causes Of Action:**

8       1. Order True and Western to pay compensatory damages in the amount of $1,073,633.30, or such

9  other amount as is determined according to proof, loss of future business with its customers to be

10  determined according to proof, plus other consequential damages, interest and such other damages as may

11  be proven at trial;

12       2. Order True and Western to pay Oceano's attorney's fees and costs; and

13       3. Order such other and further relief as the Court determines is just and proper.

14      **On The Fifth Cause of Action:**

15       1. Order True and Western to pay compensatory damages in the amount of $1,073,633.30, or such

16  other amount as is determined according to proof, loss of future business with its customers to be

17  determined according to proof, plus other consequential damages, interest and such other damages as may

18  be proven at trial;

19       2. Order True and Western to pay punitive damages in an amount to be determined at trial;

20       3. Order True and Western to pay Oceano's attorney's fees and costs; and

21       4. Order such other and further relief as the Court determines is just and proper.

22      **On The Seventh Cause of Action:**

23       1. Order True and Western to restore to Oceano all money acquired by True and Western's acts of

24  unfair competition, including ordering True and Western to restore to Oceano lost revenues of

25  $1,073,633.30, or such other amount as is determined according to proof, loss of future business with its

26  customers to be determined according to proof, plus other consequential damages, interest and such other

27  damages as may be proven to have been caused by the unfair competition at trial;

28

1    2. Issue an order enjoining True and Western from continuing to engage in the acts of unfair
2    competition described herein;

3        3. Order True and Western to pay Oceano's attorney's fees and costs; and

4        4. Order such other and further relief as the Court determines is just and proper.

5    **On the Eighth Cause of Action:**

6        1. Order True and Western to pay damages in the amount of $1,073,633.30, or such other amount
7    as is determined according to proof, loss of future business with its customers to be determined according
8    to proof, plus other consequential damages, interest and such other damages as may be proven at trial;

9        2. Issue an order enjoining True and Western from continuing to make the false and/or misleading
10   representations of fact regarding the Fertilizer described herein;

11       3. Order True and Western to pay Oceano's attorney's fees and costs; and

12       4. Order such other and further relief as the Court determines is just and proper.

13   **On The Ninth Cause of Action:**

14       1. Order Western to pay damages caused by its act of conversion of the Converted Property in an
15   amount to be proven at trial;

16       2. Order Western to pay punitive damages in an amount to be proven at trial;

17       3. Order Western to pay Oceano's attorney's fees and costs; and

18       4. Order such other and further relief as the Court determines is just and proper.

19   **On The Tenth Cause of Action:**

20       1. Order Western to pay damages caused by its acts of defamation in an amount to be proven at
21   trial;

22       2. Order Western to pay punitive damages in an amount to be proven at trial;

23       3. Order Western to pay Oceano's attorney's fees and costs; and

24       4. Order such other and further relief as the Court determines is just and proper.

25   **DEMAND FOR JURY TRIAL**

26   Oceano hereby demands a trial by jury.

27

28

1   Dated: February 14, 2007

2                                                    ANASTASSIOU & ASSOCIATES

3                                        By: _____

4                                             Effie F. Anastassiou,
                                              Attorneys for Plaintiff Oceano
5                                             Packing Company, LLC

6   F:\OCA\Salmonella\OCA v. True Organic Products-Western Farm SErvice\Pleadings\FirstAmendedComplaint.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



January 16, 2007

To Whom It May Concern:

True Organic Products, Inc. prides itself on manufacturing 100% organic pelleted and liquid fertilizers. Our products do not contain any ammonia or non-protein forms of Nitrogen. We have files and receipts available for all inputs made to manufacture all of our fertilizers. We have been inspected by both the CDFA and the Natural Selection Group receiving excellent reviews from both organizations. We guarantee our products only contain NOP allowed ingredients.

True organic Products, Inc. uses the windrow compost process for our aged chicken litter. NOP Rules Section 205.203 (c) states: Animal and plant materials produced through a process that (i) establish an initial C:N ration between 25:1 and 40:1, (ii) maintain a temperature between 131 °F and 170 °F for fifteen days using a windrow pile system. By utilizing the above process, our products containing chicken litter are considered a compost material and are not subject to the 120 day prior to harvest rule. We also carry a number of pelleted 100% organic fertilizers which do not contain any composted chicken litter and are also able to be applied to crops at any time.

In the process of pelleting our products, the temperature ranges between 195 °F and 205 °F. In the drying process, the temperature is maintained at a minimum of 350 °F for approximately 30 minutes to dry the material to a moisture level of less the 12%. Our liquid fertilizers are heated in excess of 150 °F for a minimum of 48 hours. Our manufacturing processes exceed all minimum standards for pathogen elimination.

All of our organic fertilizers are assigned lot numbers and are not released for sale until we receive a COA from a certified lab resulting in negative results for EHEC, E coli 0157, and Salmonella. The COA will accompany each load of fertilizer along with the bill of lading. If you have any further questions, please feel free to call.

Best regards,

Jake Evans

# EXHIBIT B





## WHEN IT COMES TO ORGANIC...IT HAS TO BE TRUE

HOME

OUR KNOWLEDGE
AND PERFORMANCE

SERVICE & METHODS

OUR MISSION

CONTACT US

### OUR PROMISE

We respect our growers' commitment to organic and sustainable farming. We take pride in manufacturing the finest 100% organic fertilizers on the market, completely pathogen-free and always maintaining our guaranteed analysis.

### OUR SERVICE

We are committed to providing excellent customer service, maintaining strong relationships with our growers, and always delivering on our word. Having grown along with our organic farmers, we are well-respected in the marketplace and have established a bond of trust with our growers which is second to none. We provide exactly what our customers want, fulfill our commitments, and make every attempt to exceed our grower's expectations. True Organic Products is proud of our reputation in the organic industry.

### OUR METHODS

Unlike our competition, we will not and do not jeopardize our commitment to our organic growers and the organic industry by cutting corners to reap financial gain. We encourage a laboratory analysis of our fertilizers by our customers – at our expense – to ensure that only the highest quality organic fertilizers are being applied to your land.

2005© True Organic Products, INC.

P.O. Box 124, Helm, California 93627

Phone: 559.666.3001 Fax: 559.666.3003

# EXHIBIT C



The Best People
The Best Products
The Best Service



**FARM SERVICE**

CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTIO
TERMS: Unless otherwise specified, all bills
purchases made are payable in full upon receipt
the monthly billing statement A FINANCE CHA
will be assessed if payment of the new bala
shown on your monthly statement is not received
the date shown on the bottom of the statment.

