Effie F. Anastassiou, Esq. (SBN 96279)
Denis Klavdianos, Esq. (SBN 225925)
ANASTASSIOU & ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for Plaintiff
OCEANO PACKING COMPANY, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANO PACKING COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>TRUE ORGANIC PRODUCTS, INC., A California Corporation; and WESTERN FARM SERVICE, INC., A Delaware Corporation,<br><br>Defendants. | **Case No. C08 00839 JW**<br><br>**OCEANO PACKING COMPANY, LLC'S RESPONSE TO DEFENDANT TRUE ORGANIC PRODUCTS, INC.'S NOTICE OF OTHER ACTION PENDING AND JOINDER IN WESTERN FARM SERVICES, INC.'S MOTION TO DISMISS OR STAY** |

On May 5, 2008, Defendant TRUE ORGANIC PRODUCTS, INC ("True") filed its "Notice of Other Action Pending And Joinder In Western Farm Services, Inc.s' Motion To Dismiss" ("True's Notice"), wherein True argues that the filing of OCEANO PACKING CO, LLC's ("Oceano") Cross-Complaint in the pending State Court Action [1] provides further reason to grant WESTERN FARM SERVICE, INC.'s ("Western") Motion To Dismiss Or Stay Federal Action ("Motion To Dismiss").

---

[1] *Western Farm Service, Inc. v. Oceano Packing Company, LLC*, Superior Court of California, County of San Luis Obispo, Case No. CV0880074.

1    However, please be advised that Oceano filed its Answer and Cross-Complaint in the State Court Action simply in order to preserve its rights in the State Court Action. Oceano intends to file a motion to bifurcate the matters set forth in the Cross-Complaint from the matters in the Complaint in the State Court Action pursuant to California Code of Civil Procedure § 1048(b), and applicable case law, and to stay discovery and trial related to the matters in the Cross-Complaint, pending resolution of the instant Federal Court Action.[2]

Cal. Code Civ. Proc. § 1048(b) provides as follows:

> "The court, in furtherance of convenience or to avoid prejudice, or when **separate trials will be conducive to expedition and economy, may order a separate trial of any cause of action, including a cause of action asserted in a cross-complaint**, or of any separate issue or of any number of causes of action or issues, preserving the right of trial by jury required by the Constitution or a statute of this state or of the United States."

[Emphasis Added]. Section 1048(b) is modeled after Rule 42 of the Federal Rules of Civil Procedure, see e.g., Legislative Committee Comment–Assembly 1971 Amendment, and cases decided under Rule 42 are persuasive authority as to issues arising under Section 1048. Weil & Brown, California Practice Guide: Civil Procedure Before Trial (Rutter Group 2000) par. 12:408, pg. 12(l)-84. Considerations taken into account by both state courts and federal courts, when addressing bifurcation and severance are as follows:

> "Factors to be considered when ruling on a Rule 42(b) [or C.C.P § 1048(b)] motion include complexity of issues, factual proof, risk of jury confusion, **difference between the separated issues, the chance that separation will lead to economy in discovery** and, the possibility that the first trial may be dispositive of the cases."

[Emphasis Added]. See Calmer, Inc. v. Emerson Research Inc. (C.D. Cal. 1994) 850 F. Supp. 861, 865-866.

There are two principal reasons why bifurcation in the State Court Action should be granted.

First, the matters in the Complaint and the Cross-Complaint can be readily bifurcated because they are sufficiently separate.

 In the Cross-Complaint of the State Court Action, as well as in Oceano's First Amended Complaint in the Federal Court Action filed in this Court on February 14, 2008, Oceano has alleged ten causes of actions relating to the damages incurred by Oceano as a result of applying salmonella-contaminated fertilizer manufactured by True Organic to its organic vegetable crops, which fertilizer was sold by Western

---

[2] Oceano has also requested that Western stipulate to a bifurcation.

1. to Oceano. The causes of action include violations of the Federal Organic Foods Production Act of 1990--7 U.S.C. § 6501, and the Federal Unfair Competition Law -- 15 U.S.C. §1125,[3] as well as seeking damages for the conversion of agricultural chemicals by Western from Oceano and the defamatory representations made by Western about Oceano's finances and credit.

In Western's Complaint in the State Court Action, filed on January 22, 2008, Western names Oceano as defendant, and alleges two causes of action for Common Counts in the amount of $416,569.70, for a series of unpaid invoices. Though it appears that some of the unpaid invoices upon which Western is suing in its State Court Action relate to the salmonella-contaminated fertilizer that Western and True Organic sold to Oceano, Western's Complaint is essentially a collection case.

Second, separation of the Complaint and Cross-Complaint in the State Court Action will lead to economy in the discovery process. Since Oceano's Cross-Complaint in the State Court Action is identical to Oceano's claims in the Federal Action, the parties could pursue discovery relating to Oceano's claims in Federal Court, and the parties could pursue discovery relating to Western's collection claims in the State Court Action. This would be an especially efficient manner to proceed at this time because both the Federal Action and the State Court Action are in their early stages and discovery has not yet been commenced by any party.

As a result of the foregoing reasons, and the reasons set forth in Oceanos' Opposition To Motion To Dismiss, Western's Motion To Dismiss should be denied in its entirety, and Oceano should be permitted to proceed with its claims in Federal Court.

Dated: May 9, 2008                                ANASTASSIOU & ASSOCIATES


By: /s/_____
     Effie F. Anastassiou, Esq.
     Attorney for Oceano Packing Company, LLC


F:\OCA\Salmonella\True Organic-WFS\ResponseNoticeOtherAction.wpd

---

[3] Also known as Section 43(a) of the Lanham Act.