IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Oceano Packing Company, LLC, | NO. C 08-00839 JW |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| True Organic Products, Inc., et al., | |
| Defendants. | |

## I. INTRODUCTION

Oceano Packing Company, LLC ("Oceano" or "Plaintiff") brings this action against True Organic Products, Inc. ("True") and Western Farm Service, Inc. ("Western" or "Defendant") (collectively, "Defendants") alleging, *inter alia*, violation of the Organic Foods Production Act of 1990, 7 U.S.C. § 6501, and Federal Unfair Competition, 15 U.S.C. § 1125. Plaintiff alleges that Defendants sold it contaminated fertilizer.

Presently before the Court is Defendant's Motion to Dismiss, or in the Alternative, to Stay. (hereafter, "Motion," Docket Item No. 11.) The Court conducted a hearing on April 21, 2008. Based on the papers submitted to date and oral arguments of counsel, the Court DENIES Defendant's motion.

## II. BACKGROUND

In an Amended Complaint filed on February 14, 2008, Plaintiff alleges as follows:

Plaintiff is a California limited liability company with its principal place of business in San Luis Obispo County, California. (First Amended Complaint for Damages,

Declaratory and Injunctive Relief; Demand for Jury Trial ¶ 1, hereafter, "FAC," Docket Item No. 7.) Plaintiff is in the business of growing organic crops for human consumption, including certified organic spinach and "spring mix" crops grown during the 2007 growing season at issue in this litigation ("Crops"). (Id.) True is a California corporation with its principle place of business in Monterey, California. (Id. ¶ 2.) True is in the business of manufacturing, marketing and selling organic fertilizer products. (Id.) Western is a Delaware corporation with its principle office in Denver, Colorado, but conducts business throughout the state of California. (Id. ¶ 3.) Western is in the business of the distribution and sale of the organic fertilizer products manufactured by True. (Id.)

During the 2007 growing season, in order to produce Crops for human consumption, Plaintiff required fertilizer that would provide plant nutrients and would not cause the Crops to be contaminated with pathogenic organisms, such as E. coli or salmonella, and that would otherwise comply with the requirements of National Organic Program ("NOP") regulations. (Id. ¶ 7.)

Based on Western's recommendation of a fertilizer, and certain representations concerning the fertilizer, Plaintiff purchased the fertilizer for use in producing certified organic vegetables including Crops. (Id. ¶ 17.) However, unbeknownst to Plaintiff, and contrary to the representations made by True and Western, the fertilizer was contaminated with salmonella bacteria. (Id. ¶ 18.)

After Plaintiff was notified by its customers of the salmonella contamination on its Crops, Plaintiff conducted an investigation to determine the source of the contamination. (Id. 19.) The tests showed that the salmonella contamination had originated with the fertilizer, and had been spread to Plaintiff's Crops when the fertilizer was applied to Plaintiff's fields. (Id.)

Due to the salmonella contamination of Plaintiff's Crops, Plaintiff was required to destroy Crops that had been delivered, Crops that had been harvested, and Crops that were

2

still growing in its fields. (Id. ¶ 20.) As a result of the salmonella contamination, Plaintiff was unable to deliver a total of approximately 1,431,511 pounds of Crops to three of its customers with whom Plaintiff had contracts to deliver certified organic vegetables. (Id.) This shortfall resulted in, among other damages, lost revenue to Plaintiff of approximately $1,073, 633.30, and loss of future business with its customers.

On January 9, 2008, Plaintiff sent Western a letter outlining the basis of Plaintiff's legal claims against Western and proposing terms of settlement.[1] The letter stated that the settlement offer would remain open until January 24, 2008. (Id.) On January 22, 2008, Western filed its state court action ("State Action") in the Superior Court of California, in the County of San Luis Obispo. (Id. at 6.) On February 6, 2008, Plaintiff filed its Complaint against Western and True in federal court ("Federal Action") in the Northern District of California. (Oceano Packing Company, LLC's Opposition to Motion to Dismiss/Stay Federal Court Action at 6, hereafter, "Opposition," Docket Item No. 19.) On February 12, 2008, Plaintiff received a copy of the State Action filed by Western. (Id.)

