Effie F. Anastassiou, Esq. (SBN 96279)
Denis Klavdianos, Esq. (SBN 225925)
ANASTASSIOU& ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621

Attorneys for Plaintiff
OCEANO PACKING COMPANY, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANO PACKING COMPANY, LLC | Case No. C08 00839 JW |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| TRUE ORGANIC PRODUCTS, INC., A California Corporation; and WESTERNFARM SERVICE, INC., A Delaware Corporation, | **N.D. Civ. L. R. 16-8** |
| Defendants. | |

Plaintiff, OCEANO PACKING COMPANY("OCEANO" or "Plaintiff"), along with Defendant TRUE ORGANIC PRODUCTS, INC. ("TRUE"), and Defendant WESTERN FARM SERVICE, INC. ("WESTERN"), hereby submit this Joint Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case.

**1.    Jurisdiction And Service.**

    **A.    Jurisdiction.**

        **(1)    Plaintiff OCEANO's Position.**

Plaintiff states that this Court has jurisdiction over the subject matter of the First Cause of Action (Violation Of Organic Foods Production Act of 1990 - 7 U.S.C. § 6501 et seq.) and Eighth Cause of Action (Federal Unfair Competition Law- 15 U.S.C. §1125 a.k.a. Section 43(a) of the Lanham Act) set forth in the First Amended Complaint, pursuant to 28 U.S.C. §§ 1331, 1338 and/or 1651, and/or 15 U.S.C. § 1121.

This Court has jurisdiction over the subject matter of the remaining Causes of Action herein pursuant to 28 U.S.C. §1367(a) because said Causes of Action are so related to the First and Eighth Causes of Action that they form part of the same case or controversy. Plaintiff recognizes that the Court has, on its own motion, dismissed the First Cause of Action, without prejudice, on the basis that the Plaintiff has no standing to bring a private right of action against a third party under the Organic Foods Production Act of 1990. Plaintiff is currently considering whether or not it will replead the First Cause of Action in accordance with the Court's ruling.

### (2)    Position Of Defendants WESTERN And True.

Defendants WESTERN and TRUE have been requested to prepare briefs for the Court on the issues of subject matter jurisdiction under the Lanham Act (15 U.S.C. 1125) and whether venue should be changed. Until such time as those briefs have been submitted, WESTERN and TRUE will dispute subject matter jurisdiction and venue issues.

### B.    Service.

All parties have been duly served with the First Amended Complaint.

## 2.    Summary Of Facts.

### A.    Plaintiff OCEANO's Summary Of Facts.

### (1)    Recommendation And Sale Of Contaminated Fertilizer By WESTERN And TRUE.

OCEANO is in the business of growing certified organic vegetables, including the Crops, for sale for human consumption. During the 2007 growing season, OCEANO required fertilizer for its business of growing organic vegetables, including the Crops. In order to produce the Crops for human consumption, OCEANO required a fertilizer that would provide plant nutrients, that would not cause OCEANO's Crops to be contaminated by pathogenic organisms, such as E coli or salmonella, and that otherwise would comply with the requirements of the regulations of the National Organic Program (7 C.F.R. Part 205) ("NOP regulations").

OCEANO contacted WESTERN and asked WESTERN to recommend, select and sell a fertilizer to OCEANO that met OCEANO'S needs, as set forth above. WESTERN recommended a fertilizer known as "True 10-5-2" (the "Fertilizer"). The Fertilizer was manufactured by TRUE. WESTERN represented

to OCEANO that the Fertilizer was fit for OCEANO'S intended use.

Moreover, in a letter drafted by TRUE dated January 16, 2007, TRUE represented that (1) the Fertilizer, although made from chicken manure, had been properly composted in accordance with the requirements of the National Organic Program Regulations ("NOP Regulations") [specifically 7 C.F.R. § 205.203(c)] in order to ensure that the fertilizer would not cause OCEANO's crops to be contaminated with pathogens, such as salmonella; (2) the Fertilizer is "100% organic"; (3) TRUE guarantees that its products only contain ingredients allowed by the NOP Regulations; (4) TRUE's manufacturing processes exceed all minimum standards for pathogen elimination; and (5) TRUE's manufacturing process has been inspected by and received excellent reviews from the "CDFA" (California Department of Food and Agriculture).

