Dale Dorfmeier, Esq.; SBN 076266
Sean T. O'Rourke, Esq.; SBN 199420
PETRIE, DORFMEIER & MORRIS, LLP
2014 Tulare Street, Suite 830
Fresno, CA 93721
Telephone (559) 498-6522

Attorneys for Defendant, WESTERN FARM SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANO PACKING COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRUE ORGANIC PRODUCTS, INC., A California Corporation; and WESTERN FARM SERVICE, INC., A Delaware Corporation,<br><br>Defendants. | Case No. 5:08-cv-00839-JW<br><br>ANSWER TO FIRST AMENDED COMPLAINT [LACK OF SUBJECT MATTER JURISDICTION FRCP 12(b)(1)];<br><br>DEMAND FOR JURY TRIAL |

COMES NOW WESTERN FARM SERVICE, hereinafter referred to as "Defendant," and answers the First Amended Complaint on file herein as follows:

1. In response to paragraph 1 of Plaintiff's First Amended Complaint, Defendant admits these allegations.

2. In response to the 2nd paragraph of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny Plaintiff's allegations regarding this co-defendant.

3. In response to the 3rd paragraph of the First Amended Complaint, Defendant admits that it is a Delaware Corporation, but denies that its principal place of business is in Denver, Colorado, rather its principal place

1  of business in Fresno, California.

2  4. In response to the 4th paragraph of the First Amended Complaint, Defendant denies that this Court has jurisdiction over the subject matter of this action, as the First Cause of Action has been dismissed, and Defendant denies that this Court has subject matter jurisdiction over the Eighth Claim for Relief or any other claims, and otherwise denies all the allegations of this paragraph.

5. In response to the 5th paragraph of the First Amended Complaint, Defendant denies that venue is proper in this Court, denies that this Court has subject matter jurisdiction in this case, and denies that this Defendant resides in this District. Defendant lacks sufficient information to either admit or deny Plaintiff's allegations regarding the co-defendant.

6. In response to the 6th paragraph of the First Amended Complaint, Defendant admits these allegations.

7. In response to the 7th paragraph of the First Amended Complaint, Defendant lacks sufficient information to either admit or deny Plaintiff's allegations.

8. In response to the 8th paragraph of the First Amended Complaint, Defendant admits that Plaintiff contacted Defendant and asked Defendant to sell it a fertilizer known as "10-5-2", Defendant lacks sufficient information to either admit or deny Plaintiff's allegations regarding what its needs were, and otherwise denies the allegations of this paragraph.

9. In response to the 9th paragraph of the First Amended Complaint, Defendant admits that it sold the fertilizer "10-5-2" to Plaintiff and that such fertilizer was manufactured by co-defendant TRUE ORGANIC PRODUCTS. Otherwise, Defendant denies, on information and belief, the remaining allegations.

10. In response to the 10th paragraph of the First Amended

Complaint, Defendant lacks sufficient information to either admit or deny Plaintiff's allegations regarding how the co-defendant's product at issue was made, or from what it was made.

11. In response to the 11th paragraph of the First Amended Complaint, Defendant admits that it sent a letter to Plaintiff which bore the date January 16, 2007, and that a true and correct copy of such letter is attached as Exhibit "A" to the Plaintiff's First Amended First Amended Complaint. Otherwise, Defendant denies, on information and belief, the remaining allegations.

12. In response to the 12th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

13. In response to the 13th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

14. In response to the 14th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

15. In response to the 15th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

16. In response to the 16th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

17. In response to the 17th paragraph of the First Amended Complaint, Defendant admits that OCEANO purchased "10-5-2" fertilizer from it and that copies of Defendant's invoices for Plaintiff's fertilizer purchases are attached as Exhibit "C" to the First Amended Complaint. Otherwise, Defendant denies, on information and belief, the remaining allegations.

