1   Jube J. Najarian, No. 99082
2   Leith B. Hansen, No. 109320
    Steven M. McQuillan, No. 107339
3   JACOBSON, HANSEN, NAJARIAN & McQUILLAN
    A Professional Corporation
4   1690 W. Shaw Avenue, Suite 201
    Fresno, California 93711
5   Telephone: (559) 448-0400
    Facsimile: (559) 448-0123
6   Co-Counsel With:
    Andrew H. Swartz, No. 58429
7   ATTORNEY AT LAW
    550 Hartnell Street
8   Monterey, California 93940
9   Telephone:  (831) 373-3235

10  Attorney for Defendant(s) TRUE ORGANIC PRODUCTS, INC.

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13

14
    OCEANO PACKING COMPANY, LLC,            Case No.: 5:08-cv-00839-JW
15
                    Plaintiff(s),           REPLY TO OCEANO PACKING
16                                          COMPANY'S OPPOSITION TO TRUE
                                            ORGANIC PRODUCTS, INC.'S
17            v.                            MOTION TO DISMISS RE SUBJECT
                                            MATTER JURISDICTION
18  TRUE ORGANIC PRODUCTS, INC., A
    California Corporation; and WESTERN FARM
19  SERVICES, INC., A Delaware Corporation,  Date:   October 27, 2008
                                             Time:   9:00 AM
                    Defendant(s).            Dept.:  8
20

21       Defendant and moving party, TRUE ORGANIC PRODUCTS, INC. ("TRUE") replies

22  to plaintiff, OCEANO PACKING COMPANY, LLC'S ("OCEANO") Opposition to TRUE And

23  WESTERN FARM SERVICE, INC.'S ("WESTERN") motions to dismiss plaintiff's eighth cause

24  of action for failure to state a cause of action for which relief can be granted, and to

25  thereafter dismiss the entire action for lack of a subject matter jurisdiction.

26       All parties appear to agree that there are two separate and alternative grounds for

27  recovery under the Lanham Act, 15 USC Section 1125(a)(1): false advertising and false

28  association.   TRUE and WESTERN have both demonstrated, in their opening briefs, that

1  plaintiff has failed to meet the standing requirement to recover on false advertising

2  grounds.  Plaintiff implicitly concedes as much, as plaintiff offers no opposition on that

3  issue.  The false advertising allegations contained in Paragraph 84 of the Eight Cause of

4  Action must therefore be dismissed.  OCEANO has instead argued in its opposition that it

5  has standing to recover on false association grounds.  The authorities cited by OCEANO,

6  however, do not support standing on that ground either.

7  OCEANO cites *Waits v. Frito-Lay, Inc.* 978 Fed 2d 1093 (9th Circuit 1992) at 1108–

8  1109 for the proposition that on a false association claim, plaintiff need only show that it

9  has a "reasonable interest" to protect against the alleged wrongdoer's actions.  OCEANO

10  argues that the Ninth Circuit has given little guidance as to what constitutes a reasonable

11  interest. In fact, the Ninth Circuit in *Waits* clarified that the reasonable interest must either

12  be that of a competitor, or that of someone with a strong ownership or similar commercial

13  interest in the misused mark:

14

15  Smith teaches that where such a claim is presented the plaintiff need not be a
16  competitor, for the Lanham Act also grants a cause of action to certain
   noncompetitors who have been injured commercially by the "deceptive and
17  misleading use of marks." See 15 U.S.C. § 1127; see also *Dallas Cowboys
   Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 467 F. Supp. 366, 374 (S.D.N.Y.
18  1979) (owner of a mark has right to exploit mark commercially by having
   consumers associate mark only with owner's goods or services, regardless of
19  whether misappropriator deals in competing or noncompeting goods or
   services). Those with standing to bring such a claim include parties with a
20  commercial interest in the product wrongfully identified with another's mark,
   as in Smith, or with a commercial interest in the misused mark. n9 See
21  *Dovenmuehle v. Gilldorn Mortgage Midwest Corp.*, 871 F.2d 697, 700-01
22  (7th Cir. 1989) (only those with present commercial interest in trade name
   have standing to sue for its wrongful use under § 43(a)); *Berni Int'l Gourmet
23  Restaurants of America, Inc.*, 838 F.2d 642, 648 (2d Cir. 1988) (plaintiff must
   have commercial or ownership interest in mark to have standing under §
24  43(a)); cf. *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316
25  U.S. 203, 205 (1942) ("If another poaches upon the commercial magnetism
   of the symbol he has created, the owner can obtain legal redress.").
26

27

28  *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1109-1110 (9th Cir. Cal. 1992).

1     Plaintiff's opposition fails to demonstrate that plaintiff has such an ownership or

2 similar interest in an allegedly misused mark, or in the product (here, fertilizer) allegedly

3 wrongfully identified with another's mark.  Instead, Plaintiff presents only the attenuated

4 interest of a customer who buys a product with an allegedly misused mark.