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
   805-238-3825

Please mail remittance to:
FILE 7304
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | | |
|---|---|---|
| Due Date | 7/20/07 | Invoice No | 651- 58553 |
| Account No | 5121569 | Invoice Date | 6/01/07 |
| W / O No. | 53792-0 D | | |

Cust. P.O.
Grower
Ship Date   5/31/07      Rec Made--->N1
Ranch
Crop
Pest
Acres
Map
Site ID
Block
Appl-Name
Appl-Lent
Sales No.    656
Oper ID#   40-07-40-22059

O C E A N O   P A C K I N G   C O   L L C

P O   B O X   4 5 8
O C E A N O                                CA   93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | Gals. | | | Price/Gal. |
|---|---|---|---|---|---|---|---|---|
| 23100.00  LB | 6401050 TRUE 10-5-2 BULK BAGS | N | Dry 706.0976 /TN | 8,155.43  N | Rig | State 04 | Sls 651 | Whs 651 |
| 11.5500  TNS | | | | | | | | |

| GROSS AMOUN | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 8,155.43 | .00 | | 8,155.43 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS





WESTERN
FARM SERVICE

The Best People
The Best Products
The Best Service



CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified all bills
purchases made are payable in full upon receipt
the monthly billing statement A FINANCE CHARGE
will be assessed if payment of the new balance
shown on your monthly statement is not received by
the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
  805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 61000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| H / O No. | 53800-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | RANCH 25 |
| Appl-Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| Oper ID# | 40-07-40-22059 |

Invoice No | 651- 58554
Invoice Date| 6/01/07

OCEANO PACKING CO LLC.

PO BOX 458
OCEANO                    . CA  93445

Rec Made--->WI

| Quantity | Product Description / EPA# | Tax Code | Price  Amount | ( Gals. | Price/Gal. ) |
|---|---|---|---|---|---|
| | | | Dry | Rig   State 04   Sls 651   Whs 651 | |
| 22880.00   LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 705.0976 /TN   8,077.76  N | | |
| R  11.4400  TNS | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 8,077.75 | .00 | | 8,077.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS.





*The Best People*
*The Best Products*
*The Best Service*

 INVOICE

CUSTOMER ORIGINA
SALES ARE COMMERCIAL TRANSACTIO
TERMS: Unless otherwise specified all bill
purchases made are payable in full upon recei
the monthly billing statement A FINANCE CHA
will be assessed if payment of the new bal
shown on your monthly statement is not receive
the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC,
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / O No. | 53803-0 D |
| Cust. P.O. | |
| Broker | |
| Ship Date | 5/31/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl-Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

| | |
|---|---|
| Invoice No | 651-5B567 |
| Invoice Date | 6/04/07 |

Rec Made---INI

OCEANO PACKING CO LLC

PO BOX 458
OCEANO
                            CA  93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|---|
| 16100.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | Dry | | Rig | State 04 | Sls 651 | Whs 651 | |
| 8.0500 TNS | | | 705.0976 /TN | 5,684.09 N | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 5,684.09 | .00 | | 5,684.09 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS





**WESTERN FARM SERVICE**

*The Best People*
*The Best Products*
*The Best Service*



CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified all bills
purchases made are payable in full upon receipt
the monthly billing statement A FINANCE CHAR
will be assessed if payment of the new balar
shown on your monthly statement is not received
the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 7/20/07 |
| Account No | 5121569 |
| W / D No. | 53B12-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 6/01/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | RANCH 25 |
| Appl-Name | |
| Appl-LicD# | |
| Sales No. | 656 |
| Oper.ID# | 40-07-40-22059 |

Invoice No | 651- 58650
Invoice Date | 6/07/07

Rec Made——1N1

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                          CA 93445

DIRECT SHIPMENT TO RANCH 25

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|---|
| | | | Dry | | Rig | State 04 | Sls 651 | Whs 651 |
| 52200.00 LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 706.0976 /TN | 18,429.15 | N | | | |
| 26.1000 TNS | | | | | | | | |

1040

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 18,429.1 | .00 | | 18,429.15 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS



**WESTERN FARM SERVICE**
*The Best People*
*The Best Products*
*The Best Service*



CUSTOMER ORIGINAL

SALES ARE COMMERCIAL TRANSACTION:
TERMS: Unless otherwise specified all bills
purchases made are payable in full upon receipt
the monthly billing statement A FINANCE CHARG
will be assessed if payment of the new balan
shown on your monthly statement is not received
the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES,  CA 93446
805-238-3825

Please mail remittance to:
FILE 72041
P.O. BOX 60100
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 9/20/07 |
| Account No | 5121569 |
| W / O No. | 54600-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 7/27/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block | |
| Appl—Name | |
| Appl—LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

| | |
|---|---|
| Invoice No | 651- 59313 |
| Invoice Date | 7/31/07 |

Rec Made—)NI

OCEANO PACKING CO LLC

PO BOX 458
OCEANO                    CA 93445

| Quantity | Product Description / EPA# | Tax Code | Price | Amount | ( Gals. | | Price/Gal. ) |
|---|---|---|---|---|---|---|---|
| | | | Dry | | Rig | State | Sls 651 Whs 651 |
| 4580.00  LB | 6401050 TRUE 10-5-2 BULK BAGS | N | 732.9113 /TN | 1,678.37  N | | State 04 | Sls 651  Whs 651 |
| 2.2900  TNS | | | | | | | |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 1,678.37 | .00 | | 1,678.37 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS





CUSTOMER ORIGINAL
SALES ARE COMMERCIAL TRANSACTION
TERMS: Unless otherwise specified, all bills
purchases made are payable in full upon receipt
the monthly billing statement. A FINANCE CHAR
will be assessed if payment of the new bala
shown on your monthly statement is not received
the date shown on the bottom of the statement

WESTERN FARM SERVICE, INC.
PASO ROBLES
2502 OAKWOOD DRIVE
PASO ROBLES, CA 93446
805-238-3825

Please mail remittance to:
FILE 73041
P.O. BOX 60000
SAN FRANCISCO, CA 94160-3041

| | |
|---|---|
| Due Date | 9/20/07 |
| Account No | 5121569 |
| W/O No. | 54645-0 D |
| Cust. P.O. | |
| Grower | |
| Ship Date | 8/01/07 |
| Ranch | |
| Crop | |
| Pest | |
| Acres | |
| Map | |
| Site ID | |
| Block - | DIRECT SHIPMENT R25 |
| Appl-Name | |
| Appl-LicDt | |
| Sales No. | 656 |
| OperID# | 40-07-40-22059 |

Invoice No | 651- 59389
Invoice Date | 8/13/07

Rec Made----JNI

OCEANO PACKING CO L.C
PO BOX 458
OCEANO                    CA  93445

DIRECT SHIPMENT TO RANCH 25

| Quantity | Product Description / EPA# | Tax Code | Price Amount | ( Gals. | Price/Gal. ) |
|---|---|---|---|---|---|
| 50760.00  LB | 6401050 TRUE 10-5-2 BULK BAB!! | | Drv | | |
| OR  25.3800  TNS | | N | 705.0976 /TN  17,920.76 N | Rig      State 84 | Sls 651   Hhs 651 |

| GROSS AMOUNT | TAX | LESS PRE-PAID | INVOICE TOTAL |
|---|---|---|---|
| 17,920.76 | .00 | | 17,920.76 |

THANK YOU FOR BUYING FROM WESTERN FARM SERVICE, INC WE APPRECIATE YOUR BUSINESS

1040



9/17

# EXHIBIT D

003

SAN LUIS OBISPO COUNTY
SHERIFF-CORONER

D. ANDOETOE/0413
NORTH STATION
08-01-00522

Patrick Hedges, Sheriff
P.O. Box 32, San Luis Obispo, CA 93406
(805) 434-4290
24-Hr. (805) 781-4550