On the basis of the allegations outlined above, Plaintiff alleges ten causes of action: (1) Violation of the Organic Foods Production Act of 1990 pursuant to 7 U.S.C. § 6501; (2) Breach of Express Warranty of Fitness; (3) Breach of Implied Warranty of Fitness; (4) Negligence; (5) Fraud; (6) Negligent Misrepresentation; (7) Unfair Competition; (8) Federal Unfair Competition pursuant to 15 U.S.C. § 1125; (9) Conversion; and (10) Defamation.

Presently before the Court is Western's motion to dismiss, or in the alternative, to stay the federal action.

### III. STANDARDS

"The doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a district court

---

[1] (Declaration of Effie Anastassiou in Support of Opposition to Motion to Dismiss ¶ 2, Ex. A, hereafter, "Anastassiou Decl.," Docket Item No. 19.)

3

to adjudicate a controversy properly before it." County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959). However, in situations involving the contemporaneous exercise of jurisdiction by different courts over sufficiently parallel actions, a federal court has discretion to stay or dismiss an action based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). The multiple actions need not exactly parallel each other to invoke the Colorado River doctrine; it is sufficient that the two cases are substantially similar. Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989). The mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel. Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 698, 700-01 (7th Cir. 1992).

To determine whether sufficiently exceptional circumstances exist, courts engage in a balancing test weighing the following factors: (1) the relative convenience of the forums; (2) the order in which the concurrent forums obtained jurisdiction; (3) the desirability of avoiding piecemeal litigation; (4) whether state or federal law provides the rule of decision on the merits; (5) whether the state proceeding is adequate to protect the parties' rights; and (6) whether the plaintiff is engaged in "forum shopping" or seeking to avoid adverse state court rulings. See Colorado River, 424 U.S. at 818; Moses H. Cone Hospital v. Mercury Constr. Corp., 460 U.S. 1, 23, 26 (1983); Nakash, 882 F.2d at 1417.

The Supreme Court has made clear that "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River, 424 U.S. at 818-19. In fact, the decision to defer to a parallel action does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case. Cone, 460 U.S. at 16. The weight to be given to any one factor may vary greatly from case to case, depending on the

4

particular setting of the case. Id.  The decision whether to stay an action is necessarily left to the discretion of the district court in the first instance.  Id. at 19.

## IV. DISCUSSION

Western moves to dismiss this action on the ground that there is a parallel action pending in the Superior Court of California, in the County of San Luis Obispo.  (Motion at 1.)  The Court considers whether the Federal Action and the State Action are sufficiently parallel as to warrant the application of the Colorado River doctrine.

### A.     Parallel Proceedings

In the Ninth Circuit, "exact parallelism" is not required when determining whether the Colorado River doctrine applies.  It is enough that the cases are substantially similar.  Nakash, 882 F.2d at 1416.  This inquiry requires an analysis of the parties involved as well as the asserted claims.

In the State Action, the parties are Oceano and Western.  (See Motion, Ex. A, hereafter, "State Action Complaint," Docket Item No. 11.)  In the Federal Action, the parties are Oceano, Western and True.  (See Complaint at 1.)  Thus, the majority of the parties in the Federal Action are also in the State Action.

In analyzing the asserted claims, the Court considers whether the claims in the State Action and the Federal Action arise out of the same set of operative facts.  The State Action complaint was filed only two weeks before the Federal Action, which alleges common claims.  (State Action Complaint at 2.)  Central to the State Action is a contract for fertilizer products and services provided by Western and True to Oceano.[2]  Western alleges that Oceano owes Western $416,569.70 for these products and services.  (State Action Complaint at 2-5.)  In the Federal Action, Oceano alleges that Western and True misrepresented the quality of the fertilizer that was sold to Oceano, causing Oceano to be forced to destroy its Crops and lose over a million dollars in revenue. (Complaint ¶ 17-20.)  Like the State Action, the Complaint before this Court involves a

---

[2] (Plaintiff's Opposition to Motion to Dismiss or Stay Federal Court Action at 3-5, hereafter, "Opposition," Docket Item No. 19; State Action Complaint.)

5

determination of whether the parties breached a contract for fertilizer products and services.  (Id.) While the Complaint also alleges causes of action under federal law, Plaintiff has alleged substantially the same causes of action in a cross-complaint filed in the State Action.[3]

Accordingly, the Court finds that the Federal Action and the State Action are sufficiently parallel.