In addition, on TRUE's website, TRUE represents that its products are "100% organic fertilizers" and "completely pathogen-free".

Moreover, in product specification documents for the Fertilizer, which TRUE has distributed in commerce, TRUE also represents that: (1) the Fertilizer is "100" Organic Fertilizer;" (2) the Fertilizer is "formulated specially for 100% organic fruits and vegetables;" and (3) the Fertilizer is made entirely with materials that "may be used on certified organic land and crops."

Based on WESTERN's recommendation of the Fertilizer, and on the representations concerning the Fertilizer contained in the TRUE Letter, dated January 16, 2007 , and on the representations made on TRUE's internet website, and in product specification documents, OCEANO purchased the Fertilizer for use in producing certified organic vegetables in the course of OCEANO's business, including the Crops.

Unbeknownst to OCEANO, and contrary to the representations made by TRUE and WESTERN as described above, the Fertilizer manufactured by TRUE and sold to OCEANO by WESTERN was contaminated with salmonella bacteria. After OCEANO applied the Fertilizer to its farmland, the salmonella contamination was spread to OCEANO's fields and to its Crops. OCEANO first discovered this contamination when three separate, unrelated, customers of OCEANO reported finding salmonella in Crops grown by OCEANO in fields where the Fertilizer was applied. Each of the three customers received OCEANO's Crops independent of one another and drew their samples from Crops received by

the customers at different locations.

Due to the salmonella contamination of OCEANO's Crops, OCEANO was required to destroy Crops that had previously been harvested for sale, and/or had previously been delivered to its customers, and was required to destroy crops still growing in OCEANO's fields. Consequently, OCEANO was unable to deliver sufficient uncontaminated Crops to meet its contractual obligations to its customers during the 2007 growing season. In all, as a result of the salmonella contamination, OCEANO was unable to deliver a total of approximately 1,431,511 pounds of Crops to three of its customers with whom OCEANO had contracts to deliver certified organic vegetables. This shortfall resulted in lost revenue to OCEANO of approximately $1,073,633.30, among other damages, as well as a loss of future business with its customers.

### (2)    Subsequent Conversion And Defamation By Western.

On or about January 10, 2008, a representative of WESTERN, Darin Chebot, went onto OCEANO's leased farmland located in San Luis Obispo County, California, without the permission or consent of OCEANO, and removed a variety of items of personal property owned by OCEANO, including, without limitation, the agricultural chemicals. Mr. Chebot was acting for and on behalf of WESTERN, with the knowledge and/or consent of WESTSERN's officers, directors, and/or managing agents, at the time he removed the Converted Property from OCEANO's farmland, without the permission or consent of OCEANO. Subsequently, after OCEANO's First Amended Complaint was filed and served, WESTERN returned some, but not all, of the Converted Property back to OCEANO.

Moreover, at various times between January 10, 2008 and continuing to the present, various employees, officers, directors, and/or managing agents of WESTERN, acting within the scope and course of their employment or agency with WESTERN, have made false representations regarding OCEANO to third parties, including without limitation, representations that OCEANO is not paying its trade debts in a timely manner. Said false representations were made by the employees, officers, directors, and/or managing agents of WESTERN with the actual intent to injure OCEANO in its credit, finances and reputation in the industry. Said false representations were motivated by hatred or ill will toward OCEANO and/or were made without any reasonable grounds for believing the truth of said representations.

**B.    Defendant Western's Summary Of Facts.**

WESTERN denies the allegations above but admits it acquired organic fertilizer from its supplier, TRUE, and sold same to OCEANO at the request of OCEANO and their organic certifier.  The product was either directly shipped from TRUE to OCEANO, or held at WESTERN's facility in unopened bulk containers before delivery to OCEANO.  Thereafter, OCEANO had exclusive control and possession of the fertilizer and used it in their planting operations.  Although we have not yet been given the samples and lab reports, independent tests by WESTERN and, we understand, TRUE, have shown that there is no bacterial contamination in the fertilizers as alleged at the time of delivery and from retained product in our possession.  WESTERN denies it is responsible for the alleged contamination, if any, which occurred at OCEANO.