18. In response to the 18th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

19. In response to the 19th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

20. In response to the 20th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

21. In response to the 21st paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

22. In response to the 22nd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

23. In response to the 23rd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

24. In response to the 24th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

25. In response to the 25th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

26. In response to the 26th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

27. In response to the 27th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

28. In response to the 28th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

29. In response to the 29th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

30. In response to the 30th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

31. In response to the 31st paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

32. In response to the 32nd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

33. In response to the 33rd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

34. In response to the 34th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

35. In response to the 35th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

36. In response to the 36th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

37. In response to the 37th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

38. In response to the 38th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

39. In response to the 39th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

40. In response to the 40th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

41. In response to the 41st paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

42. In response to the 42nd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

43. In response to the 43rd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

44. In response to the 44th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

45. In response to the 45th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

46. In response to the 46th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

47. In response to the 47th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

48. In response to the 48th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

49. In response to the 49th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

50. In response to the 50th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

51. In response to the 51st paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

52. In response to the 52nd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

53. In response to the 53rd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

54. In response to the 54th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

55. In response to the 55th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

56. In response to the 56th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

57. In response to the 57th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

58. In response to the 58th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

59. In response to the 59th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

60. In response to the 60th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

61. In response to the 61st paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

62. In response to the 62nd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

63. In response to the 63rd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

64. In response to the 64th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

65. In response to the 65th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

66. In response to the 66th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

67. In response to the 67th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

68. In response to the 68th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

69. In response to the 69th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

70. In response to the 70th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

71. In response to the 71st paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

72. In response to the 72nd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

73. In response to the 73rd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

74. In response to the 74th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

75. In response to the 75th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

1  76.  In response to the 76th paragraph of the First Amended
2  Complaint, Defendant denies, on information and belief, these allegations.
3  77.  In response to the 77th paragraph of the First Amended
4  Complaint, Defendant denies, on information and belief, these allegations.
5  78.  In response to the 78th paragraph of the First Amended
6  Complaint, Defendant denies, on information and belief, these allegations.
7  79.  In response to the 79th paragraph of the First Amended
8  Complaint, Defendant denies, on information and belief, these allegations.
9  80.  In response to the 80th paragraph of the First Amended
10  Complaint, Defendant denies, on information and belief, these allegations.
11  81.  In response to the 81st paragraph of the First Amended
12  Complaint, Defendant denies, on information and belief, these allegations.
13  82.  In response to the 82nd paragraph of the First Amended
14  Complaint, Defendant denies, on information and belief, these allegations.
15  83.  In response to the 83rd paragraph of the First Amended
16  Complaint, Defendant denies, on information and belief, these allegations.
17  84.  In response to the 84th paragraph of the First Amended
18  Complaint, Defendant denies, on information and belief, these allegations.
19  85.  In response to the 85th paragraph of the First Amended
20  Complaint, Defendant denies, on information and belief, these allegations.
21  86.  In response to the 86th paragraph of the First Amended
22  Complaint, Defendant denies, on information and belief, these allegations.
23  87.  In response to the 87th paragraph of the First Amended
24  Complaint, Defendant denies, on information and belief, these allegations.
25  88.  In response to the 88th paragraph of the First Amended
26  Complaint, Defendant denies, on information and belief, these allegations.
27  89.  In response to the 89th paragraph of the First Amended
28  Complaint, Defendant denies, on information and belief, these allegations.

90. In response to the 90th paragraph of the First Amended Complaint, Defendant admits that on or about January 10, 2008, a representative of Defendant, Darin Chabot, went onto OCEANO's leased farmland located in San Luis Obispo County and removed agricultural chemicals. Otherwise, Defendant denies, on information and belief, the remaining allegations.

91. In response to the 91st paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

92. In response to the 92nd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

93. In response to the 93rd paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

94. In response to the 94th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

95. In response to the 95th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

96. In response to the 96th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

97. In response to the 97th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

98. In response to the 98th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

99. In response to the 99th paragraph of the First Amended Complaint, Defendant denies, on information and belief, these allegations.

## **AFFIRMATIVE DEFENSES**

### **(Comparative Fault)**

100. Defendant is informed and believes, and thereon alleges, that at all times mentioned in Plaintiff's First Amended Complaint, that the

Plaintiff was careless and negligent for its own safety and interests, and that such comparative fault bars or diminishes any recovery in this action.