5     OCEANO'S opposition cites the Second Circuit decision in *ITC Limited v.*

6 *Punchgini, Inc.* 482 Fed 3d 135, 169 (2nd Circuit 2007) to support a broader definition of

7 the "reasonable interest" in a mark required for standing.  That case, however, was solely

8 concerned with the false advertising prong of the Lanham Act, not with the false

9 association prong at issue here.  *ITC Limited* is therefore not on point.  It is nonetheless

10 notable that the Court there declined to find a reasonable interest sufficient to support

11 standing:

> 12 "Where a plaintiff's products are 'not obviously in competition
> 13 with the defendant's products (and) the defendant's
> advertisements do not draw direct comparisons between the
> 14 products,' then a plaintiff must make 'more substantial showing'
> of 'injury and causation' to satisfy the reasonable basis prong of
> 15 the standing requirement." (Citation omitted).  482 Fed 3d 135,
> 170.
> 16

17     In the present case, as in *ITC Limited,* there was no competition between the

18 parties' products and defendant did not draw direct comparisons between its products and

19 plaintiff's.  If *ITC Limited* is to be followed here, it demands a more substantial showing of

20 injury and causation that OCEANO can present.

21     Plaintiff then cites two cases that involve claims brought by trade associations.

22 These cases are distinguishable from the present case, because the trade association

23 plaintiffs in those cases were uniquely positioned to represent the interests of their

24 members who were directly affected by alleged misuse of marks.  In *Mutation Mink*

25 *Breeders Association v. Lou Nierenberg Corp.* 23 F.R.D. 155 (S.D.N.Y. 1959), the District

26 Court found standing because the plaintiff, an association of mink fur suppliers, had a

27 direct pecuniary interest in preventing the diversion of trade from its members to the

28 defendants.  The plaintiff association received a percentage of the profits on its members'

1  sales of mink; when defendants cut into that market with fake furs, the association's profits

2  suffered. The *Mutation Mink* case offers plaintiff no support in the present case: OCEANO

3  has no analogous direct pecuniary interest in the market for the organic fertilizer that

4  defendant allegedly mismarked.

5      Nor, critically, does OCEANO have any of the unique characteristics of a trade

6  association that give it standing.  Plaintiff 's opposition cites *Camel Hair and Cashmere*

7  *Institute, Inc. v. Associated Dry Goods Corporation* 799 F 2d 6, 17–18 (1ˢᵗ Cir., 1986).  A

8  careful reading of that decision demonstrates that it, like *Mutation Mink,* actually

9  underscores defendants' position in this case.  Plaintiff was an industry association that

10  included suppliers of cashmere fabrics.  Plaintiff alleged that its members' cashmere

11  products were damaged by defendant's misrepresentations concerning the quantity of

12  cashmere in the clothes defendants sold.  The plaintiff association sought standing on two

13  separate grounds: first, because its own reputation and credibility was damaged; and

14  second, because plaintiff represented members who had strong financial interests in

15  preserving cashmere's reputation.  The court denied standing on the first ground, holding

16  that Plaintiff association, as an entity, had suffered no direct injury that would give it

17  standing.  Standing was instead granted to the trade association on the alternative grounds

18  that the organization's purposes specifically included protection of the member interests at

19  issue, and that the association's members would otherwise have standing to sue in their

20  own right.

21      OCEANO has none of the characteristics that gave the Cashmere Institute standing

22  to recover for false association.  OCEANO is not a trade association; it has no members

23  with standing to sue in their own right, and no members whose interests OCEANO is

24  designed and intended to protect.    OCEANO'S alleged interest in protecting the

25  reputation of the organic vegetable industry of which is a part, while laudable, is not a

26  specifically identified purpose for OCEANO'S existence.

27  ///

28  ///

1    Nor is the interest of the organic vegetable industry in the labeling of the fertilizer it

2  buys to use in its crops analogous to the interest of cashmere manufacturers and marketers

3  in representations about the qualities of cashmere clothing.

4    Plaintiff's brief greatly over reads the *Camel Hair* case, for the "...proposition that a

5  commercial entity's interest in preserving and safeguarding the reputation of products

6  which it sells is a sufficient nexus to hold that such party has a 'reasonable interest' in

7  protecting against the acts of wrongdoers who represent another product with false

8  representations of origin, which cause injury to the plaintiff's industry." (Plaintiff's

9  opposition at page 4). The *Camel Hair* holding is not nearly that broad. *Camel Hair* gave

10  standing narrowly to an industry association dedicated to protect the interests of members

11  that were directly threatened by misrepresentations made by retailers of member's

12  products. *Camel Hair* did not extend standing to any and all commercial entities who wish

13  to protect their industry's reputation from any false representation of origin.