# QUALITY
## Packaging & Supplies, Inc.

2400 STATHAM BLVD. • OXNARD, CALIFORNIA 93033
805-240-2410 • 800-867-7225 • FAX: 805-240-2430

SERVING AGRICULTURE AND INDUSTRY
www.qualityps.com

24 LB Kerb
6 gal Paraquat
7 gal Weed Direct
15 gal " "
5 gal Prefar
3 gal Roundup
25 N-Dipace
30 gal Evital
42 LB Kerb
166 LB Surflan
105 LB Agree
15 gal
12.5
5
15 gal Scythe
5 LB Dipel DF
10 LB Malathion 75 DF
3 qt Vemax

[illegible]

*Inventory removed by Western Farm Service on 1/10/08*
Persons present were
**Ernesto Solis — opc**
**John Dana- opc**
**Darren Chabot- wfs**
**Three workers- wfs**

24 lb kerb
6 gal pyganic
7 gal aza direct (7 x 1)
15 gal aza direct (2.5 x 6)
5 gal prefar
5 gal roundup
2.5 gal n-phorce
80 gal oxidate
40 lb xentari
156 lb serenade
105 lb agree
15 gal nutra phite
12.5 gal calcium poly amine
5 gal magnesium poly amine
15 gal senata
5 lb dipel df
10 lb maneb 75 df
3 qt nemex
1300 lb diazinon 14g
2.5 gal roneet
1 gal warrior
4 gal ultra flourish
5 gal matran ec
2 gal abba .15ec
2.5 coastal calmex
2 gal nu film p
1 gal parasol
2 gal no foam b
20 oz flint

John Dana

# EXHIBIT E



## 10-5-2
### 100% ORGANIC FERTILIZER

### GUARANTEED ANALYSIS

**Total Nitrogen**
(N)...............................................................................................10.0%
    2.06% Water Soluble Organic Nitrogen
    7.94% Water Insoluble Organic Nitrogen

**Available Phosphoric Acid**
(P205).............................................................................................5.0%

**Soluble Potash**
(K20)...............................................................................................2.0%

    Nitrogen derived from aged chicken manure and feathermeal. Phosphoric acid derived from aged chicken manure and rock phosphate. Soluble potash derived from aged chicken manure and sulfate of potash.

### DESCRIPTION:

True Organic Products 10-5-2 is a homogeneous pelleted fertilizer formulated specially for 100% organic fruits and vegetables.

### ADVANTAGES:

- Immediate and slow release nitrogen
- Supplies nutrients plus organic matter in one application
- High in P205 and K20
- Cost effective

**Application Rates:**          600-800 lbs. per acre

**Increased Nitrogen Application:**    800-1600 lbs. per acre

**Available in:**               Bulk bags



P.O. Box 124
Helm, CA 93627
Office: (559)866-3001
Fax: (559)866-3003

March 30, 2007

To Whom It May Concern:

From: True Organic Products, Inc.

Re: 10-5-2

NITROGEN:

- Feather meal, NOP allowed, OMRI allowed (A) and OMRI class fertilizer (F)
- Meat and Bone meal, NOP allowed, OMRI allowed (A) and OMRI class fertilizer (F)

PHOSHORIC ACID:

- Meat & Bone meal , NOP allowed, OMRI allowed (A) and OMRI class fertilizer (F)

POTASSIUM:

- Mined GSL sulfate of potash, NOP allowed, OMRI allowed (A) and OMRI class fertilizer (F).

OMRI DESIGNATIONS:

ALLOWED (A) materials may be used on certified organic land and crops.

True Organic Products, Inc. organic fertilizer product 10-5-2 is made entirely with the previous products which are OMRI status allowed (A) and NOP allowed. If you have any further questions regarding any products or ingredients, please call me.

Thank you.

Jacob Evans

1

# EXHIBIT G

**Anastassiou & Associates**
Attorneys at Law



**Salinas Office**
EFFIE F. ANASTASSIOU
effieesq@salinasaglaw.com

**Associate Attorneys**
DENIS KLAVDIANOS
denisesq@salinasaglaw.com

SCOTT J. ALLEN
scottesq@salinasaglaw.com

**Of Counsel**
ANTHONY CARY
anthonycesq@juno.com

SalinasAgLaw.com

Courier: 242 Capitol Street
Salinas, CA 93901
Mailing: P.O. Box 2210, Salinas, CA 93902

Tel. (831) 754-2501
Fax: (831) 754-0621

**Pismo Beach Branch Office**
1035 Longview Avenue
Pismo Beach, CA*
Tel. (805)773-0750
Fax (805) 773-0751
*All correspondence must
be sent to Salinas Office

**Of Counsel - Santa Maria**
RICHARD C. BRENNEMAN
brenneman@bjalaw.net
Tel. (805) 922-4553
Fax (805) 928-7262

February 14, 2008

**Via Facsimile and U. S. Mail**
Dale Dorfmeier, Esq.
Petrie, Dorfmeier and Morris
2014 Tulare Street, Suite 830
Fresno, California 93721
Telephone: 559-498-6522
Fax: 559-498-6516

Re:    **Oceano Packing Company, LLC v. True Organic Products, Inc., and
Western Farm Services, Inc.**
U.S. District Court Case No. C08 00839 JW

Dear Mr. Dorfmeier:

As you know, this law firm represents Oceano Packing Company, LLC ("Oceano") in the above referenced claim against your client, Western Farm Services ("Western"), regarding Western's sale of salmonella-contaminated fertilizer (the "Fertilizer") to Oceano, which Fertilizer was manufactured by True Organic Products, Inc. ("True").

Oceano recently advised me that, shortly after discovering that the Fertilizer was contaminated with salmonella, Oceano called Western about the contamination. Western then went to Oceano's leased farm and took some of the bags containing the unused Fertilizer from Oceano.  To date, Western has not returned any portion of the Fertilizer to Oceano, which it took from Oceano's premises.

Please advise your clients not to tamper with or destroy any of the unused Fertilizer, the bags containing the Fertilizer, the Fertilizer labels and/or other information concerning

1

the Fertilizer that is attached to or associated with the Fertilizer.  If Western does tamper with or destroy the Fertilizer or related documents, doing so will be considered spoliation of evidence for which Oceano will seek an inference that the evidence was unfavorable to Western and/or True in accordance with California Evidence Code § 413.  (See, e.g., Cedars-Cinai Medical Center v. Superior Court (1998) 18 Cal.4th 1).

Very truly yours,

ANASTASSIOU & ASSOCIATES

By:

Scott J. Allen, Esq., Attorneys for
Oceano Packing Company, LLC

cc:    Oceano Packing Company, LLC

Ronald A. Parravano,
Registered Agent for True Organic Products, Inc. (By Courier)

CT Corporation Systems,
Registered Agent for Western Farm Service, Inc.  (By Courier)

F:\OCA\Salmonella\OCA v. True Organic Products-Western Farm SErvice\Correspondence\2.13.08 dorfmeier.wpd

2

# EXHIBIT H

1  Effie F. Anastassiou, Esq. (State Bar # 96279)
   Scott J. Allen (State Bar #178925)
2  Denis Klavdianos, Esq. (State Bar # 225925)
   ANASTASSIOU& ASSOCIATES
3  242 Capitol Street
   Post Office Box 2210
4  Salinas, California  93902
   Telephone:  (831) 754-2501
5  Facsimile:  (831) 754-0621

6  Attorneys for Plaintiff
   OCEANO PACKING COMPANY, LLC
7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                      **COUNTY OF SAN LUIS OBISPO**