**B.    Exceptional Circumstances Test**

The Court proceeds to consider whether this case presents the exceptional circumstances required to grant dismissal or a stay under the Colorado River doctrine.

**1.    Inconvenience of Forum**

Western contends that litigating the State Action in San Luis Obispo is more convenient than litigating this action because the transactions and occurrences that formed the parties' claims occurred in San Luis Obispo.  (Motion at 10.)

The Ninth Circuit has recognized that ultimate question in this inquiry is "whether the inconvenience of the federal forum is so great that this factor points toward abstention."  Travelers Indemnity Co. v. Madonna, 914 F.2d 1364, 1368 (9th Cir. 1990).

Plaintiff provides evidence that True has its principle place of business in Monterey, California and that Western's Accounting Office is located in San Francisco, California.  (Anastassiou Decl., Exs. J, K.)  While many of the witnesses for this case may be in San Luis Obispo, which is 190 miles from this Court, the Ninth Circuit has held that this distance is not sufficiently great so as to favor abstention.  Travelers Indemnity, 914 F.2d at 1368.  Thus, this factor does not favor abstention.

---

[3] (See Notice of Other Action Pending and Joinder in Western Farm Services, Inc.'s Motion to Dismiss or Stay, Declaration of Steven McQuillan, Ex. A, Docket Item No. 22.)  In the State Court cross-complaint, True is named as a cross-defendant.  Since the cross-complaint puts True in a similar position as Western for Colorado River analysis, True has filed a joinder in Western's motion to dismiss.  (Id.)

6

### 2. Order in Which Jurisdiction is Obtained

Western contends that dismissal or stay of the Federal Action is warranted because the State Action was filed first. (Motion at 10, 12-13.)

"Priority should not be measured exclusively by which complaint was filed first, but rather the terms of how much progress has been made in the two actions." Cone, 460 U.S. at 21.

In this case, the State Action was filed on January 22, 2008, two weeks before the Federal Action, filed on February 6, 2008. Although the State Action commenced prior to the Federal Action, it is of little legal consequence in light of the fact that neither court has made a ruling with regard to the merits of the dispute. Travelers Indemnity, 914 F.2d at 1370. To date, the only action taken by the state court has been a denial of Plaintiff's motion to dismiss or stay the State Action. (Western Farm Service, Inc.'s Reply to Plaintiff's Opposition to Motion to Stay or Dismiss Action at 2, hereafter, "Reply," Docket Item No. 20.) Thus, this factor does not favor abstention.

### 3. Avoidance of Piecemeal Litigation

Western contends that the Court should abstain from exercising jurisdiction in order to avoid piecemeal litigation. (Motion at 10.)

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." American Int'l Underwriters Inc. v. Continental Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988). The issue is not whether the state court is a better forum, but whether there exists exceptional circumstances which would justify a concern of "substantial danger of inconsistent judgments." Travelers Indemnity, 914 F.2d at 1369.

In this case, it is unclear whether duplicative efforts would result because there has been no ruling in the state court on the merits of the dispute. Since the cross-complaint filed by Oceano in the State Action contains substantially similar claims as its Complaint in this action, it is likely that some duplications of efforts will result. However, Western's claims in the State Action are nothing more than ordinary contract claims which are not so comprehensive as to require their adjudication

7

in state court. Since it is possible for all of the parties' rights to be fully protected in the Federal Action, this factor does not weigh in favor of abstention.

### 4. Presence of Federal Question

Western contends that abstention is warranted because there is an overriding state law interest in this matter given the fact that eight out of ten of Plaintiff's claims are state law claims. (Motion at 13.)

"While the presence of state law issues will rarely be sufficient to warrant abstention, 'the presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction].'" Cone, 460 U.S. at 26.

Since there is incomplete diversity in this case, the Court's jurisdiction is based on the presence of a federal question. Fed. R. Civ. P. 12. Plaintiff raises two causes of action under federal law. Plaintiff's first cause of action asserts violation of the Organic Foods Production Act of 1990. (FAC ¶¶ 6-7.) However, even if Defendants did violate this federal law, the Organic Foods Production Act of 1990 does not provide for a private right of action against offenders.[4] Thus, the Court finds that Plaintiff lacks standing to bring this claim.