As concerns the removal of trade product, WESTERN's employees routinely visits the OCEANO facility to pick up returned and/or unused material.  About the time the issue of this claim arose, WESTERN's employee was at the OCEANO yard and retrieved possession of about $20,000 worth of product.  The OCEANO employee that WESTERN's agent usually deal with was present at all times and granted permission to load and remove the products, and signed a  receipt to our driver.  The materials were credited against OCEANO's account.  As an accommodation and gesture of good faith several weeks later after some settlement discussions, WESTERN has returned the materials taken from OCEANO and reversed the credit to their account, thereby increasing the outstanding trade account owed to WESTERN.

**C.    Defendant TRUE's Summary Of Facts.**

TRUE denies OCEANO's allegations against it. TRUE manufactures organic fertilizers. TRUE'S fertilizers are assigned lot numbers.  The fertilizer is not released for sale until it is certified by a laboratory.  The laboratory results for the lots delivered to OCEANO showed no contamination in the fertilizer at the time it left TRUE'S possession.  The fertilizer was shipped either directly to OCEANO or was held at WESTERN and then delivered to OCEANO.  Thereafter, OCEANO had exclusive control and possession of the organic fertilizer.  OCEANO allegedly applied it to their crop.  TRUE understands that OCEANO did not use all of the fertilizer and returned some to WESTERN.  TRUE understands that samples taken from the returned fertilizer have been tested and found to be pathogen free.  As such, TRUE contends that its organic fertilizer is not the source of the alleged contamination to OCEANO's crop.

TRUE denies that it caused or contributed to the alleged contamination to OCEANO's crops. Further, TRUE denies that it is responsible for any of the damages being claimed by OCEANO.

**3.      Summary Of Legal Issues.**

      **A.      Plaintiff OCEANO's Summary Of Legal Issues.**

            **(1)      Recommendation And Sale Of Contaminated Fertilizer By WESTERNAnd TRUE.**

WESTERN and TRUE violated the Organic Foods Production Act of 1990, 7 U.S.C. § 6501 et seq. (the "OFPA"), and the related NOP Regulations, specifically 7 C.F.R. § 205.203(c), which provide that a producer of organic crops must manage plant and animal materials to maintain or improve soil organic matter content in a manner that does not contribute to contamination of crops, soil, or water by pathogenic organisms. As noted above, the Fertilizer sold by WESTERN and manufactured by TRUE was contaminated with salmonella.

Moreover, pursuant to the numerous misrepresentations made by WESTERN and TRUE, and as detailed in OCEANO's factual summary above, OCEANO is alleging the following causes action against WESTERN and TRUE: (a) Breach of Express Warranty of Fitness; (b) Breach of Implied Warranty of Fitness; (c) Negligence; (d) Fraud; (e) Negligent Misrepresentation; (f) Unfair Competition pursuant to California Business and Professions Code ("BPC") § 17200 et. seq.; and (g) Federal Unfair Competition Law- 15 U.S.C. §1125 a.k.a. Section 43(a) of the Lanham Act.

            **(2)      Subsequent Conversion And Defamation By Western.**

As detailed in OCEANO's factual summary above, Western's employees went onto OCEANO's leased farmland and committed common law conversion by removing a variety of items of personal property owned by OCEANO, including, without limitation, agricultural chemicals. Although some of the Converted Property was subsequently returned, OCEANO nevertheless suffered damages from the conversion. Moreover, as detailed in OCEANO's factual summary above, WESTERN committed common law defamation by making false representations regarding OCEANO to third parties, including without limitation, representations that OCEANO is not paying its trade debts in a timely manner.