### (Assumption of the Risk)

101. This answering Defendant is informed and believes, and thereon alleges, that at all times mentioned in Plaintiff's First Amended Complaint, that the Plaintiff knowingly and voluntarily assumed the risk of its own behavior and the risks of injury inherent in such behavior, and that by assuming the risk of injury, is barred from recovery in this action.

### (Third Party Negligence)

102. Defendant is informed and believes, and thereon alleges, that another Defendant, or third party not yet joined in this action, was careless and negligent, and that such carelessness and negligence proximately contributed to the happening of the defect and the nonconformity, injuries, and damages, if any, which this Defendant expressly denies.

### (Alteration of the Product)

103. Defendant is informed and believes, and thereon alleges, that the Plaintiff, other Defendants, or third parties, altered or contaminated the product after it left the control of this Defendant, and that such alteration proximately caused the defect, nonconformity, or damages, if any, which this Defendant expressly denies.

### (Failure to State a Cause of Action)

104. This answering Defendant alleges that the First Amended Complaint and each alleged count therein, fails to state facts sufficient to constitute a cause of action as to this answering Defendant.

### (Statute of Limitations)

105. This answering Defendant alleges that the First Amended Complaint, and each alleged count therein, is barred by the statute of limitations.

### (Joint Venture)

106. This answering Defendant is informed and believes, and thereon alleges, that the Plaintiff and others were engaged in a joint venture in the acts and conduct alleged in Plaintiff's First Amended Complaint, and that the negligence and carelessness of the other joint venturers is imputed to Plaintiff so as to bar or diminish any recovery herein.

### (Failure to Mitigate)

107. Defendant is informed and believes, and thereon alleges, that Plaintiff could have, without undue expense or hardship and by the use of due care limited and mitigated its damages, and failed to do so.

### (Misuse & Abuse of the Product)

108. This answering Defendant is informed and believes, and thereon alleges, that Plaintiff failed to use the product according to directions, or in a foreseeable manner, and disregarded applicable warnings, thereby misusing and abusing the product and it's intended purpose, and that such misuse and abuse bars or diminishes any recovery in this action.

### (Force Majure)

109. This answering Defendant is informed and believes, and thereon alleges, that the pests, weather, and circumstances responsible for injury to Plaintiff's crop, if any existed, was the result of uncontrollable forces of nature and an act of God, not capable of being limited by known tools or

materials available to Defendant's employees despite any express or implied agreement or warranty to the contrary, if any existed which is denied, or any duty of care to Plaintiff, if any such duty existed.

### (Untimely Warranty Notice)

110. Defendant is informed and believes, and thereon alleges, that Plaintiff failed to give Defendant timely notice of the breach of warranties, if any, as alleged in Plaintiff's First Amended Complaint herein which would have allowed Defendant a chance to cure the defective performance, if any, and Plaintiff is therefore barred from any recovery for damages as a result thereof (Commercial Code Section 2607(3)(a)).

### (UCC Warranty Disclaimer)

111. This answering Defendant is informed and believes, and thereon alleges, that all warranties as alleged in Plaintiff's First Amended Complaint herein, were disclaimed by contract between the parties, and that Plaintiff is not entitled to recover damages, if any, for breach of any warranty.

### (UCC Failure to Inspect)

112. Defendant is informed and believes, and thereon alleges, that Plaintiff had ample time and a reasonable opportunity to inspect Defendant's shipment of goods and failed to make a reasonable inspection of the goods before use. Plaintiff is therefore barred from claiming damages as a result of the non-conforming goods (Commercial Code Sections 2602, 2603).

### (UCC Offset)

113. Should Plaintiff recover from Defendant any damages as a result of the use of the fertilizer, then Defendant shall be entitled to offset the

1 unpaid amount of the invoice and shipping charges against any money owing
2 to Defendant by the Plaintiff.