14    A recent decision distinguished *Camel Hair,* and in doing so, underscored another

15  reason why the present case is also distinguishable from *Camel Hair. Koch Materials Co.*

16  *v. Shore Slurry Seal, Inc.,* 2005 US District Lexis 9489 (D.N.J. 2005). *Koch*    held    that

17  plaintiff, a commercial paving business, had no standing to recover under the Lanham Act

18  for defendant's alleged misrepresentations about the paving materials that it sold to the

19  plaintiff. The court distinguished the results in *Camel Hair* and *Waits* as cases where the

20  plaintiff, though a non-competitor, was uniquely qualified to seek relief: "When a non-

21  competitor is granted standing under the section 43(a) of the Lanham Act, the

22  circumstances are typically such that the particular non-competitor plaintiff is uniquely

23  situated to vindicate the alleged Lanham Act violation." 2005 Lexis at 7-8. As discussed in

24  TRUE'S opening brief, OCEANO is not uniquely situated to vindicate the alleged misuse of

25  an OMRI  designation. OCEANO does not sell fertilizer, and it does not own or have a

26  direct interest in the OMRI  mark. If anyone holds such a unique position in the present

27  case, it would be OMRI or TRUE'S competitors in the organic fertilizer industry; not

28  OCEANO.

*Koch* also held that where, as in the present case, the plaintiff is a commercial customer of the alleged wrongdoer, standing under the Lanham Act is particularly inappropriate:

> Whatever room the case law may leave for non-competitor plaintiffs to bring suit under the Lanham Act, the settled law has clearly foreclosed the possibility of a consumer bringing a claim under the Act. See e.g., *Made in the USA Found. v. Phillips Foods, Inc.*, 365 F.3d 278, 281 (4th Cir. 2004) ("The several circuits that have dealt with the question are uniform in their categorical denial of Lanham Act standing to consumers.") (citing *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1383 n.5 (5th Cir. 1996))
>
> *Koch,* 2005 US District Lexis 9489 at 10.

Where, as here, the plaintiff's position is that of a consumer rather than that of a competitor, and the plaintiff is not uniquely situated to vindicate an alleged Lanham Act violation, standing under the Lanham Act simply is not present.

OCEANO attempts to distinguish a case cited in TRUE'S opening brief, *Cook Drilling Corp. v Halco America, Inc.*, 2002 U.S. Dist. Lexis 903 (E.D. Pa. Jan. 22, 2002) on the ground that OCEANO is attempting to protect the organic vegetable community as a whole. This distinction is factually inaccurate, as Cook apparently also alleged that it was attempting to protect its industry. According to the Court's opinion, plaintiff Cook alleged that "...defendants' misrepresentation of the Holte hammer as a Halco product was confusing and is likely to confuse others in the industry." 2002 U.S. Dist. Lexis 903 at 7. Even assuming *arguendo* that such a distinction between the two cases does exist, it is a distinction which makes no legal difference. OCEANO is a consumer, not an industry association. OCEANO'S alleged desire to protect the organic food industry that purchases organic fertilizers is no different from that of any other consumer who claims to be protecting other consumers of a product that allegedly misuses a mark. Such allegations are not nearly enough to create standing.

As OCEANO'S brief states, a principal purpose of the Lanham Act is in "'... securing to the business community the advantages of reputation and good will by preventing their diversion from those who have created them to those who have not.' S. Rep. No. 1333, 79th Cong., 2d Sess. (1946), reprinted in 1946 U.S.C.C.A.N. 1274, 1275." *Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 234 (3d Cir. N.J. 1998). As the District Court in *Cook* explained,

> Stated differently, the operative congressional concern was not with remedying reputational harms per se, but rather with addressing the deliberate transference by means of misrepresentation of the good will and reputation earned by a party. See (*Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*) 165 F.3d at 234...There is an element of the variety of reputational harm that Congress sought to redress by enacting the Lanham Act that is missing from Cook's allegation, namely the diversion of its good will to another, undeserving party. *Cook Drilling Corp. v. Halco Am., supra* at 20, 21 (parenthetical added).

Contrary to Plaintiff's brief, this policy objective of the Lanham Act would not be advanced by granting OCEANO standing. It is not enough for Plaintiff to allege that its reputation will be affected. The Lanham Act was not designed to broadly protect product and industry reputations as a general proposition. Rather, Plaintiff must, but cannot, show that its reputation is threatened because good will that OCEANO had itself created was transferred to TRUE or WESTERN. But the good will associated with OMRI recognition of a fertilizer was neither created nor owned by Plaintiff. As in *Cook*, no specific good will belonging to Plaintiff was allegedly transferred from Plaintiff to Defendants. The policies underlying the Lanham Act do not support standing in this case, and the *Cook* decision is on point.

///

///

///

///

1    TRUE ORGANIC PRODUCTS, INC. therefore respectfully submits that its motion to

2  dismiss the eighth cause of action for violation of the Lanham Act should be granted,

3  followed by a dismissal of Plaintiff's remaining State law causes of action, in the Court's

4  discretion, so that they may be tried in the currently pending State Court litigation.

5  Dated: July 28, 2008

6                                    JACOBSON, HANSEN, NAJARIAN & McQUILLAN

7

8                                    By: _____

9                                        LEITH B. HANSEN, Attorneys for Defendant
                                         TRUE ORGANIC PRODUCTS, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28