10  WESTERN FARM SERVICE, INC., a          )   **Case No. CV 080074**
    California Corporation                 )
11                                         )   **DEMAND   FOR   COPY   OF   ITEMS   OF**
                                           )   **ACCOUNT**
12            Plaintiff,                   )
                                           )   **Code of Civil Procedure § 454**
13            v.                           )
                                           )
14                                         )
                                           )
15  OCEANO PACKING COMPANY, LLC;           )
    and DOES 1 to 20 inclusive;            )
16                                         )
              Defendants.                  )
17                                         )
                                           )
18  _____       )

19
        To: <u>Western Farm Service, Inc.</u>, and <u>Dale Dorfmeier of Petrie, Dorfmeier & Morris, L.P.</u>, its
20
    attorneys of record.
21
        Demand is hereby made that you deliver to the undersigned, within ten days hereof, a copy of the
22
    account referred to in your Complaint on file herein.  This demand is made pursuant to Section 454 of the
23
    California Code of Civil Procedure.
24
    Dated: March 7, 2008
25                                              ANASTASSIOU & ASSOCIATES

26                                              By: _____
27                                                  Effie F. Anastassiou,
                                                    Attorneys for Defendant Oceano Packing
28                                                  Company, LLC

    F:\OCA\Salmonella\WFS v. OCA\DemandforCopyofItemsofAccount.wpd

    <u>Western Farm Service, Inc. v. Oceano Packing Co.</u>                    Demand for copy of Items of Account
    Case Number CV 080074

1

# PROOF OF SERVICE

2      I am employed in the County of Monterey, State of California. I am over the age of eighteen years

3   and not a party to the within action. My business address is 242 Capitol Street, Salinas, California 93901.

4      On the date set forth below, I caused the following document(s) entitled:

5                    ## DEMAND FOR COPY OF ITEMS OF ACCOUNT

6      to be served on the party(ies) or its (their) attorney(s) of record in this action listed below by the

7   following means:

8

| | |
|---|---|
| X | **BY MAIL.** By placing each envelope (with postage affixed thereto) in the U.S. Mail at the law offices of Anastassiou & Associates, Salinas, California addressed as shown below. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing. |
| | **BY HAND-DELIVERY.** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below. |
| | **BY OVERNIGHT DELIVERY.** By placing with an overnight mail company for delivery a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Anastassiou & Associates, addressed as shown below. |
| X | **BY FACSIMILE TRANSMISSION.** By transmitting a true copy thereof by facsimile transmission from facsimile number (831) 754-0621 to the interested party(ies) or their attorney(s) of record to said action at the facsimile number(s) shown below. |
| | **BY ELECTRONIC MAIL.** By transmitting a true copy thereof by electronic mail from e-mail address          @salinasaglaw.com to the interested party(ies) or their attorney(s) of record to said action at the electronic mail address(es) shown below. |
| | **BY ECF.** By way of this court's ECF e-mail notification system to the parties set forth below. |

9

10

11

12

13

14

15

16

17

18

19

20

21   Dale Dorfmeier, Esq.
     Petrie, Dorfmeier & Morris
22   2014 Tulare Street, Suite 830
     Fresno, California 93721
23   Telephone: 559-498-6522
     Fax: 559-498-6515
24   Attorney for Western Farm Service, Inc.

25      I declare under penalty of perjury under the laws of the United States of America that the foregoing

26   is true and correct.

27   Executed on March 7, 2008, at Salinas, California.

28

                                                 _Rosie Alvarez_

# EXHIBIT I

# California Business Portal

## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of MAR 21, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| TRUE ORGANIC PRODUCTS, INC. | | |
| **Number:** C2567351 | **Date Filed:** 12/5/2003 | **Status:** active |
| **Jurisdiction:** California | | |
| Address | | |
| PO BOX 7192 | | |
| SPRECKELS, CA 93962 | | |
| Agent for Service of Process | | |
| RONALD A PARRAVANO | | |
| 500 CAMINO EL ESTERO STE 200 | | |
| MONTEREY, CA 93940 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.



Map of Monterey County California

COUNTY: Monterey
STATE: California

Monterey

Map | Satellite | Hybrid | Blank

# EXHIBIT J





**True Organic Products, Inc. Detailed Company Information**

Print Information ▶

### True Organic Products, Inc.

**Physical Address**  20225 W. Kamm Ave., Helm, CA 93627 (Map/Directions)

**Mailing Address**  PO Box 124, Helm, CA 93627

**Categories**  FERTILIZERS—Organic



Map data ©2008 Tele Atlas - Terms of Use

● ● ● ◄ **CONTACT MULTIPLE COMPANIES** Save time by sending your inquiry to multiple companies through a single RFQ form.

**Are you a representative of True Organic Products, Inc.?**
Add your contact info, improve your positioning, and receive leads & inquiries by **upgrading your listing**.

◄ Back to Search Results

◄ Start Over - New Search

**Browse Industrial Companies Starting With 'T'**

© 2008 Manufacturers' News, Inc. | Legal Info | Add or Upgrade Your Listing | Home
Browse Categories | Browse Companies | Link to mniguide® | Contact mniguide®

**Recommended Sites:** Manufacturers' News, Inc. | Manufacturers Directories & Databases | Download Company Profiles | Industrial Buyers Guide

of 1                                                                                    3/26/2008 12:14 PM



Map of Fresno County California

COUNTY: Fresno
STATE: California

Fresno

# EXHIBIT K

1  Dale Dorfmeier, Esq.; SBN 076266
   PETRIE, DORFMEIER & MORRIS, LLP
2  2014 Tulare Street, Suite 830
   Fresno, CA 93721
3  Telephone (559) 498-6522

4  Attorneys for Plaintiff, WESTERN FARM
   SERVICE, INC.

5

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN LUIS OBISPO

10

11  WESTERN FARM SERVICE, INC.,              Case No. CV 080074

12              Plaintiff,                   Action Filed: 01/22/08

13  v.

14  OCEANO PACKING COMPANY, LLC,             RESPONSE TO DEMAND FOR COPY
    and DOES 1 through 20, inclusive,        OF ITEMS ON ACCOUNT [CCP §454]
15
                Defendants.
16

17          Response to defendant's Demand for Copy of Items on Account, plaintiff

18  hereby produces the attached documents Bate numbers WFS000001-000087.

19  DATED:    MAR 19 2008

20                          PETRIE, DORFMEIER & MORRIS, LLP

21

22

23                          By_____
                               Dale Dorfmeier,
24                             Attorneys for Plaintiff,
                               WESTERN FARM SERVICE, INC.