Plaintiff has also alleged a claim for unfair competition under the Lanham Act, which Defendants have not as of yet contended is improperly asserted.[5] This claim presents questions of federal law. Accordingly, this factor weighs against abstention.

---

[4] A review of the relevant case law reveals several cases in which claims were made pursuant to the Organic Food Production Act of 1990. However, in each of these cases, the claims were made against the government regarding its enforcement responsibilities under the statute. Several cases were brought against the Secretary of Agriculture. See e.g., Harvey v. Johanns, 494 F.3d 237 (1st Cir. 2007); Massachusetts Independent Certification, Inc. v. Johanns, 486 F. Supp. 2d 105 (D. Mass 2007). One other case mentions the Act but states a claim for misrepresentation. In re: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation, 2008 WL 495797 (Feb. 20, 2008). None of these cases suggest that the statute provides a private right of action to enforce the provisions of the statute against third parties. Rather, the statute provides that "the Secretary [of Agriculture] shall issue proposed regulations to carry out this chapter." 7 U.S.C. § 6521.

[5] The Court is concerned that its subject matter jurisdiction hinges on perhaps a single federal claim for unfair competition. Accordingly, the Court invites the parties to brief the issue of whether Plaintiff has properly stated federal claims upon which relief may be granted.

8

### 5. Adequacy of State Court Proceedings

Western contends that the Federal Action should be dismissed or stayed because the state court can provide sufficient relief to protect Plaintiffs rights. (Motion at 11.)

"This factor involves the state court's adequacy to protect federal rights, not the federal court's adequacy to protect state rights." See Cone, 460 U.S. at 26.

The majority of Plaintiff's claims are state law claims. Plaintiff's Lanham Act claim under federal law appears to be coextensive with its unfair competition claim under state law in its state court cross-complaint. However, since the state court has yet to make a ruling as to whether Plaintiff can sustain its federal law claims, this factor does not weigh against or in favor of abstention.

### 6. Forum Shopping

Western contends that abstention is favored because Plaintiff is forum shopping. (Motion at 13.)

While evidence of forum shopping is considered, "no doctrine. . . authorizes federal courts to decline to exercise jurisdiction on this ground alone." Federal Deposit Ins. Corp. v. Nichols, 885 F.2d 633 (9th Cir. 1989).

Western offers as evidence of Plaintiff's forum shopping the fact that Plaintiff filed its Federal Action only two weeks after Western filed its State Action. (Motion, Ex. A.) Plaintiff contends that Western has engaged in forum shopping because it brought its suit in state court only after Plaintiff first notified Western of claims against it and was attempting to negotiate a settlement with Defendants. (Opposition at 21.) The Court finds that this factor does not weigh against or in favor of abstention because it is arguable that both parties have engaged in forum shopping.

In sum, it is clear that the State Action and this case are substantially parallel because they involve the same parties and claims arising out of the same operative facts. However, multiple factors suggest that this is not one of the rare circumstances where abstention is appropriate.

9

### **V.  CONCLUSION**

The Court DENIES Western's Motion to Dismiss, or in the alternative, to Stay.  Plaintiff's First Cause of Action for Violation of the Organic Foods Production Act is DISMISSED without prejudice.  Should Plaintiff repleads this claim, Plaintiff must provide the legal basis for its standing under the Act to bring a private right of action against a third-party.

The parties shall appear for the previously scheduled Case Management Conference on **June 2, 2008 at 10 a.m.**  On or before **May 27, 2008**, the parties shall file a Joint Case Management Statement.  The Statement shall include a schedule for briefing with respect to the following issues: (1) whether the Court has proper subject matter jurisdiction, and (2) whether this district is the proper venue for this case.

Dated: May 22, 2008

JAMES WARE
United States District Judge

10

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Dale Martin Dorfmeier ddorfmeier@pdmlegal.com
Effie F. Anastassiou effieesq@salinasaglaw.com
Steven Michael McQuillan mcq@jhnmlaw.com

**Dated: May 22, 2008**                    **Richard W. Wieking, Clerk**

                                        **By:   /s/ JW Chambers**
                                               **Elizabeth Garcia**
                                             **Courtroom Deputy**