      **B.      Defendant Western's Summary Of Legal Issues.**

WESTERN denies it was negligent, converted any products, breached any contract and/or warranty, misrepresented any material fact, sold any defective or misleading product, or conducted its business in any false or misleading manner.  The removal of any trade product was with consent of OCEANO's employee with ostensible authority to approve such a return and not a conversion as alleged by the Plaintiff.

WESTERN disputes that any act or omission, or breach of contract, was the cause of any contamination at OCEANO's property, or that the return of any surplus goods caused any economic harm, and that acts or omissions by OCEANO was the sole cause of any alleged economic losses.

### C.    Defendant TRUE's Summary Of Legal Issues.

On May 22, 2008 the Court dismissed, without prejudice, OCEANO's first cause of action for violation of the Organic Food Protection Act.  Regardless of the dismissal, TRUE denies that is has violated the Act.

TRUE denies that it manufactured and distributed any defective or misleading products; that it has breached any express or implied warranty; that it was negligent; that it engaged in fraudulent conduct; that it conducted its business in a false, deceptive, fraudulent or misleading manner; that it made any negligent misrepresentations; that it engaged in any unfair competition; or that it violated the Federal Unfair Competition Act.  TRUE'S organic fertilizer was not a cause of the alleged contamination of OCEANO's products.  TRUE was not a cause any of the damages claimed by OCEANO.  TRUE is not liable for any of the damages being claimed by OCEANO in this case.  TRUE has also alleged a number of additional affirmative defenses in its answer to OCEANO's First Amended Complaint.

### 4.    Motions.

### A.    Pending Motions.

### (1)    WESTERN's Motion To Dismiss/Stay.

On February 28, 2008, WESTERN filed its Motion To Stay Or Dismiss ("Motion To Dismiss") OCEANO's Federal Court Action, arguing that all matters among the parties should be adjudicated in state court in San Luis Obispo County. [1]

---

[1] On January 22, 2008, WESTERNfiled an action in the Superior Court of State Of California, County of San Luis Obispo, Case No. CV 080074, Western Farm Services, Inc. v. Oceano Packing

Thereafter, on March 28, 2008, OCEANO filed its Opposition To Motion To Dismiss ("OCEANO's Opposition"),  wherein OCEANO argued that most of potential witnesses are located outside of San Luis Obispo County; that WESTERN acted in bad faith in racing to the court house to file its anticipatory lawsuit in San Luis Obispo County Superior Court during settlement negotiations; and the factors itemized in the California Supreme Court case of <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976) militate against dismissing the Federal Court Action.

Thereafter, on April 21, 2008, WESTERN's Motion To Dismiss was heard before Honorable Judge Ware, who took the matter under submission.[2]

### (2)    Order Denying WESTERN's Motion To Dismiss Stay.

On May 22, 2008, the Court issued its order <u>denying</u> WESTERN's Motion To Dismiss ("May 22, 2008 Order").

In the May 22, 2008 Order, at Page 10, the Court also  invited the parties, if they so wish, to submit additional briefing and a briefing schedule with respect to the following issues: (1) whether the Court has proper subject matter jurisdiction, and (2) whether the district is the proper venue for this case. The parties have submitted a proposed briefing schedule on these matters as noted in Item No. "4.B." below.

Moreover, in the May 22, 2008 Order, at Page 10, the Court dismissed one of Plaintiff's causes of action (First Cause of Action for Violation Of Organic Foods Production Act of 1990 - 7 U.S.C. § 6501 et seq.), *without prejudice*,  and invited Plaintiff to replead the dismissed cause of action and provide the

_____

Company, LLC.  (the "State Court Action"). In Western's  Complaint in the State Court Action, WESTERN names OCEANO as defendant, and alleges two causes of action for Common Counts in the amount of $416,569.70, for a series of unpaid invoices.  It appears that some of the unpaid invoices upon which WESTERNis suing in its State Court Action relate to the salmonella-contaminated fertilizer that WESTERNand TRUE Organic sold  to OCEANO.  OCEANO has asserted a right to offset the amounts it owes to WESTERNon the unpaid invoices, if any, against the amounts that WESTERN owes OCEANO pursuant to the First Amended Complaint in this litigation.