### (Another Action Pending)

114. Inasmuch as there is another action pending between the Plaintiff and the Defendant in the County of San Luis Obispo, State of California entitled *Western Farm Service, Inc. v. Oceano Packing Company LLC*, Docket #CV 080074, the Plaintiff herein is barred from splitting its claims and is not entitled to recover any damages as alleged, if any there are, or the relief requested in its First Amended Complaint herein.  Further, based upon this earlier filed claim, this Court should either stay or dismiss this instant, (second action) filed by Plaintiff, respectfully submits that this Court should refrain from exercising further jurisdiction and control over the instant case, at this time, under the doctrine of abstention.

### (Failure to State Claim)

115. Defendant alleges on information and belief that Plaintiff's First Amended Complaint, and the allegations therein, fail to state a claim upon which relief can be granted, pursuant to FRCP 12(b)(6).

### (Privilege)

116. Defendant is informed and thereon believes that the conduct complained of by the Plaintiff is in fact legally authorized and privileged conduct under the laws of California, including, but not limited to, by California Civil Code §47.

### (Standing)

117. Defendant is informed and thereon believes that the Plaintiff lacks standing to pursue any claims under 15 USC Section 1125(a).

**(Lack of Subject Matter Jurisdiction)**

118. Defendant is informed and thereon believes that pursuant to FRCP Rule 12(b)(1) this Court lacks jurisdiction over the subject matter of this action.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by way of its First Amended First Amended Complaint, and that:

(1) Judgment be entered in Defendant's favor;

(2) Defendant be awarded costs and attorneys fees incurred in this action;

(3) This Court award such other and further relief as it deem proper in the circumstances.

DATED: June 12, 2008

           PETRIE, DORFMEIER & MORRIS, LLP

           By  //S// DALE DORFMEIER
           Dale Dorfmeier,
           Attorneys for Defendant,
           WESTERN FARM SERVICE, INC.

           -oOo-

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

DATED: June 12, 2008

                        PETRIE, DORFMEIER & MORRIS, LLP


                        By   //S// DALE DORFMEIER
                              Dale Dorfmeier,
                              Attorneys for Defendant,
                              WESTERN FARM SERVICE, INC.

H:\00AlphaFiles--DD\WFS I v. Oceano (37382-70096)\Pleadings\Pleadings Federal\Answer.wpd

CV08 00839 JW

ANSWER TO FIRST AMENDED COMPLAINT [LACK OF JURISDICTION FRCP 12(b)(1)]; DEMAND FOR JURY TRIAL

# PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)

STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 2014 Tulare Street, Suite 830, Fresno, California 93721.

On **June 12, 2008**, I served the foregoing document described as **ANSWER TO FIRST AMENDED COMPLAINT [LACK OF JURISDICTION FRCP 12(b)(1))]; DEMAND FOR JURY TRIAL** on the other parties in this action as follows:

| | |
|---|---|
| Effie F. Anastassiou, Esq.<br>Denis Klavdianos, Esq.<br>Scott Allen, Esq.<br>ANASTASSIOU & ASSOCIATES<br>242 Capitol Street<br>P.O. Box 2210<br>Salinas, CA 93902<br>e-mail: scottese@salinasaglaw.com | Plaintiff, OCEANO PACKING, LLC |
| Jube J. Najarian, Esq.<br>Leith B. Hansen, Esq.<br>Steven M. McQuillan, Esq.<br>JACOBSON, HANSEN, NAJARIAN & McQUILLAN<br>1690 W. Shaw Ave., Ste. 201<br>Fresno, CA 93711<br>email: jjn@jhnmlaw.com | Defendant, TRUE ORGANIC PRODUCTS, INC. |
| Andrew H. Swartz, Esq.<br>550 Hartnell St.<br>Monterey, CA 93940<br>Fax: (831) 373-8211<br>email: ahswartz@aol.com | Defendant, TRUE ORGANIC PRODUCTS, INC. |

**BY ELECTRONIC MAIL:**

As follows: I caused the above named document to be filed with the United States District Court, Northern Division of California's Case Management/Electronic Case Filing (CM/ECF) System where upon it was electronically delivered to the parties in this case through their electronic mail addresses.

Executed on **June 12, 2008**, at **Fresno**, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| | |
|---|---|
| **Jalee Furr**<br>Type or Print Name | //S// JALEE FURR<br>Signature |