25

26

27

28

iOAlphaFiles~DDW/FS
Oceano
I62-70096)\Pleadings\
adings State\Respn to
n Dmd for Copy of
ns on Acct.wpd

1
RESPONSE TO DEMAND FOR COPY OF ITEMS ON ACCOUNT [CCP §454]

Statement Date:
MARCH    2008                                          1

Account No.
651-21569                    Please Mail Remittance To:
PAGE  1 OF  5                WESTERN FARM SERVICE, INC.
                             FILE 73041
OCEANO PACKING CO LLC        P.O. BOX 60000
PO BOX 458                   SAN FRANCISCO, CA  94160-3041

OCEANO        CA   93455     BILLING INQUIRIES-(805) 238-3825

| DATE | REF NO. DESCR | DUE DATE | ORIG AMOUNT | PAST DUE | CURRENT | NOT DUE |
|---|---|---|---|---|---|---|
| | ** CURRENT AND OPEN ITEMS ** | | | | | |
| 1/20/07 | 800107 FINANCE CH | 2/20/07 | 2105.76 | 2105.76 | | |
| 2/15/07 | 57484 INVOICE | 3/20/07 | 583.09 | 583.09 | | |
| 2/20/07 | 800207 FINANCE CH | 3/20/07 | 2133.84 | 2133.84 | | |
| 3/20/07 | 800307 FINANCE CH | 4/20/07 | 1320.54 | 1320.54 | | |
| 3/23/07 | 57784 INVOICE | 4/20/07 | 4269.85 | 4269.85 | | |
| 4/10/07 | 57932 INVOICE | 5/20/07 | 532.95 | 532.95 | | |
| 4/20/07 | 800407 FINANCE CH | 5/20/07 | 2041.23 | 2041.23 | | |
| 5/17/07 | 58360 INVOICE | 6/20/07 | 800.65 | 800.65 | | |
| 5/20/07 | 800507 FINANCE CH | 6/20/07 | 2828.68 | 2828.68 | | |
| 5/21/07 | 58386 INVOICE | 6/20/07 | 15555.00 | 15555.00 | | |
| 5/21/07 | 58387 INVOICE | 6/20/07 | 351.48 | 351.48 | | |
| 5/21/07 | 58388 INVOICE | 6/20/07 | 1535.80 | 1535.80 | | |
| 5/21/07 | 58389 INVOICE | 6/20/07 | 1565.89 | 1565.89 | | |
| 5/21/07 | 58390 INVOICE | 6/20/07 | 1884.25 | 1884.25 | | |
| 5/23/07 | 58436 INVOICE | 6/20/07 | 7024.34 | 7024.34 | | |
| 5/23/07 | 58454 INVOICE | 6/20/07 | 10097.16 | 10097.16 | | |
| 5/23/07 | 58455 INVOICE | 6/20/07 | 2144.23 | 2144.23 | | |
| 5/29/07 | 58483 INVOICE | 7/20/07 | 15457.99 | 15457.99 | | |
| 6/01/07 | 58553 INVOICE | 7/20/07 | 8155.43 | 8155.43 | | |

REMINDER, THERE ARE PAST DUE ITEMS ON YOUR ACCOUNT

Statement reflects payments posted through 3/25/08       PAST DUE    CURRENT    NOT DUE
If payment has been made, please disregard.
The Finance Charge ($1.00 minimum) was computed by applying a MONTHLY
PERIODIC rate of 1.50% (ANNUAL PERCENTAGE RATE OF 18.00%) or such
rate as may be permitted by local applicable law to your past due       TOTAL BAL
balance subject to finance charge. To avoid future FINANCE CHARGE,
payment of total amount due must be received on or before  4/20/2008

| BEG BAL | PURCHASES | PAYMENTS | OTHER | ENDING BAL |
|---|---|---|---|---|
| 396,683.20 | 26,764.88 | .00 | .00 | 423,448.08 |

To Insure Proper Credit, Please Return Remittance Portion With Your Check

| STATEMENT DATE | ACCOUNT NUMBER | PAY THIS AMOUNT |
|---|---|---|
| MARCH    2008 | 651-21569 | $423,448.08 |

OCEANO PACKING CO LLC
PO BOX 458

OCEANO             CA   93455

WFS000001

# EXHIBIT L

Page 1 of 2

California

WESTERN FARM SERVICE

Home | Locations | Source One | ADN | Company Store | Job Postings | Contact Us

About us | Product/Services | Specialty Marketing | ADN | Past Maps | Continuing Education

California

Please select a California location:



**Central Valley Branches**

Cutler
Dos Palos
Firebaugh
Five Points
Fresno
Hanford
Huron
Lodi
Madera

Merced
Modesto
Newman
Precision Agri Lab
Stockton
Vernalis
Visalia
Walnut Grove
West Isle

**Coastal Branches**

Carpinteria
Fillmore
Goleta
Greenfield
Hollister

Oxnard
Paso Robles
Salinas
Santa Maria
Watsonville

**Southwest Branches**

Coachella
Delano
Imperial
Mettler
Pixley

Precision-
Application
Riverside
San Jacinto
San Marcos
Santa Ana

**Division Office Links**

3/26/2008

http://www.westernfarmservice.com/locations/california.html



**WESTERN FARM SERVICE**

Home | Locations | Source One | ADN | Company Store | Job Postings |

About us | Product/Services | Specialty Marketing | ADN | Pest Maps | Cont

California

# Salinas

**Location:**
1143 Terven Ave. 93901
PO Box 657
Salinas CA 93902

**Back to California map**

© 2007 Western Farm Service Inc.



# WESTERN FARM SERVICE

| Home | | Locations | | Source One | ADN | | Company Store | | Job Postings | |
|---|---|---|---|---|---|---|---|---|---|---|

| About us | Product/Services | Specialty Marketing | ADN | Pest Maps | Cont |

California

# Hollister

**Location:**
Hollister
1901 Shelton Way
Hollister CA 95023

C
P

**Back to California map**

© 2007 Western Farm Service Inc.



Home ⬜ Locations ⬜ Source One ⬜ ADN ⬜ Company Store ⬜ Job Postings ⬜
About us | Product/Services | Specialty Marketing | ADN | Pest Maps | Cont

California

# Watsonville



**Location:**
Watsonville
5 Lakeview Rd.
Watsonville CA 95076

*click picture to read about Award giv*



**Contact:** Doug Barnes -
**Phone:** (831) 763-4
**Fax:**(831) 761-30

**Back to California map**

© 2007 Western Farm Service Inc.

**WESTERN FARM SERVICE**

Home | Locations | Source One | ADN | Company Store | Job Postings | Contact Us

About us | Product/Services | Specialty Marketing | ADN | Past Maps | Continuing Education |

California

# Fresno



**Location:**
Fresno
2749 E. Malaga Ave.
Fresno CA 93725

**Contact:** Allen Haynes
**Phone:**(559)233-0585
**Fax:** (559)233-0633

Back to California map

© 2007 Western Farm Service Inc.



Home □ Locations □ Source One □ ADN □ Company Store □ Job Postings □ Contact Us
About us | Product/Services | Specialty Marketing | ADN | Pest Maps | Continuing Education

California

# Southwest Division

**Southwest Division**
2787 W. Bullard Suite 105
Fresno, CA 93711
Phone (559) 436-2800 Fax (559) 436-2949

| Gary Rinkenberger | General Manager | (559) 436-2937 |
|---|---|---|
| Lena Yang | Admin. Coordinator | (559) 436-2934 |
| Scott Fichtner | Agronomist | (559) 436-2936 |
| Chuck Skenfield | Supvr. Oper. Comp. (Mettler) | (661) 858-2278 |
| Kevin Mindock | Area Credit Manager | (928) 344-2877 Ext. 2 |
| Marta Villa | Admin. Coordinator | (928) 317-0840 Ext. 1 |

Back to California map

© 2007 Western Farm Service Inc.