[2] At the time OCEANO filed is answer to WESTERN's State Court action, on April 22, 2008, it cross-complained against TRUE ORGANICS and WESTERNFARM SERVICE and raised the identical issues pending before this court.   Upon being served with the State Court cross-complaint, TRUE ORGANICS filed a joinder in WESTERNFARM SERVICE's request that this court abstain from proceeding with the federal case until the State Court action was concluded.

legal basis for Plaintiff's standing under the Organic Foods Production Act to bring a private right of action against a third party. Plaintiff is currently considering whether to replead the dismissed cause of action and provide the legal basis to bring a private right of action against a third party. If Plaintiff does so, it will so submit its authority for its proposed Second Amended Complaint in accordance with the briefing schedule set forth in Item No. "4.B." below.

      **B.**    **Anticipated Motions.**

The parties reserve the right to file their respective motions for summary judgment.

Moreover, in its May 22, 2008 Order, the Court asked the parties to include a schedule for briefing with respect to the following issues: (1) whether the Court has proper subject matter jurisdiction, and; (2) whether this District is the proper venue for this case. In addition, the Court invited the Plaintiff to replead the dismissed cause of action with respect to the Organic Foods Production Act provided that the Plaintiff submits to the Court its legal basis for bringing a private right of action against a third party. The proposed briefing schedule for all of the above issues shall be as follows:

- ▸    Opening Brief by each of the respective parties shall be due on or before July 1, 2008;
- ▸    Opposition Brief by each of the respective parties to the other party[ies] Opening Brief shall be due on or before July 22, 2008;
- ▸    Reply Brief shall be due on or before July 29, 2008; and
- ▸    Hearing Date to be provided by the Court.

**5.**    **Amendment To Pleadings.**

The parties reserve their right to further amend their claims and/or add additional parties upon the completion of discovery, on January 29, 2009. This date is also set forth in the proposed schedule as set forth in the parties' response to Item No. 17 below.

**6.**    **Evidence Preservation.**

      **A.**    **Plaintiff OCEANO.**

Plaintiff OCEANO has taken all necessary measures to preserve evidence that is relevant to the issues in this action.

**B.    Defendant TRUE.**

Defendant True has taken all reasonable measures to preserve the evidence that is relevant to the issues in this action.

**C.    Defendant WESTERN.**

Defendant Western has taken all reasonable measures to preserve the evidence that is relevant to the issues in this action.

**7.    Disclosures.**

Plaintiff OCEANO and Defendants WESTERN and TRUE have agreed to submit and exchange their Initial Disclosures pursuant to Fed. Rule. Civ. Proc. 26(f) on June 20, 2008 instead and lieu of May 21, 2008.

**8.    Discovery.**

Plaintiff OCEANO and Defendants WESTERN and TRUE have met and conferred and have agreed to a schedule for discovery, a pre-trial conference, and a date for commencement of trial, as set forth in the parties' response to Item No. 17 below. Discovery has not yet commenced in this case.

Defendant WESTERN intends on commencing written discovery and third parties subpoenas in the State Court action forthwith.  TRUE ORGANICS has indicated it wishes to take the deposition of the principal witnesses with OCEANO at the earliest opportunity in the State Court action.

**9.    Class Actions.**

This case is not a class action.

**10.    Related Cases.**

On January 22, 2008, WESTERN filed an action in the Superior Court of State Of California, County of San Luis Obispo, Case No. CV 080074, Western Farm Services, Inc. v. Oceano Packing Company, LLC. (the "State Court Action"). In Western's Complaint in the State Court Action, WESTERN names OCEANO as defendant, and alleges two causes of action for Common Counts in the amount of $416,569.70, for a series of unpaid invoices.  It appears that some of the unpaid invoices upon which WESTERN is suing in its State Court Action relate to the salmonella-contaminated fertilizer that WESTERN and TRUE Organic sold  to OCEANO.  OCEANO has asserted a right to offset the amounts

it owes to WESTERN on the unpaid invoices, if any, against the amounts that WESTERN owes OCEANO pursuant to the First Amended Complaint in this litigation.