Home [ ] Locations [ ] Source One [ ] ADN [ ] Company Store [ ] Job Postings [ ] Contact Us

About us | Product/Services | Specialty Marketing | ADN | Pest Maps | Continuing Education |

California

# Coastal Division



**Coastal Division**
712 E. Chapel St.
Santa Maria, CA 93454
Phone (805) 928-8277 Fax (805) 349-9720

| Ken Nichols | General Manager | (805) 928-8277 Ext.123 |
|---|---|---|
| Sharon Rose | Admin. Manager | (805) 928-8277 Ext.122 |
| Luis Aguilar | Luis Aguilar, Agronomist | (805) 928-8277 Ext.135 |
| Jim Dana | Marketing Manager | (805) 928-8277 Ext.126 |
| David Goodrich | T & O Sales/Marketing | (805) 928-8277 Ext.134 |
| Jack Rose | Inventory Auditor | (805) 928-8277 Ext.137 |
| Marc Solberg | Credit Admin. Coordinator | (559) 436-2902 |
| Mary Tarkenton | Admin. Coordinator | (559) 436-2905 |

Back to California map

© 2007 Western Farm Service Inc.

# EXHIBIT M

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of MAR 21, 2008 and is updated weekly. It is not a complete or certified record of the Corporation. .

| Corporation | | |
|---|---|---|
| WESTERN FARM SERVICE, INC. | | |
| **Number:** C0572922 | **Date Filed:** 6/19/1969 | **Status:** merged out |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 4582 S ULSTER ST STE 1400 | | |
| DENVER, CO 80237 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT N

## 3. COMMENCEMENT AND ASSIGNMENT OF ACTION
### 3-1. Regular Session.

The Court shall be in continuous session in the following locations: San Francisco Division, Oakland Division and San Jose Division. From time to time sessions may be held at other locations within the district as the Court may order.

### 3-2. Commencement and Assignment of Action.

**(a) Civil Cover Sheet.** Every complaint, petition or other paper initiating a civil action must be filed with a completed civil cover sheet on a form approved by the Court.

**Cross Reference**

> See Civil L.R. 3-6(c) *"Jury Demand; Marking of Civil Cover Sheet Insufficient;"* Civil L.R. 3-7(a) *"Civil Cover Sheet Requirement in Private Securities Actions"*

**(b) Commencement of Action.** An action may be commenced within the meaning of FRCivP 3 at any office of the Clerk for this district. After the matter has been assigned to a Judge, unless ordered or permitted otherwise, all subsequent filings must be made in the Office of the Clerk at the division or location where the assigned Judge maintains chambers.

**(c) Assignment to a Division.** Pursuant to the Court's Assignment Plan, except for Intellectual Property Actions, Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil Rights Actions, upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated. Actions in the excepted categories shall be assigned on a district-wide basis.

**(d) San Francisco and Oakland.** Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division.

**(e) San Jose.** Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division.

**(f) Transfer of Actions and Proceedings.** Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

F:\OCA\Salmonella\WFS v. OCA\Motion for Stay\NDLocalRule3.wpd

1   Effie F. Anastassiou, Esq. (SBN 96279)
    Denis Klavdianos, Esq. (SBN 225925)
2   ANASTASSIOU& ASSOCIATES
    242 Capitol Street
3   Post Office Box 2210
    Salinas, California  93902
4   Telephone:  (831) 754-2501
    Facsimile:  (831) 754-0621
5
    Attorneys for Plaintiff
6   OCEANO PACKING COMPANY, LLC

7
                    UNITED STATES DISTRICT COURT
8
                 NORTHERN DISTRICT OF CALIFORNIA
9

10  OCEANO PACKING COMPANY, LLC      )    Case No.  C08 00839 JW
                                     )
11          Plaintiff,               )    DECLARATION OF SCOTT ALLEN IN
                                     )    SUPPORT OF OCEANO PACKING
12                                   )    COMPANY, LLC'S OPPOSITION TO
            v.                       )    MOTION TO DISMISS/STAY FEDERAL
13                                   )    COURT ACTION
                                     )
14  TRUE ORGANIC PRODUCTS, INC., A   )
    California Corporation; and WESTERN )
15  FARM SERVICE, INC., A Delaware   )
    Corporation,                     )
16                                   )
            Defendants.              )
17                                   )
                                     )
18                                   )
                                     )
19                                   )
                                     )
20                                   )
    _____  )
21  I, SCOTT J. ALLEN,  declare as follows:

22          1.      I am an attorney at law licensed to practice in the State of California and before this Court.

23  I am an attorney for Plaintiff OCEANO PACKING CO, LLC ("Oceano" or "Plaintiff").  I have personal

24  knowledge of the following facts to which I could and would competently testify if called as a witness.

25          2.      On January 25, 2008, I contacted by telephone legal counsel for Defendant WESTERN

26  FARMS SERVICE, INC ("Western" or "Defendant"), Mr. Dale Dorfmeier, Esq., in order to determine

27  whether or not Western intended to respond to Oceano's settlement proposal outlined in a letter dated

28  January 9, 2008 sent by my law office to Western. When I spoke to Mr. Dorfmeier on January 25, 2008,

1  he stated that Western did not intend to settle.  Mr. Dorfmeier did not indicate in any way during my brief

2  phone conversation with him that Western intended to file an action against Oceano, or that Western had

3  already filed an action against Oceano.

4          I declare under penalty of perjury under the laws of the State of California that the foregoing is true

5  and correct, except that portion which I stated based on my information and belief, and as to those portions

6  I believe them to be true.

7          Executed this 27th day of March, 2008, at Salinas, California.

8

9                                                      SCOTT J. ALLEN, ESQ.

10                                                     Declarant

11

12

13

14  F:\OCA\Salmonella\True Organic-WFS\Pleadings\Plaintiff's Pleadings\OppMotionDismiss\DecScottAllenOppMotionDismiss.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Effie F. Anastassiou, Esq. (SBN 96279)
Denis Klavdianos, Esq. (SBN 225925)
ANASTASSIOU& ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California  93902
Telephone:  (831) 754-2501
Facsimile:  (831) 754-0621

Attorneys for Plaintiff
OCEANO PACKING COMPANY, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANO PACKING COMPANY, LLC  ) | Case No.  C08 00839 JW |
| ) | |
| Plaintiff,  ) | **DECLARATION OF STEVE TAYLOR IN** |
| ) | **SUPPORT OF OCEANO PACKING** |
| ) | **COMPANY, LLC'S OPPOSITION TO** |
| v.  ) | **MOTION TO DISMISS/STAY FEDERAL** |
| ) | **COURT ACTION** |
| ) | |
| TRUE ORGANIC PRODUCTS, INC., A  ) | |
| California Corporation; and WESTERN  ) | |
| FARM SERVICE, INC., A Delaware  ) | |
| Corporation,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| _____  ) | |

I, STEVE TAYLOR, declare:

1.    I am a manager and member of Plaintiff OCEANO PACKING CO, LLC ("Oceano" or "Plaintiff"), in the instant matter.  As such, I have personal knowledge of the following facts to which I could and would competently testify if called as a witness.