On April 22, 2008, OCEANO filed its Answer and Cross-Complaint to Western's Complaint. OCEANO's Cross-Complaint in the State Court Action is virtually identical to OCEANO's Amended Complaint in this Federal Action. OCEANO's Cross-Complaint in the State Court Action was filed to preserve its rights to offset. OCEANO's cross-complaint joined TRUE as a third party defendant in the State Court Action.

Thereafter, on May 19, 2008, OCEANO filed its motion to bifurcate the matters set forth in the Cross-Complaint from the matters in the Complaint in the State Court Action pursuant to California Code of Civil Procedure § 1048(b), and applicable case law, and to stay discovery and trial related to the matters in the Cross-Complaint, pending resolution of the instant Federal Court Action. The purpose of OCEANO's motion is to facilitate and coordinate the discovery process with respect to the this Federal Court Action and the related State Court Action. WESTERN is opposed to this pending motion and intends to argue against it.

**11.     Relief.**

**A.     Plaintiff OCEANO's Claims.**

With respect to OCEANO's First Cause of Action for Organic Foods Production Act of 1990, 7 U.S.C. § 6501 et seq. (the "OFPA"), and the related NOP Regulations, Plaintiff sought the following relief: (1) that TRUE and WESTERN to pay compensatory damages in the amount of $1,073,633.30, (2) that TRUE and WESTERN pay loss of future business with its customers to be determined according to proof, plus other consequential damages, and interest; (3) an order declaring that TRUE and WESTERN's actions violate the requirements of the OFPA and the NOP regulations; (4) an order enjoining TRUE and WESTERN from continuing to violate the OFPA and NOP regulations; and (5) an order enjoining TRUE and WESTERN from: (i) continuing to represent the Fertilizer as "organic" or "100% organic"; (ii) continuing to represent that the Fertilizer was composted or otherwise treated in accordance with the NOP regulations; and (iii) continuing to represent that the Fertilizer, or any other fertilizer manufactured by TRUE, is "completely pathogen-free".

With respect to the Second Cause of Action (Breach of Express Warranty of Fitness), the Third Cause of Action (Breach of Implied Warranty of Fitness), the Fourth Cause of Action (Negligence), and the Sixth Cause of Action (Negligent Misrepresentation), OCEANO seeks compensatory damages in the amount of $1,073,633.30, as well as loss of future business with its customers to be determined according to proof, plus other consequential damages, and interest.

With respect to the Fifth Cause of Action (Fraud), OCEANO seeks compensatory damages in the amount of $1,073,633.30, as well as loss of future business with its customers to be determined according to proof, plus other consequential damages, and interest, plus punitive damages in the amount to be determined at trial.

With respect to the Seventh Cause of Action (Unfair Competition pursuant to California Business and Professions Code ("BPC") § 17200 et. seq), OCEANO seeks an order (1) that TRUE and WESTERN restore to OCEANO all money acquired by TRUE and Western's acts of unfair competition, including ordering TRUE and WESTERN to restore to OCEANO lost revenues of $1,073,633.30, or such other amount as is determined according to proof, loss of future business with its customers to be determined according to proof, plus other consequential damages, interest and such other damages as may be proven to have been caused by the unfair competition at trial; and (2) an order enjoining TRUE and WESTERNfrom continuing to engage in the acts of unfair competition described herein.

With respect to the Eighth Cause of Action for Federal Unfair Competition Law- 15 U.S.C. §1125 a.k.a. Section 43(a) of the Lanham Act, OCEANO seeks an order (1) that TRUE and WESTERNpay damages in the amount of $1,073,633.30, or such other amount as is determined according to proof, loss of future business with its customers to be determined according to proof, plus other consequential damages, interest and such other damages as may be proven at trial; and (2) an order enjoining TRUE and WESTERNfrom continuing to make the false and/or misleading representations of fact regarding the Fertilizer described herein.

In addition, with respect to each of the causes of action set forth above, OCEANO seeks attorney's fees and costs.