**Western Personnel I Have Dealt With In Connection With The Subject Matter Of This Case.**

2.    The following are the personnel of WESTERN FARM SERVICE, INC ("Western" or "Defendant") with whom I have dealt in connection with the transactions which are part of the subject matter of this case:

1          (a)    <u>John Patino</u>: On information and belief, Mr. John Patino is the Branch Manager of

2 Western's Branch Office in Santa Maria, California, and I have conducted business with Mr. Patino relating

3 to the transactions which are the subject of this case, while Mr. Patino was based in Western's Santa Maria

4 *Branch Office* at the following address: 1335 West Main Street, Santa Maria, CA. 93458. The foregoing

5 address is located in <u>Santa Barbara County</u>, as shown in the print-out included in **Exhibit "A"** from

6 www.california.hometownlocator.com.

7          (b)    <u>Jim Dana</u>: On information and belief, Mr. Jim Dana is the Marketing Manager of

8 Western's Coastal Division Office, and I have conducted business with Mr. Dana relating to the

9 transactions which are the subject of this case, while Mr. Dana was based in Western's Santa Maria *Coastal*

10 *Division Office* at the following address: 712 East Chapel, Santa Maria, CA. 93454. The foregoing address

11 is located in <u>Santa Barbara County</u>, as shown in the print-out included in **Exhibit "B"** from

12 www.california.hometownlocator.com.

13          (c)    <u>Ken Nichols</u>: On information and belief, Mr. Nichols is the General Manager for

14 Western's Coastal Division Office, and I have conducted business with Mr. Nichols relating to the

15 transactions which are the subject of this case, while Mr. Nichols was based in Western's Santa Maria

16 *Coastal Division Office* at the following address: 712 East Chapel, Santa Maria, CA. 93454. The foregoing

17 address is located in <u>Santa Barbara County</u>, as shown in the print-out included in **Exhibit "B"** from

18 www.california.hometownlocator.com.

19          (d)    <u>John Griffin</u>: On information and belief, Mr. Griffin is a representative of Western's

20 parent company, Agrium Inc. ("Agrium"). According to Agrium's website, (http://www.agrium.com/),

21 Agrium's headquarters is located in <u>Calgary, Alberta, Canada</u>, and its "Retail Head Office" in the United

22 States is based in <u>Denver, Colorado</u>. A true and correct copy of a print-out of Agrium's website showing

23 the location of corporate headquarters, and its main office in the United States is attached hereto as **Exhibit**

24 **"C"** and incorporated by reference.

25          (e)    <u>Darin Chebot</u>: On information and belief, Mr. Darin Chebot is the Branch Manager

26 of Western's Branch Office in Paso Robles, California, and I have conducted business with Mr. Chebot

27 relating to the transactions which are the subject of this case, while Mr.Chebot was based in Western's

28 Paso Robles Office at the following address: 2502 Oakwood Drive Paso Robles, CA. 93446. The foregoing

1   address is located in San Luis Obispo County.

2          3.      Moreover, Mr. Ken Nichols and Mr. John Griffin were present and the February 27, 2008

3   settlement conference relating to this litigation, as representatives of Western and Agrium, respectively.

4          I declare under penalty of perjury under the laws of the State of California that the foregoing is true

5   and correct, except that portion which I stated based on my information and belief, and as to those portions

6   I believe them to be true.

7          Executed this 28th day of March, 2008, at Shandon, California.

8

9

10                                                              STEVE TAYLOR
                                                                Declarant
11

12

13

14   F:\OCA\Salmonella\True Organic-WFS\Pleadings\Plaintiff's Pleadings\OppMotionDismiss\DecSteveTaylorOppMotionDismiss.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Oceano Packing v. True Organic                    3                      Decl' Taylor Opp. Motion Dismiss
Case Number C08 00839 JW

# EXHIBIT A

## TO:

DECLARATION OF STEVE TAYLOR IN SUPPORT OF OCEANO
PACKING COMPANY, LLC'S OPPOSITION TO MOTION TO
DISMISS/STAY FEDERAL COURT ACTION

### IN THE:

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF
CALIFORNIA







Home | About HTL | References | Legal | Privacy | Contact | Advertise on this site
Copyright © 2008 HTL, Inc. All Rights Reserved. XHTML CSS Star7

# EXHIBIT B

## TO:

DECLARATION OF STEVE TAYLOR IN SUPPORT OF OCEANO
PACKING COMPANY, LLC'S OPPOSITION TO MOTION TO
DISMISS/STAY FEDERAL COURT ACTION
IN THE:
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF
CALIFORNIA




**Map of Santa Barbara County, CA**

Gazetteer    Cities    Counties    Maps    ZIP Codes    Features    Hotels    Census

California Gazetteer > California Maps > Map of Santa Barbara County

*Map of Santa Barbara County, CA*



# EXHIBIT C

## TO:

DECLARATION OF STEVE TAYLOR IN SUPPORT OF OCEANO
PACKING COMPANY, LLC'S OPPOSITION TO MOTION TO
DISMISS/STAY FEDERAL COURT ACTION
IN THE:
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF
CALIFORNIA

The images are logos in header area.

  

# where the future is growing

| COMPANY PROFILE | PRODUCTS & SERVICES | CUSTOMER CENTRE | INVESTOR INFORMATION | MEDIA ROOM | IN THE COMMUNITY | CAREERS |

Customer Centre : Contacts : Sales & Marketing

**CONTACT US**

**Agrium Inc.**
13131 Lake Fraser
Drive SE
Calgary, AB   T2J 7E8
Phone: (403) 225-7000
Fax: (403) 225-7609
Email  Webmaster

☒ VIEW ALL CONTACTS

## Sales & Marketing

## PRINCIPAL OFFICES

**Corporate and Wholesale Head Office**

13131 Lake Fraser Drive S.E.
Calgary, Alberta, Canada T2J 7E8
Phone (403) 225-7000
Fax (403) 225-7609

**Retail Head Office**

Suite 1700, 4582 South Ulster Street
Denver, Colorado 80237
Phone (303) 804-4400
Fax (303) 804-4482

## WHOLESALE SALES OFFICES

**Canadian, Industrial, International Sales & Purchasing**

13131 Lake Fraser Drive S.E.
Calgary, Alberta, Canada T2J 7E8
Phone (403) 225-7000
Fax (403) 225-7609

**Mike Palmer**
Senior Director
Canadian & Industrial Sales
Marketing & Distribution

**John Miller**
Senior Director
Industrial and International Sales
Marketing & Distribution

**U.S. Sales**

Suite 1700, 4582 South Ulster Street
Denver, Colorado 80237
Phone (303) 804-4400
Fax (303) 804-4482

**J Muse**
Senior Director
U.S. Sales

**Profertil**

Alicia Moreau de Justo 740-1 piso,
Oficina11 - (C1107AAP)
Capital Federal Argentina
Phone (011) 4121-2000
Fax (011) 4121-2001

## RETAIL SALES OFFICES

Please see our Retail Directory.