With respect to OCEANO's Ninth Cause of Action (Conversion), OCEANO requests an order that WESTERNpay damages caused by its act of conversion of the converted property in an amount to be proven at trial, including punitive damages, and attorney's fees and costs.

Moreover, with respect to OCEANO's Tenth Cause of Action (Defamation), OCEANO requests an order that WESTERN pay damages caused by its act of conversion of the converted property in an amount to be proven at trial.

**B.      Defendant Western's Calculation of Damages.**

WESTERNFARM SERVICE denies responsibility for any economic losses and disputes the amounts alleged by the plaintiffs.  As to its cross-complaint in the State Court Action, the outstanding invoices under the trade account are $423, 448, plus interest from October 10, 2007, and attorneys fees according to proof.

**12.   Settlement And ADR.**

Plaintiff OCEANO is amenable to mediation. During a meet and confer with counsel for Western, Dale Dorfmeier, and counsel for TRUE, Leith Hansen, Mr. Dorfmeier represented that WESTERN would be amenable to mediation *only if* TRUE was willing to participate. Mr. Leith Hansen stated that TRUE is not interested in participating in mediation.

Pursuant to Northern District Civil Local Rule 16-8, and ADR Local Rule 3-5, the parties participated in an ADR Phone conference on May 27, 2008. Denis Klavidanos, Esq. appeared for Plaintiff OCEANO; Dale Dorfmeier, Esq. appeared for Defendant WESTERN; Steve McQullian, Esq. and Andrew Swartz, Esq. appeared for Defendant TRUE.

The Court's ADR Staff Attorney, Daniel Bowling, continued the ADR Phone Conference to August 27, 2008, 3:00 pm, so that the Court has time to make a decision after the parties have submitted their briefing on the issues requested by the Court in its May 22, 2008 Order.  Moreover, the ADR Staff Attorney will be submitting a report to the Court detailing the ADR Phone Conference that took place on May 27, 2008.

**13.   Consent To Magistrate Judge For All Purposes.**

The Plaintiff does <u>not</u> consent to have a Magistrate Judge conduct all further proceedings in this case.   WESTERN is willing to work with the Magistrate Judge.

**14.    Other References.**

The parties do <u>not</u> believe that this case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing Issues.**

No agreement was reached at this time with regard to narrowing the issues.  Defendant WESTERN believes the claims are over-plead and that some narrowing of the issues is in order, perhaps after the first phase of discovery.

**16.    Expedited Schedule.**

This is <u>not</u> the type of case that can be handled on an expedited schedule with streamlined procedures.

**17.    Scheduling.**

Plaintiff OCEANO has offered the following  schedule for discovery, a pre-trial conference, and a date for commencement of trial, as set forth below.

| Discovery Deadlines | Date |
| --- | --- |
| Completion of factual discovery: | January 29, 2009 |
| Deadline for joining additional parties: | January 29, 2009 |
| Plaintiffs' expert report(s) due: | February 29, 2009 |
| Defendants' expert report(s) due: | March 28, 2009 |
| Plaintiffs' rebuttal expert report(s) due: | April 29, 2009 |
| Non-dispositive motions heard by: | April 29, 2009 |
| Dispositive motions heard by: | April 29, 2009 |
| Pre-Trial Conference And Trial Date: | |
| Pre-Trial Conference: | May 15, 2009 |
| Trial Date: | June 1, 2009 (Commence Trial). |

Defendant WESTERN  repeats its position and request that this court abstain from exercising its jurisdiction while the State Court matter is proceeding and discovery is conducted under the California Discovery Act.  This would avoid duplicate effort and expense not only to the parties, but to this Court and its staff.

If the Court is not inclined to abstain, then WESTERN believes the above schedule is workable. One can anticipate many problems, however, and it would be prudent to have an interim case management conference from time to time as necessary.

WESTERN requests this Court adopt the California Civil Code Section 3295(c) rule that defers pretrial discovery of profits obtained from purported "unlawful conduct" or financial wealth until the plaintiff has established to the Court's satisfaction that it can produce a prima facie case for entitlement to punitive damages or discovery of these issues.  Plaintiff disputes that this rule should be applied to this case.