## SPECIALTY SALES OFFICES

**ESN & Duration**

13131 Lake Fraser Drive S.E.
Calgary, Alberta, Canada
T2J 7E8
Phone (403) 225-7000
Fax (403) 225-7609

**Nu-Gro**

10 Craig Street
Brantford, Ontario,
Canada
N3R 7J1
Phone (519) 757-0077
Fax (519) 757-0010

**Agrium U.S. Specialty Inc.
(Polyon, Trikote, Precise)**

P.O. Box 1187
Sylacauga, AL
35150
Phone (256) 249-6888
Fax (256) 249-7428

HOME | CONTACTS | WEB PRIVACY STATEMENT | PRIVACY POLICY | LEGAL NOTICE © Agrium Inc. 2008



where the future is growing



| COMPANY PROFILE | PRODUCTS & SERVICES | CUSTOMER CENTRE | INVESTOR INFORMATION | MEDIA ROOM | IN THE COMMUNITY | CAREERS |

Company Profile



> [        ] [GO] [PRINT VERSION]

**CONTACT US**

Agrium Inc.
13131 Lake Fraser
Drive SE
Calgary, AB   T2J 7E8
Phone: (403) 225-7000
Toll-Free: 1-877-247-4861
Fax: (403) 225-7609
Email▶ Webmaster
⊠ VIEW ALL CONTACTS

# Company Profile

**Agrium Inc.** is a leading global producer and marketer of agricultural nutrients, industrial products, specialty fertilizers, and a major retail supplier of agricultural products and services in both North and South America. Agrium produces and markets three primary groups of nutrients: nitrogen, phosphate and potash as well as controlled release fertilizers and micronutrients. Agrium's strategy is to grow through incremental expansion of its existing operations and acquisitions as well as the development, commercialization and marketing of new products and international opportunities. Our strategy places particular emphasis on growth opportunities that both increase and stabilize our through-the-cycle earnings profile in the continuing transformation of Agrium.

Agrium's corporate headquarters is located in Calgary, Alberta, Canada.  Agrium is traded on the Toronto and New York stock exchanges under the symbol AGU.

Retail

Our Retail business had sales close to $2-billion in 2006. We market seed, crop protection products, nutrients and crop services directly to growers across much of North and South America.

Our recent acquisition of Royster-Clark enhances our geographic diversity.

We now operate approximately 500 retail centres in the U.S. and South America.

We estimate our Retail operations provide products and services to over 50,000 growers every year. Our Retail customers are diverse, ranging from corn farms in the Midwestern U.S. and Argentina, potato farms in Idaho and grape vineyards and almond tree farms in both California and Chile. We supply these growers with virtually all the ingredients they need to help nature nourish the soil and protect the crop in order to produce high quality, healthy food

**STOCK PRICE (AGU)**

**NYSE: 64.32**
as of Mar 27 2008 4:03PM
**TSX: 65.79**
as of Mar 27 2008 4:30PM
⊠ CHART

**AGFACT**

Agrium's history in fertilizer production and marketing dates back more than 70 years.

*FIND OUT MORE*

for a growing world population. Our Retail business provides an important and stable base to our earnings profile.

Wholesale

Our Wholesale business had sales in excess of $2-billion dollars in 2006. Wholesale produces, distributes and markets the three major crop nutrients: nitrogen, phosphate and potash, as well as sulphur, controlled release products and micronutrients. We sell more than eight million tonnes of these nutrient products annually, primarily sourced from our production facilities. These products are sold in North America and around the world, with over 85 percent marketed to the agricultural sector. Given the seasonal nature of the majority of our business, the marketing of these products is facilitated by our extensive distribution system, including over two million tonnes of owned and leased storage.

Advanced Techologies

We recently acquired two specialty businesses.

In August 2006, we conlcuded the purchase of certain fixed assets and inventory of Pursell Technologies Inc. and certain of its affiliates (PTI) for a purchase price of $74.5-million (U.S.).

Agrium's specialty fertilizer product line will now include those formerly produced and marketed by PTI including Polyon(R) polymer coated fertilizers, Trikote(R) polymer sulphur coated fertilizers and Precise(R) controlled release crop protection products. Agrium will also own and operate the Sylacauga, Alabama production, research and development facility.

Full-year 2006 EBITDA from the acquired PTI assets is expected to be approximately $10-million.

In January 2006, Agrium acquired the Nu-Gro fertilizer technology and professional products businesses.

Nu-Gro produces and distributes controlled release and professional turf products, with total annual sales of approximately $80-million and average gross margins of about 24 percent.  Primary markets include golf course and lawn care applications among others.

The PTI assets, Nu-Gro and Agrium's pre-existing products will be combined to create a new Agrium Advanced Technologies to optimize the stable and growing earnings from this segment. The acquired assets will be operated under the name Agrium U.S. Specialty Products.

### Related links

- Agrium Policies
- Agrium Programs and Systems

| Our Business | Our History | Our Industry | Our Management | Our Markets | Our Strategy | Our Vision | Our Operations |

HOME | CONTACTS | WEB PRIVACY STATEMENT | PRIVACY POLICY | LEGAL NOTICE © Agrium Inc. 2008

1  Effie F. Anastassiou, Esq. (SBN 96279)
   Denis Klavdianos, Esq. (SBN 225925)
2  ANASTASSIOU& ASSOCIATES
   242 Capitol Street
3  Post Office Box 2210
   Salinas, California 93902
4  Telephone:  (831) 754-2501
   Facsimile:   (831) 754-0621
5

6  Attorneys for Plaintiff
   OCEANO PACKING COMPANY, LLC
7

8                  **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10  OCEANO PACKING COMPANY, LLC      )   **Case No.  C08 00839 JW**
                                     )
11          Plaintiff,               )   **CERTIFICATE OF SERVICE**
                                     )
12                                   )
                                     )
13              v.                   )
                                     )
14  TRUE ORGANIC PRODUCTS, INC., A   )
    California Corporation; and WESTERN )
15  FARM SERVICE, INC., A Delaware   )
    Corporation,                     )
16                                   )
                                     )
17          Defendants.              )
                                     )
18                                   )
                                     )
19                                   )
                                     )
20                                   )
    _____ )
21

22       I am employed in the County of Monterey, State of California.  I am over the age of eighteen years

23  and not a party to the within action.  My business address is 242 Capitol Street, Salinas, California 93901.

24       On the date set forth below, I caused the following document(s) entitled:

    **OCEANO PACKING COMPANY, LLC'S OPPOSITION TO MOTION TO DISMISS/STAY**
25  **FEDERAL COURT ACTION;**

26  **DECLARATION OF EFFIE ANASTASSIOU IN SUPPORT OF OCEANO PACKING COMPANY,**
    **LLC'S OPPOSITION TO MOTION TO DISMISS/STAY FEDERAL COURT ACTION;**
27
    **DECLARATION OF SCOTT ALLEN IN SUPPORT OF OCEANO PACKING COMPANY, LLC'S**
28  **OPPOSITION TO MOTION TO DISMISS/STAY FEDERAL COURT ACTION;**

1 **DECLARATION OF STEVE TAYLOR IN SUPPORT OF OCEANO PACKING COMPANY, LLC'S OPPOSITION TO MOTION TO DISMISS/STAY FEDERAL COURT ACTION;**

2

3  to be served on the party(ies) or its (their) attorney(s) of record in this action listed below by on the

parties in said action by way of this court's ECF email notification to the participating parties set forth

4

below:

5

6 Jube J. Najarian        Dale Dorfmeier, Esq.
Jacobson, Hansen, Najarian & McQuillan Petrie, Dorfmeier and Morris
7 1690 W. Shaw Avenue, Suite 201   2014 Tulare Street, Suite 830
Fresno, CA 93711       Fresno, California 93721

8

9 Attorney for True Organic Products, Inc. Attorney for Western Farm Service, Inc.

10  I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

11

Executed on March 28, 2008, at Salinas, California.

12

13

Sheresa L. Tanner

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28