TRUE also joins with the request by WESTERN that if the Court is not inclined to abstain, then periodic Case Management Conferences should be held in order to maintain and preserve the orderly conducting of discovery.

Finally, TRUE joins with WESTERN'S request that the Court adopt the California Code of Civil Procedure Section 3295(c) rule that defers pretrial discovery of the financial wealth of a defendant until plaintiff has established the Court's satisfaction that it can produce a prima facie case for punitive damages or that it has a right to discover these issues.

**18.    Trial.**

 The parties request a jury trial, and expected length of trial is twenty (20) days.

**19.    Disclosure Of Non-Party Interested Entities Or Persons.**

**A.    Plaintiff OCEANO.**

Plaintiff OCEANO has submitted its Certification Of Interested Entities and Persons pursuant to Northern District Local Rule 3-16. Plaintiff OCEANO certifies that as of this date, there is no such interest to report, other than the named parties.

**B.    Defendant WESTERN.**

Defendant WESTERN  is a Delaware Corporation with its principal office in Denver, Colorado. WESTERN  is an operating divsion of Agrium.  Agrium's headquarters are located in Calgary, Alberta, Canada.  Agrium is traded on the Toronto and New York stock exchanges under the symbol AGU.  Sister entities within Agrium are not separately traded on any financial market, but include Crop Production Services, Royster-Clark, and the recently acquired United Agri Products.   In addition, there is a related

action, filed January 22, 2008, in the Superior Court of the State of California, County of San Luis Obispo, Case No. CV 080074, <u>Western Farm Services, Inc. v. Oceano Packing Company, LLC.</u> This is essentially a collection action for money due, in the amount of $416,569.70, between WESTERN, and OCEANO. WESTERN is unaware of any other entity or parties who may have a financial interest in the subject matter of that controversy.

### C.    Defendant TRUE.

Defendant TRUE certifies that as of this date, there is no other interested entity or person with regard to this litigation. TRUE submitted its Certification of Interested Parties and Persons with its Answer to the First Amended Complaint.

### 20.    Other Matters.

### A.    Plaintiff OCEANO.

As noted above in Item No. 10, OCEANO filed its Motion To Bifurcate the matters set forth in the Cross-Complaint from the matters in the Complaint in the State Court Action pursuant to California Code of Civil Procedure § 1048(b), and applicable case law, and to stay discovery and trial related to the matters in the Cross-Complaint, pending resolution of the instant Federal Court Action for the purpose facilitating and coordinating the discovery process between the Federal Court Action and the related State Court Action.

### B.    Defendant WESTERN.

Without some rule to follow, WESTERN anticipates many disputes and problems concerning the scope of discovery and limits on discovery between the State Court and the Federal Court actions. The Federal Rules have limits on discovery that do not apply under the California Discovery Act, and since the issues are identical in both cases, testimony and written discovery should apply to both cases.

The Court is also asked to consider moving this case to the District Court more convenient to the parties and closer to the Paso Robles area.

### C.    Defendant TRUE.

TRUE hereby joins with the position of WESTERN as stated herein above.

//

Dated: May 28, 2008                    ANASTASSIOU & ASSOCIATES

                                       By: _____
                                            Effie F. Anastassiou, Esq.
                                            Attorney for OCEANO Packing Company, LLC

Dated: May 28, 2008                    PETRIE, DORFMEIER & MORRIS, LLP

                                       By:_____
                                            Dale Dorfmeier, Esq.
                                            Attorney Western Farm Service, Inc.

Dated: May 28, 2008                    JACOBSON, HANSEN, NAJARIAN & McQUILLAN

                                       By:_____
                                            Leith Hansen, Esq.
                                            Attorney True Organic Products, Inc.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case

Management Order for this case and the parties are ordered to comply with this Order.

Dated:_____          _____
                                       Honorable James Ware
                                       United States District Court Judge

F:\OCA\Salmonella\True Organic-WFS\Joint CMC\JointCaseManagementStatement.FINAL.wpd